

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| JOZEF GAJEWSKI;<br>WIESLAWA GAJEWSKI;<br>ROBERT R. GAJEWSKI,<br><br>**Plaintiffs,**<br><br><br>OCWEN LOAN SERVICING, LLC;<br>CODILIS AND ASSOCIATES, P.C.;<br>NATIONSTAR MORTGAGE, LLC.<br><br>**Defendants.** | 14CV9230<br>JUDGE DARRAH<br>MAG. JUDGE COX<br><br><br>Civil Action No.<br><br>Jury Trial Demanded |

**FILED**

NOV 1 8 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Now come the Plaintiffs, Jozef Gajewski, Wieslawa Gajewski and Robert R. Gajewski

(Collectively hereinafter referred to as "Plaintiffs"), *Pro Se*, and for their Complaint state and

allege as follows:

### PARTIES

1.    Plaintiffs are citizens of the State of Illinois, and are owners in joint tenancy of the

legal title to the residential property located at 6 Hickory Lane, Hawthorn Woods, Illinois, 60047

(Hereinafter, "Property"). Exhibit: 000

2.    Plaintiff, Jozef Gajewski (Hereinafter, "Mortgagor") is a natural person domiciled

in Hawthorn Woods, Lake County, Illinois.

3.    Plaintiff, Jozef Gajewski is an individual who resides in the Northern District of

Illinois.

4.     Plaintiff, Wieslawa Gajewski (Hereinafter, "co-Mortgagor") is a natural person domiciled in Hawthorn Woods, Lake County, Illinois.

5.     Plaintiff, Wieslawa Gajewski, is an individual who resides in the Northern District of Illinois.

6.     Plaintiff, Robert R. Gajewski (Hereinafter, "Successor") is a natural person domiciled in Hawthorn Woods, Lake County, Illinois.

7.     Plaintiff, Robert R. Gajewski is an individual who resides in the Northern District of Illinois.

8.     Plaintiffs are informed and believe, and based thereon allege, that Defendant Ocwen Loan Servicing, LLC (Hereinafter, "Ocwen") is a Delaware domestic limited liability company whose registered agent is Corporation Service Company located at 2711 Centerville Rd. Suite 400, Wilmington, DE, 19808.

9.     In the State of Illinois, Ocwen is registered as a foreign limited liability company whose registered agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL, 62703. Exhibit: 001

10.     Ocwen's principal office is located at 1661 Worthington Rd, Ste. 100, West Palm Beach, FL 33409.

11.     Plaintiffs are informed and believe, and based thereon allege, that Defendant Codilis and Associates, P.C. (Hereinafter, "C&A") is an Illinois Corporation whose registered agent is Michael H. Lurie located at 30 N. LaSalle St. Ste. 2040. Exhibit: 002

12.     C&A's principal office is located at 15W030 N. Frontage Rd. Ste. 100, Burr Ridge, IL 60527.

13.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Nationstar Mortgage, LLC (Hereinafter "Nationstar") is a Delaware domestic limited liability company whose registered agent is Corporation Service Company located at 2711 Centerville Rd. Suite 400, Wilmington, DE, 19808.

14.    In the State of Illinois, Nationstar is registered as a foreign limited liability company whose registered agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL, 62703. Exhibit: 003

15.    On information and belief, Nationstar also conducts business in the State of Illinois under assumed names "Greenlight Loans" and "Champion Mortgage Company".

16.    Nationstar's principal office is located at 8950 Cypress Waters Blvd. Coppell, TX 75019.

## JURISDICTION AND VENUE

17.    Plaintiffs' claims arise out of debt collection practices conducted by Defendants in the State of Illinois.

18.    Plaintiffs' Complaint alleges violations of federal laws, including, but not limited to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA).

19.    Federal and State Courts of Illinois have concurrent jurisdiction over Plaintiffs' action brought under FDCPA.

20.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers upon the Court original jurisdiction over all civil action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

21. This Court has personal jurisdiction over Defendants pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209(a)(1) and (a)(2), because Defendant Ocwen, Defendant C&A, and Defendant Nationstar transact business within the State of Illinois by collecting debt secured by residential properties located in the State of Illinois, and because Defendants commit tortious acts within the State of Illinois through unfair and deceptive trade practices.

22. This Court has personal jurisdiction over Defendants in that Defendants conduct business in the State of Illinois.

23. Defendant Ocwen is a citizen of Florida. The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, a company with its principal place of business in Florida and thus a citizen of Florida. Defendant C&S is a citizen of Illinois. Defendant Nationstar is a citizen of Texas. Because Plaintiffs are citizens of Illinois and Defendants are citizens of Florida, Illinois and Texas, there is complete diversity between Plaintiffs and Defendants in this matter pursuant to 28 U.S.C. § 1332(a)(1).

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because; there is no district in which an action may otherwise be brought; substantial part of the events or omissions giving rise to the claim occurred in Illinois; the property subject to this action is situated in the State of Illinois; substantial part of the accident giving rise to the action took place in the State of Illinois.

## OCWEN'S ACTIVITIES

25. Ocwen Loan Servicing, LLC is a for-profit, publicly traded Corporation.

26. Ocwen is a debt collector as defined by the FDCPA.

27. Ocwen specializes in collecting secured debt obligations, specifically, debt obligations secured by residential real estate.

28.    Ocwen's registered trademark is "Helping Homeowners is What We Do".

29.    Ocwen is a Loan Servicer - a company to which some borrowers pay their mortgage loan payments and which performs other services in connection with mortgages and mortgage-backed securities.

30.    Ocwen is the fourth largest Mortgage Servicer in the United States.

31.    Ocwen is the largest independent, Non-Bank Mortgage Servicer in the United States.

32.    Ocwen shares the Non-Bank Mortgage Servicing sector with its largest competitor, Nationstar Mortgage, LLC.

33.    Ocwen has been, and currently is, subject to State and Federal investigations associates with abusive tactics and dishonest activity.

34.    In 2013, Ocwen entered into a Consent Order with various states, including the State of Illinois, for engaging in illegal foreclosure practices, deceiving consumers about foreclosure alternatives, improperly denying loan modifications, and for pushing homeowners into foreclosure with unauthorized fees.

35.    Ocwen Loan Servicing, LLC, has been attempting to collect from Plaintiffs an alleged residential mortgage debt.

## C&A's ACTIVITIES

36.    Defendant, C&A is a law firm organized as an Illinois Corporation.

37.    C&A is a debt collector as defined by the FDCPA.

38.    C&A is engaged in business of using mails, telephone and other means to collect consumer debt originally owed to others, including mortgage debts.

39.     C&A has been attempting to collect from Plaintiffs an alleged residential mortgage debt.

## NATIONSTAR'S ACTIVITIES

40.     Defendant Nationstar Mortgage, LLC is a for-profit, publicly traded Corporation.

41.     Nationstar is a debt collector as defined by the FDCPA.

42.     Nationstar specializes in collecting secured debt obligations, specifically, debt obligations secured by residential real estate.

43.     Nationstar's registered trademark is "Helping You Achieve More".

44.     Nationstar is a Loan Servicer - a company to which some borrowers pay their mortgage loan payments and which performs other services in connection with mortgages and mortgage-backed securities.

45.     Nationstar operates within the Non-Bank Mortgage Servicing sector which includes its largest competitor, Ocwen Loan Servicing, LLC.

46.     Nationstar has faced scrutiny from the New York Department of Financial Services over "problems related to mortgage modifications, improper fees, lost paperwork, and numerous other issues".

47.     Defendant Nationstar Mortgage, LLC has been attempting to collect from Plaintiffs an alleged residential mortgage debt.

## NATURE OF THE CASE

48.     Plaintiffs' Complaint outlines Ocwen's nearly five year campaign to seize Plaintiffs' Property by and through any and all means imaginable. Moreover, the Complaint unmasks innovative tactics deployed in order to financially paralyze Plaintiffs through intentional reporting of frivolous information to credit rating agencies, misrepresentation of

facts, concealment of evidence, and abrogation of legal rights with intent to suppress legal claims.

## FACTUAL ALLEGATIONS

### *Mortgage Agreement*

49.     On or about April 18, 2008, Mortgagor executed a Promissory Note (Hereinafter, "Note") with Mortgagee, Taylor Bean & Whitaker Mortgage Corp. (Hereinafter, "TBW"). Exhibit: 004

50.     Simultaneous, Jozef Gajewski and Wieslawa Gajewski (Hereinafter collectively referred to as, "Mortgagors") signed a Mortgage document (Hereinafter, "Mortgage") against the legal title to the residential property located at 6 Hickory Lane, Hawthorn Woods, Illinois, 60047 (Hereinafter, "Property"). Exhibit: 005

51.     Under the Mortgage and the Note (Hereinafter collectively referred to as, "Mortgage Agreement"), payments of principal and interest in the amount of $2,357.53 were to be remitted by the 1st day of the month starting June 1, 2008 to the Lender, TBW.

52.     Payments for property taxes and homeowner's insurance (Hereinafter, "Escrow Payments") were not included in monthly payments under this Mortgage Agreement.

53.     Pursuant to the Mortgage Agreement, payments on the Note were considered timely if made by the 15th calendar day of each month.

54.     For each month beginning June 2008, through August 2009, Mortgagor made timely monthly payments to TBW.

55.     On or about August 4, 2009, Mortgagor submitted a payment to TBW in the amount of $2,357.53. Exhibit: 006

56.     Mortgagor's August 4, 2009, payment was processed on August 11, 2009, by Colonial Bank. Exhibit: 007

57.     Colonial Bank processed mortgage payments for TBW.

58.     Paragraph 1 of the Mortgage states:

"Payments are deemed received by lender when received at the location designated in the Note or at such other location as may be designated by Lender"

59.     Mortgagor sent, and Lender received, the August 4, 2009, payment in accordance with the Mortgage Agreement.

60.     When Colonial Bank processed Mortgagor's Payment on August 11, 2009, the payment was accepted by TBW pursuant to the Mortgage Agreement.

61.     On or about August 13, 2009, TBW reported to credit agency TransUnion that Mortgagor's loan had a balance of $0, and that Mortgagor's account status was "Paid or paying as agreed". Exhibit: 008

62.     On or about August 14, 2009, TBW ceased business operations.

63.     On or about August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department as the bank ran into problems after it was revealed that it had bought $1 billion worth of mortgages from Taylor, Bean & Whitaker that Taylor Bean did not own.

64.     On or about August 14, 2009, FDIC was installed as receiver for TBW.

65.     On information and belief, on or about August 14, 2009, the beneficiary of the Mortgage, if any, was compensated by the FDIC.

66.     It is the pattern and practice of banking institutions to bundle and trade "mortgage backed securities" (Hereinafter, "MBS"). Therefore, it is reasonable for Mortgagors to assume, although no evidence exists, that their loan was also traded as a MBS.

67.     It is uncertain who, if anyone, is the Holder in Due Course of Mortgagors' original Note and Mortgage.

68.     It is uncertain who, if anyone, is the current beneficiary of the Mortgage Agreement.

69.     It is uncertain who, if anyone, holds the legal right to enforce the Mortgage Agreement.

70.     Neither Defendant Ocwen, Defendant Nationstar, or their legal counsel, C&A, have been able to produce evidence of indebtedness over the course of nearly five years of collective attempts to collect the alleged debt, and three years of Foreclosure litigation.

71.     Mortgagors are under the impression and assume that the current Holder in Due Course of the Note is Federal Home Loan Mortgage Corporation (Hereinafter "Freddie Mac").

### *Transfer to Cenlar*

72.     After August 4, 2009 and before November 2009, Mortgagors' Mortgage was purportedly Serviced by Cenlar Loan Administration & Reporting (Hereinafter, "Cenlar").

73.     Mortgagor never received a notice from TBW regarding the transfer of his loan to another Loan Servicer and/or Lender, as stated in the Mortgage Agreement.

74.     The Mortgage outlines procedure for transfers of servicing in Paragraph 20:

"There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with the notice of transfer of servicing."

75.     However, Paragraph 1 of the Mortgage states:

"Payments are deemed received by lender when received at the location designated in the Note or at such other location as may be <u>designated by Lender</u>" (emphasis added)

76.     Mortgagor contends that under the terms of the Mortgage Agreement, notice of transfer of servicing, and designation of location for payment, has to be given either by the current Loan Servicer, the Lender or by the Holder in Due Course of the Note. Any notices by parties who are not parties to the contract, by parties that do not servicer the contract, or parties who do not hold disclosed interest in the Security Instrument, are insufficient to give proper notice to Mortgagor regarding transfer of servicing and payment remittance.

77.     On or about August 18, 2009, Cenlar sent Mortgagor a Notice of Assignment, Sale or Transfer of Servicing from TBW to Cenlar. Attached to this notice was a payment coupon demanding payment for August 2009. Exhibit: 009

78.     There is no, and there has never been, an Assignment of Mortgage executed or recorded with the Lake County Recorder of Deeds which would give notices that subject Mortgage Agreement was transferred from TBW to Cenlar.

79.     On or about August 24, 2009, TBW filed a bankruptcy petition in the Middle District of Florida, Jacksonville Division.

80.     On September 1, 2009, TBW, and/or its Trustee, reported to credit agency Equifax that Mortgagor's balance on an "unknown" account is $0. Exhibit: 010

81.     Mortgagor made attempts to contact Cenlar via telephone in regards to his August 2009 payment which Cenlar seemed to be unaware of, but he was unable to reach Cenlar and speak with a representative.

82.     On or about September 14, 2009, Cenlar sent Mortgagor a correspondence apologizing for the unusual high volume of calls. Attached to this notice was a payment coupon demanding payment for October 2009. Exhibit: 011

83.     On or about September 16, 2009, Mortgagor sent a Qualified Written Request ("QWR") to Cenlar, informing Cenlar that his <u>August 2009</u> payment was submitted to TBW. Included with this letter was a Chase Bank statement which showed the payment made to TBW on August 4, 2009. <u>Exhibit: 012</u>

84.     Cenlar never responded to Mortgagor's September 16, 2009, QWR.

85.     On or about October 15, 2009, Cenlar sent another payment coupon to Mortgagor. This time Cenlar asked for the November, 2009 payment. <u>Exhibit: 013</u>

86.     Mortgagor never received a payment coupon for September 2009.

87.     On or about October 29, 2009, Cenlar sent Mortgagor a Notice of Assignment, Sale or Transfer of Servicing from Cenlar to Ocwen Loan Servicing, LLC effective November 16, 2009. <u>Exhibit: 014</u>

### *Transfer to Ocwen*

88.     After August 4, 2009, and before May 16, 2013, Mortgagors' Mortgage Agreement was purportedly transferred to Ocwen Loan Servicing, LLC.

89.     It's unclear when, if ever, Ocwen obtained interest in the subject Mortgage Agreement.

90.     On or about November 17, 2009, Defendant Ocwen Loan Servicing, LLC initiated its attempts to collect the above mentioned debt obligation.

91.     On or about November 17, 2009, Ocwen sent Mortgagor an Account Statement asking for payment in the amount of $11,787.65. This amount is incorrect. This statement shows that Mortgagor's <u>August 2009</u> payment has not been credited to Mortgagor's outstanding principal balance. <u>Exhibit: 015</u>

92.     Paragraph 2 of the Mortgage states:

"All payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note"

93.    Mortgagor's <u>August 2009</u> payment was not applied to interest due under the Note.

94.    Mortgagor's <u>August 2009</u> payment was not applied to principal due under the Note.

95.    Lender and/or Lenders Successor(s) and/or Loan Servicer(s), breach the Mortgage Agreement by not applying Mortgagor's <u>August 2009</u> payment in accordance with the Mortgage Agreement.

96.    On or about November 18, 2009, Ocwen sent Mortgagor a correspondence identifying itself as a servicer of the "the Debt" for ("Creditor") "Ocwen/Freddie Mac Interim Se." [sic]. In this correspondence Ocwen stated that as of 11/18/2009, Mortgagor owes $382,541.62 and $8,948.33 in Interest. This amount incorrectly indicates that Mortgagor has not made a payment for <u>August 2009</u>. Ocwen also stated that the loan was "service transferred to Ocwen Loan Servicing, LLC on November 16, 2009" but it does not identify where the Loan was transferred from. <u>Exhibit: 016</u>

97.    "Ocwen/Freddie Mac Interim Se." is not a recognized entity.

98.    "Ocwen/Freddie Mac Interim Se." is not Mortgagor's Creditor.

99.    Around this time, Ocwen sent Mortgagor an undated correspondence signed by President of Ocwen Loan Servicing, LLC, Ronald M. Faris. This correspondence appears to be a "Welcome Letter" and notes that "Ocwen Loan Servicing is now handing the servicing of your mortgage". Furthermore, this correspondence states: "Your previous servicer will forward your payment to us within 15 business days. It may take a few days for us to receive and apply the payment, but this will not negatively impact your account or your credit report." <u>Exhibit: 017</u>

100.    On or about November 19, 2009, Ocwen sent Mortgagor a Notice of Assignment, Sale or Transfer of Servicing Rights from <u>TBW to Ocwen</u> effective November 16, 2009. This notice states that TBW will "stop accepting payments from you on November 15, 2009". Attached to the bottom of this notice was a coupon for an undisclosed amounts due. <u>Exhibit: 018</u>

101.    TBW will did not stop accepting payments from Mortgagor on November 15, 2009.

102.    On or about November 20, 2009, Ocwen sent Mortgagor a request for financial information in regards to a loan modification.  This letter states that "As your mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen") is prepared to assist customers such as you who are experiencing a financial hardship that makes it difficult to meet your mortgage obligations". <u>Exhibit: 019</u>

103.    On or about December 2, 2009, Mortgagor sent Ocwen a QWR in accordance with the November 19, 2009, Notice of Transfer, in accordance with the Mortgage Agreement which is governed by RESPA, and in accordance with Section 15 of the Mortgage. Mortgagor informed Ocwen that he made all his payment to TBW, and along with this letter Mortgagor included a Chase Bank statement showing his <u>August 2009</u> Mortgage payment made to TBW. <u>Exhibit: 020</u>

104.    On or about December 8, 2009, Mortgagor sent a QWR to Ocwen in regards to a loan modification.  In this letter Mortgagor asked Ocwen when he could start making modified loan payments as he would like to "avoid any late payment fees and/or lower my credit score." <u>Exhibit: 021</u>

105.    On or about December 17, 2009, Ocwen sent Mortgagor another Account Statement which shows that Mortgagor's <u>August 2009</u> Mortgage payment was not credited to the

Mortgage Account. This statement demands payment in the amount of $14,155.68. This amount is incorrect. Exhibit: 022

106.     On or about December 29, 2009, Ocwen sent Mortgagor a letter informing him that he is "not eligible for a "Home Affordable Modification" because "Your monthly gross income is less than the monthly payments determined by the government guidelines for this program.". Exhibit: 023

107.     Ocwen's December 29, 2009, statements are nonsensical as Mortgagor never sent any financial information in regards to a Home Affordable Modification either to TBW, Cenlar or Ocwen.

108.     On or about December 30, 2009, Ocwen sent Mortgagor a letter noting that Mortgagor's recent loan modification application was denied. In this letter Ocwen also stated that the loan was transferred to Ocwen from Cenlar on November 16, 2009, with payment due for August 2009. Exhibit: 024

109.     Ocwen's December 30, 2009, correspondence contradicts Ocwen's November 19, 2009, Notice of Transfer - which noted that Mortgagor's loan was transferred from TBW to Ocwen.

110.     On or about December 31, 2009, Ocwen sent Mortgagor another letter, presumably in response to Mortgagor's QWR from December 2, 2009. In this letter Ocwen stated that it is "in receipt of your letter requesting that Ocwen perform research relative to the issues(s) stated in your letter for the above referenced loan. It is Ocwen's policy to perform all research and provide a written response to you within (15) days from the receipt of your letter. However, as a result of the research required to accurately and completely address your request, we will be unable to respond within our target of fifteen (15) days". Furthermore, Ocwen stated

that "In accordance with the Real Estate Settlement Procedures Act, Ocwen is afforded sixty (60) days from the receipt of your letter to respond to you with an explanation of the facts surrounding your issue(s) including the detail of any adjustments or corrections (if applicable.)" Exhibit: 025

111.    Ocwen never investigated or made further inquiries in regards to Mortgagor's December 2, 2009, QWR. Ocwen never provided another response in regards to the December 2, 2009, QWR, and Ocwen never made any adjustments or corrections regarding Mortgagor's August 2009 Mortgage payment.

112.    On or about January 1, 2010, Ocwen reported to credit rating agency Experian that Mortgagor was 180 days past due on his account with Ocwen, that the amount due was **$16,759.00**, that Mortgagor's scheduled payments were $2,358.00, and that the current balance due was $382,542.00. Exhibit: 026

113.    Information reported by Ocwen on January 1, 2010, is incorrect. As of January 1, 2010, Mortgagor did not make payments for September, October, November and December of 2009, a total of 120 days. During these 120 days, the Mortgage Agreement was breached by the Lender as Mortgagor's August 2009 Mortgage Payment was never credited to Mortgagor's account in accordance with the Mortgage Agreement. Furthermore, Mortgagor's total arrears on January 1, 2010, were $9,430.12, not **$16,759.00** as reported by Ocwen.

114.    On January 1, 2010, Ocwen recorded erroneous, false and unverified information on Mortgagor's credit report.

115.    There are no Assignments of Mortgage pertaining to the subject Mortgage prior to January 1, 2010, which would indicated that Ocwen Loan Servicing, LLC is an Assignee of Mortgagors' Mortgage Agreement.

116.    Ocwen is a sophisticated mortgage lender, creditor, and mortgage servicer. Ocwen is legally obligated to comply with RESPA, FCRA and FDCPA.

117.    On or about January 18, 2010, Ocwen sent Mortgagor an Account Statement which demanded payment in the amount of **$16,631.09**. This amount is incorrect. This Account Statement shows that Mortgagor's <u>August 2009</u> Mortgage Payment was not credited to the Mortgage Account. <u>Exhibit: 027</u>

118.    On or about January 25, 2010, Ocwen sent Mortgagor a **Notice of Default**. This notice demanded payment in the amount of **$14,155.68**. <u>Exhibit: 028</u>

119.    Based upon the amount presented in Ocwen's Notice of Default dated January 25, 2010, Ocwen was aware that Mortgagor made the <u>August 2009</u> payment to TBW, and that TBW credited Mortgagor's August 2009 Mortgage payment to Mortgagor's account. This inference is based on the fact that up to January 25, 2010, Mortgagor missed payments for September, October, November, December and January. Total due for February based on Mortgagor's contractual payment would have been $14,145.18. Although Ocwen's mathematical calculations are inaccurate, its safe to assume that Ocwen calculated the Notice of Default taking into account Mortgagor's August 2009 payment.

120.    The troubling aspect of Ocwen's January 25, Notice of Default is that Ocwen's Account Statements purport contradictory amounts.

121.    The Mortgage, specifically, Paragraph 22 states:

"Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument"

122.    The Mortgage, in Paragraph 22, or elsewhere, does not state that Lender shall give inaccurate, false, or misleading figures associated with actions required to cure the purported default, yet that's exactly what Ocwen did.

123.    On or about, and or prior to January 25, 2010, Mortgagor did not breach any covenant or agreement in the Mortgage as the Lender and/or its Successor(s) and/or the Loan Servicer breach the contract by failing to apply Mortgagor's <u>August 2009</u> payment and providing proper notice of transfer of servicing. Therefore, Mortgagor could not have breach a contract which had been previously been breached by the Lender and/or its Successor(s) and/or the Loan Servicer.

124.    On or about January 25, 2010, Mortgagor, for the first time, applied for a Mortgage Modification from Ocwen. <u>Exhibit: 029</u>

125.    On or about February 16, 2010, a letter was sent to Mortgagor bearing a Freddie Mac logo. This letter stated that Freddie Mac is the "owner of your mortgage, and Ocwen/TBW services the mortgage on our behalf.". <u>Exhibit: 030</u>

126.    "Ocwen/TBW" is not a recognized entity.

127.    On or about February 16, 2010, "Ocwen/TBW" did not servicer the Mortgage.

128.    On or about February 17, 2010, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $19.117.00. This amount is incorrect. This Account Statement shows that Mortgagor's <u>August 2009</u> Mortgage Payment was not credited to the Mortgage Account. <u>Exhibit: 031</u>

### *Phantom Foreclosure*

129.    Despite receiving notification from Mortgagor, on or about March 3, 2010, Ocwen intentionally initiated foreclosure proceedings against Mortgagors' Property, and against

an unpaid Mortgage Payment which was incorrectly and intentionally presumed past due for his August 2009.

130.   On or about March 3, 2010, Ocwen reported to credit agencies that Mortgagor's Mortgage Account was in default, and that foreclosure proceedings were initiated.

131.   Foreclosure on a credit record significantly damages a credit rating and impairs ability to obtain credit.

132.   On or about March 3, 2010, Mortgagor's other creditors began tightening Mortgagor's credit accessibility due to Ocwen's initiation of foreclosure proceedings.

133.   On or about March 17, 2010, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $21,474.53. This amount is incorrect. This Account Statement shows that Mortgagor's August 2009 Mortgage Payment was not credited to his Mortgage Account. Exhibit: 032

### Ambiguous Loan Modification

134.   Around March 19, 2010, Mortgagor received a threatening (undated) letter from Ocwen. This letter stated that Mortgagor's Mortgage is "severely delinquent" and that failure to contact Ocwen "can result in accumulation of fees and costs associated with foreclosure, sale of this property at auction or even eviction.". Exhibit: 033

135.   On March 19, 2010, Mortgagor called Ocwen and spoke with representative "Cathrine" who informed him that his loan modification was under review.

136.   On March 19, 2010, Ocwen's representative "Cathrine" did not inform Mortgagor that Ocwen initiate foreclosure against Plaintiffs' property.

137.   On or about Saturday, April 10, 2010, Ocwen sent Mortgagor a "Loan Modification Package" which included five documents:

     i.    Proposed Modification Agreement (Hereinafter, "PMA"), <u>Exhibit: 034</u>

    ii.    Loan Modification Agreement (Hereinafter, "LMA"), <u>Exhibit: 035</u>

   iii.    Modification Due on Transfer Rider, <u>Exhibit: 036</u>

   iv.    Payment Remittance Information, <u>Exhibit: 037</u>, and an,

    v.    Instruction Sheet. <u>Exhibit: 038</u>

138.    On or about April 19, 2010, Ocwen sent Mortgagor an Account Statement which notes a Forbearance payment of $2,459.61 is due by May 1st, 2010. The <u>$2,459.61 is consistent with both the PMA and the LMA</u> documents. This statement also showed a Current Principal Balance of $382,541.62 and notes that Mortgagor's contractual monthly payment is due by 8/1/2009. There is no Total Amount Due shown. <u>Exhibit: 039</u>

139.    Ocwen's April 19, 2010, Account Statement is intentionally misleading in relation to the PMA and the LMA in order to induce payment consistent with two similar, but vastly different agreements proposed by Ocwen.

140.    On or about April 22, 2010, Mortgagor contacted Ocwen's Home Retention Department to inquire about his Loan Modification as the terms both contracts (PMA and LMA) sent by Ocwen were contradictory.

141.    On or about April 22, 2010, Mortgagor spoke with Ocwen representative "Tania Abadie" who was in charge of coordinating Mortgagor's modification.

142.    On or about April 22, 2010, Mortgagor was told by "Tania Abadie" to make the <u>initial payment of $2,459.61</u>, and that his monthly payment will be $2,434.61 as outlined in the PMA.

143.    On or about April 22, 2010, Tania Abadie also informed Mortgagor that this monthly payment will include Escrow Payments.

144.     On or about April 22, 2010, Mortgagor signed the LMA, executed all other documents outlined in the instructions, and mailed the documents to Ocwen along with a Chase Online Bill Payment check in the amount of $2,459.61. Exhibit: 040

145.     When chase issues a Check Online Bill Payment check (bank check), cash it automatically deducted from the said account to cover the check, effectively making the check into certified funds.

146.     Accordingly, the Mortgage, in Paragraph 1 states:

**"Payment of Principal, Interest, Escrow Items, Prepayment Charges, and late Charges**. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, <u>if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,</u> Lender <u>may require</u> that any or all subsequent payments due under the Note and this Security instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, <u>bank check</u>, treasurer's check or cashier's check, <u>provided any such check is drawn upon an institution whose deposits are insured by the federal agency,</u> instrumentality, or entity;" (emphasis added)

147.     Chase Bank is an institutions whose deposits are insured by the FDIC.

148.     None of Mortgagor's payments were ever returned to Lender unpaid.

149.     On or about May 4, 2010, Ocwen's representative "Tania Abadie" emailed Jozef Gajewski and indicated that his payment toward the loan modification was rejected due to not being certified funds. "Tania Abadie" also stated that "For modification to be valid you need to make an immediate payment or modification will not be granted". Exhibit: 041

150.     On or about May 4, 2010, Ocwen erroneously rejected mortgagor's initial payment and provided an erroneous reason for reject of this initial payment.

151.    On or about May 4, 2010, Mortgagor mailed another payment in the amount of $2,459.61 to Ocwen. Exhibit: 042

152.    On or about May 4, 2010, Ocwen sent Mortgagor a notice stating that Ocwen received $2,459.61 [April 22, 2010, payment] but those funds are being returned because they are "not sufficient to satisfy the defaulted amount of your loan and no alternative payment arrangements have been agreed to." (emphasis added).  Exhibit: 043

153.    Ocwen received Mortgagor's second initial payment in the amount of $2,459.61 on May 6, 2014, and subsequently accepted and processed this payment. Exhibit: 044

154.    Mortgagors never entered into a prior contract with Ocwen, nor has Ocwen been assigned the Mortgage from Mortgage Electronic Registration System, INC (Hereinafter, "MERS") or from TBW, prior to attempting to modify the Mortgage Agreement.

155.    Ocwen did not have legal capacity to modify the Mortgage, or enter into any agreement associated with the Mortgage, prior to obtaining interest in the Mortgage.

156.    The Lender and/or its Successors and/or the Loan Servicer breached the agreement prior to Ocwen's advertised Loan Modifications. Mortgagor was not responsible for any arrears on the Mortgage Agreement as a result of Lender's breach.

157.    On or about April 22, 2010, Ocwen attempted to enter into an oral contract with Mortgagor based on the **Proposed Modification Agreement** document dated 4/10/2010. This document notes the initial payment of $2,459.61 on or before 5/1/2010, and subsequent monthly payments of $2,434.61 "which may or may not include escrow".

158.    The oral contract based on the PMA pertains to Mortgagors' Mortgage Agreement, its presumed terms extend beyond one year and therefore the agreement is governed by the statute of frauds.

159. The oral agreement based on Ocwen's PMA is so vague and uncertain that there is no basis for deciding whether the agreement has been kept or broken by either party.

160. Agreement based on the PMA between Ocwen and Mortgagor is void *ab initio*.

161. On or about April 22, 2010, Ocwen attempted to enter into a contract with Mortgagor based on the **Loan Modification Agreement** document dated 4/10/2010.

162. The LMA notes that the Mortgagor must make an "initial payment in the amount of $2,459.61 on or before 5/1/2010, after which you [the Mortgagor] will commence payments of principal and interest in the amount of $1,748.29 beginning on 05/01/10."

163. Under the LMA Mortgagor had to make two payments on or before 5/1/2010.

164. The LMA would have modified the principal balance of Mortgagors' Mortgage to $403,185.30.

165. The LMA outlines monthly payments of $1,748.29 which do not include Escrow.

166. The LMA evidences further manifestation of assent through various statements such as "Pursuant to our mutual agreement to modify your Note and Mortgage", "You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which <u>if approved and accepted by Ocwen</u>" (emphasis added), and "You agree to execute such other and further documents as may be reasonably necessary to <u>consummate the transactions contemplated herein</u>" (emphasis added).

167. Ocwen's LMA does not provide an offer.

168. Although Mortgagor attempted to, unintentionally and through Ocwen's misrepresentations, enter into the LMA, Ocwen took definite action inconsistent with the terms of the LMA *e.g.* rejecting Mortgagors proper payment made before 5/1/2010.

169. Accordingly, Mortgagor had no power to enter into the LMA when Ocwen.

170.    Although Mortgagor mailed another initial payment to Ocwen after the contractual due date (5/1/2010), it's uncertain whether this second initial payment pertained to the LMA or the PMA, both of which indicate an identical initial payment amount.

171.    Mortgagor's power of acceptance was terminated on 5/1/2010, and Ocwen never proposed any other viable alternative after 5/1/2010 to revive Mortgagor's power of acceptance.

172.    Ocwen's offer, if any, to modify Mortgagor's Mortgage, could not have been accepted by Mortgagor after 5/1/2010.

173.    Mortgagor never accepted Ocwen's offer, if any, after the due date (5/1/2010).

174.    Furthermore, the LMA has no detriment to Ocwen, the LMA has no benefit to Mortgagor, and there never was a bargained-for exchange between Ocwen and Mortgagor prior to 5/1/2010 in regards to the LMA.

175.    Moreover, the LMA defines shockingly ambiguous terms as it never specifies a Mortgage or Note that is being modified. Ocwen has effectively produced and presented a contract to Mortgagor which gives Ocwen full discretion to modify any "Note" or "Mortgage" that Mortgagor had ever entered into, regardless of whether it pertains to the Mortgage Agreement in question or not.

176.    Additionally, as the LMA incorporates statements such as "You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which if approved and accepted by Ocwen", and " You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein", Ocwen has provided itself with an unlimited choice of binding options it may request the Mortgagor to execute.

177.    The LMA's vague terms violate provisions of good faith and fair dealing.

178. Ocwen's proposed LMA fails tests for offer, acceptance and consideration.

179. The Loan Modification Agreement is void *ab initio*.

180. Mortgagors' Mortgage was never modified by Ocwen.

181. Ocwen never concluded the bargain by agreeing, approving, consummating or signing the Loan Modification Agreement.

182. Ocwen never applied Mortgagor's <u>August 2009</u> Mortgage Payment in accordance with the Mortgage Agreement.

183. Ocwen never establish an Escrow Account.

184. Ocwen accepted and demanded Escrow Payments.

185. Ocwen accepted and demanded payments in accordance with a non-existent loan modification.

186. In Paragraph 3, the Mortgage states:

"Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amounts. Lender may revoke the waiver as to any or all Escrow Items at any time by notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all funds, and in such amounts, that are then required under Section 3."

187.    Mortgagor's Lender waived obligations to pay to Lender funds for any or all Escrow Items.

188.    Ocwen never notified Mortgagor that it will open an Escrow Account pursuant to the Mortgage Agreement.

189.    Mortgagor ceased payments for Escrow Items due to Ocwen's misrepresentations that it had created an Escrow Account for payment of Escrow Items.

### *Illusionary Account Statements*

190.    On or about May 10, 2010, Ocwen sent Mortgagor an Account Statement. This Account Statement indicated that a payment in the amount of $2,434.61 is due on June 1st, 2010. Additionally, this Account Statement showed that Mortgagor's Forbearance payment was credited as a payment of Principal in the amount of $1,734.01, Interest in the amount of $14.28, and Escrow in the amount of $686.32. A separate payment of $25.00 is shown as credited to principal. Lastly, the Current Principal Balance on this Account Statement shows $401,426.29, however, Ocwen also shows a Negative Amortization/Principal Adj of -$24,363.77. Exhibit: 045

191.    The Negative Amortization shown on Ocwen's May 10, 2010, Account Statement indicates that the unpaid principal balance of the alleged debt is $406,880.39.

192.    Ocwen never represented in either the PMA or the LMA a Negative Amortization / Principal Adjustment of -$24,363.77.

193.    Ocwen never represented in either the PMA or the LMA that Mortgagor's unpaid principal balance would go up to $406,880.39.

194.    On or about May 11, 2010, Ocwen filed an Assignment of Mortgage (Hereinafter, "Assignment #1") with the Lake County Recorder of Deeds (File #6601883). This documents attempts to transfer interest in Mortgagors' Mortgage "as of the 18th day of November, 2009"

(emphasis added) from MERS as nominee for Taylor, Bean & Whitaker Mortgage Corp., to Ocwen. This assignment states that it is "made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this 5th DAY OF APRIL, 2010." (emphasis added). Assignment #1 is signed by "Scott W. Anderson", the "Vice President" at MERS. Exhibit: 046

195.    Ocwen deliberately waiting until May 11, 2010 (after the purported loan modification), to file an Assignment of Mortgage, as it had no prior established interest in Mortgagors' Mortgage Agreement.

196.    Ocwen filed Assignment #1 when Ocwen was under an impression that it had a valid contract with the Mortgagor based on the LMA.

197.    Assignment #1 contradicts Ocwen's Notice of Transfer sent to Mortgagors on November 18, 2009.

198.    Assignment #1 purports to assign and transfers unto Ocwen all of Lender's interest. This suggests that Ocwen purportedly obtain interest in the Mortgage Agreement when notice was duly given by recording the Assignment on May 11, 2010, and therefore Ocwen had no capacity to attempt to modify the Mortgage Agreement prior to May 11, 2010.

199.    Assignment #1 is an invalid assignment because neither TBW or MERS transferred their interest in Mortgagor's Mortgage to Ocwen on November 18, 2009.

200.    Assignment #1 is a wild instrument, in that it is not in the chain of title because a previous assignment transferring purported interest in Mortgagors' Mortgage from TBW to Freddie Mac was never recorded.

201.    Assignment #1 is a wild instrument, in that it is not in the chain of title because a previous assignment transferring purported interest in Mortgagors' Mortgage to Cenlar from Freddie Mac was never recorded.

202.    Assignment #1 is a wild instrument, in that it is not in the chain of title because a previous assignment transferring purported interest in Mortgagors' Mortgage from Cenlar to Ocwen was never recorded.

203.    Assignment #1 bear a signature of "Scott W. Anderson" who is an Ocwen employee.

204.    Scott W. Anderson's mark on Assignment #1 is not Scott W. Anderson's authentic signature.

205.    On or about May 17, 2010, Ocwen sent Mortgagor another Account Statement. This statement shows that Mortgagor's Forbearance payment was credited as a "Payment" of which $320.34 went to Principal, $1,427.95 to Interest, and $686.32 to Escrow. This statement also shows a separate "Principal Payment" of $25.00 credited to principal. The Current Principal Balance increased to $402,839.96 and Ocwen was demanding a payment in the amount of $2,434.61 plus additional $1,000 for "Cancel Sale" and $39.00 for a "Loan Assignment". According to this Account Statement, total amount due by June 1st, 2010 is $3,473.61. Exhibit: 047

206.    Nowhere does the Mortgage Agreement state that Mortgagor is responsible for charges associated with Lender's and/or Servicer's Loan Assignments.

207.    Ocwen's $39.00 Loan Assignment fee is a frivolous fee.

208.    There was not a pending sale of Plaintiffs' Property prior to May 17, 2010.

209.    Ocwen's $1,000.00 Cancel Sale Fee incorporated into Ocwen's May 17, 2010, Account Statement is a frivolous fee.

210.    On or about May 22, 2010, Mortgagor sent a check (Check # 630) in the amount of $2,434.61 to Ocwen. Ocwen accepted and processed this check. Exhibit: 048

211.    On or about May 24, 2010, Ocwen sent Mortgagor yet another Account Statement. This statement shows a payment on May 24th, 2010, in the amount of $2,424.61, of which $321.57 went to Principal, $1,426.72 to Interest and $686.32 to Escrow. The Current Principal Balance decreased to $402,518.39 and Ocwen was again demanding $2,434.61, plus $1,000 for "Cancel Sale" and $39.00 for a "Loan Assignment", for total amount due of $3,473.61. Exhibit: 049

212.    Ocwen's $1,000 Cancel Sale Fee incorporated into Ocwen's May 24, 2010, Account Statement is a frivolous fee.

213.    On or about June 2, 2010, Ocwen sent Mortgagor an "ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT PROJECTIONS FOR COMING YEAR" in which Ocwen purports to have made a payment towards Plaintiffs' Property taxes in the amount of $3,146.20, and Hazard Insurance in the amount of $1,083.00, on August 2010. This statement also calculates a "Target Escrow Payment" in the amount of **$619.52**, which is not what Ocwen purported in the PMA. A coupon attached to this statement demands $6,061.53 for "Total Shortage". Furthermore, Ocwen states that Mortgagor's Escrow payment will increase to **$1,124.65** and that Mortgagor's monthly payment will increase to $2,872.94 starting July 1st, 2010. Exhibit: 050

214.    On or about June 2, 2010, Ocwen sent Mortgagor an "ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT ACCOUNT HISTORY" in which Ocwen purports to

have made a payment towards Homeowners Property taxes on May 2010, in the amount of $3,204.97. Exhibit: 051

215. Ocwen did not make a payment for the first installment of Property taxes for Plaintiffs' Property in 2010.

216. Ocwen did not calculate proper Escrow Payments prior to advertising its PMA.

217. On or about June 8, 2010, Ocwen sent Mortgagor an "ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT PROJECTIONS FOR COMING YEAR". This statement informs Mortgagor that monthly payments will increase by **$168.38**, for a total monthly payment of **$2,536.19**. Exhibit: 052

218. On or about June 25, 2010, Ocwen sent Mortgagor an Account Statement. In this statement Ocwen raised Mortgagor's monthly payment to $2,536.19. Ocwen is asking Mortgagor for a payment in the amount of **$3,271.88** by August 1st, 2010. This statement also shows a "Prev-Cancel Sale" fees of $696.69 and "Prev-Loan Assignment" fee of $39.00. The Recent Account Activity on this Account Statement shows that Ocwen assessed a Foreclosure Fee of $303.31 on June 25, 2010. The statement purports that Mortgagor made a "Payment" in the amount of $2,839.50 on June 25, 2010. Exhibit: 053

219. Mortgagor never made a payment to Ocwen on June 25, 2010 in the amount of $2,839.50 as purported in Ocwen's June 25, 2010 Account Statement.

220. Ocwen's $303.31 "Prev-Cancel Sale" charge shown on Ocwen June 25, 2010, Account Statement is a frivolous charge.

221. Ocwen's $39.00 "Prev-Loan Assignment" charge shown on Ocwen June 25, 2010, Account Statement is a frivolous charge.

222.    On or about June 26, 2010, Mortgagor mailed a check (Check # 631) to Ocwen in the amount of $2,434.61. Along with this payment Mortgagor sent a letter to Ocwen informing Ocwen of inconsistencies with their Account Statements and amounts due. Specifically, Mortgagor noted that "None of the bills shows amount as in modification agreement.", "Please contact me in case my payment is incorrect. The best way is to email…." Exhibit: 054

223.    Ocwen never contacted of followed up with Mortgagor in regards the June 26, 2010, correspondence.

224.    On or about June 29, 2010, Ocwen sent Mortgagor an Account Statement. This statement demanded a monthly payment in the amount of $2,536.19 due by August 1, 2010. Recent Account Activity shows that Ocwen assessed yet another Foreclosure Fee of $696.69 which was subtracted from Mortgagor's July 2010 payment on June 29, 2010. The remainder of Mortgagor's June 26, 2010, payment, $1,698.92, was credited to the purported Escrow Account. The Current Principal Balance remained at $402,195.69. Exhibit: 055

225.    Ocwen's $696.69 Foreclosure Fee shown on Ocwen's June 29, 2010, Account Statement is a frivolous fee.

226.    On or about July 25, 2010, Mortgagor sent Ocwen a check (Check # 623) in the amount of $2,434.61, which Ocwen accepted and processed this check. Exhibit: 056

227.    On or about July 27, 2010, Ocwen sent Mortgagor an Account Statement which showed Mortgagor's July 2010 payment was credited entirely to the Unpaid Principal Balance on July 27, 2010. This payment reduced the Principal Balance to $399.761.08. This statement demands that the Mortgagor makes a payment by August 1st, 2010 in the amount of $2,536.19 and showed a Foreclosure Fee in the amount of $696.99, and Foreclosure Cost in the amount of $39.00 assessed on June 29, 2010. Exhibit: 057

228.     Ocwen's Foreclosure Fee and Foreclosure Cost Fee shown on Ocwen's July 27 2010, Account Statement are frivolous fees.

229.     On or about **August 17, 2010** Ocwen sent Mortgagor an Account Statement which again demands payment by **August 1st, 2010**. This statement demands a payment in the amount of $5,159.79 and assesses $87.41 in late charges. The Current Principal Balance remained unchanged at $399.761.08, but Mortgagor's July 25, 2010, payment is shown in the Recent Account Activity as processed towards "Principal Payment" in its entirety. Exhibit: 058

230.     On or about August 23, 2010, Ocwen sent Mortgagor a "**Past Due Notice**" informing Mortgagor that as of August 23, 2010, his August 2010 payment has not been received. Ocwen demanded an immediate payment in the amount of $1,835.70. Amount demanded in this Past Due Notice seems to be consistent with the PMA and indicates that Mortgagor does not have an establish Escrow Account. Exhibit: 059

231.     On or about August 25, 2010, Mortgagor made an online payment (Online Payment #896762027) to Ocwen in the amount of $2,434.61, which Ocwen accepted and processed. Exhibit: 060

232.     Ocwen did not make a payment for the second installment of 2010 Property taxes for Plaintiffs' Property.

233.     On or about August 31, 2010, Mortgagor mailed a QWR to Ocwen's Research Department requesting a Loan Balance Breakdown in regards to his purported loan modification. Mortgagor requested a "Loan Balance Breakdown including all details after my last payment to TB&W." Mortgagor also stated that "My balance as to date 7/16/2009 was $382,541.62, as per OCWEN my balance went up to $403,185.30 dated 4/10/10.". Mortgagor requested that he "would like to know all details explained why my balance went up, and details of the Negative

Amortization / Principal Adj of $24,363.77 as shown in attached statement dated 6/29/2010."
Exhibit: 061

234.    On or about September 1, 2010, Mortgagor mailed another QWR to Ocwen informing Ocwen that none of his payments were past due. Mortgagor asked Ocwen to remove all late charges. Exhibit: 062

235.    On or about September 17, 2010, Ocwen mailed an Account Statement to Mortgagor. This statement shows that Mortgagor's September 2010 payment was credited as a "Suspense Payment". Ocwen assesses yet another late charge and was now demanding payment in the amount of $5,348.78. Exhibit: 063

236.    On or about September 21, 2010, Ocwen mailed a notice to Mortgagor informing him that "Recently, Ocwen Loan Servicing, LLC sent you a **Notice of Default** due to your loan becoming past due" (emphasis added). This notice also notes that "A Foreclosure on your credit record may significantly damage your credit rating and may impair your ability to obtain credit in the future." Included with this notice were documents informing Mortgagor that he "may be eligible for the Home Affordable Modification program". Exhibit: 064

237.    Ocwen has not "Recently" sent Mortgagor a Notice of Default as purported in the September 21, 2010, correspondence.

238.    Mortgagor called Ocwen to inquire about a loan modification and the letter regarding his purported recent Notice of Default. Mortgagor spoke with an Ocwen employee "Matt", and was informed that he should continue to make payments and that Ocwen's systems had "errors". Mortgagor was also informed that unless he starts making payments in the amount of $2,536.19, and unless he pays for the purported late fees, the property will be foreclosed on.

239.     On or about **September 27, 2010**, after being pressured by an Ocwen employee "Matt", Mortgagor made two payment to Ocwen. One in the amount of $2,536.19 (Online Payment #920595587), and another in the amount of $188.99 (Online Payment #920591454) for late fees. Ocwen accepted and process both of these payments. Exhibit: 065

240.     On or about September 29, 2010, Ocwen sent Mortgagor another Account Statement. Ocwen was now demanding a payment in the amount of $2,623.60 to be paid by **October 1st, 2010**.  Recent Account Activity shows a payment of $2,623.60 and $101.58 on **September 29th, 2010** as processed on 9/29/2010. The Current Principal Balance decreased to $399.094.96. Ocwen also assessed more late charges in the amount of $87.41. Exhibit: 066

241.     On October 6, 2010, Ocwen sent Mortgagor a "**Friendly Reminder Notice**" that Ocwen has "not received your [Mortgagor's] current payment yet". Exhibit: 067

242.     On or about October 18, 2010, Ocwen sent Mortgagor an Account Statement which demanded a payment in the amount of $5,247.20 due by November 1, 2010.  The Current Principal Balance remained unchanged at $399.094.96, and even more late fees were assessed to the account in the amount of $174.82. Exhibit: 068

243.     On or about October 21, 2010, Ocwen mailed a "**Past Due Notice**" to Mortgagor. Ocwen demanded a payment in the amount of $1923.11, and stated that they have not received Mortgagor's October 2010 payment. Amount demanded in this Past Due Notice seems to be consistent with the PMA and indicates that Mortgagor does not have an establish Escrow Account. Exhibit: 069

244.     On or about October 27, 2010, Ocwen sent Mortgagor an Account Statement which demanded a payment in the amount of $851.44 due by November 1, 2010. Ocwen assessed yet another (new) "Prev-Cancel Sale" fee in the amount of $696.69. The Current

Principal Balance went up by $2,125.75 and there is no activity shown on the account. Exhibit: 070

245.     Ocwen's $696.69 "Prev-Cancel Sale" incorporated into Ocwen October 27, 2010, Account Statement is a frivolous fee.

246.     On or about October 28, 2010, Mortgagor submitted an online payment to Ocwen (Online Payment #944484889) in the amount of $2,536.19. Ocwen accepted and processed this payment. Exhibit: 071

247.     On or about November 1, 2010, Ocwen sent Mortgagor an Account Statement which shows that Ocwen processed a payment for $851.44 on November 1, 2010 of which $-2,381.44 was taken out of a suspense account, $327.30 was credited to Principal, $1,420.99 to Interest, and $787.90 to Escrow. This statement also shows a payment of $1,684.75 was credited to Principal and that a $696.69 foreclosure fee was processed on November 1, 2010. Ocwen is demanding payment in the amount of $2,536.19 due by December 1st, 2010. The Current Principal Balance decreased to $399.208.66. Exhibit: 072

248.     Ocwen's $696.69 "Prev-Cancel Sale" incorporated into Ocwen November 1, 2010, Account Statement is a frivolous charge.

249.     On or about November 11, 2010, Ocwen mailed a response to Mortgagor's September 1, 2010, QWR.  In this response Ocwen stated that they acquired servicing rights of the loan on November 16th, 2009, from Taylor Bean and Whitaker Mortgage Corporation with the loan due for August 1, 2009, payment. Ocwen also stated that Mortgagor's loan was modified on May 10th, 2010, and that the new unpaid principal balance after modification was $403,185.30. This response also provided a breakdown of Negative Amortization in the amount of $24,363.77.  This breakdown outlines various fees, most notably $2,800 in Foreclosure Fees

and Foreclosure Expenses, a $350 Title Report Fee, $235.76 in late charges, and $21.00 in

Property Inspection Fees. The breakdown also shows that $17,497.68 was charged to Interest

Arrears. Total for Interest Arrears and fees is shown as $21,217.77. Finally, the breakdown

provided that $2,839.50 was added to Suspense Funds and $306.50 for Other Advanced waived.

Attached to this Response was a Payment Reconciliation History. Exhibit: 073

250. Ocwen never represented in its PMA or its LMA that $2,839.50 would be added

to the Mortgage Account as "suspense funds".

251. On or about December 13, 2010, Mortgagor made a online payment to Ocwen

(Online Payment #976586184) in the amount of $2,536.19. Ocwen accepted and process this

payment. Exhibit: 074

252. On or about December 15, 2010, Ocwen sent Mortgagor an Account Statement

which shows that Ocwen processed a payment on December 15, 2010, in the amount of

$2,536.19, which was credited to Principal, Interest and Escrow. This statement shows that

Ocwen did not correct the $696.69 foreclosure fee which was processed on November 1, 2010.

In this statement Ocwen is demanding payment in the amount of $2,536.19 due by January 1,

2011. The Current Principal Balance decreased to $398,874.23. Exhibit: 075

253. Frustrated by Ocwen's lack of sensible responses and frivolous fees, Mortgagor's

started making payments of $2,434.61 as he agreed with Ocwen's representative Tania Abodie on

April 22, 2010.

254. On or about January 12, 2011, Mortgagor made a online payment to Ocwen (Online

Payment #1004315345) in the amount of $2,434.61. Ocwen accepted and processed this payment.

Exhibit: 076

255.    On or about January 17, 2011, Ocwen sent Mortgagor an Account Statement showing that Mortgagor's payment was credited to Suspense on January 14, 2011. This statement shows that the Current Amount Due by February 1, 2011 is $101.58. In this statement Ocwen is demanding a payment in the amount of $2,637.77 to be paid IMMEDIATELY. Although Ocwen processed the payment, the Current Principal Balance remained unchanged at $398,874.23. Exhibit: 077

256.    On or about January 24, 2011, Ocwen sent Mortgagor a **"Past Due Notice"** demanding a payment in the amount of **$2,637.60** to be paid immediately.  This notice shows an assessed late fee in the amount of $87.41. Ocwen stated that they did not receive Mortgagor's January 2011 payment. This Past Due Notice is inconsistent with prior past due notices in that it shows a established purported Escrow Account. Exhibit: 078

257.    On or about February 10, 2011, Mortgagor submitted an online payment to Ocwen (Online Payment #1027726965) in the amount of $2,434.61. Ocwen accepted and processed this payment. Exhibit: 079

258.    On or about February 14, 2011, Ocwen sent Mortgagor an Account Statement showing that Mortgagor's payment was credited to Principal, Interest and Escrow, and that $101.58 came from a suspense account. This statement shows that the Current Amount Due by March 1, 2011 is $203.16, however, Ocwen is demanding a payment in the amount of **$2,826.19**. This statement shows an assessed late fee of $87.41. Exhibit: 080

259.    On or about February 23, 2011, Ocwen sent Mortgagor a **"Past Due Notice"** requesting **$2,711.01** due immediately. This notice shows that Mortgagor has an established purported Escrow Account. This notices also shows assessed late charges in the amount of $174.82. Exhibit: 081

*Purported Default*

260.    Each of Ocwen's Account Statements dating back to May 10, 2010, misrepresented the amount due (in accordance with the verbal agreement) and added foreclosure fees, late fees, and/or had a fluctuating principal balance. Even though Mortgagor made good faith, timely payments, Ocwen sent him incorrect Past Due Notices, Notices of Recent Notices of Default, and "Friendly Reminders" of payments not being made.

261.    Mortgagor effectively ceased making payments to Ocwen until his account was corrected. Mortgagor did not submit a payment to Ocwen for March 2011.

262.    On or about **March 17, 2011,** Ocwen sent Mortgagor an Account Statement. This statement shows a current amount due by **April 1, 2011** in the amount of $203.16, and **Total Amount Due of $5,537.77**. This statement also shows that Mortgagor's next payment due date is **February 1, 2011**. Exhibit: 082

263.    On or about **March 18, 2011,** Ocwen sent Mortgagor a **Notice of Default**. This notice states that as of March 18, 2011, Mortgagor's "payments are past due, which puts you in default of your loan agreement." and states that the **Total Amount Due is $3,001.58**. This notice also states that "The debt is owed to Ocwen as the owner or servicer of your home loan and mortgage." (emphasis added). Exhibit: 083

264.    On or about March 18, 2011, Ocwen mailed Mortgagor a Short Sale package threatening Mortgagor to "supply this information immediately, as Ocwen will not delay any action or disposition pending your response". Mortgagor did not request this short sale package. Exhibit: 084

265.    On or about March 18, 2011, Ocwen mailed Mortgagor a Grace Period Notice. Exhibit: 085

266. On or about April 11, 2011, Mortgagor submitted an online payment in the amount of $300.00 (for amounts due by 4/1/11 as shown in Ocwens 3/17/2011, Account Statement) to Ocwen (online payment #1078050587). Ocwen accepted and processed this payment. Exhibit: 086

267. On or about April 4, 2011, Mortgagors listed the property for Short Sale. Exhibit: 087

268. On or about **April 13, 2011**, Ocwen sent Mortgagor an Account Statement. This statement shows that Mortgagor's current Amount Due by May 1st, 2011 is $2,439.35, the **Total Amount Due is $7,784.46**. Exhibit: 088

269. On or about **April 14, 2011**, Ocwen sent Mortgagor another **Notice of Default**. Ocwen demanded **Total Amount Due of $5,248.27** on or before May 14, 2011. Exhibit: 089

270. On or about April 14, 2011, Ocwen sent Mortgagor another Grace Period Notice. Exhibit: 090

271. On or about April 26, 2011, Mortgagor mailed to Ocwen a "Give Up Letter". In this letter mortgagor explained to Ocwen that he would like to avoid Foreclosure and would like Ocwen to send him a "Deed in Lieu". Mortgagor also informed Ocwen that his last payment to TB&W was "lost or stolen as Ocwen enclosures chart does not show my payment, but shows late fees and many other fees." Bottom of this letter shows Mortgagors last payment to TBW on August 4, 2009. Exhibit: 091

272. On or about May 12, 2011, Mortgagor mailed a check in the amount of $1,00 to Ocwen (Check # 640) demanding that the $1.00 payment be credited to his August 2009 Mortgage Payment which was "either lost or stolen". Along with this payment Mortgagor once again sent proof of his August 4, 2009 Mortgage Payment to TBW, Ocwen's payment history

which omits Mortgagor's payments prior to 8/1/2009 and shows $0 applied on 8/1/2009, as well as Ocwen's November 11, 2010 response to a QWR outlining $24,363.77 in negative amortization. Exhibit: 092

273.    On or about May 17, 2011, Ocwen sent an Account Statement to Mortgagor. This statement shows that the current amount due by June 1, 2011 is $2,439.35 and that the Next Payment Due Date is March 1, 2010. Ocwen demanded a total payment in the amount of $10,505.97. Exhibit: 093

274.    On May 17, 2011, Ocwen also sent Mortgagor an "Insufficient to Cure Default" notice in regards to Mortgagor's May 12, 2011, $1.00 payment. This notice is identical to the one sent to Mortgagor on May 4, 2010, which returned Mortgagors initial loan modification payment. Underlined Ocwen states that it "**will not stop any foreclosure proceedings that have begun.**" Exhibit: 094

275.    Ocwen never research or attempted to correct Mortgagor's account in regards to Mortgagor's May 12, 2011, evidence and request to correct his missing August 2009 Mortgage Payment. Instead, Ocwen attempted to conceal its conduct through future responses and manipulation of their account history.

276.    On or about May 19, 2011, Ocwen again mailed Mortgagor a Short Sale Request Package. Exhibit: 095

277.    On or about June 3, 2011, Ocwen's representative, "Karthik A" mailed a response to Mortgagor's prior letters which questioned his purported loan modification, Ocwen's fees, his HAMP denials and his missing August 2009 payment. In their response Ocwen stated that "A record of prior servicer, Central Loan Administration and Reporting (CENLAR), payment history indicates that **they acquired the loan from Taylor, Bean and Whitaker Mortgage**

Corporation on August 2009 with the loan due for August 1, 2009 payment (emphasis added).

"Please note that there have been no payments remitted to CENLAR." Furthermore, Ocwen

stated that "We acquired the servicing rights of the loan on November 16th, 2009, from

CENLAR with the loan due for the August 1st, 2009 payment." and that "the proof provided by

you for the August 2009 payment is insufficient for us to research the issue." (emphasis added).

This letter contradicts Ocwen's prior statements which stated that Ocwen acquired the loan from

Taylor, Bean and Whitaker Mortgage Corporation. Exhibit: 096

    278.    In the same letter dated June 3, 2011, Ocwen, for the first time, informed

Mortgagor that "on **March 3rd, 2010, the foreclosure proceedings were initiated as the loan**

**was past due for August 1st, 2009 payment.** However, the foreclosure proceedings were

stopped as the loan was **reinstated on May 11, 2010.**" Ocwen also stated that "Our records

indicate that the loan was **modified on May 10, 2010**". The last part of this response provides a

breakdown of negative amortization of $24,363.77. This breakdown differs from the one

previously received by Mortgagor in a letter dated November 11, 2010. Ocwen now represents

that Total Payments waived during the modification were $21,217.77, and Suspense fund

utilized were $2,839.50, plus Other Advances waived of $306.50. Ocwen did not mention the

$2,800 Foreclosure Fees and Foreclosure Expenses noted in their June 3, 2011 letter.

    279.    On or about June 4, 2011, an unknown Ocwen representative mailed another

response to an unspecified correspondence informing Mortgagor that his concerns will be further

investigated. This letter is identical to the letter sent to Mortgagor on December 31, 2009.

Exhibit: 097

    280.    Again, Ocwen never further investigated Mortgagor's concerns, never provided a

further response to the June 4, 2011 letter, and never made any adjustments or corrections

regarding Mortgagor's <u>August 2009</u> Mortgage payment, Ocwen's frivolous foreclosure fees and Ocwen baseless late charges.

281.    On or about **June 16, 2011**, Ocwen mailed what appears to be an Escrow Review Statement. In this statement Ocwen appears to inform the Mortgagor that his monthly Escrow Payment <u>should be $655.43</u>, however, without any mathematical explanation, Ocwen purports that Mortgagor's monthly Escrow Payment <u>will be $1,226.49</u>, and therefore Mortgagors monthly Mortgage Payments will go up to $2,974.78 as of **May 1st, 2011**. <u>Exhibit: 098</u>

282.    On or about June 17, 2011, Ocwen mailed Mortgagor an Account Statement showing various late charges and property inspection fees. It also shows the increased Escrow Payments of to <u>$1,226.49</u> for a current amount due by 7/1/11 of $2,877.94.  Ocwen is demanding payment in the amount of $14,455.84 as total amount due. Recent Account Activity shows a Tax Disbursement in the amount o $3,345.50 on May 19th, 2011. <u>Exhibit: 099</u>

283.    Ocwen did not make a payment for the first installment of 2011 Property taxes for Plaintiffs' Property.

284.    On or about July 18, 2011, Ocwen mailed Mortgagor an Account Statement.  In this statement Ocwen demanded payment in the amount of $17,528.72. Recent Account Activity showed no transactions. <u>Exhibit: 100</u>

285.    On or about, July 27, 2011, Ocwen filed another Assignment of Mortgage ("Assignment #2") with the Lake County Recorder of Deeds (File #6752303).  This documents attempts to transfer interest in Mortgagors' Mortgage "as of the 16th day of November, 2009" from MERS as nominee for Taylor, Bean & Whitaker Mortgage Corp., The assignment states that it is "made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this 22th

DAY OF APRIL, 2011." Assignment is signed by "Nathan Sands, the Vice President at MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., on behalf of the bank." Exhibit: 101

286.    Assignment #2 is a wild instrument, in that it is not in the chain of title because a previous assignment purporting to transfer interest in Mortgagors' Mortgage from MERS to Ocwen was already recorded.

287.    Assignment #2 is a wild instrument, in that it is not in the chain of title because MERS did not hold interest in Mortgagor's Mortgage at the purported date of the transfer.

288.    Assignment #2 bear a signature of Nathan Sands who is an Ocwen employee.

289.    Nathan Sands' mark on Assignment #2, is not Nathan Sands' authentic signature.

### *Legal Engagement*

290.    On or before August 5, 2011, Ocwen contracted with Codilis and Associates, P.C. in regards to Mortgagor's alleged debt.

291.    On or about August 5, 2011, an unknown representative of C&A sent Mortgagor a "Notice Pursuant to Fair Debt Collection Practices Act" in regards to Mortgagor's "**Mortgage Arrearage**". This notices stated that "Our firm is attempting to collect the debt that you owe the present creditor and any information we obtain will be used for that purpose." This letter defines the **Credit as Ocwen Loan Servicing, LLC**, and the **Servicer as Ocwen Loan Servicing, LLC**. Furthermore, C&A against restates that "The name of the creditor to whom the debt is owed: Ocwen Loan Servicing, LLC" (emphasis added). Lastly, the letter states that as of the date of this letter (August 5, 2011), "you owe $411,807.09". Exhibit: 102

292.   Amount due in C&A's August 5, 2011, notice is inconsistent with Ocwen's July, 17, 2011, Account Statement which indicated a total sum due of $412,657.66.

293.   On or about August 5, 2011, Ocwen Loan Servicing, LLC was not the creditor to whom the alleged debt is owed.

294.   On or about August 5, 2011, on information and belief, Freddie Mac was the creditor to whom the alleged debt is owed.

295.   On or about August 5, 2011, on information and belief, Ocwen was the servicing agent of the alleged debt.

296.   C&A's August 5, 2011, notice is confusing and it restrains Mortgagor's efforts to communicate with the real creditor in order to resolve the dispute.

297.   On or about August 11, 2011, Mortgagor sent a letter to C&A disputing the Validity of the Debt. Mortgagor inform C&A that "Ocwen is not my mortgage company." and that "OCWEN shows Foreclosure Fee, Foreclosure Expenses, and other Foreclosure fees, I never received any Foreclosure documentation from OCWEN". Furthermore, Mortgagor informed C&A that "payment was either lost or stolen by TB&W, CENLAR, or OCWEN" and that "OCWEN initiated foreclosure proceedings to the payment that was cleared by TB&W". .Exhibit: 103

298.   On or about August 17, 2011, Ocwen mailed Mortgagor an Account Statement demanded payment in the amount of $20,513.81. Exhibit: 104

299.   Mortgagor employed an attorney to handle his dispute, and on or about August 22, 2011, Mortgagor's attorney mailed a Dispute of Validity letter to C&A, informing C&A about "new servicer's failure to credit all of my client's [Mortgagor's] payments (my client's letter of dispute likewise herewith enclosed)". Exhibit: 105

300. On or about September 2, 2011, an unknown representative of C&A sent a letter to Mortgagor acknowledging receipt of Mortgagor correspondence and stated that they "requested additional information from [their] client [Ocwen Loan Servicing, LLC]". C&A informed mortgagor that his file has been "**placed on hold**" until Codilis provides the necessary response. Exhibit: 106

301. On or about September 19, 2011, Ocwen mailed Mortgagor an Account Statement demanding payment in the amount of $23,774.09. This statement shows a "Tax Disbursement on 8/19/11 in the amount of $3,345.50. Exhibit: 107

302. Ocwen did not make a payment for the second installment of 2011 Property taxes for Plaintiffs' property.

303. On or about October 12, 2011, Mortgagor sent a letter to Ocwen informing Ocwen of their "applied Foreclosure Fee, Foreclosure Expenses, and many other fees to that [August 2009] cleared payment.". Exhibit: 108

304. On or about October 17, 2011, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $26,759.37. Exhibit: 109

305. On or about October 19, 2011, an unknown representative of C&A mailed Mortgagor two separate, but nearly identical letters. Both letters appear to be "pay off figures good through 10/27/11." In these letters, C&A fails to address any of mortgagor's concerns, or Mortgagor's dispute of actual validity of the alleged debt. In one of the letters C&A states that [they] "estimate that $419,289.65 will be due on 10/27/11", and the other letter states that [they] "estimate that $23,872.00 will be due on 10/27/11". Once again, not only are the purported amounts provided by C&A inconsistent with Ocwen's Account Statements, but between the two letters; one demanding "Estimated Total to Payoff on 10/27/11: $419,289.65" and the other

demanding "Estimated Total to Payoff on 10/27/11: $23,872.00", there is 395,417.68 dollars. These figures simply make no sense. Ocwen's October 26, 2011, Account Statement showed amount due of $26,759.37 with Current Principal Balance of $398,201.82 for a sum of $424,961.19, or $5,671.54 more vs. C&A's payoff figures. The difference between Ocwen's October 26, 2011 Account Statement and C&A's $23,872.00 is $2,887.37. These demand figures do not make any mathematical or logical sense, and are confusing and misleading and do not pertain to any of Mortgagor's real reinstatement or payoff amounts.

306.    Furthermore, in its October 19, 2011, letters, C&A never reveals the true Creditor, but rather vaguely stats "All figures are subject to clearance of funds and confirmation by the mortgage holder" and "The Mortgage holder reserves the right to request additional funds" (emphasis added). Lastly, the last page of this correspondence outlines a "Breakdown of Estimated Amounts Due through 10/27/11", where C&A, without any explanation, purports that Mortgagor's Mortgage Payments between 3/1/2011 to 4/30/2011 were $2,536.19, and that Mortgagor's Mortgage Payments between 5/1/2011 to 10/27/2011 were $2,974.78. Exhibit: 110

307.    Mortgagor was never contractually bound by his Mortgage Agreement to make payments from 5/1/2011 to 10/27/2011 in the amount of $2,974.78.

308.    Mortgagor was never contractually bound by his Mortgage Agreement to make payments from 3/1/2011 to 4/30/2011 in the amount of $2,536.19.

309.    Assuming that the Loan Modification Agreement was a valid contract, had C&A verified the debt and made a simple computation of the Amortization Schedule of the terms outlined in LMA, C&A would have been aware that the purported amount of Principal Balance due of $398,201.82 at the purported time of default (3/1/2011), is mathematically impossible.

310. C&A knew or should have known that its clients purported figures were suspect and inconsistent with the terms of the purported modification and the Mortgage Agreement.

311. On or about November 4, 2011, an unknown Ocwen representative again sent Mortgagor a notices stating that his concerns will be investigated. Exhibit: 111

312. On or about November 16, 2011, an unspecified Ocwen representative sent Mortgagor a response to an unspecified correspondence. In this letter Ocwen addressed Mortgagors concern by stating: "You provided us with a copy of the dispute concerning the aforementioned loan and requested assistance.", "Please be advised that the dispute received on your loan is either illegible or or we have not received the complete copy of the correspondence. (emphasis added) In addition, we attempted to contact you in order to list out your concerns, however, we were unable to get in touch with you." Exhibit: 112

313. Ocwen never research or attempted to contact or correct Mortgagor's account in regards to Mortgagor's October 12, 2011, request.

314. On or about November 17, 2011, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $29,744.65. No recent activity is shown on the account. Exhibit: 113

315. On or about this time, co-Mortgagor, Wieslawa Gajewski, received a Grace Period Notice Dated, November 9, 2011, with a cover sheet dated November 12, 2012. Exhibit: 114

316. On or about December 19, 2011, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $32,729.93. Exhibit: 115

**_Initial Complaint to Foreclose Mortgage_**

317.    On or about January 13, 2012, Ocwen, through their attorneys, C&A, filed a Complaint to Foreclose Mortgage (Hereinafter, "Initial Foreclosure") in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Civil Division, Chanc    , Case # 12CH179, against Jozef Gajewski, Wieslawa Gajewski, Hawthorn Woods Homeowners Association (a non existent entity) and Unknown Owners and Non-recorded Claimants. Exhibit: 116

318.    Initial Foreclosure purports, among other things, that Ocwen is that Mortgagee and that Mortgagor's mortgage was modified on April 22nd, 2010, however, although the complaint outlined three exhibits, the Mortgage, the Note, and a the Loan Modification Agreement, C&A never attached the Loan Modification Agreement to the Initial Foreclosure.

319.    Initial Foreclosure also purports that Mortgagor's original indebtedness of $388,000.00 was modified to $403,185.30, that Mortgagors have not paid the monthly installments of Principal, taxes, Interest and insurance for 3/1/2011, through the present and that the Principal balance due on the Note and the Mortgage is $398,201.82.

320.    Initial Foreclosure was litigated by two attorney from C&A, Rajeev S. Jutla and Melissa Hinterhauser. Additionally, Jason M. Shulman, presumably an associate attorney from C&A is stamped, and presumably undersigned on this Initial Complaint.

321.    Successor, Plaintiff, Robert R. Gajewski, was never served with the Summons or Complaint in the Initial Foreclosure.

322.    Mortgagor employed his second attorney to litigate this foreclosure.

323.    On or about January 18, 2012, C&A recorded a Lis Pendens and Notice of Foreclosure (File #6810229) with the Lake County Recorder of Deeds against Plaintiff's title. Exhibit: 117

324.     On or about January 17, 2012, Ocwen sent Mortgagor an Account Statement demanding a payment in the amount of $35,704.71. No recent activity is shown on this Account Statement. Exhibit: 118

325.     On or about February 17th, 2012, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $38,679.49. No recent activity is shown on this Account Statement. Exhibit: 119

326.     On or about March 19, 2012, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $41,675.27. No recent activity is shown on this Account Statement. Exhibit: 120

327.     On or about April 17, 2012 Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $45,906.55. No recent activity is shown on this Account Statement. Exhibit: 121

328.     On or about May 17, 2012 Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $48,979.24. No recent activity is shown on this Account Statement. Exhibit: 122

329.     On or about June 18, 2012 Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $61,071.88. A Tax Disbursement of $3,062.13 is shown in recent activity. Exhibit: 123

330.     Between May 17, 2012 and June 18, 2012, Mortgagor's purported Total Amount Due increased by $12,092.64.

331.     Ocwen did not make a payment for the first installment of 2012 Property taxes for Plaintiffs' Property.

332.    On or about July 17, 2012, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $64,745.90. No recent activity is shown on this Account Statement. Exhibit: 124

333.    On or about August 17th, 2012 Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $68,332.51. No recent activity is shown on this Account Statement. Exhibit: 125

334.    On or about August 28, 2012, C&A moved, in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Initial Foreclosure, for Shorten Redemption Period based on 735 ILCS 5/15-1603(b)(3) stating that Plaintiffs' Property is valued at $190,000, which is less than 90% of the value of the mortgage[d] real estate. Exhibit: 126

335.    C&A obtained and presented a fabricated and doctored appraisal document (Broker's Price Opinion) dated 6/16/2012, in order to foreclosure on Plaintiffs' Property. Exhibit: 127

336.    Plaintiffs' Property was not valued at $190,000 on 6/16/2012 or on 6/19/2012.

337.    Between 1995 and 2014, Plaintiff's Property was never valued below $240,000.

338.    C&A's motion for Shorten Redemption Period based on 735 ILCS 5/15-1603(b)(3) was denied.

339.    On or about September 17, 2012, Donovan S. Clarke, an Ocwen representative, sent an email to Mortgagor which states "Jozef, You currently qualify for a FREDDIE mod , we need the FREDDIE package filled out and returned in order to proceed.". On information and belief, based on ghd additional text at the bottom of this email, this email was supposed to be sent to either Mortgagor's attorney or C&A. Exhibit: 128

340.     On or about September 19, 2012, Mortgagor's  second attorney, sent Mortgagor an emails stating that "counsel for the bank have reached out to me, seeking to give you a loan modification". <u>Exhibit: 129</u>

341.     Ocwen did not make a payment for the second installment of Property taxes for Plaintiffs' Property in 2012.

342.     Ocwen did not sent Mortgagor an Account Statement for September 2012.

343.     Ocwen did not sent Mortgagor an Account Statement for October 2012.

344.     Ocwen did not sent Mortgagor an Account Statement for November 2012.

345.     On November 26, 2012, Mortgagor's second attorney emailed Mortgagor stating: "Joe, they must be serious about your loan mod because they are non-suiting your case on 12/7". <u>Exhibit: 130</u>

346.     On or about November 26, 2012, Mortgagor sent a loan modification application to his attorney who forwarded the Application to C&A to be forwarded to Ocwen.

347.     Ocwen did not sent Mortgagor an Account Statement for December 2012.

348.     On or about December 7, 2012, C&A filed a motion to Dismiss Initial Foreclosure. Initial Foreclosure was dismissed on the same date. <u>Exhibit: 131</u>

349.     Neither C&A or Ocwen reimbursed Mortgagors for costs associated with Initial Foreclosure.

350.     On or about December 8, 2012, Ocwen sent Mortgagor a notification of force place insurance effective **8/18/2012**. Ocwen is listed as Mortgagee for this insurance policy which holds limits of liability on the property for **$418,600** (amount inconsistent with C&A's August 28, 2012 Motion for Shorten Redemption Period) with a premium of $4,542.00. <u>Exhibit: 132</u>

351.    On or about December 17, 2012, Ocwen sent Mortgagor a "Notice of Missing Application Documents". Exhibit: 133

352.    On or about December 19, 2012, C&A mailed Mortgagor a notice that "additional documentation is needed". C&A also informed Mortgagor he does not "qualify for said alternatives". Exhibit: 134

353.    C&A is not the Servicer of Mortgagors' Mortgage Agreement.

354.    Ocwen did not sent Mortgagor an Account Statement for January 2013.

355.    On or about January 3, 2013, Mortgagor once again Dispute the Validity of his alleged Debt by sending a letter to C&A. In this letter Mortgagor informed C&A of his prior dispute which was never addressed by C&A. Mortgagor also informed C&A of Ocwen's application of foreclosure fees, late charges to "money that was stolen." during his purported Loan Modification. Exhibit: 135

356.    On or about January 9, 2013, Thomas Belczak, an C&A employee, sent Mortgagor a notice of receipt of an unspecified correspondence noting, once again, that [we] "have requested additional information from our client [Ocwen Loan Servicing, LLC]. Upon receipt of the information requested, we will provide the necessary response to your letter. Until that time, our file has been **placed on hold**.". (emphasis added) Exhibit: 136

357.    On or about January 10, 2013, Mortgagor sent another letter to C&A requesting that C&A "reveal hold release date as well as detailed investigation results of stolen Aug 2009 payment and all foreclosure related fees added to mentioned above stolen payment. Please respond either my address shown above or to my lawyer". Exhibit: 137

358.    On or about January 15, 2013, Mortgagor sent yet another letter to C&A informing C&A to instruct their client to release a State Farm Fire & Casualty Company check in

the amount of $10,787.24, which was initially issued in late 2009 in order for the Mortgagor to fix the roof on his home, and which Ocwen has yet to release. Exhibit: 138

359.    C&A never requested additional information from its client [Ocwen] and never placed Mortgagor's file on hold as promised in the January 9, 2013, correspondence.

360.    C&A never responded to Mortgagor's January 10, 2013, or January 15, 2013, letters.

### Second Complaint to Foreclose Mortgage

361.    On or about January 22, 2013, Codilis filed another Complaint to Foreclose Mortgage in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case # 13CH273 (Hereinafter "Second Foreclosure") against Jozef Gajewski, Wieslawa Gajewski, Unknown Owners and Non-recorded Claimants. Exhibit: 139

362.    Aside from "and the current per diem is $47.01" in Paragraph 3(J), Second Foreclosure Complaint is identical to the Initial Foreclosure Complaint.

363.    Again, even though C&A was fully aware of Successor's existence and interest in the property, Plaintiff, Robert R. Gajewski, was never served with the Summons or Complaint in the Second Foreclosure.

364.    On or about January 24, 2013, C&A recorded a Lis Pendens and Notice of Foreclosure (File # 6950893) with the Lake County Recorder of Deeds against Plaintffs' Properpty. Exhibit: 140

365.    On or about January 30, 2013, C&A mailed mortgagor a request for further information in regards to his loan modification application. Exhibit: 141

366.    C&A and Ocwen have engage in "**Dual Tracking**" - a practice of requesting modification paperwork and purporting to consider homeowners for a loan modification, when in

reality the Servicer (and/or its representatives) are (secretly) processing foreclosure(s) at the same time. Homeowners were supposed to be protected from these misleading and deceiving practices during the modification process.

367. On or about February 10, 2013, Mortgagor, mailed another correspondence to C&A informing them of their Dual Tracking and inquiring about his file which was supposedly placed on hold. This letter states that "In the January 9, 2013, letter I was informed that file was placed on hold. I sent letter to inform me about releasing file from hold and all investigation details of stolen money by TBW, instead Codilis filed Foreclosure Case # 13CH273, but no responding to my questions." Furthermore Mortgagor stated that "According to OFFICE OF THE ATTORNEY GENERAL STATE OF ILLINOIS 'No loan will be referred for foreclosure while a loan modification is in the works'." Exhibit: 142

368. On or about **February 15, 2013**, Ocwen sent Mortgagor a letter thanking Mortgagor for "submitting an application for foreclosure prevention assistance." Exhibit: 143

369. On or about **February 16, 2013**, Ocwen sent Mortgagor a Making Homes Affordable Program notice. This notice stated that "Based on our review of the documentation you provided, you are not eligible for a Home Affordable Modification.". **The application was withdraw at your request.**" Exhibit: 144

370. Neither the Mortgagor or the Co-Mortgagor ever withdrew their application for a loan modification on or before February 16, 2013.

### *Successor's Involvement*

371. On or about February 22, 2013, Successor, Plaintiff, Robert R. Gajewski, became involved in this dispute against Ocwen and C&A. From February 22, 2013, onward, Plaintiff,

Robert R. Gajewski invested time to help Plaintiff Jozef Gajewski and Plaintiff Wieslawa Gajewski communicate with Ocwen, C&A, and eventually Nationstar.

372.    On the morning of February 22, 2013, Successor called Ocwen on behalf of Mortgagors and spoke with Ocwen's representative "Donovan S. Clarke" in regards to Mortgagors voluntarily withdrawn loan modification application. Ocwen's representative could not provide a coherent answer or proof pertaining to the purported voluntary withdrawal of the loan modification application by Mortgagors.

373.    Mortgagors never withdraw their Freddie Mac Loan Modification Application as purported by Ocwen in their February 16, 2013, letter.

374.    On or about February 22, 2013, at 12:25 PM, Mortgagor received an email from "Donovan S. Clarke" which stated "HERE IS THE NEW FREDDIE MAC MOD PACKAGE, THE OLD ONE IS NO LONGER VALID." This email further stated "hi, Can we reach out to the Homeowner's attorney and see if they would be willing to do a Freddie Mac mod or a modification to maybe settle or resolute this acct? We need the Homeowner's financials.  See Attached Freddie Mac Package, if the Homeowner is interested? Also if you have the opposing council's info, please forward it to me…" (emphasis added).  Exhibit: 145

375.    On information and belief, Donovan's S. Clarke February, 22, 2012 email was supposed to be sent to C&A not to Jozef Gajewski.

376.    On or about February 22, 2013, at 5:56 PM, Successor helped Mortgagor reply to Donovan S. Clarke's email. The reply asks Ocwen to verify the voluntary withdrawal of the loan modification from assessment by Mortgagors. The replay further asked Ocwen to "produce original signed documents, including the Mortgage, original Loan Note documents and the Chain

of Assignments concerning the property located at 6 Hickory Lane, Hawthorn Woods, IL."

Exhibit: 146

377. Additionally, on or about February 22, 2013, Successor helped Mortgagor draft QWR's in order to Dispute the Validity of the alleged debt. These letters were sent to both Codilis and Ocwen on February 22, 2013, and they specifically asked both Ocwen and C&A to produce the original Note, the original Mortgage and the Chain of Assignments for Mortgagors' loan. Exhibit: 147

378. On or about February 22, 2013, Mortgagors also sent a Hardship Letter to Ocwen informing Ocwen that their irresponsible actions have cause "immense financial hardship" to Mortgagors, and asking Ocwen to modify the said loan. Exhibit: 148

379. Neither Ocwen or C&A ever responded to the February 22, 2013, QWR's or Mortgagors' Hardship Letter.

380. On or about February 25, 2013, at 12:27 PM, Ocwen representative Donovan S. Clarke sent and email to Mortgagor stating "I just reached out to the foreclosure associate handling this loan that should be able to get the docs you are requesting..I will get back to you know I hear something from him." Along with this email, Mortgagor received an internal Ocwen email to Prasanth Cherian, a Time Line Coordinator, Default Servicing, from Donovan S. Clark. This internal email stated "Please see the below and provide the opposing counsel the necessary docs. **This is a serious matter**." (emphasis added) Exhibit: 149

381. On or about February, 25, 2013, Ocwen mailed Mortgagor an Account Statement. This statement was the first Account Statement that Ocwen mailed since August 17, 2012. This Account Statement demanded payment in the amount of $93,095.62. Exhibit: 150

382.    A series of emails appears to have been exchanged on February 26, 2013, between Ocwen's employees and Melissa Hinterhauser (a C&A employee responsible for Mortgagors Initial Foreclosure) and Kelly Kallal (another C&A employee). These emails were cc'd to responses sent to Mortgagor on February 26, 2013.

i.      On February 26, 2013, at 6:19 AM, Mortgagor received an email from "Mujeeb Shaik Basha" which stated "Please provide the complete physical address to which the original note, mortgage and assignments has to go. Also let us know if you need any additional docs." Exhibit: 151

ii.     On February 26, 2013, at 11:25 AM Mortgagor responded to "Mujeeb Shaik Basha" by sending an email to Donovan S. Clark and including all of Ocwen's representatives included on previously cc'ed emails.  Mortgagor stated that "As per our email and formal inquiry, our request WILL NOT be satisfied by documents other than; Original Mortgage, Original Loan Note" Exhibit: 152

iii.    On February 26, 2013, at 12:03 AM, Prasanth Cherian forwarded the email to "Litigations" stating "Please see below mail." Exhibit: 153

iv.     On February 26, 2013, at 1:07 PM Donovan S. Clarke emailed Mortgagor stating: "This loan is no longer assigned to me, but I have reached out to the necessary dept to egt you the docs you need." Exhibit: 154

v.      On February 26, 2013, at 2:03 PM, Mortgagor received an email from "Mujeeb Shaik Basha" stating "This file is assigned to CODILLIS AND ASSOCIATES and we have requested complete physical address to which the original  note and mortgage has to be sent. Please advise when this file was assigned to you.". Attached to this email was Kelly Kallal, a C&A employee. Exhibit: 155

vi.      On February 26, 2013, at 3:10 PM, Mortgagor sent an email to Donovan S. Clarke requesting that he provide a new point of contact. <u>Exhibit: 156</u>

vii.     On February 26, 2013, at 3:50 PM Donovan S. Clarke sent an email to Melissa Hinterhauser stating "Hi Melissa, Please reach out to the opposing counsel.." <u>Exhibit: 157</u>

383.    On February 26, 2013, Mortgagor sent Ocwen another QWR requesting that they produce the original Note and Chain of Assignment associated with the Loan. <u>Exhibit: 158</u>

384.    Ocwen never responded to the February 26, 2013, QWR.

385.    On March 18, 2013, Ocwen sent Mortgagor an Account Statement demanding payment in the amount of $96,803.89. <u>Exhibit: 159</u>

### *Freddie Mac Documents*

386.    On or about March 18, 2013, Successor was granted access by Mortgagor to Mortgagor's Ocwen online account. On Ocwen's website Successor discovered Freddie Mac documents pertaining to Mortgagor's purported loan modification. These documents did not coincide with the Proposed Modification Agreement or the Loan Modification Agreement. Other documents seemed manufactured in order to represent that the purported loan modification took place in accordance with the PMA. Lastly, Successor discovered a Credit Report documents which showed that Ocwen was aware that Mortgagor made the August 2009 mortgage payment to TBW, and that Ocwen was aware that the payment had been cleared and processed by TBW.

387.    Documents discovered on March 18, 2013, were:

i.      **Freddie Mac Loan Modification Approval** document, Freddie Mac Loan No.: 507241061 <u>Exhibit: 160</u> This document is dated May 14th, 2010, and was sent by Christopher Grahalva, a Non-Performing Loan Department Freddie Mac employee, to Tania Abadie, at 1661 Worthington Road Ste 100, West Palm Beach, FL 33409. This

document pertain to Mortgagor's loan modification and the relevant parts state: (emphasis added)

1. "We have approved your request to consider a loan modification on the referenced loan subject to the following conditions:". "<u>You must obtain an endorsement to the existing title insurance policy that ensures the modified mortgage is an enforceable first lien</u>. The title insurance company may require you to obtain subordination agreements from all junior lienholders. <u>Recordation of the modification is required</u>." and "The modified mortgage must be a fixed rate, fully amortized loan bearing interest at the following percentage. The total loan term will be extended to/<u>reamortized over 480 months</u>."

   a. Note Rate - 4.25%

   b. Term - 480

   c. Effective Date - 04/01/2010

   d. First Monthly PITI Payment Due - 05/01/2010

2. <u>Capitalization is limited to $21.138.68</u>. <u>You may not capitalize unpaid late charges or penalties,</u> and interest on delinquent taxes/assessments.

3. Homeowner cash contribution to reduce the outstanding indebtedness - $25.00

4. Closing costs for modification (title, documents, closing) (Estimate) - $0.00

5. Processing fee for review of modification request - $0.00

6. Homeowner's first modified monthly payment (Estimate) - $2,362.8<u>9</u>

7. ESTIMATED TOTAL CASH DUE FROM Homeowner - $2,362.89

8. The modified mortgage <u>must have an escrow account established</u> for payment of taxes and insurance.

9. If the mortgage insurer has agreed to a partial claim payment, Freddie Mac agrees that any future claim payment will be reduced by the amount advanced and not yet repaid by the Homeowner.

10. <u>Freddie Mac must retain the first lien position</u> and cannot have any secondary financing included in the modified mortgage balance or provide cash-out to

the Homeowner(s). <u>The modification must occur in accordance with all state and federal regulations</u>.

11. Notwithstanding our approval of this loan modification, Freddie Mac reserves its rights to exercise any remedies provided by the Guide and other purchase documents, including a repurchase of the mortgage or a <u>call on credit enhancement in the event we determine that there has been a failure to comply with the requirements of the Guide</u>. In addition, <u>we reserve the right to require you to indemnify us if the loan modification does not occur in accordance with these instructions</u>.

12. You must not delay initiation of foreclosure, suspend the foreclosure action or otherwise put the foreclosure on hold while processing this loan modification. If you believe a foreclosure sale should be postponed in order to complete the workout, you must contact at for approval.

ii. **Freddie Mac Non-Performing Loans Business Plan** document, Freddie Mac Loan No.: 507241061 <u>Exhibit: 161</u> This document is not dated but has a "Printed Date" 07/17/2010 and seems to have been prepared by Tania Abodie, a Ocwen representative. This document states, "This loan modification requires Freddie Mac approval" and has the following inconsistencies with with the original Mortgage.

1. Homeowners Unpaid Principal Balance is $382,541.59 [incorrect amount]

2. Interest Arrears for the Loan Modification is $17,497.68 [inconsistent with Ocwen's statements]

3. Other Costs of Loan Modification: $3,166.00

4. PITI $2,972.15 [incorrect payment amount]

5. Total Repairs for the property: $1.00 [incorrect amount]

iii. **Freddie Mac Form 1128 Loss Mitigation Transmittal Worksheet**, Freddie Mac Loan No.: 507241061, dated 6/2/10 <u>Exhibit: 162</u> This document is dated 6/2/2010 and is prepared by Ocwen employee Jamie Galfand at 1661 Worthington Rd. Suite 100 West Palm Beach, FL 33409. Bottom of the document states: **"The Servicer acknowledges that Freddie Mac is relying on the**

accuracy of the foregoing information through the Effective Date, and that the Servicer will be liable for any errors in the information.". Information provided in this document is inconsistent with Freddie Mac's approval and seems to have been doctored after Mortgagor made payments consistent with Proposed Loan Modification.

    iv.   **Freddie Mac Form 1128 Loss Mitigation Transmittal Worksheet** (w/ upside down Freddie Mac Logo), Freddie Mac Loan No.: 507241061, dated 6/2/10 (2 pages) Exhibit: 163

    v.   **U.S. Credit Profile Report** dated 3/30/2010 regarding Jozef Gajewski. This documents shows that, prior to the purported loan modification, Ocwen was aware that Mortgagor made his August 2009 Mortgage Payment. Exhibit: 164

388.    Ocwen knew that Mortgagor made his August 2009 Mortgage Payment prior to advertising its PMA and LMA.

389.    Ocwen never credited Mortgagor's August 2009 Mortgage Payment to Mortgagor's Account despite knowing that he had made the August 2009 Mortgage Payment.

390.    Ocwen initiated foreclosure proceedings against Mortgagor's August 2009 Mortgage payment while being aware that Mortgagor made his August 2009 Mortgage Payment.

391.    Ocwen embedded foreclosure costs associated with foreclosure proceedings initiated against Mortgagor's August 2009 Mortgage Payment into its advertised April 10, 2010, Loan Modification Agreement.

392.    During the loan modification, Ocwen did not act with approval of Freddie Mac.

393.    Ocwen concealed the Total Arrears that would go into Mortgagor's modification.

394.    Ocwen did not record Mortgagor's purported Loan Modification Agreement with the Lake County Recorder of Deeds.

395.    Ocwen's modification of Mortgagor's Mortgage did not occur in accordance with all state and federal regulations.

396.    Ocwen indemnified Freddie Mac for Mortgagor's loan modification.

397.    Ocwen is, and has been, acting as Mortgagor's Creditor based on the Loan Modification Agreement.

398.    On March 19, 2013, Mortgagor emailed the newly discovered Freddie Mac Documents to his second attorney.

399.    On information and belief, C&A was informed by Mortgagor's attorney that Mortgagor discovered Freddie Mac documents which were inconsistent with Mortgagor's purported loan modification.

400.    Ocwen was informed by C&A that Mortgagor discovered Freddie Mac documents inconsistent with Mortgagors purported loan modification.

401.    On April 17, 2013, Ocwen sent Jozef Gajewski an Account Statement demanding $100,492.16. Exhibit: 165

### Transfer to Nationstar

402.    On May 1, 2013, Ocwen sent Mortgagor a Notice of Assignment, Sale or Transfer of Servicing Rights, Ocwen Loan Number: 70393368. The notice states: "Dear Borrower(s):.... we are informing you that effective May 16, 2013 the servicing of your mortgage loan, that is the right to collect payment from you, will be assigned, sold and transferred to Nationstar Mortgage, LLC.". Additionally, Ocwen noted that "As such, Nationstar will be contacting you in the near future to welcome you and to inform you about the servicing of your loan. Please be assured that transactions of this type are common among financial institutions and have absolutely no bearing on your credit standing.". Furthermore, Ocwen stated that "Ocwen will be transferring only

recurring (Monthly) ACH to Nationstar Mortgage LLC effective May 16, 2013." Lastly, on the bottom of this notice, Ocwen notes "Prior Servicer is a debt collector attempting to collect a debt any and information obtained will be used for that purpose." Exhibit: 166

403.    Mortgagor's prior Servicer was not a debt collector.

404.    On or about May 1, 2013, Ocwen reported to Credit Reporting Agency Experian that Mortgagor's "Real Estate Loan" with "504 Months" terms was "transferred to another office". Exhibit: 167

405.    Mortgagor's Mortgage loan is not a 504 term loan.

406.    On or about May 1, 2013, Ocwen reported to Credit Reporting Agency Equifax that Mortgagor's "unknown" loan had a balance of $0. Exhibit: 168

407.    On May 10, 2013, Mortgagor mailed Ocwen another QWR questioning validity of the alleged debt and Ocwen's lack of responsiveness to Mortgagor's request to produce the original Note and the Chain of Assignments of the alleged debt. Exhibit: 169

408.    On May 10, 2013, an unknown Ocwen employee sent Mortgagor a response to an unknown correspondence. The letter states: "Dear jozef Gajewski, Our company has recently received a request for information on the above referenced loan, which is enclosed for your review". There were no documents enclosed with this letter. Exhibit: 170

409.    On May 13, 2013, an unknown Ocwen employee sent Mortgagor another response to Mortgagor's unspecified correspondence. This response does not address any of Mortgagor's concerns and simply states "**Concern:** You requested us to provide you with the Investor details of your loan.". "**Response:** Ocwen is the service of the loan, and **_not necessarily_** the owner of the loan. Ocwen is servicing the loan for Freddie Mac. Although the ownership of the loan may change, the ownership has no bearing on the servicing of the loan. Ocwen is

**obligated to service the loan according to the terms and conditions of the loan documents executed by you**. As the servicer of the loan, all issues regarding the loan should be forwarded to Owen for all appropriate response." (emphasis added) <u>Exhibit: 171</u>

410.     Ever since Mortgagor's initial correspondence on or about December 2, 2009, Ocwen has failed to service the loan according to the terms and conditions of the loan documents executed by Mortgagors.

411.     Ocwen did not make a payment for the first installment of Property taxes for Plaintiffs' Property in 2013.

412.     Nationstar did not make a payment for the first installment of Property taxes for Plaintiffs' Property in 2013.

413.     On or about May 16, 2013, Ocwen reported to Credit Reporting Agency TransUnion that Mortgagor's "Real Estate Loan" with "504 months" terms had a balance of $0. <u>Exhibit: 172</u>

414.     On **May 31, 2013**, Nationstar mailed Mortgagor a Notice of Assignment, Sale and Transfer or Servicing Rights. Alone with this notice Nationstar sent Mortgagor a coupon for total amount due of **$100,502.16** which was supposed to be paid by **May 1st, 2013**. Nationstar also states in this **May 31, 2014** letter that "As a reminder, your first monthly payment amount of $100,502.16 is due on **5/1/2013**. For your convenience you May payment coupon is attached below. <u>Timely remittance of your monthly payment will protect your home and credit.</u>" (emphasis added) <u>Exhibit: 173</u>

415.     Neither Ocwen or Nationstar recorded an Assignment of Mortgage on or about May 16, 2013.

416. On June 4, 2013, Ocwen employee "Simon Alexander" sent Mortgagor a response to an unspecified QWR. In this letter Ocwen stated that they acquired the loan "on November 16th, 2009, from <u>Central Loan Administration and Reporting</u> (CENLAR), with the loan due for <u>August 1, 2009</u>.". "We were <u>obligated to service the loan in accordance with the terms of the original Note and Mortgage</u> signed by you (Jozef Gajewski). Therefore, you are responsible to satisfy the above debt.". "We have also submitted a request for the Ocwen's Payment Reconciliation History to be sent to your attention, which reflects all credits and disbursements, made to the loan by Ocwen and the resulting loan status.". Additionally, Ocwen noted that "The payments on the loan are due on the first (1st) day of every month. However, according to Ocwenâ  ï  s [sic] late fee policy, you have fifteen (15) days grace period to make your monthly mortgage payments without being assessed a late charge.", "Please note that property valuation or property inspection is performed in order <u>to protect our interest in the property</u>". Lastly, Ocwen stated that "the loan was <u>service transferred</u> to Nationstar Mortgage, LLC. For any further details regarding the loan or to obtain the loan documents you may contact the new servicer." <u>Exhibit: 174</u>

417. On information and belief, Freddie Mac is the Holder in Due Course of the Note, Ocwen is/was the servicer of Mortgagor's alleged debt.

418. Ocwen does not hold any interest in Mortgagor's property.

419. Along with Ocwen's June 4, 2013, response, Ocwen sent a copy of an "ATTORNEY BAILEE" dated March 29, 2013, which is marked "For Internal Purpose Only" and is addressed to C&A. This Bailee states "Ocwen Loan Servicing, LLC ("Servicer") asked you to commence and prosecute a foreclosure action on the mortgage loan listed above ("Mortgage Loan"). In connection with such foreclosure activities, one of more of the documents

("Documents") indicated below evidencing or otherwise relation the the mortgage loan were delivered to you:"

    i.     Note - Original - No endorsements are shown.

    ii.    Security Instrument or Mortgage - Unrecorded Copy (presumably referring to the Loan Modification Agreement)

420.    The Bailee further states, "Freddie Mac ("Plaintiff/Trust") **is the owner, holder in due course, and/or entitle to enforce the subject Mortgage Loan and the Documents**". (emphasis added) Exhibit: 175

421.    When C&A received the Attorney Bailee from Ocwen on or about March 29, 2013, C&A realized that it could not prosecute its Second Foreclosure action against Mortgagors on behalf of Ocwen because the Note was not endorsed, the security instrument (LMA) was not recorded, and Mortgagor's Mortgage was assigned to Ocwen from MERS via two separate and contradictory Assignments of Mortgage.

422.    On June 5, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of **$107,878.70**. This statement outlines $2,448.50 in legal fees and $259.50 in property inspection fees, and also notes that "If the payment due on 7/1/2013 is not received by 7/17/2013, a late charge in the amount of $87.41 may be assessed to your account. Exhibit: 176

423.    Mortgagor never entered into an agreement, either with TBW, Cenlar, Ocwen or Nationstar that would have allowed him to submit timely payments by the 17th day of the month.

424.    On June 19, 2013, Mortgagor mailed Nationstar a QWR disputing his alleged debt, asking Nationstar to provide a response in accordance with the FDCPA, and asking

Nationstar to provide a payment history on his account dating back to June, 2008, when Mortgagor made his first payment on the Mortgage Agreement. Exhibit: 177

425.     On July 1, 2013, Nationstar reported to Credit Reporting Agency Experian that Mortgagor's "Real Estate Loan" with "492 Months" terms had a Past Due Amount of **$133,465.00** and that Mortgagor's monthly payment on the "Real Estate Loan" are $2536.00. Exhibit: 178

426.     On or about July 1, 2013, Mortgagor's loan was not Past Due in the amount of $133,465.00.

427.     Mortgagor's Mortgage Agreement does not have 492 terms.

428.     On or about June 1, 2013, Nationstar reported erroneous and unverified information on Mortgagor's credit report.

429.     On July 16, 2013, Nationstar's representative "Christy L. Volk" sent Mortgagor a response to his June 19, 2013, QWR. Nationstar informed Mortgagor that Nationstar's records "indicate that **Federal Home Loan Mortgage Association** is the current owner of the loan." (emphasis added). Nationstar also indicated that they will provide further response to Mortgagor's June 19th, 2013 QWR. Exhibit: 179

430.     "Federal Home Loan Mortgage Association" is not an entity.

431.     "Federal Home Loan Mortgage Association" is not the owner, Holder in Due Course, and/or entitled to enforce the subject Mortgage Agreement.

432.     Nationstar's July 16, 2013, response also states that "Upon receipt of your correspondence, the above mentioned loan and related documents were reviewed and found to comply with all state and federal guidelines that regulate them, and we respectfully refute all allegations mentioned in your letter." Nationstar further stated: You asked us to provide a

Payment History from June 2008 to current. After conducting an investigation, <u>Nationstar is unable to locate the information you requested for June 2008 to September 2009. This information is unavailable.</u> **However, we did review the account, and all transactions appear to be correct from our records review**." (emphasis added).

433.    On or about July 18, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $113,633.47. This statement shows a Legal Fees charge in the amount of $2,054.50. <u>Exhibit: 180</u>

434.    Following the purported transfer from Ocwen to Nationstar, Nationstar deployed their representatives and/or agent, on numerous occasions, to harass and trespass on Plaintiffs' Property. These individuals would deliberately come at wee house of the morning and hang pamphlets on Plaintiffs' front door. Examples are shown in <u>Exhibit: 181</u>

435.    On August 14, 2013, Mortgagor mailed a QWR to Nationstar's Christy L. Volk. Mortgagor informed Nationstar that their response did not satisfy Mortgagor's request to validate the alleged debt because Nationstar was unable to provide a full payment history for the account. Mortgagor also stated "Aside from proper verification of the debt, do not contact me. <u>Holt all attempts to collect the above mentioned debt at the property. further attempts will result in trespassing and harassment charges.</u>" (emphasis added) <u>Exhibit: 182</u>

436.    On August 20, 2013, Nationstar sent Jozef Gajewski an Account Statement demanding $117,333.74. <u>Exhibit: 183</u>

437.    On August 21, 2013, Nationstar's representative, Charles Mitchell, mailed Homeowner a response to his QWR from August 14th, 2013. In this letter Nationstar stated "<u>We are unable to get the requested Payment History for June 2009 to September 2009</u>. **Please**

**contact the prior servicer from that time to request a copy**. The account has been coded to cease collection and solicitation from Nationstar". (emphasis added) Exhibit: 184

438.    On or about September 4, 2013, Mortgagor sent Nationstar a QWR thanking them for the prompt response and for their suggestion to contact the prior servicer to obtain the payment history of the debt. In this correspondence, Mortgagor noted that Nationstar's July 16, 2013, statements were nonsensical. This letter also stated that "Nationstar Mortgage, LLC has failed to verify the accounting accuracy of the above mentioned debt as per your correspondence dated August 21, 2013. Nationstar Mortgage, LLC has not indicated that it intends to take further action to investigate, correct or validity the accuracy of the debt. Therefore the above mentioned borrower assumes that Nationstar Mortgage, LLC does not own servicing rights, or any other legal interest associated with the account in question." Exhibit: 185

439.    Meanwhile, during the concurrent Second Foreclosure, on or about September 11, 2013, C&A moved to Substitute Nationstar as Party Plaintiff.

440.    However, on or about September 11, 2013, instead of substituting Nationstar as Plaintiff, C&A withdraw its motion (that was never filed), and placed the Second Foreclosure case on "Bankruptcy Calendar". Exhibit: 186

441.    On or about, September 17, 2013, Nationstar's representative "Kymbrah Williams" responded to Mortgagor's unspecified QWR with a generic form letter. The letter states "Nationstar Mortgage LLC (Nationstar) received your correspondence, dated Insert Date of Correspondence. regarding the mortgage loan account described above." [sic]. Again, Nationstar did not verify the alleged debt. Exhibit: 187

442.    Nationstar did not make a payment for the second installment of Property taxes for Plaintiffs' Property in 2013.

443. On or about September 18, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $121,121.42. Exhibit: 188

444. On or about September 21, 2013, Mortgagor sent Nationstar another QWR. This letter questioned Nationstar misleading responses and incomplete documentation. Mortgagor demanded information in regards to his alleged debt and proof of his payments. Exhibit: 189

445. On or about October 2, 2013, Nationstar's representative "Kymbrah Williams" responded to Mortgagor's QWR stating that "FHLMC Ocwen/TBW" is the current owner of the loan. This letter did not address any other issues raised by Mortgagor in his QWR dated September 21, 2013. "Kymbrah Williams" noted that a response will be provided within 30 business days. Exhibit: 190

446. "FHLMC Ocwen/TBW" is not a recognized entity.

447. "FHLMC Ocwen/TBW" is not the owner, Holder in Due Course, and/or entitled to enforce the subject Mortgage Agreement.

448. On October 18, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $125,139.69. A Exhibit: 191

449. On or about November 19, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $127,760.27. Exhibit: 192

450. On November 21, 2013, Mortgagor mailed another QWR to Nationstar stating that Nationstar never answered any of his questions and never verified his alleged debt. Exhibit: 193

451. Nationstar never responded to Mortgagors November 21, 2013, QWR.

452. On October 21, 2013, Nationstar mailed Mortgagor an Escrow Statement which shows Mortgagor's Escrow account has a surplus of $34,120.16. Exhibit: 194

453.     On December 18, 2013, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of **$130,380.85**. Exhibit: 195

454.     On January 1, 2014, Nationstar reported to credit agency Equifax, that Jozef Gajewski "unknown" loan was past due in the amount of **$130,509.00**. Exhibit: 196

455.     On or about January 1, 2014, Nationstar reported erroneous and unverified information on Mortgagor's credit report.

456.     On or about January 2, 2014, C&A again moved to Substitute Party Plaintiff in the concurrent Second Foreclosure, but again withdrew its motion. Exhibit: 197

457.     On January 21, 2014, Nationstar sent Mortgagor an Account Statement showing a past due amount of $133,100.43. Exhibit: 198

458.     On January 31, 2014, Nationstar reported to credit agency TransUnion, that Jozef Gajewski's "Real Estate Loan" was past due in the amount of **$65,000**, and that the account was "closed". Exhibit: 199

459.     On or about January 31, 2014, Nationstar reported erroneous and unverified information on Mortgagor's credit report.

460.     On February 19, 2014, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of **$130,460.96**. Exhibit: 200

461.     On March 1, 2014, Nationstar reported to credit agency Experian that Mortgagor's "Real Estate Loan" with terms of "492 Months" and with Monthly Payments of $2,536.00 was past due in the amount of **$150,746.00**, and that foreclosure proceedings were started. Exhibit: 201

462.     On or about March 1, 2014, Nationstar reported erroneous and unverified information on Mortgagor's credit report.

463. On March 18, 2014, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of **$133,066.54**. Exhibit: 202

### *Substitution of Party Plaintiff*

464. On or about March 31, 2014, Mortgagors' second attorney filed a Motion to Leave to Withdraw as Defendants' Counsel from Plaintiffs' Second Foreclosure litigation.

465. On or about April 2, 2014, C&A filed a document titled "MOTION TO SUBSTITUTE PARTY PLAINTIFF". Exhibit: 203

466. On or about April 7, 2014, C&A consummated Ocwen's and Nationstar's transaction by filing an Assignment of Mortgage and paying for the filing with Check Number: 8169537. Exhibit: 204

467. On or about April 7, 2014, Lake County Recorder of Deeds, recorded an Assignment of Mortgage (Hereinafter, "Assignment #3") per C&A's instructions. Assignment #3 purports to transfer interest from "**Ocwen Loan Servicing, LLC by Nationstar Mortgage LLC as Attorney-in Fact**" to **Nationstar Mortgage LLC**. This assignment does not bear a MERS Mortgage Identification Number, nor does it identify the legal description of the Subject Property. Exhibit: 205

468. Assignment #3 filed by Nationstar Mortgage LLC as Attorney-in Fact for Ocwen Loan Servicing, LLC on April 7, 2014, is a wild instrument, in that it is not in the chain of title because a previous assignments purporting to transfer interest in Mortgagors' Mortgage to Ocwen are not valid instruments.

469. Assignment #3 filed by Nationstar Mortgage LLC as Attorney-in Fact for Ocwen Loan Servicing, LLC on April 7, 2014, does not give proper notice in regards to the transferred interest, in regards to the property, and in regards to consideration.

470. On or about April 10, 2014, the Nineteenth Judicial Circuit Court entered two separate orders in Case #13CH273 regarding Plaintiff's Motion to Substitute Party Plaintiff and Defendants' counsel's Motion to Leave to Withdraw. Orders entered by the Circuit Court were contradictory; one granted Ocwen Loan Servicing, LLC's Motion to Substitute Nationstar Mortgage, LLC as Plaintiff, and the other granted Nationstar Mortgage, LLC's Motion to Substitute Plaintiff by separate order. Both orders were prepared by C&A attorneys. Exhibit: 206

471. On or about April 18, 2014, Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $135,672.12. Exhibit: 207

472. On or about May 8, 2014, Mortgagors third counsel entered a Substitute Appearance in the Second Foreclosure.

473. On or about May 20, 2014, Nationstar sent Mortgagor and Account Statement demanding payment in the amount of $138,277.70. Transaction activity on this statement shows a disbursement in the amount of $2,984.55 for Plaintiff's property taxes. Exhibit: 208

474. Nationstar did not make a payment for the first installment of 2014 Property taxes for Plaintiffs' Property.

475. On or about June 3, 2014, Mortgagor's third counsel filed Counterclaims against Ocwen Loan Servicing, LLC in the concurrent Second Foreclosure litigation.

476. On or about June 18, 2014 Nationstar sent Mortgagor an Account Statement demanding payment in the amount of $140,883.28. Transaction activity on this statments shows Legal Fees $122.50 and $87.50 and a payment for "County Taxes" in the amount of $2,984.55. Exhibit: 209

477.    Nationstar never made the payment for Plaintiffs' Property taxes shown on Nationstar's June 18, 2014, Account Statement.

478.    On or about July 18, 2014, Nationstar sent Mortgagor and Account Statement demanding payment in the amount of $143,488.86. Transaction activity shows legal fees of $237.50, $28.00 and $15.00. Exhibit: 210

479.    On or about August 4, 2014, an attorney for Nationstar Mortgage LLC, McGinnis Wutscher Beiramee, LLP, filed an Additional Appearance in the Second Foreclosure case.

480.    Nationstar did not sent Mortgagor and Account Statement for August 2014.

481.    On or about September 5, 2014, McGinnis Wutscher Beiramee, LLP filed "Nationstar's Motion to Dismiss Borrower's Counterclaims" against Ocwen Loan Servicing, LLC in the Second Foreclosure case.

482.    Nationstar did not sent Mortgagor and Account Statement for September 2014.

483.    Nationstar did not make a payment for the second installment of Property taxes for Plaintiffs' Property in 2014.

484.    On September 15, 2014, Successor wrote a letter directly to Mr. William C. Erbey, Executive Chairman and Chairman of Executive Committee for Ocwen Financial, informing him of Ocwen Loan Servicing, LLC's conduct.

485.    On or about September 24, 2014, Ocwen's representative "Sagar Kahat" sent Successor a response to the September 15, 2014 letter sent to Mr. Erbey. Ocwen also stated that "a review of our records indicated that the Home Affordable Modification application was received on April 5, 2013 and your request to modify the loan under the Modification Program with us was under review. However, on May 16 2013, the loan was servicer transferred to

Nationstar Mortgage LLC." Ocwen made no mention of Mortgagor's loan modification taking place on April 22, 2010, May 1, 2010, or May 10, 2010. Exhibit: 211

486.    On or November 3, 2014, Plaintiffs gave notice to Ocwen Loan Servicing, LLC, Codilis and Associates, P.C. and Nationstar Mortgage, LLC in regards to this legal action and in accordance with Paragraph 20 of the Mortgage.

### *Conclusionary Statements*

487.    Neither Ocwen, C&A or Nationstar ever made any sincere attempts to correct any of their mistakes, and never made any attempts to help Mortgagors resolve any issues associated with the Mortgage Agreement.

488.    Between November 2009 and May 2013, Ocwen promised or represented to Mortgagor that it would consider modifying his loan. Each modification attempts was denied, including a frivolous statement by Ocwen that Mortgagors "voluntarily withdrew" their application on or about February 22, 2013, and apparent transfer of the alleged debt during the latest modification attempt.

489.    During the course of nearly five years, Plaintiffs attempted to resolve the said dispute by any and all means imaginable.

490.    During the course of last two years, Plaintiffs have attempted to enter into mediation to with Defendants to no avail.

491.    Defendants continuously ignored and disregarded Plaintiff's good faith efforts to resolve this controversy.

492.    Defendant, Ocwen engaged in novel and unprecedented behavior. Ocwen's acts were deceptive, malicious, unconscionable, egregious and deceitful. Despite repeated notifications and attempts by Plaintiffs to resolve the dispute, Ocwen continued to attempt to

carry out its scheme when it: (1) continuously and intentionally misrepresented the status of the Mortgage Account to credit reporting agencies; (2) continuously and intentionally misrepresented the status of the Mortgage Account and Loan Modification in several letter including but not limited to those attached with this complaint; (3) continuously and intentionally misrepresented the status of the Mortgage Account to Plaintiff's during phone calls; (4) attempted to collect a debt and filed two separate foreclosure suits to collect an alleged delinquency that was not owed by Mortgagors' to Ocwen, and attempting to enforce a Loan Modification Agreement while knowing that the contract was unenforceable.

493.     Defendant, Ocwen committed the aforementioned deceptive act knowingly and intentionally.

494.     Defendant, Ocwen has failed to live up to its trademark of "Helping Homeowners is What We Do", and has taken actions contrary of its advertisment(s).

495.     Defendant, C&A engage in reckless, deceitful and intentional acts despite repeated notifications of its client's, and its own misconduct. C&A knowingly aided its client(s) with their goals when it: (1) filing the Initial Foreclosure Complaint against Plaintiffs without conducting proper due diligence; (2) intentionally filing the Second Foreclosure Complaint despite knowledge of breached duty by its client [Ocwen] to Mortgagors; (3) attempted to aid Ocwen it its scheme to part Plaintiffs with their property through misrepresenting the status of their file; (4) aiding Ocwen and Nationstar in concealing, hindering and delaying recovery of Mortgagors' claims against Ocwen.

496.     Defendant, C&A committed the aforementioned deceptive actions knowingly and intentionally.

497.    Defendant, Nationstar engaged in novel and unprecedented behavior. Nationstar's acts were deceptive, malicious, unconscionable, egregious and deceitful. Despite repeated notifications and attempts by Plaintiffs to resolve the dispute, Nationstar continued to attempt to carry out Ocwen's scheme when it: (1) continuously and intentionally misrepresented the status of the Mortgagor's Mortgage Account to credit reporting agencies; (2) continuously and intentionally misrepresented the status of the Mortgage Account in several letter including but not limited to those attached with this complaint; (3) attempted to aid Ocwen it its scheme to part Plaintiffs with their property; (4) attempted to collect a debt that was not owed by Mortgagor to Nationstar or Ocwen, and; (5) attempted to aid Ocwen in concealing, hindering and delaying recovery of Mortgagors' claims against Ocwen.

498.    Nationstar committed the aforementioned deceptive actions knowingly and intentionally.

499.    Ocwen, C&A and Nationstar have been attempting to collect a debt with knowledge or while knowing that they had no legal capacity to do so.

500.    Plaintiffs have incurred and suffered significant emotional distress as a result of Ocwen's, C&A's and Nationstar's tactics, strategies and wrongful conduct. As a result, Plaintiffs are currently fighting with debilitating depression and financial hardship as a direct result of Defendants' actions.

501.    Upon knowledge and belief, Plaintiff Jozef Gajewski, contends that Defendant Ocwen, intentionally reported Jozef Gajewski as delinquent on his Mortgage Agreement to credit reporting agencies when he was current on his contractual payments.

502.    Upon knowledge and belief, Plaintiff Jozef Gajewski, contends that Defendant Ocwen, intentionally reported Jozef Gajewski as delinquent on his Mortgage Agreement prior to

advertising its loan modification to him, and in order to decrease his chances of fully performing and/or entering into a modified Mortgage Agreement.

503.    Upon knowledge and belief, Plaintiff Jozef Gajewski, contends that Defendant Ocwen, intentionally failed to notify him that his loan modification was not a valid and enforceable contract in order to; (1) induce further payments from him; (2) in order to solidify the belief that he would lose his property should he cease making payments to Ocwen; (3) in order to purchase Property tax for Plaintiff's property with intent to establish interest in the property, and; (4) with intent to financially paralyze him prior to initiating foreclosure.

504.    Upon knowledge and belief, Plaintiff Jozef Gajewski and Wieslawa Gajewski. contend that Defendant Ocwen, intentionally transferred their Mortgage Agreement to Nationstar in an attempt to hinder and delay their recovery of claims which resulted from Ocwen's conduct.

505.    Upon knowledge and belief, Plaintiff Jozef Gajewski, contends that Defendant Nationstar, intentionally reported false information regarding his Mortgage Agreement to credit reporting agencies in order to financially penalize him, and with intent to continue attempts to seize his property through continued foreclosure litigation while rendering him unable to contest such suits.

506.    Upon knowledge and belief, Plaintiff Robert R. Gajewski, contends that Defendant Ocwen, intentionally and knowingly mislead Plaintiff Jozef Gajewski and Wieslawa Gajewski with an intent to capitalize on their deficiency in the English language.

507.    Upon knowledge and belief, Plaintiff Robert R. Gajewski, contends that Defendant Ocwen, intentionally and knowingly mislead Plaintiff Jozef Gajewski and Wieslawa Gajewski with an intent to capitalize on their lack of legal knowledge, through misrepresentation

of the status of their loan modification and misrepresentation of the status of their Escrow Account.

508.    Upon knowledge and belief, Plaintiff Robert R. Gajewski, contends that Defendant Ocwen, intentionally and knowingly misrepresented the status of Mortgagors Escrow Account in an effort to establish interest in Plaintiffs' property through purchase of Mortgagors' Property taxes by means of a third party and/or subsidiary.

509.    Upon knowledge and belief, Plaintiff Robert R. Gajewski, contends that Defendant, C&A intentionally and knowingly concealed him from two separate foreclosure litigations in order to part Plaintiff's from their property without resistance.

510.    Plaintiffs suffered actual damages as a result of Ocwen's, C&A's and Nationtars actions. The actual damages include but are not limited to postage costs, value of time spent in an attempt to resolve this dispute by Plaintiffs, costs of copies and prints, legal fees, and costs of fuel and mileage incurred as a result of Defendants' actions.

## LEGAL ALLEGATIONS

### FIRST CAUSE OF ACTION
### Tortious Interference With Contract Rights
### (Against Ocwen Loan Servicing, LLC)

511.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

512.    Enforceable contract existed between Plaintiffs and Freddie Mac.

513.    Ocwen knew and was aware that the contract existed.

514.    Ocwen intentionally cause a breach of the said contract to occur.

515.    No justification existed for Ocwen's conduct.

516.    Plaintiffs were damaged as a result of Ocwen's conduct.

**WHEREFORE**, Plaintiffs request that this Court orders Defendant Ocwen Loan Servicing, LLC to pay all sums secured by the Mortgage Agreement to the Holder in Due Course of the Note, including recordation costs of satisfaction on Plaintiff's legal title to the Property, and pay all other fees associated with releasing subject Security Instrument from Plaintiffs' title. Plaintiffs pray that judgment be additionally entered against Defendant Ocwen Loan Servicing for; actual damages including emotional distress suffered as a result of Ocwen's negligent conduct; for punitive damages; and for all other relief just and proper in the premises.

### SECOND CAUSE OF ACTION
### <u>Intrusion Upon Seclusion</u>
### (Against Ocwen Loan Servicing, LLC and Nationstar Mortgage, LLC)

517.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

518.    Ocwen and Nationstar intentionally interfered with or intruded on Plaintiffs solitude or seclusion.

519.    Ocwen's and Nationstar's conduct and demeanour was highly offensive to Plaintiffs and would be highly offensive to a reasonable man.

520.    Ocwen's and Nationstar's conduct constitutes and intentional interference with Plaintiffs interest in solitude or seclusion.

521.    Plaintiffs incurred Actual Damages as a result of Ocwen's actions including, but not limited to emotional distress, postage costs, cost of print and copies, value of time spent in attempt to resolve the dispute, and cost of fuel and mileage incurred as a result of Ocwen's and Nationstar's actions.

522.    Defendant Ocwen and Defendant Nationstar acted with gross negligence.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen, and Defendant Nationstar, for actual damages including emotional distress suffered by Plaintiffs because

of Ocwen's and Nationstar's conduct violating Plaintiffs' interest in solitude or seclusion, for

punitive damages, and for all other relief just and proper in the premises.

### THIRD CAUSE OF ACTION
### Fraudulent Misrepresentation
### (Against Ocwen Loan Servicing, LLC)

523.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

524.    Ocwen made Material Misrepresentations of past or existing facts to the Plaintiffs.

525.    Said Material Misrepresentations made by Ocwen were false.

526.    Ocwen made Material Misrepresentations with knowledge or reckless ignorance of

their falseness.

527.    Plaintiffs relied upon the Material Misrepresentations made by Ocwen.

528.    Plaintiffs incurred injury proximately caused by Material Misrepresentations made by

Ocwen.

529.    Plaintiffs incurred Injury and Actual Damages as a result of Ocwen's violations

including, but not limited to emotional distress, postage costs, lost wages, costs of copies and prints,

value of time spent in an attempt to resolve this dispute, and costs of fuel and mileage incurred as a

result of defendants actions.

**WHEREFORE**, Plaintiffs request that the Court declare that Ocwen committed fraudulent

misrepresentation and award Plaintiffs all damages just and proper including those for actual

damages including emotional distress and punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Negligence
### (Against Ocwen Loan Servicing, LLC and Nationstar Mortgage, LLC)

530.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

531.    Ocwen and Nationstar owed a duty to the Plaintiffs.

532.    Ocwen and Nationstar breach their aforementioned duty to the Plaintiffs.

533.    Plaintiffs incurred damages as a direct and proximate cause of Ocwen's and Nationstar's breach of their duty owed to the Plaintiffs.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen Loan Servicing, LLC for: actual damages including emotional distress suffered by Plaintiffs because of Ocwen's negligent conduct, for punitive damages; and for all other relief just and proper in the premises.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

534.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

535.    Defendants acted negligently to the detriment of the Plaintiffs.

536.    Plaintiffs were directly impacted by Defendants' negligence.

537.    Plaintiffs suffered serious emotional distress of the type that reasonable person would expect to occur.

538.    Defendants' negligence was a responsible cause of the emotional distress incurred by the Plaintiffs.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen Loan Servicing, LLC for: actual damages including emotional distress suffered by Plaintiffs because of Defendants' negligent conduct; for punitive damages; and for all other relief just and proper in the premises.

## SIXTH CAUSE OF ACTION
### Violation of Illinois Uniform Deceptive Trade Practices Act
### (Against Ocwen Loan Servicing, LLC)

539.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

540.    Ocwen violated 815 ILCS 510/2(a)(2) by continuously and ceaselessly causing confusion and misunderstanding of the source, sponsorship, approval and certification of the alleged debt associated with Plaintiffs' Property.

541.    Ocwen violated 815 ILCS 510/2(a)(5) by continuously and ceaselessly representing, *inter alia*, that the purported Loan Modification Agreement was a valid contract.

542.    Ocwen violated 815 ILCS 510/2(a)(9) by continuously and ceaselessly advertising that it "helps homeowners" when in fact Ocwen never intended to help Homeowners.

543.    Ocwen violated 815 ILCS 510/2(a)(10) by advertising, *inter alia*, its superior loan modification procedures, but never intending to modify the alleged debt.

544.    Ocwen violated 815 ILCS 510/2(a)(12) by continuously and ceaselessly making false and misleading statements of fact which created confusion and misunderstanding.

545.    Fraud is defined by *Black's Law Dictionary* as "an intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him [or her] or to surrender a legal right.".

546.    By the acts described herein, Ocwen engaged in unlawful, unfair and deceptive business practices with intent to part Plaintiffs' from their Property through use of egregious and unconscionable tactics. Ocwen's actions have injured Plaintiffs in their livelihood and property, in violation of the Illinois Uniform Deceptive Trade Practices Act.

547.    Ocwen's acts alleged herein have caused, and if not addressed, will continue to cause, irreparable and continuing harm to Plaintiffs' livelihood, income, credit rating, reputation, emotional wellbeing, goodwill and property.

548. As a direct and proximate result of Ocwen's conduct alleged herein, Ocwen has been, and currently is, attempting to unjustly enrich itself through the seizure of Plaintiff's property.

549. Ocwen made false statements of material fact in order to achieve its goal(s):

i. Ocwen falsely represented that it wants to helps Plaintiffs;

ii. Ocwen falsely represented amounts due on the alleged debt;

iii. Ocwen falsely represented amounts on their advertised Loan Modification Agreement;

iv. Ocwen falsely represented its Proposed Modification documents;

v. Ocwen falsely represented amounts due to credit agencies in regards to the alleged debt;

vi. Ocwen intentionally omitted material facts associated with the alleged debt;

vii. Ocwen falsely represented that it was acting with approval of Freddie Mac during the Loan Modification processes;

viii. Ocwen intentionally concealed amounts of arrears incorporated into its advertised Loan Modification Agreements;

ix. Ocwen falsely represented the status of the purported Escrow Account;

x. Ocwen falsely represented that the Loan Modification Agreement was a valid and enforceable contract;

xi. Ocwen falsely represented that it had the legal right to collect the alleged debt;

xii. Ocwen falsely represented that it would investigate issues raised in numerous correspondences sent by Plaintiffs.

550. Ocwen Loan Servicing, LLC knew that its statements were false.

i.     Ocwen knew that the alleged amounts of the debt were incorrect;

ii.    Ocwen knew that the amounts advertised in Ocwen's Loan Modification

       Agreement and Ocwen's Proposed Modification Agreements were incorrect;

iii.   Ocwen knew that it was falsely representing unverified information to credit

       agencies;

iv.    Ocwen knew that it was intentionally omitting facts associated with the alleged

       debt, including the amount of debt, and the status of the Mortgage Agreement;

v.     Ocwen knew that it was not acting with approval of Freddie Mac during the Loan

       Modification processes;

vi.    Ocwen knew that it was intentionally omitting representation of arrears on its

       advertised Loan Modification Agreement;

vii.   Ocwen knew that it was falsely representing the status of the alleged Escrow

       Account;

viii.  Ocwen knew that it was falsely and deliberately representing the status of the

       purported Loan Modification Agreement.

551.   Ocwen made statements with intent to induce action.

i.     All of Ocwen's statements were made to induce payment of the alleged debt;

ii.    All of Ocwen's statements were made to solidify the belief that Ocwen can

       legally collect the alleged debt with intent to induce payment from Plaintiffs;

iii.   Ocwen's PMA intentionally outlines terms in **bold** letters in order to induce

       action associated with the terms of the PMA;

iv.    Ocwen's LMA intentionally outlines terms in small font so that action is taken

       based on the PMA, even though the terms of the LMA are different;

v.     Ocwen's April 10, 2010, Account Statement was intentionally sent to induce payment in the amount of $2,459.61, so that it encompassed both the PMA and the LMA;

vi.     Ocwen's PMA intentionally presented a "reasonable" PITI in order to induce action;

vii.     Ocwen's PMA and LMA are intentionally created to deceive and induce action presenting similar numerical representations, so much so that any reasonable person would rely on Ocwen's representative's statements made during the phone consultation on April 22, 2010, and sign the LMA, believing that the terms of the agreement would coincide with the PMA.

552.    Plaintiffs relied on Ocwen's statements.

i.     Ocwen's false representations that it holds the legal capacity to modify the Mortgage Agreement resulted in reliance;

ii.     Ocwen's representative's, Tania Abadie, statements, resulted in reliance in that the LMA was signed by Mortgagor and the initial payment in the amount of $2,459.61 was mailed to Ocwen;

iii.     After the first initial payment was rejected, Mortgagor relied on Ocwen's statements and made another initial payment in the amount of $2,459.61, believing that his modification would go into effect;

iv.     Mortgagor relied on Ocwen's Account Statements by making additional payments in the amount of $2,434.61 for June, July, August, September and October of 2010, by making a payment in the amount of $2,725.08 for October 2010 after being threatened with foreclosure by Ocwen, by making two payments in the

amount of $2,536.19 for November and December 2010, and by making two payments in the amount of $2,434.61 for January and February of 2011;

v.     Ocwen's statements that the loan modification was a valid contract resulted in reliance;

vi.    Ocwen's statements that the loan modification included Escrow Payments when in fact Mortgagor had no agreement with Ocwen to make Escrow Payments resulted in reliance in that Mortgagor seized payment for his property taxes.

vii.   Plaintiffs relied on Ocwen to make payments for their Property taxes on their behalf;

viii.  Ocwen's Account Statements, Past Due Notices and Default Notices resulted in reliance and false belief that the Mortgage Account was in default and that the alleged debt was to be paid to Ocwen;

ix.    Ocwen's representations that the Mortgage Agreement was in default resulted in reliance and acts *e.g.* attempted to short sell the property to satisfy the alleged debt obligations, attempts to dispose of the property though a deed in lieu.

553.   Plaintiffs' were damaged as a result of Ocwen's conduct.

554.   Plaintiffs endured extreme amounts of emotional distress as a direct and proximate result of Ocwen's unlawful, willful, reckless, and deliberate conduct.

555.   Plaintiffs incurred Actual Damages as a result of Ocwen's conduct including but not limited to emotional distress, lost time, costs of copies and prints, time lost researching law, postage costs, lost wages, value of time spent in an attempt to resolve this dispute, unnecessary Attorney's Fees, and cost of fuel and mileage incurred as a result of Ocwen's actions.

556.    As a direct and proximate result of C&A's conduct alleged herein, Plaintiffs incurred damages in an amount to be determined at trial.

557.    Ocwen's wrongful use of its position and knowledge is deliberate, willful, and in reckless disregard for Plaintiffs' rights, entitling Plaintiffs to the recovery of punitive damages.

**WHEREFORE**, Plaintiffs request that the Court declare that Ocwen Loan Servicing, LLC violated the Illinois UDTPA, and award Plaintiffs actual, punitive and compensatory damages, including those for mental anguish, in an amount to be determined at trial, and grant Plaintiffs all other relief the court deems to be just and proper.

## SEVENTH CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing
### (Against Ocwen Loan Servicing, LLC)

558.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

559.    Ocwen owed a duty of good faith and fair dealing to Plaintiffs.

560.    Plaintiffs performed all contractual obligations under the Mortgage Agreement.

561.    Ocwen failed to exercise good faith and fairness by;

i.    Impairing Mortgagors capacity to perform on any proposed contract by initiating foreclosure proceedings and reporting to credit agencies that the Mortgage Agreement was breach for the August 2009 payment;

ii.    Concealing facts that Ocwen has reported to creditors that the Mortgage Agreement was delinquent for August 2009, and Ocwen's knowledge of the facts;

iii.    Concealing and misrepresenting factual information regarding the status of the modification in order to unjustly enrich itself;

    iv.    Manipulating and fabricating billing statements, and doctoring Escrow Account Statements in an effort to obtain further payments;

    v.    Engaging in account history manipulation in an effort to conceal mistakes;

    vi.    Dispatching frivolous Past Due Notices and Notices of Default in order to solidify its misrepresentation of holding and enforcing a valid contract;

    vii.    Dispatching frivolous Foreclosure Fees and Late Fees.

    viii.    Purporting to have a valid and enforceable contract with intent to solidify Plaintiffs' belief, and in order to force short sale of the property;

    ix.    Reporting frivolous and unverified information to credit agencies in order to financially paralyze Mortgagor and render him unable to defend against legal suits, *e.g.* foreclosure;

    x.    Initiating two separate Complaints to Foreclosure Mortgage against Plaintiffs while being aware that contract(s) upon which both actions were based were either void *ab initio*, or breach as a result of Ocwen's actions; and

    xi.    Attempting to escape liability by selling and transferring the purported interest in said Mortgage Agreement to Nationstar Mortgage, LLC.

562.    Ocwen's breach of duty of good faith and fair dealing was unfair and in bad faith.

563.    Plaintiffs sustained damages due to Ocwen's non-compliance and breach of duty of good faith and fair dealing.

564.    Ocwen's actions were grossly negligent, unconscionable and outrageous.

**WHEREFORE**, Plaintiffs respectfully request that the court enter judgment against Ocwen and award Plaintiffs amounts that fully and adequately compensates them for their losses, including punitive damages, and all other relief just and proper in the premises.

## EIGHTH CAUSE OF ACTION
## Scheme to Defraud
### (Against Ocwen Loan Servicing, LLC)

565. Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

566. Ocwen had a preexisting intend to defraud Plaintiffs which is evident through:

   i.   Failing to take action in regards to Mortgagor's QWRs which informed Ocwen of Mortgagor's made and processed August 2009 Payment;

   ii.   Filing to credit Mortgagor's August 2009 payment even though Ocwen was aware that the payment was processed by TBW as evidenced by the Experian Credit Report Dated 3/10/2010;

   iii.   Initiating foreclosure proceedings against a cleared payment in order to impair Mortgagor's credit rating and ability to perform on any modified agreement(s);

   iv.   Delaying modification for five months after the purported acquisition of the account in order to add additional fees and charges;

   v.   Intentionally sending Mortgagor an intimidating letter around March 19, 2010, threatening Mortgagor with "accumulation of fees and costs associated with foreclosure, sale of this property at auction of even eviction." in order to scare Mortgagor into signing any modification Ocwen would put forth.

   vi.   Intentionally providing two conflicting proposals to modify the Mortgage Agreement, one with open ended options, the PMA, and one which numerically coincided with their March 17, 2009, Account Statement.

vii.    Intentionally sending Mortgagor an Account Statement on April 19, 2009, to reinforce Mortgagors forbearance payment in the amount of $2,459.61, which could be interpreted as a forbearance payment for either the PLM or the LMA.

viii.    Intentionally and falsely representing that monthly payments will include Escrow Payments so that Mortgagor would halt payments of his property taxes.

ix.    Intentionally and falsely representing in Account Statements and Escrow Statements that Ocwen established an Escrow Account for the purpose of payment of property taxes on Plaintiffs' Property, yet making no payments for Plaintiffs Property's taxes on behalf of Mortgagors.

x.    Rejecting Mortgagor's initial loan modification payment in order to create confusion, but asking for another immediate payment to trick Mortgagor into thinking that the Mortgage Agreement was properly modified.

xi.    Intentionally concealing the fact that Ocwen's PMA and LMA was not approved by Freddie Mac, but representing and giving impression, as is reinforced by the bottom of the PMA and LMA which states "FRMDEFM.9", that the modification was approved by Freddie Mac.

xii.    Representing and giving impression that the modification was granted by Freddie Mac in the PMA as the address where the executed copy of the contract had to be sent stated "Attention: FM Group", which any reasonable person would assume stands for "Attention Freddie Mac Group"

xiii.    Concealing the non-existence of a valid loan modification.

xiv.    Leading Mortgagor with monthly Account Statements to reinforce the belief that Ocwen had a right to collect payments and foreclosure on Plaintiffs' Property.

567. Ocwen made repeated and significant promises and representations.

i. Each one of Ocwen's communications made a misrepresentation that Ocwen "helps homeowners".

ii. Ocwen represented that it would perform an investigation into the August 2009 missing Mortgage Payment, but it never did.

iii. Ocwen represented that as long as Mortgagor complies with the proposed initial payment in the PMA, the modification would go into effect, it never did.

iv. Ocwen represented that agreed upon modified payments would include payment for insurance and property taxes. In this agreement Ocwen would pay for Mortgagor's Property taxes on behalf of Mortgagor, but Ocwen employed a third party to pay for property taxes jeopardizing Plaintiff's Property.

v. Ocwen represented that as long as Mortgagor complies with the terms of the loan modification, the property would not go into foreclosure. Mortgagor complied with terms of the purported modification, Ocwen forced mortgagor to cease payments by imposing completely frivolous foreclosure fees and late fees, and then Ocwen proceeded to file two separate foreclosures against Plaintiffs.

vi. On numerous occasions Ocwen represented that it would consider modifying the Mortgage Agreement, however, instead, Ocwen secretly attempt to foreclose on the Property at the same time.

568. Ocwen's registered trademark is "Helping Homeowner is What We Do". Over the last four and a half years Ocwen egregious and unconscionable conduct has been anything but helpful.

i.  Ocwen, on numerous occasions, misrepresented the status of the loan modification, misrepresented how and when it obtain the rights to service the loan, concealed that it did not act in accordance with Freddie Mac guidelines, intentionally offered higher payments than those proposed by Freddie Mac, and continuously demanded frivolous amounts for undocumented foreclosure fees and late charges, all in an effort to part Plaintiff's with their Property.

ii.  Ocwen attempted to short sell Plaintiff's property in order to avoid legal proceedings, had the short sale occurred, Ocwen would have unjustly enriched itself by obtaining a property it held no legal interest in.

iii.  Ocwen continuously reported frivolous amounts on Mortgagor's credit report in order to financially paralyze Plaintiffs and make Plaintiffs incapable of defending legal actions.

iv.  Ocwen filed two Foreclosure suits against the Plaintiffs knowing that it would not be able to enforce the modified Mortgage Agreement.

v.  When Mortgagor applied for a loan modification between Ocwen's Initial Foreclosure and Ocwen's Second Foreclosure, Ocwen represented that Mortgagor withdrew the application voluntary, and secretly proceeded to file another foreclosure against the Property.

569.  Plaintiffs were damaged as a result of Ocwen's conduct. Plaintiffs invested a great deal of time contesting Ocwen's frivolous late charges and foreclosure fees, were emotionally damaged from received countless conflicting account statements and misleading communications.

570. Plaintiffs nearly suffered loss of their property due to Ocwen's misrepresentations by listing their home for short sale, nearly suffered loss of their property due to two separate foreclosures actions, were forced to sell their belongings as they were under the impression that they had to move out of their home, suffered loss of income, suffered four and a half years of emotion distress due to consistent and relentless misrepresentations, suffered emotional distress from unidentified individuals harassing Plaintiffs at their property to conduct "property inspections", and suffered emotional distress and embarrassment from individuals attempting to serve summons and complaint at their Property.

571. For the last four and a half years Ocwen has been attempting to, and is continually attempting to,part Plaintiffs from their property. Ocwen has engaged in an egregious, unconscionable and sophisticated scheme deployed to financially paralyze and pauperize Plaintiffs, suppress, strip and subdue Plaintiff's legal rights, and unlawfully foreclose on Plaintiffs' Property by utilizing, *inter alia,* fraudulent impersonations, frivolous assertions, ambiguous and empty promises, false statements and continuous concealment of facts.

572. Plaintiffs endured extreme amounts of emotional distress as a direct and proximate result of Ocwen's collaborative, unlawful, willful, reckless and collusive conduct.

573. Plaintiffs incurred Actual Damages as a result of Ocwen's conduct including but not limited to emotional distress, lost time, postage costs, lost wages, costs of copies and prints, value of time spent in an attempt to resolve this dispute, Attorney's Fees, and cost of fuel and mileage incurred as a result of C&A actions.

574. As a direct and proximate result of Ocwen's conduct alleged herein, Plaintiffs incurred damages in an amount to be determined at trial.

575.     Ocwen's wrongful use of its position is deliberate, willful, and in reckless disregard for Plaintiffs' rights, entitling Plaintiffs to the recovery of punitive damages.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen for; actual, compensatory and punitive damages, including those for mental anguish, in an amount to be determined at trial, and grant Plaintiffs all other relief the court deems to be just and proper.

### NINTH CAUSE OF ACTION
### <u>Unjust Enrichment</u>
### (Against Ocwen Loan Servicing, LLC)

576.     Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

577.     Ocwen has been unjustly enriched by receiving the benefits of performance on a contract which does not exist or that Ocwen is not a party to.

578.     Ocwen's unjust enrichment has been to the detriment of Plaintiffs.

579.     Ocwen disguised the non-existence of the contract.

580.     Ocwen's retention of funds which are not properly due and owing to Ocwen violates fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Plaintiffs pray that the Court order Ocwen Loan Servicing, LLC to account to Plaintiffs for all monies, with interest, received from Plaintiffs, in the amount of $25,164.83, release all other funds withheld from Plaintiffs, including a check issued by State Farm in the amount of $10,787.24 issued on 10/10/2011, and for all other relief just and proper in the premises.

### TENTH CAUSE OF ACTION
### <u>Violation of Illinois Uniform Fraudulent Transfer Act - Fraud in Fact</u>
### (Against Ocwen Loan Servicing, LLC)

581.     Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

582.     Ocwen knew Plaintiffs had actionable claims against Ocwen.

583.    Ocwen's disposal of Mortgagor's Mortgage Account took place when Ocwen was being pursued by Plaintiffs for information in regards to it's capacity to collect the alleged debt, and upon discovery of Freddie Mac documents inconsistent with Mortgagor's modification, information which gave rise to actionable claims.

584.    The transfer was made with actual intent to hinder, delay, or defraud Plaintiffs.

585.    At the outset, Ocwen's transfer was purely illusory. Specifically, Ocwen initially transferred "recurring (Monthly) ACH [Automated Clearing House] to Nationstar Mortgage, LLC, effective May 16, 2013.", without transferring the purported loan.

586.    Ocwen is the largest Non-Bank Mortgage Servicer in the United States. As a Servicer, it would be unreasonable to assume that Ocwen transferred the alleged debt to another Servicer, and its largest competitor, Nationstar, had a reason for the transfer not existed, and had the reason not been substantial.

587.    The transfer was colorable as it appeared absolute on its face, but in reality, Ocwen intended to maintain possession and control of the purported interest in Mortgagors' Mortgage, while solely releasing "servicing rights" to Nationstar.

588.    In essence, Ocwen and Nationstar conspired with each other to fraudulently transfer purported interest held in Mortgagors' Mortgage in order to negate Ocwen's void Assignments of Mortgage by executing a new Assignment to Nationstar, and with intent to abrogate Mortgagor's claims against Ocwen.

589.    Plaintiffs endured emotional distress as a direct and proximate result of Ocwen's, collaborative, unlawful, willful, reckless, collusive and deliberate conduct.

590.    As a direct and proximate result of Ocwen's conduct alleged herein, Plaintiffs endured damages in an amount to be proved at trial.

591.     Ocwen's acts alleged herein have cause, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' Property, reputation and goodwill.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen Loan Servicing, LLC for; permanent nullification of Ocwen's transfer of its alleged interest in Mortgagors' Mortgage to Nationstar Mortgage, LLC, permanent injunction against Defendant Ocwen in regards to further conveyance of its alleged interest in Mortgagors' Mortgage to any other entity; and an award of such other relief as the Court finds necessary to redress injury caused to Plaintiffs by Ocwen as a result of Ocwen's fraudulent transaction.

### ELEVENTH CAUSE OF ACTION
### <u>Common Law Aiding and Abetting</u>
### (Against Defendant Codilis and Associates, P.C.)

592.     Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

593.     C&A represented Ocwen as Ocwen's legal counsel.

594.     Ocwen owed a duty to Plaintiffs.

595.     C&A was aware of Ocwen's duty owed to Plaintiffs.

596.     Ocwen breached its duty or committed torts against Plaintiffs.

597.     C&A was aware that Ocwen breached its duty or committed torts against Plaintiffs

598.     C&A assisted Ocwen in committing torts or breach of duty owed to Plaintiffs.

599.     Plaintiffs endured extreme amounts of emotional distress as a direct and proximate result of C&A's collaborative, unlawful, willful, reckless, collusive and deliberate conduct.

600.     Plaintiffs incurred Actual Damages as a result of C&A's conduct including, but not limited to emotional distress, postage costs, costs of prints and copies, lost wages, value of

time spent in an attempt to resolve this dispute, Attorney Fees, and cost of fuel and mileage incurred as a result of C&A actions.

601.     As a direct and proximate result of C&A's conduct alleged herein, Plaintiffs incurred damages in an amount to be determined at trial.

602.     C&A's wrongful use of its position and legal knowledge is deliberate, willful, and in reckless disregard for Plaintiffs' legal rights and contractual remedies, enabling Plaintiffs to the recovery of punitive damages.

**WHEREFORE**, Plaintiffs request that the Court declare that Codilis and Associates, P.C. aided and abetted Ocwen Loan Servicing, LLC in its attempts to unlawfully part Plaintiffs from their property, and award Plaintiffs actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial, and grant Plaintiffs all other relief the court deems to be just and proper.

### TWELFTH CAUSE OF ACTION
### Unlawful clouding of title
### (Against all Defendants)

603.     Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

604.     Ocwen Loan Servicing, LLC intentionally caused to be recorded documents against Plaintiffs' Property while knowing that the theory upon which the documents were recorded would not be recognized as a legitimate legal theory by the courts.

605.     Codilis and Associates P.C. intentionally caused to be recorded documents against Plaintiffs' Property while knowing that the theory upon which the documents were recorded would not be recognized as a legitimate legal theory by the courts.

606.    Nationstar Mortgage, LLC intentionally caused to be recorded documents against Plaintiffs' Property while knowing that the theory upon which the documents were recorded would not be recognized as a legitimate legal theory by the courts.

607.    Plaintiffs incurred Compensatory Damages as a result of Defendants defamation of Plaintiffs' property.

**WHEREFORE**, Plaintiffs request that the Court declare that Ocwen Loan Servicing, LLC, Codilis and Associates, P.C. and Nationstar Mortgage, LLC unlawfully clouded Plaintiffs' title, award Plaintiffs compensatory damages resulting from Defendants defamation of Plaintiffs Property, direct the Lake County, Illinois Recorder of Deeds to expunge the cloud on Plaintiffs' title, and grant Plaintiffs all other relief the Court deems to be just and proper.

## THIRTEENTH CAUSE OF ACTION
### Civil Conspiracy
### (Against All Defendants)

608.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

609.    Ocwen and C&A had an agreement to carry out, in concert, a common design scheme to part Plaintiffs from their Property.

    i.    C&A represented Ocwen in two separated Complaints to Foreclosure Mortgage, both of which attempted to enforce an unenforceable contract.

    ii.    Ocwen and Codilis knew that the contract was unenforceable.

    iii.    C&A knew that Ocwen's conduct constituted a breach of duty owed by Ocwen to Plaintiffs, but nonetheless provided substantial assistance to Ocwen.

    iv.    C&A provided substantial assistance to Ocwen in accomplishing its tortious acts, and C&A's own conducts, separately considered, constitutes a breach of duty

owed to Mortgagors under FDCPA, under Illinois Rules of Professional Conduct and under social norms.

610. Ocwen and Nationstar had an agreement to carry out, in concert, a common design scheme to part Plaintiffs from their Property.

    i. Ocwen had an agreement with Nationstar to continue collection efforts of the alleged debt on behalf of Ocwen.

    ii. Ocwen fraudulently transferred the purported interest in the alleged debt to Nationstar in an attempt to hinder and delay recovery of claims, and with intent defraud Plaintiffs by surrendering their legal rights.

    iii. Ocwen and Nationstar had an agreement to carry out, in concert, an unlawful foreclosure of Plaintiffs' Property.

    iv. Nationstar provided substantial assistance to Ocwen in accomplishing its tortious acts, and Nationstar's own conducts, separately considered, constitutes a breach of duty owed to Mortgagors by Nationstar.

611. Nationstar and C&A had an agreement to carry out, in concert, a common design scheme to part Plaintiff's from their Property.

    i. C&A aided Nationstar in the fraudulent transfer of Mortgagors' alleged debt to Nationstar from Ocwen in an attempt to hinder and delay recovery of Plaintiff's claims against Ocwen.

    ii. Nationstar and C&A had an agreement to continue collection efforts of the alleged debt, and continue attempts to part Plaintiff's from their Property.

iii.     C&A knew that Nationstar's conduct constituted a breach of duty owed by Nationstar to Mortgagors, but nonetheless provided substantial assistance to Nationstar to accomplish its tortious acts.

iv.     C&A provided substantial assistance to Nationstar in accomplishing its tortious acts, and C&A's own conducts, separately considered, constitutes a breach of duty owed to Mortgagors under FDCPA, under Illinois Rules of Professional Conduct and under social norms.

612.     Plaintiffs incurred Actual Damages as a result of Defendants' conduct including but not limited to emotional distress, postage costs, costs of copies and prints, lost wages, value of time spent in an attempt to resolve this dispute, Attorney Fees, and cost of fuel and mileage incurred as a result of Defendants actions.

613.     As a direct and proximate result of Defendants' conduct alleged herein, Plaintiffs incurred damages in an amount to be determined at trial.

614.     Defendant's wrongful use of its position and inside knowledge is deliberate, willful, and in reckless disregard for Plaintiffs' legal rights, entitling Plaintiffs to the recovery of punitive damages.

**WHEREFORE**, Plaintiffs request that the Court declare that Defendants worked in concert to illegally part Plaintiffs from their Property, that Defendants' conduct was unlawful, and award Plaintiffs actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial, punitive damages, and grant Plaintiffs all other relief the court deems to be just and proper.

**FOURTEENTH CAUSE OF ACTION**
**<u>Violation of the Federal Debt Collection Practices Act</u>**
**(Against All Defendants)**

615.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

616.    Ocwen's, C&A's and Nationstar's FDCPA violations are pled under the *Continuing Violations Doctrine* as Defendant's actions pertain to the same transaction and continuing misconduct and violations.

617.    Defendant Ocwen, Defendant C&A, and Defendant Nationstar are "debt collector[s]" as defined by FDCPA.

618.    Plaintiffs' are defined as "consumer[s]" by FDCPA.

619.    Defendants, continuously, collectively and interchangeably attempted to collect an alleged "debt" as defined by FDCPA.

620.    Defendants collectively and continuously violated FDCPA, 15 U.S.C. § 1692(e)(2)(A) when they misrepresented the character, amount, or legal status of Plaintiffs' alleged debt.

621.    Defendant, Ocwen violated FDCPA, 15 U.S.C. § 1692(e)(5) when they threatened to take action that could not legally be taken.

622.    Defendants, Ocwen and Nationstar collectively and continuously violated FDCPA, 15 U.S.C. § 1692(e)(8) when they communicating to credit rating agencies information known to be false, including the failure to communicate that the disputed debt is disputed.

623.    Defendant, Ocwen violated FDCPA, 15 U.S.C. § 1692(e)(9) when it used false representation that documents [Loan Modification] was authorized, issued, or approved by an agency of the United States [Freddie Mac].

624.    Defendant, Nationstar violated FDCPA, 15 U.S.C. § 1692(e)(9) when it used false representation that the debt was authorized by an agency of the United States [Freddie Mac].

625.    Defendants collectively and continuously violated FDCPA, 15 U.S.C. § 1692(e)(10) when they used false representation and deceptive means to collect the alleged debt.

626.    Defendants collectively and continuously violated FDCPA, 15 U.S.C. § 1692(f) when they used unfair or unreasonable means to collect or attempt to collect the alleged debt.

627.    Defendants collectively and continuously violated FDCPA, 15 U.S.C. § 1692(g) when they failed, on multiple occasions, respond to inquiries, investigate inquiries, and validate the alleged debt *e.g.* the amounts owed, the name of the creditor to whom the debt is owed.

628.    Plaintiffs incurred Actual Damages as a result of Ocwen, C&A's and Nationstar's violations including, but not limited to emotional distress, postage costs, lost wages, value of time spent in an attempt to resolve this dispute, costs of fuel and mileage incurred as a result of Defendant's actions.

**WHEREFORE**, Plaintiffs request that the Court declare that Ocwen violated FDCPA, enjoin Ocwen from committing any future violations of the FDCPA, and award Plaintiffs actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial, statutory damages, attorney fees and costs pursuant to 15 U.S. C. § 1692(k), and grant Plaintiffs all other relief the court deems to be just and proper.

## FIFTEENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
#### (Against All Defendants)

629.    Paragraph 1 through 510, are incorporated by reference, as if fully set forth herein.

630.    Defendants Ocwen, C&A and Nationstar, intentionally or recklessly engaged in extreme and outrageous conduct.

631.    Said conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

632.    Defendants Ocwen, C&A and Nationstar intentional or reckless conduct cause severe emotional distress to Plaintiffs.

633.    Defendants Ocwen, C&A and Nationstar engaged in unconscionable behavior and acted with gross negligence.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant Ocwen Loan Servicing, LLC, Codilis and Associates, P.C. and Nationstar Mortgage, LLC for: actual damages including emotional distress suffered by Plaintiffs because of Defendants' conduct resulting in Intentional Infliction of Emotional Distress; for punitive damages; and for all other relief just and proper in the premises.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues for which a trial by jury may be had.

Respectfully submitted,

Jozef Gajewski, Pro Se
6 Hickory Lane
 Hawthorn Woods, IL 60047
Phone#: (847) 550-6207
Email: joegajewski@comcast.net


Jozef Gajewski


Respectfully submitted,

Wieslawa Gajewski, Pro Se
6 Hickory Lane
 Hawthorn Woods, IL 60047
Phone#: (847) 903-2444
Email: thirdwind2009@gmail.com

Wieslawa Gajewski

Respectfully submitted,

Robert R. Gajewski, Pro Se
6 Hickory Lane
Hawthorn Woods, IL 60047
Phone#: (224) 627-3500
Email: rrgajewski@gmail.com

Robert R. Gajewski

## VERIFICATION

I, Jozef Gajewski, verify, under penalty of perjury, that the facts contained in the foregoing
Verified Complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Jozef Gajewski

I, Wieslawa Gajewski, verify, under penalty of perjury, that the facts contained in the foregoing
Verified Complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Wieslawa Gajewski

I, Robert R. Gajewski, verify, under penalty of perjury, that the facts contained in the foregoing
Verified Complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Robert R. Gajewski

Dated: November 18, 2014

QUITCLAIM DEED

THE GRANTORS, **JOZEF GAJEWSKI and WIESLAWA GAJEWSKI**, of Hawthorn Woods, Illinois, for the consideration of Ten Dollars ($10.00) and other good and valuable consideration in hand paid, does hereby convey and quitclaims to **JOZEF GAJEWSKI, WIESLAWA GAJEWSKI and ROBERT R. GAJEWSKI** as joint tenants, all interest in the following described real estate in the County of Lake in the State of Illinois, to wit:



File 7148167

**Lot 49 in Hawthorn Woods, Unit No. 4, being a subdivision of part of the East Half of the South East Quarter of Section 10, Township 43 North, Range 10 East of the Third P.M., according to the plan thereof recorded March 8, 1957, as Document 942896, in Book 34 of Plats, in Lake County, Illinois.**

P.I.N. **14-10-411-002-0000**

Common Address: **6 Hickory Road, Hawthorn Woods, IL 60047**

hereby releasing and waiving all right under and by virtue of the Homestead Exemption Laws of the state of Illinois.

Dated this 17th day of November 2014.

_____
JOZEF GAJEWSKI

_____
WIESLAWA GAJEWSKI

---

THIS TRANSACTION EXEMPT UNDER THE PROVISIONS OF PARAGRAPH E, SECTION 4, OF THE REAL ESTATE TRANSFER ACT.

Dated this 17th day of November 2014.

_____
JOZEF GAJEWSKI

_____
WIESLAWA GAJEWSKI

②

Plaintiffs' Exhibit # **000** 1 OF 2

State of Illinois          )
                           )      ss:
County of Lake             )

I, the undersigned, a Notary Public in and for said County in the State aforesaid, do hereby certify that JOZEF GAJEWSKI and WIESLAWA GAJEWSKI, personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that said instrument was signed, sealed and delivered as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal, this 17th day of November 2014.

_____
Notary Public

OFFICIAL SEAL
SUSAN D GUENTHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/27/18

This instrument was prepared by:

Jozef Gajewski & Wieslawa Gajewski, 6 Hickory Road., Hawthorn Woods, IL 60047

Sent tax bills to:

Jozef Gajewski & Wieslawa Gajewski, 6 Hickory Road., Hawthorn Woods, IL 60047

Mail to:

Jozef Gajewski & Wieslawa Gajewski, 6 Hickory Road., Hawthorn Woods, IL 60047

Plaintiffs'
Exhibit # **000**     2 OF 2



## LLC FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | OCWEN LOAN SERVICING, LLC | **File Number** | 00715565 |
| **Status** | ACTIVE | **On** | 04/03/2014 |
| **Entity Type** | LLC | **Type of LLC** | Foreign |
| **File Date** | 05/15/2002 | **Jurisdiction** | DE |
| **Agent Name** | ILLINOIS CORPORATION SERVICE C | **Agent Change Date** | 10/31/2003 |
| **Agent Street Address** | 801 ADLAI STEVENSON DRIVE | **Principal Office** | 1661 WORTHINGTON ROAD, STE 100 WEST PALM BEACH, FL 33409 |
| **Agent City** | SPRINGFIELD | **Management Type** | MGR  View |
| **Agent Zip** | 62703 | **Duration** | PERPETUAL |
| **Annual Report Filing Date** | 04/03/2014 | **For Year** | 2014 |
| **Series Name** | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

Plaintiffs' Exhibit # 001



**JESSE WHITE**
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | CODILIS AND ASSOCIATES, P.C. | File Number | 53227171 |
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 10/06/1983 | State | ILLINOIS |
| Agent Name | MICHAEL H LURIE | Agent Change Date | 06/27/2003 |
| Agent Street Address | 30 N LASALLE ST STE 2040 | President Name & Address | ERNEST CODILIS JR 15W030 N FRONTAGE RD #100 BURR RIDGE 60527 |
| Agent City | CHICAGO | Secretary Name & Address | ERNEST CODILIS JR SAME |
| Agent Zip | 60602 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 09/09/2014 | For Year | 2014 |

Return to the Search Screen

Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

**Plaintiffs' Exhibit #** *002*



JESSE WHITE
SECRETARY OF STATE

## LLC FILE DETAIL REPORT

| Entity Name | NATIONSTAR MORTGAGE LLC | File Number | 00540846 |
|---|---|---|---|
| Status | ACTIVE | On | 02/07/2014 |
| Entity Type | LLC | Type of LLC | Foreign |
| File Date | 04/11/2001 | Jurisdiction | DE |
| Agent Name | ILLINOIS CORPORATION SERVICE C | Agent Change Date | 10/31/2003 |
| Agent Street Address | 801 ADLAI STEVENSON DRIVE | Principal Office | 8950 CYPRESS WATERS BLVD., COPPELL, TX 750190000 |
| Agent City | SPRINGFIELD | Management Type | MGR   View |
| Agent Zip | 62703 | Duration | 12/31/2100 |
| Annual Report Filing Date | 02/07/2014 | For Year | 2014 |
| Assumed Name | ACTIVE - GREENLIGHT LOANS ACTIVE - CHAMPION MORTGAGE COMPANY INACTIVE - CENTEX HOME EQUITY COMPANY | | |
| Old LLC Name | 06/30/2006 - CENTEX HOME EQUITY COMPANY, LLC | | |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

**Plaintiffs' Exhibit #** *003*

# NOTE

April 18, 2008       **HAWTHORNE WOODS**       **Illinois**
[Date]              [City]                    [State]

**6 HICKORY LANE
HAWTHORNE WOODS, IL 60047**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 388,000.00       (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Taylor, Bean & Whitaker Mortgage Corp.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     **6.1250%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    **1st**    day of each month beginning on    **June 01, 2008** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2038** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,357.53**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      **Form 3200 1/01**
                                                                GREATLAND ■
ITEM T1646L1 (0011)                  *(Page 1 of 3 pages)*         To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



*230302521481*

Plaintiffs'
Exhibit # **004**

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3200 1/01

*(Page 2 of 3 pages)*

Plaintiffs' Exhibit # **004**

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
JOZEF GAJEWSKI                      -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

Without recourse, pay to the order of

[Sign Original Only]

By: Taylor, Bean & Whitaker
Mortgage Corp

Erla Carter-Shaw, E.V.P.

Plaintiffs'
Exhibit # 004

This instrument was prepared by:

Name:

*Prepard by onl*

Address:

**Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL 34475**

After Recording Return To:
**LAWYERS TITLE INSURANCE**

**5755 OLD ORCHARD ROAD, STE 300**

Image# 043232050013 Type: MTG
Recorded: 04/30/2008 at 08:07:08 AM
Receipt#: 2008-00023199
Total Amt: $47.00 Page 1 of 13
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **6339530**

—————————— [Space Above This Line For Recording Data] ——————————

# MORTGAGE

MIN: 100029500025214812

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **April 18, 2008**                                   , together with all Riders to this document.

*husband and wife*

(B) "Borrower" is **JOZEF GAJEWSKI AND WIESLAWA GAJEWSKI, IN JOINT TENANCY**

*J. G.     W. G*

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is a **a Florida Corporation**                                                                        organized and existing under
the laws of **FL**                                                                                          . Lender's address is
**1417 North Magnolia Ave, Ocala, FL 34475**

(E) "Note" means the promissory note signed by Borrower and dated **April 18, 2008**                        . The Note states that Borrower owes Lender **Three Hundred Eighty Eight Thousand and no/100**
Dollars (U.S. $ **388,000.00**                 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **May 01, 2038**                .

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**ILLINOIS**—Single Family—**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                      Form 3014 1/01
ITEM T9608L1 (0011)—MERS                                    *(Page 1 of 12 pages)*                              GREATLAND ■
                                                                                              To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



Plaintiffs'
Exhibit # **005**

*0240892521481*

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider     ☐ Condominium Rider     ☐ Second Home Rider

☐ Balloon Rider     ☐ Planned Unit Development Rider     ☐ Other(s) [specify]

☐ 1-4 Family Rider     ☐ Biweekly Payment Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3014 1/01

ITEM T9608L2 (0011)—MERS     Plaintiffs' Exhibit # 005     (Page 2 of 12 pages)     GREATLAND ■   To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the
              **County**                    of                              **Lake**                                :
       [Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

**See Attached Exhibit A.**

which currently has the address of          **6 HICKORY LANE**
                                                [Street]

**HAWTHORNE WOODS**        , Illinois        **60047**              ("Property Address"):
        [City]                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or

partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

 **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

 If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

 Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

 **3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

 Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

 The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3014 1/01

ITEM T9608L4 (0011)—MERS  **Plaintiffs'** (Page 4 of 12 pages)  GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

**Exhibit # 005**

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.

Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.   **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.   **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.   **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.   **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

ITEM T9608L7 (0011)—MERS

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

*Page 7 of 12 pages)*

Plaintiffs'
Exhibit # **005**

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
ITEM T9608L8 (0011)—MERS
Plaintiffs' Exhibit # 005
Page 8 of 12 pages)
Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged unless as otherwise provided under Applicable Law. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L9 (0011)—MERS

*Page 9 of 12 pages)*

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Plaintiffs'
Exhibit # **005**

an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not**

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L10 (0011)—MERS

Plaintiffs'
Exhibit # **005**

Page 10 of 12 pages)

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

25. **Placement of Collateral Protection Insurance.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3014 1/01
ITEM T9608L11 (0011)—MERS     (page 11 of 12 pages)     GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

**Plaintiffs'
Exhibit # 005**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 12 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
**JOZEF GAJEWSKI**                -Borrower

_____ (Seal)
_Wieslawa Gajewski_               -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower


Witness: _____         Witness: _____

_____          _____


State of Illinois
County of _____

This instrument was acknowledged before me on _April 18' 2008_ (date) by _Jozef Gajewski and Wieslawa Gajewski_ (name[s] of person[s]).

OFFICIAL SEAL
KAREN S. POPKE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 03/14/09

_____
Notary Public

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L12 (0011)—MERS

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

(Page 12 of 12 pages)

Plaintiffs'
Exhibit # **005**



July 28, 2009 through August 26, 2009
Primary Account: ███████

## CHASE BETTER BANKING CHECKING

JOZEF GAJEWSKI
OR WIESLAWA GAJEWSKI

Account Number ███████

## CHECKING SUMMARY



|  | AMOUNT |
|---|---|
| Beginning Balance | $3,296.68 |
| Deposits and Additions | |
| Other Withdrawals, Fees & Charges | |
| **Ending Balance** | |

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

This message confirms that you have overdraft protection on your checking account.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 07/28 | ATM Deposit | 07/28 1 1St Bank Plaza Lake Zurich IL Card 7941 | $ |
| 08/17 | ATM Deposit | 08/16 1 1St Bank Plaza Lake Zurich IL Card 7941 | |
| 08/17 | ATM Deposit | 08/16 1 1St Bank Plaza Lake Zurich IL Card 7941 | |
| **Total Deposits and Additions** | | | |

## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 07/30 | Chase    Epay | |
| 08/04 | Online Payment 601782163 To Tb &W | 2,357.53 |
| 08/04 | Online Payment 601782169 To US Department of Education | |
| 08/04 | Chase    Epay | |
| 08/04 | Online Payment 601782143 To Commonwealth Edison | |
| 08/04 | Online Payment 601782142 To Comcast Cable | |
| 08/04 | Online Payment 601782145 | |
| 08/04 | Online Payment 601782140 | |
| 08/04 | Online Payment 601782147 | |
| 08/04 | Online Payment 601782149 To Lake Forest Hospital | |
| 08/04 | Online Payment 601782152 To Lake County Department of Public | |
| 08/04 | Online Payment 601782161 To Poltel Llc | |
| 08/04 | Online Payment 601782155 To Nicor | |
| 08/04 | Online Payment 601782141 To Chicago Tribune | |
| 08/05 | | |

Plaintiffs'
Exhibit # **006**


**CHASE ◉**

Monday, December 14, 2009

## NOTE TO PAYEE

JOZEF GAJEWSKI
sent you a payment using the Chase.com online service.
Please review these details:

**Check amount:** $2,357.53
**Check number:** 44960845
**Payment sent by Chase on:** 08/04/2009
**Expected delivery date:** 08/11/2009

## PROOF OF PAYMENT

### Customer Information

| | |
|---|---|
| **Customer name** | JOZEF GAJEWSKI |
| **Address (line 1)** | 6 HICKORY LN |
| **Address (line 2)** | |
| **City** | HAWTHORN WOODS |
| **State** | IL |
| **ZIP code** | 60047 |

### Transaction Information

| | |
|---|---|
| **Payee name** | TB &W |
| **Payee account number** | 2521481 |
| **Payment amount** | $2,357.53 |
| **Send On date** | 08/04/2009 |
| **Expected arrival date** | 08/11/2009 |
| **Check number** | 44960845 |

### Originator Information

| | |
|---|---|
| **Originator name** | JP Morgan Chase Bank, NA - Online Bill Payment |
| **Transaction ID** | 601782163 |

Plaintiffs'
Exhibit # **006**

This proof of payment is evidence that the customer has initiated the payment described above
© 2009 JPMorgan Chase & Co.

# JPMorgan Chase & Co.



| #4 |
| --- |
| Posting Date: 20090811 |
| Sequence Number: 6980256339 |
| Amount: $2,357.53 |
| Account: |
| Routing Transit Number: |
| Check/Serial Number: 000 |
| Bank Number: 1 |
| IRD Indicator: 0 |
| BOFD: 000000000 |
| Capture Source: PV |
| Entry Number: 2774 |
| UDK: 1090811006980256339 |
| Cost Center: |
| Teller Number: |
| Teller Sequence Number: |
| Missing Image: 5 |
| PE Indicator: N |
| Application Code: 1 |
| Trancode: 000000 |
| DB/CR: DB |
| Item Type: P |
| Processing Date: |

Copyright © 2010 J.P. Morgan Chase & Co. All Rights Reserved

Plaintiffs' Exhibit # **007**

| | Experian | Equifax | TransUnion |
|---|---|---|---|

**TAYLOR BEAN** (888) 225-2164

| | | | |
|---|---|---|---|
| Account Name: | No match found. | No match found. | TAYLOR BEAN |
| Account #: | | | 2521481XXXX |
| Payment Status: | | | Paid or paying as agreed |
| Account Type: | | | Real Estate Loan |
| Balance: | | | $0 |
| Date Open: | | | 04/23/2008 |
| Last Updated: | | | 08/13/2009 |
| Account Status: | | | - |
| Terms: | | | 360 Months |
| Phone #: | | | (888) 225-2164 |

file:///localhost/Users/josephgajewski/Downloads/3%20Credit%20Reports%2011_15_2014.html

2/16

11/15/2014

Credit Reports

| | | | |
|---|---|---|---|
| Address: | | | 1417 NORTH MAGNOLI |
| Ownership: | | | - |
| Original Creditor: | | | - |
| Company Sold-to: | | | - |
| Credit Limit: | | | - |
| Monthly Payment: | | | $2358 |
| Past Due Amount: | | | $0 |
| High Balance: | | | $388000 |
| Balloon Payment: | | | - |
| Comments: | | | - |

**24-Month Payment History**

| | 2012 2013 | | | | | | | | | | | | 2014 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

OK    30 30 Days Late    60 60 Days Late    90 90 Days Late

120 120 Days Late    FP Failed to Pay    Data Unavailable

Hide Detail

**Plaintiffs'
Exhibit #** *008*



**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

PO Box 211091
Eagan, MN 55121

TB&W

```
+ 0251807 000117379 09CTL1 0954210
Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9268
```

August 18, 2009

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING

RE:   Taylor, Bean & Whitaker Mortgage Corp. Loan Number: 0002521481
Central Loan Administration & Reporting Loan Number: 0030944995

Dear Mortgagor(s):

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold, or transferred from Taylor, Bean & Whitaker Mortgage Corp. to Cenlar FSB d/b/a Central Loan Administration & Reporting effective **August 12, 2009**. The transfer of the servicing of your mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Your present servicer is Taylor, Bean & Whitaker Mortgage Corp. If you have any questions regarding the transfer of servicing from your present servicer, call Taylor, Bean & Whitaker Mortgage Corp.'s Customer Service Department at (888) 225-2164, between 9:00 A.M. and 6:00 P.M. (ET), Monday through Friday.

Central Loan Administration & Reporting will be your new servicer. The business addresses for your new servicer are as follows:



New Servicer – Central Loan Administration & Reporting

| Correspondence Address: | Payment Address: | Qualified Written Request: |
|---|---|---|
| P.O. Box 211091 | P.O. Box 11733 | P.O. Box 77423 |
| Eagan, MN 55121 | Newark, NJ 07101-4733 | Ewing, NJ 08628 |

The toll free number for your new servicer is (877) 680-5583. If you have any questions related to the transfer of servicing to Central Loan Administration & Reporting, call our Customer Service Department at (877) 680-5583 between 9:00 A.M. and 6:00 P.M. (ET) Monday through Friday. Please have your loan number available when calling. You can also access your loan information or make a payment 24 hours a day, 7 days a week by logging onto www.loanadministration.com.

The date that Taylor, Bean & Whitaker Mortgage Corp. stopped accepting payments from you was **August 11, 2009**. The date that Central Loan Administration & Reporting started accepting payments from you was **August 12, 2009**. Send all payments due on or after that date to Central Loan Administration & Reporting. Attached is a temporary coupon to be used until you receive your new coupon book.

If your mortgage payment is currently being drafted by Taylor, Bean & Whitaker Mortgage Corp. this service will be continued with Central Loan Administration & Reporting. If your payment did not draft in the month of August it will be drafted by Central Loan Administration & Reporting by the end of the month. If you would like to stop your automatic draft, please contact Central Loan Administration & Reporting at least 3 Business Days prior to your next scheduled draft. Please be assured that there will be no adverse reporting or action taken as a result of any delays.

If you would like to begin using our automatic drafting service, please complete the enclosed authorization form and return it with a voided check or encoded deposit slip to the address indicated on the form. When you select this option you have the added convenience of picking your payment date (any day between the 1st and the 10th of each month). **Because of the required lead time to set up automatic deduction, it will be necessary for you to continue mailing your payments until you are notified when your drafting will begin.**

Plaintiffs'
Exhibit # **009**

# AUTOMATIC PAYMENT (ACH) AUTHORIZATION

Central Loan Administration & Reporting offers a convenient system that automatically debits your payment each month from your checking or savings account. To take advantage of this **FREE** service, simply complete this Automatic Payment (ACH) Authorization and return it along with an unsigned voided check or encoded deposit slip preprinted with your name, account number and bank's ABA number to: Drafting Department, PO Box 211091, Eagan, MN 55121. Your bank's ABA number is located on the bottom left of your check or deposit ticket. ABA numbers starting with a 5, 6, 7, 8 or 9 are not valid. Please contact your bank if you are unsure if your deposit ticket contains a valid ABA number.

Borrower Name _____  Loan # _____

I/We hereby authorize Central Loan Administration & Reporting to initiate a debit from my/our checking/savings account for my/our recurring scheduled loan payment. If the required payment changes for any reason, this authorization will be automatically amended to authorize the debit of an amount equal to the new required payment plus any optional additional principal indicated below.

You will be notified of the month in which the first transfer will occur, and this notification will serve as a substitute of the photocopy of your authorization form. *Please continue making payments by check until Central Loan Administration & Reporting notifies you that this authorization has been processed.*

*Please check one:*

Draft On:  ☐ Due Date  ☐ 4 Days Following Due Date  ☐ 9 Days Following Due Date

**OPTIONAL:**  In addition to my/our regular payment, please deduct an additional $ _____ each month and apply to principal

Bank Name _____  City/State _____

ABA/Bank Routing # _____  Bank Phone # _____

*Please check one:*

Account Type:  ☐ Checking  ☐ Savings  Account# _____

The authorization to initiate a debit from your account will remain in full force in effect until Central Loan Administration & Reporting receives written notice from you of its termination at least 15 days prior to the next scheduled draft date, or in such manner and time frame as to afford Central Loan Administration & Reporting and its correspondent bank a reasonable opportunity to act upon it. Termination requests must be mailed to: Drafting Department, PO Box 211091, Eagan, MN 55121

Account Holder
Signature _____  Date _____

Joint Account Holder
Signature _____  Date _____

If you have questions regarding this program, please e-mail us at cs@cenlar.com, direct your written correspondence to Customer Service Department, PO Box 211091, Eagan, MN 55121, or call the Customer Service Department

---

*Please detach and mail with your payment*

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9268

**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

| | |
|---|---|
| Payment Due Date: | 08/01/09 |
| Total Amount Due: | $2,357.53 |

Loan Number
0030944995

Make Check Payable to
**Central Loan Administration & Reporting**

\* If making your payment after the grace period, be sure to include late fees of $117.88

Central Loan Administration & Reporting
PO Box 11733
Newark, NJ 07101-4733

| | |
|---|---|
| **Additional Principal** | $_____ |
| **Additional Escrow** | $_____ |
| **Total Enclosed** | $_____ |

Plaintiffs'
Exhibit # **009**

3000030944995 0247541 0235753

11/15/2014                                    Credit Reports

Comments:        -                    ACCOUNT TRANSFERRED OR
                                      SOLD
                                      REAL ESTATE MORTGAGE

**24-Month Payment History**

| | 2012 2013 | | | | | | | | | | | | 2014 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov |
| Experian | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | | | | | | | | | |
| Equifax | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

☐ OK    [30] 30 Days Late    [60] 60 Days Late    [90] 90 Days Late

[120] 120 Days Late    [FP] Failed to Pay    Data Unavailable

**Hide Detail**

|  | Experian | Equifax | TransUnion |
|---|---|---|---|

**TAYLOR,BEAN & WHITAK** (888) 225-2164

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name: | No match found. | TAYLOR,BEAN & WHITAK | No match found. |
| Account #: | | 2521481XXXX | |
| Payment Status: | | Pays account as agreed | |
| Account Type: | | Unknown | |
| Balance: | | $0 | |
| Date Open: | | 04/01/2008 | |
| Last Updated: | | 09/01/2009 | |
| Account Status: | | - | |
| Terms: | | | |
| Phone #: | | (888) 225-2164 | |
| Address: | | 1417 N MAGNOLIA AVENUE | |
| Ownership: | | - | |
| Original Creditor: | | - | |
| Company Sold-to: | | - | |
| Credit Limit: | . | - | |
| Monthly Payment: | | $2358 | |
| Past Due Amount: | | - | |
| High Balance: | | $388000 | |
| Balloon Payment: | | - | |
| Comments: | | FREDDIE MAC ACCOUNT ACCOUNT TRANSFERRED OR SOLD | |

**24-Month Payment History**

| | 2012 2013 | | | | | | | | | | | | 2014 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

☐ OK    [30] 30 Days Late    [60] 60 Days Late    [90] 90 Days Late

[120] 120 Days Late    [FP] Failed to Pay    Data Unavailable

**Hide Detail**

**Plaintiffs'
Exhibit #** 010

**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING
P.O. Box 1091
Eagan, MN 55121

+ 0254963 000163213 09CLL2 0954215 FG
Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9268

lllllllllllllllllllllllllllllllllllllllllllllllll

September 14, 2009

RE: Loan number: 0030944995

Dear Mortgagor(s);

As a follow up to our Welcome Letter of August 18, 2009, we would like to provide some updates to you regarding your payments and some of the most frequently asked questions we have been receiving.

Because of the circumstances surrounding the transfer of your loan from Taylor, Bean & Whitaker to Cenlar, we have received an unusually high volume of calls. We apologize for this temporary inconvenience and we are committed to make every effort to keep you informed during this transition period.

In our previous communication we indicated we would be sending out a coupon book to use in making your monthly payment. To allow us to deliver important and updated messages to you, we will continue, for some period of time, to send you a monthly billing statement in lieu of a coupon book. Below, please find a coupon to be used for the October 2009 payment. Please make sure you put your loan number in the bottom left hand portion of your check.

We have also included some Frequently Asked Questions. These have been compiled from questions from our customers, such as yourself on the transfer of servicing. We hope you will find this helpful.

We thank you for your patience and understanding.

Sincerely,

Central Loan Administration & Reporting



<--- Tear Coupon Below --->

Plaintiffs'
Exhibit # **011**

SC0190-0

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9266

**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

| | | |
|---|---|---|
| Payment Due Date: | 10/01/2009 | |
| Total Amount Due: | $2,357.53 | |

Loan Number
0030944995

Make Check Payable to:
**Central Loan Administration & Reporting**

Additional Principal $ _____
Additional Escrow  $ _____
Total Enclosed    $ _____

Central Loan Administration & Reporting
PO Box 11733
Newark, NJ 07101-4733

||..||..|..||....||...|||..||..||..||...|||..||..||.||.||

3000030944995 0235753 0235753

Plaintiffs'
Exhibit # **011**

Jozef Gajewski
6 Hickory Road
Hawthorn Woods, IL 60047

September 16, 2009

**CENLAR**
PO Box 211091
Eagan, MN 55121

Taylor, Bean & Whitaker Loan No. 0002521481

**CENLAR Loan No. 0030944995**

Dear Sir or Madam,

On August 30, 2009 I send a letter to CENLAR describing my correspondence with
TB&W and my financial situation. I am trying to call CENLAR but the phone signal is
busy, and after hours there is only answering system.

In last letter from CENLAR dated August 18th I was informed that my mortgage
payments were transferred from TB&W to CENLAR and my payment is due August 1st,
2009, that is 18 days back after CENLAR wrote a letter. My August mortgage payment
was sent to TB&W and was cleared; I do not understand why should I pay one payment
to TB&W and for the same month make another payment to CENLAR.

In my letter to CENLAR I wrote with question about my mortgage modification. I was
laid off on November 11th, 2009, my wife and son lost their jobs, my son returned to
University and he needs support as well.

With Banks Scandals in US, my house was appraised for $390,000.00 and at this time it
might be worth half of that, needs new roof estimated $15,700.00, needs new water
system for $23,000.00 also needs some other fixing. So far all I paid to banks were just
mostly Banks interest.

As to today's date I did not received mortgage statement for September, I guess that
CENLAR might start modification process. I my opinion my house should to be
appraised to the real market value, and then my mortgage should be modified. As for now
with my unemployment situation, all other payments including Credit Cards, Medical,
Student and Car Loan, Utility and other bills I would be able to pay around $800.00 for
my monthly mortgage payment.

Like I mentioned before, the phone line is busy all the time and I am not able to talk with
CENLAR about my situation. I wrote this letter hoped I might send email, but email
address in not provided in CENLAR correspondence.

Sincerely,

Jozef Gajewski

Plaintiffs'
Exhibit # **012**



## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/30 | Chase      Epay ▓▓▓▓▓▓▓ | $200.00 |
| 08/04 | Online Payment 601782163 To Tb &W | 2,357.53 |
| 08/04 | Online Payment 601782169 To US Department of Education | 368.73 |
| 08/04 | Chase      Epay    764056865      Web ID ▓ | 200.00 |
| 08/04 | Online Payment 601782143 To Commonwealth Edison | 84.16 |
| 08/04 | Online Payment 601782142 To Comcast Cable | 65.26 |
| 08/04 | Online Payment ▓▓▓▓ | 50.00 |
| 08/04 | Online Payment ▓▓▓▓ | 50.00 |
| 08/04 | Online Payment ▓▓▓▓ | 50.00 |
| 08/04 | Online Payment ▓▓▓▓ | 50.00 |
| 08/04 | Online Payment ▓▓▓▓ | 34.54 |
| 08/04 | Online Payment 601782161 To Poltel Llc | 30.03 |
| 08/04 | Online Payment 601782155 To Nicor | 16.93 |
| 08/04 | Online Payment 601782141 To Chicago Tribune | 13.00 |
| 08/05 | Midland National Insurance        PPD ▓▓▓ | 81.42 |

Page 3 of 4

 MONEY EITHER. LOST OR STOLEN

Plaintiffs'
Exhibit # 012



**CENLAR**®
CENTRAL LOAN ADMINISTRATION & REPORTING
P.O. Box 211091
Eagan, MN 55121

ᴵ 0258962 000086519 09CLL2 0954270 FG
Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9268
|ılıllılıllıllıllıllıllıllıllıllıllılıllıllılıllıllılıl

October 15, 2009

RE: Loan number: 0030944995

Dear Customer,

Below, please find a coupon to be used for your November, 2009 payment. Please make sure you put your loan number in the memo portion of your check.

In an effort to keep you informed, we are providing you with our updated Frequently Asked Questions.

We have extended our Customer Service Call Center hours to better serve you. The hours are Monday - Friday, 8:30am - 11:30pm and Saturday, 9:00am - 4:00pm. ET.

We thank you for your continued patience and understanding.

Sincerely,

Customer Service



Plaintiffs'
Exhibit # **013**

FG

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods IL 60047-9268

**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

Payment Due Date:      11/01/2009
Total Amount Due:      $2,357.53

Loan Number:
0030944995

Make Check Payable to:
**Central Loan Administration & Reporting**

| Additional Principal | $_____ |
| Additional Escrow | $_____ |
| Total Enclosed | $_____ |

Central Loan Administration & Reporting
PO Box 11733
Newark, NJ 07101-4733

3000030944995  0235753  0235753

Plaintiffs' Exhibit # 013

# CENLAR ®
### CENTRAL LOAN ADMINISTRATION & REPORTING

JOZEF GAJEWSKI                                        October 29, 2009

6 HICKORY LN
HAWTHORNE WOODS, IL 600470000

RE: NOTICE OF TRANSFER OF SERVICING RIGHTS
Central Loan Administration & Reporting Loan Number: 0030944995
Ocwen Loan Servicing, LLC Loan Number:

Dear Customer:

The purpose of this letter is to notify you that the servicing of your mortgage loan, that is the right to collect payments from you, is being transferred from Central Loan Administration & Reporting to Ocwen Loan Servicing, LLC effective November 16, 2009.

This transfer is a result of your recent inquiry to Cenlar FSB or Taylor, Bean & Whitaker concerning your Making Home Affordable Modification Program (HAMP) application. All of the information provided to Cenlar FSB will be forwarded to Ocwen and they will respond to you directly regarding your HAMP inquiry.

The date that your present servicer will stop accepting payments from you is November 15, 2009. The date that your new servicer will start accepting payments from you is November 16, 2009. Send all payments on or after that date to your new servicer. The transfer of the servicing of the mortgage loan does not affect any of the terms or conditions of the mortgage instruments other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that we send this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you their notice no later than 15 days after the effective date of the transfer.

Prior to November 16, 2009, if you have any questions relating to the transfer of servicing, please call our Customer Service Department at 1-877-680-5583, between the hours of 8:30 a.m. and 8:00 p.m. ET), Monday through Friday.

Your new servicer will be Ocwen Loan Servicing, LLC. They may be contacted as follows

PAYMENTS:                              CUSTOMER INQUIRIES:
Ocwen Loan Servicing, LLC              Ocwen Loan Servicing, LLC
P.O. Box 6440                          P.O. Box 785057
                                       Attn: Customer Service
Carol Stream, IL 60197-6440            Orlando, FL 32878-5057

The toll-free number for your new servicer is 1-800-746-2936. Their Customer Service Department is available to answer questions between the hours of 9:00 am to 9:00 pm (ET) Monday through Thursday and 9:00 am to 6:30 pm (ET) on Friday.

TBWOCW1109

Plaintiffs' Exhibit # 014

If you are currently making payments through a third party (e.g. government allotment or bill pay service), it is your responsibility to notify them of your new loan number or payment change, if applicable.

Information we have concerning required insurance on your property will be transferred to Ocwen Loan Servicing, LLC and we will notify your insurance provider of the transfer. To ensure that your insurance renewal is paid timely, please verify that your insurance agent has updated the mortgagee clause to read: Ocwen Loan Servicing, LLC its successors and or assigns P.O. Box 6723 Springfield, OH 45501-6723.

Life and disability insurance coverage may not be transferable; however, if you wish to continue this coverage, please contact your new servicer and your insurance provider.

If you previously arranged with us to have your monthly mortgage payments drafted from your bank account, this service will not continue.

You will be receiving two Year End statements for 2009. One will reflect payment and disbursement activity for the period of time Central Loan Administration & Reporting serviced your loan and the other will be from Ocwen Loan Servicing, LLC and will reflect payment and disbursement activity from the transfer date through the end of the year.

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the transfer date, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number and reason for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to the customer inquiry address listed above.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is any day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.
#3P#
Central Loan Administration & Reporting*

Plaintiffs' Exhibit # 014



**Ocwen Loan Servicing, LLC**
P.O. Box 24737
West Palm Beach, FL 33416

Do not send correspondence or
payments to the above address.

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

08/31/09  1E 30 4 6095838 20091119 EK2E00124 OCWENSTM 1 DZ DOM EK2E010000/ 146851 MS

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 11/17/2009 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

DELO

Page 1

## Special Notices

Tax season is right around the corner.  Please visit Ocwen's website at
www.ocwen.com  to verify the social security number on file for your loan.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Next Payment Due Date: | 08/01/2009 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 413.31 |
| Interest: | 1,944.22 |
| Current Amount Due by 12/01/09: | 2,357.53 |
| Past Due Amount: | |
| Principal: | 1,632.34 |
| Interest: | 7,797.78 |
| Past Due Amounts DUE IMMEDIATELY: | 9,430.12 |
| Total Amount Due: | 11,787.65 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to  www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **015**



**O C W E N**

WWW.OCWEN.COM

November 18, 2009

Jozef Gajewski
6 Hickory Ln
Hawthorne Woods, IL 60047

Loan Number:        70393368
Property Address:   6 Hickory Ln
                    Hawthorne Woods, IL 60047

Dear Borrower(s):

Ocwen Loan Servicing, LLC is the servicer of the above-referenced loan (hereinafter referred to as "the Debt") for ("Creditor") Ocwen / Freddie Mac Interim Se.

As of 11/18/2009 our records reflect that the current unpaid debt is:

| | |
|---|---|
| Principal | $382541.62 |
| Interest | $8948.33 |
| Late Charges | $0.00 |
| Collection Costs | $0.00 |
| Escrow Advances | $0.00 |
| Suspense Balance | $0.00 |
| NSF Fees | $0.00 |
| Total Due | $391489.95 |

Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to your account during the period prior to receipt of your payment. Therefore, the total amount due on the day your payment is received by Ocwen Loan Servicing, LLC may have increased. This letter is in no way intended as a payoff statement for your mortgage. It merely states the amount of the debt as of the date of this letter. In the event you wish to payoff your debt please contact us at 1-(800)-310-9229 to request a payoff statement. Ocwen Loan Servicing, LLC prefers that all payments be made in certified funds, cashier's check or money order(s) payable to Ocwen Loan Servicing, LLC. Please always include the "Loan Number" with your payment.

Unless, within thirty days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will:

1.  Obtain verification of the debt or, if the debt is founded upon a judgment, we will mail to you a copy of such verification or judgment.
2.  If the original creditor is different from the creditor named above, then upon your written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you received a bankruptcy discharge that included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally.

This communication is regarding your loan originated on April 18, 2008 and secured by the property located at 6 Hickory Ln, Hawthorne Woods, IL 60047, which was service transferred to Ocwen Loan Servicing, LLC on November 16, 2009.

Yours truly,

**CORRESPONDENCE ADDRESS:**
Ocwen Loan Servicing, LLC
ATTN: Customer Service Department
Customer Service Department                         P O Box 785057
Toll Free Phone: 1 (800) 746-2936                   Orlando, FL 32878-5057

Plaintiffs' Exhibit # **016**

DEBVALTR 001



O C W E N

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

# Welcome to Ocwen!
# Important Information

Jozef Gajewski

PROPERTY ADDRESS: 6 Hickory Ln
Hawthorne Woods, IL 60047

OCWEN LOAN #: 70393368

Welcome to Ocwen and we hope this letter finds you well. As you may be aware, Ocwen Loan Servicing is now handling the servicing of your mortgage. Please allow me to personally welcome you to Ocwen. It is natural that you may have a few questions about this change and what it will mean, so I would like to answer a few questions that you may be having. Please rest assured that we value your business and look forward to assisting you in the future.

## Frequently Asked Questions:

**What if I made a payment to my prior servicer, but it has not posted yet?**
Your previous servicer will forward your payment to us within 15 business days. It may take a few days for us to receive and apply the payments, but this will not negatively impact your account or your credit report. To check on the status of your account, you may go to www.ocwen.com and login with your Ocwen loan number provided above or use the account statement that we sent you.

**What if I was working on a resolution to resolve my delinquency (including a Making Home Affordable Modification) with my prior servicer?**
If you had started a resolution with your previous servicer, but the resolution was not finalized (signed and executed), we request that you apply again for a resolution through Ocwen. The reason for this is that we specialize in offering a wide range of resolution options, so we may have an option that fits your situation even better than the one that you were negotiating with your previous servicer. All you need to do to get started is to login to our website, www.ocwen.com, using your Ocwen loan number.

**If my account is not current, how do I make payment arrangements?**
If this is your primary mortgage and you are currently living in the home, you may qualify for a government-sponsored resolution program. Login to our website, www.ocwen.com, using your loan number, and you can download the application package.

If this is not your primary mortgage, or you would prefer to speak with someone, please call us at 1-800-74-OCWEN to speak to a home retention consultant who will be able to help you make arrangements that fit your specific situation.

**Where do I go for help if I am having financial difficulties?**
We can help you. We offer a number of specialized programs that can be designed to fit your situation. Please go to www.ocwen.com for information and to download an application for assistance. You can login using your Ocwen loan number.

**If I cannot resolve my issue online, what number do I call and what are your hours?**
Our number is 1-800-74-OCWEN. In order to accommodate borrowers' busy schedules, we are open late at night and very early in the morning. Our hours are:
Monday through Thursday - 24 hours a day
Friday - 12:00am to 7:00pm
Saturday- 9:00am to 4:00pm
Sunday – 3:00pm to 12:00am
All Eastern Standard Time

**If my account is current, where do I send my payments now?**
Our payment processing address is:
Ocwen Loan Servicing, LLC
PO Box 6440
Carol Stream, IL 60197-6440

Hopefully this answers some of your questions. Thank you once again for your business. We are excited about working with you.

Sincerely,

Ronald M. Faris
President, Ocwen Loan Servicing, LLC



**Plaintiffs' Exhibit #017**



O C W E N

www.ocwen.com

November 19, 2009

Jozef Gajewski
6 Hickory Ln
Hawthorne Woods, IL  60047

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS.

OCWEN LOAN #:      70393368
PROPERTY ADDRESS:  6  Hickory Ln
                            Hawthorne Woods, IL  60047

Dear Borrower(s):

Ocwen Loan Servicing, LLC ("Ocwen") would like to welcome you as a new customer.  In accordance with Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605), we are informing you that effective November 16, 2009, the servicing of your mortgage loan, that is the right to collect payments from you, will be assigned, sold and/or transferred from Taylor, Bean, & Whitaker to Ocwen. Except in limited circumstances, the law requires that your new Servicer must send you notice no later than 15 days after this effective date.  The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Your present Servicer is Taylor, Bean, & Whitaker.  If you have questions relating to the transfer of servicing from your present Servicer, please call Taylor, Bean, & Whitaker Customer Service Department, Monday through Friday, between 9:00 am and 6:00 pm EST at 1-(888)225-2164.  This is a toll-free telephone number.

Your new Servicer will be Ocwen.  The business address for your new Servicer is set forth in the paragraph below.  The toll-free telephone number for your new Servicer is (800)746-2936.  If you have any questions, please contact Ocwen's Customer Relations Department, Monday through Thursday, between 9:00 am to 9:00 pm ET, and Friday between 9:00 am to 6:30 pm ET.  Information concerning Ocwen and your mortgage loan may also be found online at www.ocwen.com.

Effective November 16, 2009 please direct your monthly mortgage payments to your new Servicer, Ocwen.   Taylor, Bean, & Whitaker will stop accepting payments from you on November 15, 2009.  Please send all payments due on or after that date to Ocwen at the payment address indicated below:  If you use a Bill Pay Service, you will also need to inform them of this new payment address.

| PAYMENTS | CORRESPONDENCE |
|---|---|
| Ocwen Loan Servicing, LLC | Ocwen Loan servicing, LLC |
| P.O. Box 6440 | Attn: Customer Service Department |
| Carol Stream, IL 60197-6440 | P.O. Box 785057 |
| | Orlando, FL 32878-5057 |

Please note that payments sent to any other location will cause a delay in posting.  Payments and correspondence sent to Ocwen should include your new Ocwen Loan Number, as shown above.  For your convenience, we have included a temporary payment coupon on the other side of this letter.

Additionally, it is important to contact your insurance agency to ensure that (i) Ocwen receives proof of hazard insurance (with flood and/or windstorm coverage, as applicable) on your property and (ii) Ocwen is named as the beneficiary in the Mortgagee Clause of your policy.  If your mortgage payment includes escrow for taxes or insurance, please take the necessary steps to have all future bills forwarded to:

| INSURANCE | PROPERTY TAXES |
|---|---|
| Ocwen  Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| ISAOA | Attn: Tax Department |
| P. O. Box 6723 | P.O. Box 961260 |
| Springfield, OH  45501-6723 | Ft. Worth, TX  76161-0260 |
| | Phone: (888)656-3672 |

You may also forward evidence of insurance or insurance bills via fax or e-mail to Ocwen:

      Toll Free Fax: (888)882-1816                   E-mail:  updateinsuranceinfo@ocwen.com

Should you have questions about your insurance, please feel free to call our Insurance Center toll-free at (866)825-9265.

Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt: any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Plaintiffs'
Exhibit # 018

O C W E N                                                                            **www.ocwen.com**

The transfer of servicing rights may affect the terms of, or the continued availability of mortgage life, disability insurance, or any other type of optional insurance. Not everyone has this type of insurance, but if you do, please be advised that it may not transfer to Ocwen Loan Servicing, LLC. However, to verify if Ocwen is able to offer any of these services, please call our Customer Relations Department at (800)746-2936, during the business hours indicated above or contact an independent insurance agent for alternative coverage options.

Mortgage escrow accounts ensure that homeowners' property taxes, fire and hazard insurance premiums; mortgage insurance premiums and other escrow items are paid in a timely fashion. They are a guarantee that there is always enough money to pay these bills when they are due so that the homeowner avoids the risk of lapsed insurance coverage or delinquent taxes. If you would like to establish an escrow account with Ocwen, please call our office at (800)746-2936.

You should also be aware of the following information which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605). During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old Servicer before its due date may not be treated by the new loan Servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA also gives you certain consumer rights. If you send a "qualified written request" to Ocwen concerning the servicing of your loan, Ocwen must provide you with a written acknowledgement within 20 business days of receipt of your request. A "qualified written request" is defined as a written correspondence, other than notice on a payment coupon or other payment medium supplied by the Servicer, which includes your name and account number and your reasons for the request. A "business day" is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Not later than 60 business days after receiving your request, Ocwen must make the appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-business-day period, Ocwen may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent Ocwen from initiating foreclosure if proper grounds exist under the mortgage documents. In addition, except as otherwise provided herein, we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Section 6 of RESPA also provides for damages and costs for individuals in circumstances where servicers are shown to have violated this section. You should seek legal advice if you believe your rights have been violated.

Upon receipt of this letter, please call our office at (800)746-2936 between Monday through Thursday, between 9:00 am to 9:00 pm ET, or Friday between 9:00 am to 6:30 pm ET, or visit our website at www.ocwen.com, which is available 24 hours a day, so that we may verify the information we received. We look forward to servicing your loan.

Sincerely,

Ocwen Loan Servicing, LLC

*Please Detach below and include with your monthly payment.*

..................................................................................................................................................................

**Ocwen Loan Servicing, LLC**

00002357531 4444444881 000000078393368 50 002357531

**Payment Coupon**

Jozef Gajewski
**Account Number: 70393368**

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal

**SEND PAYMENTS TO:**

**Ocwen Loan Servicing, LLC**
**P.O. Box 6440**
**Carol Stream, IL 60197-6440**

AMOUNT DUE          $_____

TOTAL ENCLOSED          $_____

When you provide a check as payment, you authorize us either to use information from your check to make a onetime electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day your payment is received, and you will not receive your check back from your financial institution. Call the customer service number on this statement if you have questions about electronic check collection or do not want your payments collected electronically.

Plaintiffs'
Exhibit # 018

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*Do not send correspondence or payments to the above address)*

WWW.OCWEN.COM

November 20, 2009

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047-0000

Loan Number: 70393368
Property Address: 6 Hickory Ln , Hawthorne Woods, IL 60047-0000

Dear Jozef Gajewski :

We understand that unanticipated changes in your financial situation can impact every area of your life, which is why our Home Retention Consultants are trained to work with you to set up a plan of action that is specifically designed to address your circumstances. We will work with you to identify a solution that will resolve your delinquent mortgage loan. To start the process, we would like to present you with some of the ways we may be able to help. Below please find a brief description of some alternatives, as well as the consequences of a potential foreclosure sale.

## ALTERNATIVES TO FORECLOSURE

**1. MODIFICATION** – By modifying your loan, we can alter part of your mortgage debt by lowering your interest rate, loan balance, or term. This may lower your payment and bring your account current.

**2. REPAYMENT PLAN** – By setting up a repayment plan, we can customize a plan that will bring your loan to current status by the end of the plan. We do this by spreading out the amount you owe over a period of time defined in the plan. Basically, we divide the number of months you have been delinquent by the number of months in the payment plan, then add this smaller, affordable payment to your current payments.

**3. LISTING YOUR PROPERTY FOR SALE** - By offering advice about listing your property, we can help you to maximize our chances of receiving a sale offer acceptable to both you and to Ocwen. The sale of your property could help you to avoid a foreclosure sale of your home.

**4. DEED IN LIEU OF FORECLOSURE** - If you do not intend on keeping the property and your title is clear of other liens, then, we may be able to accept the deed to the property and forgive your debt, even if the property is worth less than the balance that you owe.

Plaintiffs'
Exhibit # 019

ALTLTR2.31

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informal purposes only and is not an attempt to collect a debt.*

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*Do not send correspondence or payments to the above address)*

WWW.OCWEN.COM

November 20, 2009

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047-0000

Loan Number:        70393368
Property Address:   6 Hickory Ln , Hawthorne Woods, IL 60047-0000

Dear Borrower(s):

As your mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen") is prepared to assist customers such as you who are experiencing a financial hardship that makes it difficult to meet your mortgage obligations. However, in order for Ocwen to recommend potential options, you must submit all required documentation listed below. If all requested documents are not submitted or are not complete, your application will not be reviewed.

The review process will take up to 30 days after the receipt of the completed package. During this time, Ocwen will not delay or stop any collection or legal activity on your loan. Therefore, it is important to complete the package and fax it back to Ocwen as quickly as possible. Please ensure all items on the checklist are submitted.

- ❏ **Signed and completed Request for Financial Information – Exhibit A**
- ❏ **2 most recent pay stubs for all employed Borrowers and documentation of other sources of income (child support, alimony, rental income, social security, etc.)**
- ❏ **W-2 Statement OR Federal Income Tax Forms (SELF EMPLOYED ONLY)**
- ❏ **2 most recent Bank Statements for all checking and savings accounts**

Please fax the financial statement and documents to:

Ocwen Loan Servicing, LLC
(407) 737-6174

*Before returning the application, please make sure to sign and date the form.*

Sincerely,   Z WHO

Ocwen Loan Servicing, LLC

**Plaintiffs'
Exhibit #  019**

ALTLTR2.31

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informal purposes only and is not an attempt to collect a debt.*

December 2, 2009

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

Ocwen Loan Servicing, LLC
ATTN. Customer Service Department
P O Box 785057
Orlando, FL 32878-5057

Loan Number:          70393368
Property Address:     6 Hickory Ln
                      Hawthorn Woods, IL 60047

Dear Sir or Madam:

I received two (2) letters from two different OCWEN locations stating that OCWEN is my recent mortgage service. The letter dated Nov 18th 2009 from Orlando, FL shows total due of $391,489.95 and the letter Nov 17th 2009 from West Palm Beach office shows total due of $382,541.62 with Payment Coupon Amount Due of $11,787.65 to be paid to OCWEN in Carol Stream, IL. The Past Due shows 9,430.12 but it doesn't show any details for what months do I owe and / or if those are modified loan payments.

In my last phone conversation on October 26th 2009 with CENLAR employee Abraham, I had his confirmation that my mortgage is under modification and will take up to 30 days to modify my mortgage. A letter of confirmation was mailed to me on October 12, 2009 informed me that my package is in the review process (please see attached copy of the letter). Since then I did not received any information about my loan modification.

My original mortgage company is Taylor, Bean & Whitaker and transfers to CENLAR, and then to OCWEN Orlando, OCWEN West Palm Beach FL and OCWEN Carol Stream, IL confuses me along with presented numbers which I think are not right. I made all my payments on time to TB&W until I was informed to stop make payments to TB&W, and the letter from CENLAR dated October 29, 2009 also informed that will stop accepting payments from me on November 15th, 2009.

As my unemployment going to exhaust soon, my financial situation presented to TB&W and later to CENLAR going to be worse. I would like to know at what progress is my loan modification, and when I can start to pay modified mortgage payments ( I would like to avoid any late payment fees) and to which Mortgage Company. At this time I am not sending any payment until I have all information about my modified loan.

Sincerely,

Jozef Gajewski

Copies mailed to: CENLAR, OCWEN West Palm Beach, FL, OCWEN Carol Stream, IL

Plaintiffs'
Exhibit # 020



## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | | $200.00 |
| 07/30 | Chase    Epay | 2,357.53 |
| 08/04 | Online Payment 601782163 To Tb &W | 368.73 |
| 08/04 | Online Payment 601782169 To US Department of Education | 200.00 |
| 08/04 | Chase    Epay    764056865    Web ID | 84.16 |
| 08/04 | Online Payment 601782143 To Commonwealth Edison | 65.26 |
| 08/04 | Online Payment 601782142 To Comcast Cable | 50.00 |
| 08/04 | Online Payment | 50.00 |
| 08/04 | Online Payment | 50.00 |
| 08/04 | Online Payment | 50.00 |
| 08/04 | Online Payment | 34.54 |
| 08/04 | Online Payment | 30.03 |
| 08/04 | Online Payment 601782161 To Poltel Llc | 16.93 |
| 08/04 | Online Payment 601782155 To Nicor | 13.00 |
| 08/04 | Online Payment 601782141 To Chicago Tribune | 81.42 |
| 08/05 | Midland National Insurance    PPD ID | |

Page 3 of 4



(✳) MONEY EITHER. LOST OR STOLEN

Plaintiffs'
Exhibit # 020

Received
12/2/08

Central Loan Administration & Reporting
PO Box 11733
Newark, NJ 07101-4733

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, FL 33416

Plaintiffs'
Exhibit # **020**

Mailed
12/2/09

USA FIRST CLASS

OCWEN Loan Servicing, LLC
ATTN. Customer Service Department
P O Box 785057
Orlando, FL 32878-5057

JOZEF Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

USA FIRST-CLASS FOREVER



O C W E N

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

02-6x5x-0480(405)
From JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL. 60047

Plaintiffs'
Exhibit # **020**

Jozef Gajewski                                    December 8, 2009
6 Hickory Ln
Hawthorn Woods, IL 60047

Ocwen Loan Servicing, LLC
ATTN. Customer Service Department
P O Box 785057
Orlando, FL 32878-5057

Loan Number:            70393368
Property Address:       6 Hickory Ln
                        Hawthorn Woods, IL 60047

Dear Sir or Madam:

On December 2nd I sent a letter with questions about modification of my mortgage, in this letter I informed that my unemployment benefit going go exhaust soon. In two days later, I received letter from Illinois Department of Employment Security that my unemployment benefit has ended and I am not eligible for regular unemployment insurance benefit.

Yesterday (December 8th) I called CENLAR and spoke to service representative John about my loan modification; he told me that all paperwork was transfer to my new mortgage service OCWEN on November 16th, 2009. I called to OCWEN but I had no luck to speak to service representative.

I have letters from my previous mortgage services TB&W and CENLAR with information that they stopped accepting my mortgage payments. Since I am in the process of loan modification I am wondering when I can start making modified loan payments, and to which mortgage service provider. I would like to avoid any late payment fees and/or lower my credit score.

Please find attached copies of my expired Employment Benefit and copy of the CENLAR loan modification review letter.

Sincerely,

Jozef Gajewski

Plaintiffs'
Exhibit # 021



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13.30 4  0006068 20061218 EL2NL125 OCWENSTM 1 OZ DOM EL2NL 100207 146951  M3

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 12/17/2009 |
| **Property Address:** | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

DELO

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

Important tax information will be included with statements mailed in January. You may also obtain this information on www.ocwen.com.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Next Payment Due Date: | 08/01/2009 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Recently Assessed Amounts: | |
| 11/23/09 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 415.42 |
| Interest: | 1,942.11 |
| Current Amount Due by 01/01/10: | 2,357.53 |
| Past Due Amount: | |
| Principal: | 2,045.65 |
| Interest: | 9,742.00 |
| Past Due Amounts DUE IMMEDIATELY: | 11,787.65 |
| Assessed Fees/Expense Outstanding: | |
| Prev-Property Inspection Fee: | 10.50 |
| Total Fees/Expense Outstanding: | 10.50 |
| Total Amount Due: | 14,155.68 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **022**

FOLD AND
DETACH HERE        PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.        FOLD AND
DETACH HERE



*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

December 29, 2009

Jozef Gajewski

6 Hickory Ln

Hawthorne Woods IL 60047

Loan Number:    70393368
Property Address: 6 Hickory Ln
                  Hawthorne Woods, IL 60047

Dear Customer:

Thank you for your recent application for a modification under the Making Homes Affordable Program. Based on our review of the documentation you provided, you are not eligible for a Home Affordable Modification.

- **Your monthly gross income is less than the monthly payments determined by the government guidelines for this program.**

The Home Affordable Modification option is designed specifically to allow existing homeowners to keep their homes by making mortgage payments affordable, however the plan will not help everyone. For example, it will not help investor borrowers, borrowers who have no income and cannot make any mortgage payment or if a borrower's current monthly mortgage ratio is less than 31% of their gross monthly income. (Note: Monthly mortgage ratio is the current first mortgage monthly payment, including principal, interest, taxes, insurance and homeowner's association dues, if applicable, divided by the gross monthly income).

**If I'm not eligible for a Home Affordable Modification, then what do I do?**

Remember at Ocwen, HELPING HOMEOWNERS IS WHAT WE DO!™. We understand that unanticipated changes in your financial situation can impact every area of your life, including your ability to pay your mortgage obligation. Our Associates and Home Retention Consultants are trained to work with you to set up a plan of action specifically designed to address your current circumstances. By completing the financial information attached, we can begin the process of presenting you with some alternative solutions to resolve your delinquent mortgage loan. Below please find a brief description of possible solutions.

Plaintiffs'
Exhibit # **023**



*OCWEN Loan Servicing,*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*      <u>WWW.OCWEN.COM</u>

December 30, 2009

Jozef Gajewski

6 Hickory Lane
Hawthorne Woods, IL 60047

RE: Loan Number:      70393368
Property Address:          6 Hickory Ln
                       Hawthorne Woods , IL 60047

Dear Jozef Gajewski :

Ocwen would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You stated that your loan was being reviewed for a loan modification with Central Loan Administration and Reporting (CENLAR). However, the servicing rights of your loan were transferred to Ocwen. Therefore, you requested us to provide assistance for a possible loan modification.

**Response** Ocwen acquired the servicing rights of your loan on November 16, 2009, from Central Loan Administration and Reporting (CENLAR), with the loan due for the August 1, 2009 payment.

Upon review of our records it is determined that your request to modify the loan under the Home Affordable Modification program has been denied, as your monthly gross income is less than the monthly payments determined by the government guidelines for this program. On December 29, 2009, a 'Denial Letter' indicating the reason for the denial was sent to your attention.

For any further questions or concerns regarding this matter or if you wish to explore any other possible options, you may contact Ocwen's Home Retention Department at (877) 596-8580.

We trust the information provided has fully addressed your concern. Please visit our website (www.Ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the Ocwen consumer advocate by email at Ombudsman@ocwen.com or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 785055
Orlando, FL 32878-5055

Sincerely,

**Plaintiffs'**
**Exhibit #024**      RRCMAINLTRM.8    1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

**OCWEN**
P.O. Box 24737
West Palm Beach, FL 33416-4737
*(Do not send any correspondence or payments to the above address)*   WWW.OCWEN.COM

December 31, 2009

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047-0000

| | |
|---|---|
| Loan Number: | 70393368 |
| Property Address: | 6 Hickory Ln , Hawthorne Woods, IL 60047-0000 |

Dear Borrower(s):

We are in receipt of your letter requesting that Ocwen perform research relative to the issue(s) stated in your letter for the above referenced loan. It is Ocwen's policy to perform all research and provide a written response to you within fifteen (15) days on the receipt of your letter. However, as a result of the research required to accurately and completely address your request, we will be unable to respond within our target of fifteen (15) days.

In accordance with the Real Estate Settlement Procedures Act (RESPA), Ocwen is afforded sixty (60) days from the receipt of your letter to respond to you with an explanation of the facts surrounding your issue(s), including the detail of any adjustments or corrections (if applicable.) If the servicing of your loan was assigned, sold or transferred to Ocwen from a prior loan servicer, Ocwen may be required to obtain information concerning your loan from your prior servicer. The process of obtaining this information takes time, but Ocwen is committed to serving you and accordingly your request is a priority with us.

Additionally, Ocwen may need to contact you for further information in order to process your request. Ocwen will notify you if any additional information is required. Please direct any inquiries regarding your research request to the following address:

**Ocwen Loan Servicing, LLC**
**Research Department**
**P.O. Box 785055**
**Orlando, FL 32878-5055**

If you have any questions please call (800) 241-9960 Ext 5050.

Sincerely,

Research Department

**Plaintiffs'**
**Exhibit # 025**

ACKNOWL.15

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Condition: | Paid/zero balance | | | | | | | | | | Account # | 1560645759846 | | | | |
| Payment Status: | Current | | | | | | | | | | Responsibility: | Joint Account | | | | |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | | | | | | | | | Account Terms: | 15 Year | | | | |

Payment History (Up to 25 months):

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | C | C | C | C | C | C | C | C | C | C | B | |
| 2006 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2005 | | | | | | | | | | | C | C |

| | | |
|---|---|---|
| Delinquency Counter: (Past 7 years) | 30: 0  60: 0  90+: 0  Derog: 0 | |
| Worst Delinquency: | |
| Worst Delinq Date: | |
| Months Reviewed: | 55 |

---

**CHASE MANHATTAN MTGE / 2591739 / FM - Mortgage Companies**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 05/04/1999 | $170,000 | 06/01/2003 | | | | | 06/15/2003 | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Condition: | Paid/zero balance | | | | | | | | | | Account # | 1938228960 | | | | |
| Payment Status: | Current | | | | | | | | | | Responsibility: | Joint Account | | | | |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | | | | | | | | | Account Terms: | 15 Year | | | | |

Payment History (Up to 25 months):

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2003 | C | C | C | C | C | B | | | | | | |
| 2002 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2001 | | | | | | | | | | | | |

| | | |
|---|---|---|
| Delinquency Counter: (Past 7 years) | 30: 0  60: 0  90+: 0  Derog: 0 | |
| Worst Delinquency: | |
| Worst Delinq Date: | |
| Months Reviewed: | 18 |

---

**OCWEN LOAN SERVICING L / 6107530 / BB - All Banks -- Non-Specific**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 04/18/2008 | $388,000 | 01/01/2010 | $16,759 | | $2,338 | | 02/28/2010 | $382,542 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Condition: | Open | | | | | | | | | | Account # | 70393366 | | | | |
| Payment Status: | 180 days past due | | | | | | | | | | Responsibility: | Individual | | | | |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | | | | | | | | | Account Terms: | 30 Year | | | | |

Payment History (Up to 25 months):

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 6 | 6 | | | | | | | | | | |
| 2009 | | | | | | | | | | | | |
| 2008 | | | | | | | | | | | | |

| | | |
|---|---|---|
| Delinquency Counter: (Past 7 years) | 30: 0  60: 0  90+: 2  Derog: 0 | |
| Worst Delinquency: | |
| Worst Delinq Date: | |
| Months Reviewed: | 2 |

---

## Installment Accounts

**UNITED COLLECT BUR INC / 2960031 / YC - Other Collection Agencies**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 09/22/2007 | $250 | 03/01/2008 | | | | | 03/15/2008 | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Condition: | Paid/zero balance | | | | | | | | | | Account # | 20031656 | | | | |
| Payment Status: | Seriously past due | | | | | | | | | | Responsibility: | Individual | | | | |
| Account Type: | Collection Department/Agency/Attorney | | | | | | | | | | Account Terms: | 1 Month | | | | |

Payment History (Up to 25 months):

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2008 | | | G | B | | | | | | | | |
| 2007 | | | | | | | | | | | | |
| 2006 | | | | | | | | | | | | |

| | | |
|---|---|---|
| Delinquency Counter: (Past 7 years) | 30: 0  60: 0  90+: 0  Derog: 1 | |
| Worst Delinquency: | |
| Worst Delinq Date: | |
| Months Reviewed: | 2 |

Original creditor: MEDICAL PAYMENT DATA

---

**MMCA/C1 / 1944310 / FA - Automobile Financing Company**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 08/29/2003 | $16,770 | 09/01/2008 | | 09/02/2008 | | | 09/30/2008 | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Condition: | Paid/zero balance | | | | | | | | | | Account # | 85013001340 | | | | |
| Payment Status: | Current | | | | | | | | | | Responsibility: | Joint Account | | | | |
| Account Type: | Lease | | | | | | | | | | Account Terms: | 60 Month | | | | |

Payment History (Up to 25 months):

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2008 | C | C | C | C | C | C | C | B | | | | |
| 2007 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2006 | | | | | | | | | C | C | C | C |

| | | |
|---|---|---|
| Delinquency Counter: (Past 7 years) | 30: 0  60: 0  90+: 0  Derog: 0 | |
| Worst Delinquency: | |
| Worst Delinq Date: | |
| Months Reviewed: | 61 |

---

**STATE FARM FNCL SVCS F / 1160571 / BB - All Banks -- Non-Specific**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Plaintiffs'
Exhibit # **026**



**O C W E N**

Ocwen Loan Servicing, LLC
www.ocwen.com

NC Permit No. 3948
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/05/09 P3 30 4 0008366 20100119 FA2K03 f0 OCWENSTM 1 OZ DUM FA2KR00600* 146661 MS

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL   60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 01/18/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

DELO

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Next Payment Due Date: | 08/01/2009 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Recently Assessed Amounts: | |
| January- 2010 Late Charges: | 117.88 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 417.54 |
| Interest: | 1,939.99 |
| Current Amount Due by 02/01/10: | 2,357.53 |
| Past Due Amount: | |
| Principal: | 2,461.07 |
| Interest: | 11,684.11 |
| Past Due Amounts DUE IMMEDIATELY: | 14,145.18 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 117.88 |
| Prev-Property Inspection Fee: | 10.50 |
| Total Fees/Expense Outstanding: | 128.38 |
| Total Amount Due: | 16,631.09 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs' Exhibit # **027**

FOLD AND DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT · ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

FOLD AND DETACH HERE

P.O. Box 24737
*West Palm Beach, Florida 33416-4737*
*(Do not send correspondence or payments to the above address.)*

January 25, 2010

VIA First Class Mail
VIA Certified Mail (return receipt requested)
Certified Number: 71069017515131062438
Reference Code: 0908

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047-0000

Loan Number:         70393368
Property Address:    6 Hickory Ln , Hawthorne Woods, IL 60047-0000

## NOTICE OF DEFAULT

### AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA:

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Borrower (s):

## SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property. Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because OCWEN has not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

If you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose. The debt is owed to OCWEN as the owner or servicer of your home loan and mortgage.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by OCWEN. If you notify OCWEN in writing within thirty (30) days that the debt or a portion of the debt is disputed, OCWEN will send you verification of the debt. If you would like to obtain such verification, direct your request in writing to the Loan Resolution Consultant within thirty (30) days. The failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Your mortgage payments are past due, which puts you in default of your loan agreement. As of **January 25, 2010**, you owe the following:

| | |
|---|---|
| Principal and Interest................................ | $ 14,145.18 |
| Interest Arrearage.................................... | $ 0.00 |
| Escrow................................................ | $ 0.00 |
| Late Charges.......................................... | $ 0.00 |
| Insufficient Funds Charges............................ | $ 0.00 |
| Fees / Expenses....................................... | $ 10.50 |
| Suspense Balance (CREDIT)............................. | $ 0.00 |
| Interest Reserve Balance (CREDIT)..................... | $ 0.00 |
| TOTAL DUE............................................. | $ 14,155.68 |

Plaintiffs' Exhibit # **028**

DEMAND05.16

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

P.O. Box 24737
*West Palm Beach, Florida 33416-4737*
*(Do not send correspondence or payments to the above address.)*

WWW.OCWEN.COM

On or before **February 25, 2010,** you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice. Any payment(s) that become due in the interim must also be included.

Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action (if possible). You have the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure.

OCWEN will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once your written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by OCWEN to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING PAYMENT, YOU MAY WISH TO CALL US TO VERIFY THE EXACT AMOUNT DUE.**

A HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at **(800) 569-4287** or consult HUD's website at **www.HUD.gov.**

If you are unable to bring your account current, I urge you to call us immediately to discuss possible alternatives to foreclosure.

**If you have the desire to remedy this situation, we want to assist you in trying to reach that goal. OCWEN would like to present you with some of the alternatives that might be available regarding your delinquent mortgage loan. While our primary objective is the collection of past due amounts on your loan, we want to work with you to find the best available alternative for you to bring your mortgage loan obligation current.**

Please visit our website @www.Ocwen.com where you can review your account and enter your financial information at your convenience.

This communication is regarding your loan originated on 04/18/2008 and secured by the property located at 6 Hickory Ln, Hawthorne Woods, IL 60047, which was service transferred to Ocwen Loan Servicing, LLC on 11/16/2009.

Sincerely,

**ADDRESS WRITTEN CORRESPONDENCE TO:**
Research Department
Ocwen Loan Servicing, LLC
P.O. Box 785055
Orlando, FL 32878-5055

Ocwen Loan Servicing, LLC
Toll Free Phone: 800-310-9229

**PAYMENT REMITTANCE INFORMATION (always include Loan # 70393368 with your payment)**

| Money Gram | Overnight Address | VIA Regular Mail |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| City: Orlando | 1661 Worthington Road, Suite 100 | P.O. Box 6440 |
| St: FL | West Palm Beach, FL 33409 | Carol Stream, IL 60197-6440 |
| Loan # **70393368** | Attention: Cashiering Department | |

**Plaintiffs'**
**Exhibit # 028**

DEMAND05.16

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Jozef Gajewski                                                                January 25, 2010
6 Hickory Ln
Hawthorn Woods, IL 60047

Ocwen Loan Servicing, LLC
ATTN: Home Retention Department
1661 Worthington Rd, Suite 100
West Palm Beach, FL 33409



Loan Number:                    70393368
Property Address:               6 Hickory Ln
                                Hawthorn Woods, IL 60047

Dear Sir or Madam:

Thank you for giving me opportunity to modify my mortgage loan. I have completed all
documents that were mailed to me: the Request for Transcript of Tax Return was mailed to
RAIVS Team in Kansas City, MO.

I am also including copies of my documented self-employed income for your review. After
I lost my job at US MUSIC CORP., I advertised my private Music Teaching business as
well as piano tuning and guitar repairs. After slow months in August and September 2009
business is getting better and better every month with December 2009 income of
$ 6828.00. In education there is some slower business months like winter or spring breaks
and the summer. If it would help in modification, my wife is self also employed and she
make between $700 – 1300 a month depends of demand, so we have money for food and
other expenses. I think her income could help with my slower times of business.

The home market value: it is very hard to say this time of real estate crisis, for the value I
looked at www.zillow.com.
As for expenses there are also unexpected expenses like dentist visits that cost me over
$3,000 last summer, cars repairs and tires replacement, there are also some business
expenses not included in the provided expenses sheet.

I mentioned earlier to CENLAR that my house roof needs to be fixed. I have approval from
insurance company, they agreed to cover damage repair 100%. Please sign enclosed
insurance check and return to me, as I need money to pay contractor for roof repair.

As I spoke with one of the OCWEN representative, I strongly believe that with my growing
business I will be able to pay my mortgage every month on time after 2% modification. I
am working hard, improving as I have more students every month.

If there are any question or concern please email me to: joegajewski@comcast.net, or I can
be reached by phone (847) 550 6207.

Sincerely,

Jozef Gajewski

Plaintiffs'
Exhibit # 029



February 16, 2010


JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORNE WOODS, IL  60047


RE:  Your Mortgage Loan #: 70393368

Dear Homeowner:

At Freddie Mac, we help make homeownership a reality for 10,000 people each day.  But our commitment to homeownership doesn't end with the purchase of a house.  We're also committed to helping you keep your home and protecting your investment.

Freddie Mac is the owner of your mortgage, and OCWEN/TBW services the mortgage on our behalf.  They have notified us that your mortgage payment has recently been delinquent, and our experience shows us that many foreclosures can be avoided if homeowners act quickly.

On our website, you can find information about the options that may be available to help you. Type the address below into your browser.

http://www.freddiemac.com/avoidforeclosure/

**In addition, we'd like you to know that the Neighborhood Housing Services of Chicago is hosting a foreclosure prevention workshop in Grayslake on Saturday, March 6, 2010.  Take advantage of this opportunity to meet with a housing counselor and get assistance in preparing your loan modification package.  Please see the enclosed flyer for more details.**

Sincerely,

*Freddie Mac's Loan Resolution Department*

---

Notice to any recipient who has (a) filed bankruptcy or (b) received a discharge in bankruptcy: Please be advised that this letter constitutes neither a demand for payment of the captioned debt nor a notice of personal liability to any recipient hereof who may have received a discharge of such in accordance with the Bankruptcy Code or who may be subject to the automatic stay of section 362 of the bankruptcy code.

Plaintiffs'
Exhibit # **030**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13 30 4  0089859 20100218 FB2FH123 OCWENSTM 1 OZ DOM FB2FH10000' 146951 MS

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 02/17/2010 |
| **Property Address:** | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |
| DBLD | |
| | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Next Payment Due Date: | 08/01/2009 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Recently Assessed Amounts: | |
| January- 2010 Late Charges: | 117.88 |
| February- 2010 Late Charges: | 117.88 |
| 01/23/10 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 419.67 |
| Interest: | 1,937.86 |
| Current Amount Due by 03/01/10: | 2,357.53 |
| Past Due Amount: | |
| Principal: | 2,878.61 |
| Interest: | 13,624.10 |
| Past Due Amounts DUE IMMEDIATELY: | 16,502.71 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 235.76 |
| Prev-Property Inspection Fee: | 21.00 |
| Total Fees/Expense Outstanding: | 256.76 |
| Total Amount Due: | 19,117.00 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **031**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
CUSTOMER RELATIONS 1-800-746-2936
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13-30-4  0085623 20100318 FC2G2122 OCWENSTM 1 0Z 00M FC2G210000* 146951 MS

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 03/17/2010 |
| **Property Address:** | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |
| DELQ | |
| | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Next Payment Due Date: | 08/01/2009 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Recently Assessed Amounts: | |
| February- 2010 Late Charges: | 117.88 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 421.81 |
| Interest: | 1,935.72 |
| Current Amount Due by 04/01/10: | 2,357.53 |
| Past Due Amount: | |
| Principal: | 3,298.28 |
| Interest: | 15,561.96 |
| Past Due Amounts DUE IMMEDIATELY: | 18,860.24 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 235.76 |
| Prev-Property Inspection Fee: | 21.00 |
| Total Fees/Expense Outstanding: | 256.76 |
| Total Amount Due: | 21,474.53 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs' Exhibit # **032**

FOLD AND
DETACH HERE     PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.     FOLD AND

**Ocwen Loan Servicing, LLC**
*Helping Homeowners is What We Do*

WWW.OCWEN.COM

*NO DATE*
*NO ADDRESS*

*Called Catherine 3/19/10*
*under review ✱*

Dear Customer(s),

Recently we called your attention to your severely delinquent mortgage loan referenced above. We either have not heard from you or we have not reached a resolution. It is imperative that you contact us immediately to resolve this matter. Failure to do so can result in the accumulation of fees and costs associated with foreclosure, the sale of this property at auction and even eviction.

Time is running out. *NO DATE*

We may have resolutions available to help you avoid losing your home and having to make plans to vacate the property. Remember, poor credit may affect your ability to secure another place to live even as a tenant of a rental property.

There is still time to resolve this matter, and we may have programs available to help you.

Contact the Home Retention Department today at 1-800-74OCWEN (1-800-746-2936) to learn how this matter can be resolved and avoid the unnecessary inconvenience and added expenses of foreclosure.

Helping Homeowners is What We Do.

Sincerely,

Ocwen Loan Servicing, LLC

*✱ 3/3/2010 OCWEN INITIATES 1st FORECLOSURE HOWEVER CATHERINE DID NOT TELL ME THAT, I WAS INFORMED AFTER 15 MONTHS ON JUNE 03, 2011, FORECLOSE FEES SHOWN ON 11/11/2010 LETTER*

If you are currently in active bankruptcy, or if you received a bankruptcy discharge, which included this debt, this communication is not intended to, and does not constitute, an attempt to reaffirm your debt or to collect a debt against you personally. Please review the alternatives and feel free to contact us.

We've extended our hours because of the large number of people taking our offers. We're now open 24 hours a day, Monday to Saturday.

**Plaintiffs'**
**Exhibit # 033**

<<TMPL_NAME_VER>>

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informal purposes only and*

Ocwen Loan Servicing
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*(Do not send correspondence or payments to the above address.)*

OCWEN

WWW.OCWEN.COM

04/10/10

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047

Loan Number:        70393368
Property Address:   6 Hickory Ln
                    Hawthorne Woods, IL 60047

## PROPOSED MODIFICATION AGREEMENT

Dear Borrower(s):

Enclosed please find a proposed modification agreement (the "Agreement") on your loan referenced above for your review and consideration.

In order to accept this modification on your loan, you must complete ALL of the following steps **on or before** 05/01/10,   ("Due Date"):

| | | |
|---|---|---|
| 1. | **SIGN** the bottom of the Agreement on the line(s) for the Borrower(s); | |
| 2. | **MAIL** 2 fully executed copies of the agreement to: | Ocwen Loan Servicing, LLC<br>Attention: FM Group<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |
| 3. | **PAY** the full initial payment in the amount of:<br>**Which includes your 1st new monthly payment** | $ 2,459.61<br>*[See Payment Instructions Attached]* |
| 4. | **NEW MONTHLY PAYMENT:**<br>Principal and Interest Payment<br>Escrow Payment<br>Total (which may or may not include escrow) | $1,748.29<br>$686.32<br>$2,434.61<br>**starting on** 05/01/10. |
| 5. | **SEND** proof of insurance coverage to:*<br>(Send proof of insurance ONLY to Escrow Dept.  DO NOT include the Agreement.) | Attention: Escrow Department<br>Fax: 1-888-882-1816<br>E-mail:updateinsuranceinfo@ocwen.com |

**Plaintiffs' Exhibit # 034**

70393368

FRMDEFM.9

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

## LOAN MODIFICATION AGREEMENT

Borrower(s): Jozef Gajewski

Ocwen Loan Servicing, LLC ("Ocwen") is offering you this Loan Modification Agreement ("Agreement"), dated **04/10/10** which modifies the terms of your home loan obligations as described in detail below:

A. the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument"), recorded on , in the Official Records of Lake [County and state, or other jurisdiction]. The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at

6 Hickory Ln
Hawthorne Woods, IL 60047

Legal Description

B. the Note, of the same date and secured by the Mortgage, which covers the real and personal property described in the Mortgage and defined therein as the "Property", located at

6 Hickory Ln
Hawthorne Woods, IL 60047

Pursuant to our mutual agreement to modify your Note and Mortgage and in consideration of the promises, conditions, and terms set forth below, the parties agree as follows:

1. You agree that the new principal balance due under your modified Note and the Mortgage will be $403,185.30. Upon modification, your Note will become contractually current; however fees and charges that were not included in this principal balance will be your responsibility.

2. You promise to make an initial payment in the amount of $2,459.61 on or before 05/01/10, after which you will commence payments of principal and interest in the amount of $1,748.29 beginning on 05/01/10 and continuing on the same day of each succeeding month until all amounts owed under the Note and Modification are paid in full.

3. Any payments due for taxes and insurance will be your responsibility in addition to the payments of principal and interest required under the terms of this modification. If this loan is currently escrowed, Ocwen will continue to collect the required escrow amounts with your monthly principal and interest payment.

4. Upon Modification, the annual rate of interest charged on the unpaid principal balance of your loan will be 4.25000%. This rate will remain in effect until the maturity date of your loan, which is 4/1/50. This date may have been extended and may be different than your original maturity date.

5. If you sell your property, refinance or otherwise payoff your loan during the 12 months following the date of Modification, the Modification will be voidable at the sole option of Ocwen and all amounts owed under the obligations existing prior to the Modification will be due and owing.

6. You understand and agree that:

  (a) All the rights and remedies, stipulations and conditions contained in your Mortgage relating to default in the making of payments under the Mortgage will also apply to default in the making of the modified payments hereunder.

  (b) All covenants, agreements, stipulations and conditions in your Note and Mortgage will remain in full force and effect except as herein modified, and none of the your obligations or liabilities under your Note and Mortgage will be diminished or released by any provisions hereof nor will this Agreement in any way impair, diminish, or affect any of Ocwen's rights under or remedies on your Note and Mortgage whether such rights or remedies arise there under or by operation of law. Also, all rights of recourse to which Ocwen is presently entitled against any property

Plaintiffs'
Exhibit # **035**

FRMDEFM.9

or any other persons in any way obligated for or liable on your Note and Mortgage are expressly reserved by Ocwen.

(c)    Any expenses incurred in connection with the servicing of your loan, but not yet charged to your account as of the date of this Agreement, may be charged to your account after the date of this Agreement.

(d)    Nothing in this Agreement will be understood or construed to be a satisfaction or release in whole or in part of your Note and Mortgage.

(e)    You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Ocwen will bind and inure to your heirs, executors, administrators and assigns.

(f)    You understand that this agreement is legally binding and that it affects your rights. You confirm that you have had the opportunity to obtain independent legal counsel concerning this Agreement and are signing this Agreement voluntarily and with full understanding of its contents and meaning.

(g)    Corrections and Omissions. You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note.

Ocwen Loan Servicing, LLC          Jozef Gajewski

By: _____      _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by _____ (name of person(s) acknowledging).

Signature of Notary

Print Name of Notary

Personally Known _____ OR Produced Identification _____

Type of Identification Produced_____

*Loan Number 70393368*

Plaintiffs' Exhibit # **035**     FRMDEFM.9

**Modification Due on Transfer Rider**

THIS MODIFICATION DUE ON TRANSFER RIDER, effective 04/10/10, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by Jozef Gajewski  (the "Borrower") and **Ocwen Loan Servicing, LLC** (the "Lender") covering the Property described in the Loan Modification Agreement located at:

6 Hickory Ln

Hawthorne Woods, IL 60047

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

A.   Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument, as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment-in-full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Loan Modification Agreement.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

B.   Except as otherwise specifically provided in this Modification Due On Transfer Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

Ocwen Loan Servicing, LLC

By: _____

*Loan Number 70393368*

Jozef Gajewski

_____

70393368

Plaintiffs'
Exhibit # **036**

FRMDEFM9

**O C W E N** Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*(Do not send correspondence or payments to the above address.)*

## PAYMENT REMITTANCE INFORMATION

1. Make checks payable to Ocwen Loan Servicing, LLC.
2. Always include your loan number with your payment.
3. The down payment must be in the form of certified funds.

## OVERNIGHT DELIVERY (Money Order & Certified Checks Only)

OCWEN LOAN SERVICING, LLC
ATTN: CASHIERING DEPARTMENT
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

**MONEY GRAM**
**RECEIVER CODE:** 3237
**PAYABLE TO:** OCWEN LOAN SERVICING, LLC
**CITY:** ORLANDO
**STATE:** FLORIDA
**REFERENCE:** LOAN NUMBER 70393368
**AGENT LOCATER:** (800) 926-9400

**BY WUQC**
**CODE CITY:** OCWEN
**STATE:** FL
**REFERENCE:** Loan #
**ATTN:** HOME RETENTION DEPARTMENT

**BANK WIRE**
**BANK:** JPMORGAN CHASE BANK, NA
**ABA:** 021000021
**ACCOUNT NAME:** OCWEN LOAN SERVICING, LLC
**ACCOUNT NUMBER:** 826078875
**REFERENCE:** LOAN NUMBER, PROPERTY ADDRESS, and BORROWER'S NAME.

Email: Transferfunds@ocwen.com with the details of the wire.

**Plaintiffs'
Exhibit # 037**

70393368

FRMDEFM.9

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
*(Do not send correspondence or payments to the above address.)*

WWW.OCWEN.COM

* Proof of insurance and the Agreement must be sent separately to the correct departments using the fax numbers provided above. Failure to send proof of insurance coverage before the Due Date will constitute acceptance of a force placed policy and agreement to pay the costs of such force placed policy, so long as all other items are complete.

Time is of the essence on this offer. If ALL of the items above are not completed by the Due Date, the Agreement shall have no force or effect and any initial payment received will be returned to you. Please be advised that Ocwen Loan Servicing, LLC will not delay,

postpone or otherwise stop any collection efforts until ALL of the steps above have been completed.

If you have any questions or require additional information, please contact the Home Retention Department directly at (877) 596-8580.

Sincerely,

Ocwen Loan Servicing, LLC

Plaintiffs'
Exhibit # **038**

70393368

FRMDEFM.9

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

® Ocwen Loan Servicing, LLC
**www.ocwen.com**

**O C W E N**

NC Permit No 3916
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12-01909 13 30 4  6689597 20100429 FB2GUI21 OCWENSTM 1 OZ 00M FD2GUI000/7 450354  4/5

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 04/19/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 382,541.62 |
| Interest Rate: | 6.12500% |
| Contractual Due Date: | 08/01/2009 |
| Forbearance Due Date: | 05/01/2010 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Recently Assessed Amounts: | |
| 03/23/10 Title Report Fee: | 300.00 |
| 03/26/10 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Current Forbearance Payment Due by 05/01/10: | 2,459.61 |
| Total Amount Due: | 2,459.61 |
| Assessed Fees/Expense Outstanding: | |
| Info Only - Late Charges: | 235.76 |
| Info Only - Prev-Property Inspection Fee: | 31.50 |
| Info Only - Prev-Title Report Fee: | 300.00 |
| Total Fees/Expense Outstanding: | 567.26 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to **www.ftc.gov/credit**.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.

Plaintiffs'
Exhibit # **039**

FOLD AND
DETACH HERE    PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.    FOLD AND

**Jozef Gajewski**
**6 Hickory Ln**
**Hawthorn Woods, IL 60047**

4/22/2010



**OCWEN LOAN SERVICINNG, LLC**

**Attention: FM Group**
**1661 Worthington Rd, Suite 100**
**West Palm Beach, FL 33409**

Loan Number : 70393368

Dear Sir or Madam,


Please find requested signed copies of the agreement and a copy of my Driver Licence.

The inital payment of $2,459.61 is scheduled to be delivered by 4/29/10 by Chase Bank (please see attached copy of payment).
Since non of the documentation states where to sent check,  payment was sent to Cashiering Department, even on the instruction is written: "OVERNIGHT DELIVERY (MONEY ORDER & CERTIFY CHECK ONLY)"
Proof of insurance ceverage will be sent as per instruction.

If any additional documentantion is required please email to:
joegajewski@comcast.net


Thank you,

Jozef Gajewski

Plaintiffs' Exhibit # **040**

## LOAN MODIFICATION AGREEMENT

Borrower(s): Jozef Gajewski

Ocwen Loan Servicing, LLC ("Ocwen") is offering you this Loan Modification Agreement ("Agreement"), dated **04/10/10** which modifies the terms of your home loan obligations as described in detail below:

A. the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument"), recorded on , in the Official Records of Lake [County and state, or other jurisdiction]. The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at

6 Hickory Ln
Hawthorne Woods, IL 60047

Legal Description

B. the Note, of the same date and secured by the Mortgage, which covers the real and personal property described in the Mortgage and defined therein as the "Property", located at

6 Hickory Ln
Hawthorne Woods, IL 60047

Pursuant to our mutual agreement to modify your Note and Mortgage and in consideration of the promises, conditions, and terms set forth below, the parties agree as follows:

1.  You agree that the new principal balance due under your modified Note and the Mortgage will be $403,185.30. Upon modification, your Note will become contractually current; however fees and charges that were not included in this principal balance will be your responsibility.

2.  You promise to make an initial payment in the amount of $2,459.61 on or before 05/01/10, after which you will commence payments of principal and interest in the amount of $1,748.29 beginning on 05/01/10 and continuing on the same day of each succeeding month until all amounts owed under the Note and Modification are paid in full.

3.  Any payments due for taxes and insurance will be your responsibility in addition to the payments of principal and interest required under the terms of this modification. If this loan is currently escrowed, Ocwen will continue to collect the required escrow amounts with your monthly principal and interest payment.

4.  Upon Modification, the annual rate of interest charged on the unpaid principal balance of your loan will be 4.25000%. This rate will remain in effect until the maturity date of your loan, which is 4/1/50. This date may have been extended and may be different than your original maturity date.

5.  If you sell your property, refinance or otherwise payoff your loan during the 12 months following the date of Modification, the Modification will be voidable at the sole option of Ocwen and all amounts owed under the obligations existing prior to the Modification will be due and owing.

6.  You understand and agree that:

    (a)  All the rights and remedies, stipulations and conditions contained in your Mortgage relating to default in the making of payments under the Mortgage will also apply to default in the making of the modified payments hereunder.

    (b)  All covenants, agreements, stipulations and conditions in your Note and Mortgage will remain in full force and effect except as herein modified, and none of the your obligations or liabilities under your Note and Mortgage will be diminished or released by any provisions hereof nor will this Agreement in any way impair, diminish, or affect any of Ocwen's rights under or remedies on your Note and Mortgage whether such rights or remedies arise there under or by operation of law. Also, all rights of recourse to which Ocwen is presently entitled against any property

FRMDEFM.9

Plaintiffs' Exhibit # **040**

or any other persons in any way obligated for or liable on your Note and Mortgage are expressly reserved by Ocwen.

(c)  Any expenses incurred in connection with the servicing of your loan, but not yet charged to your account as of the date of this Agreement, may be charged to your account after the date of this Agreement.

(d)  Nothing in this Agreement will be understood or construed to be a satisfaction or release in whole or in part of your Note and Mortgage.

(e)  You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Ocwen will bind and inure to your heirs, executors, administrators and assigns.

(f)  You understand that this agreement is legally binding and that it affects your rights. You confirm that you have had the opportunity to obtain independent legal counsel concerning this Agreement and are signing this Agreement voluntarily and with full understanding of its contents and meaning.

(g)  Corrections and Omissions. You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note.


_____         _J. Gajewski_____

Ocwen Loan Servicing, LLC                Jozef Gajewski

By: _____        _4/22/10_____


STATE OF _____

COUNTY OF _____


The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by
_____ (name of person(s) acknowledging).


_____
Signature of Notary


_____
Print Name of Notary


Personally Known _____ OR Produced Identification _____

Type of Identification Produced_____         *Loan Number 70393368*

Plaintiffs' Exhibit # **040**          FRMDEFM.9

**Modification Due on Transfer Rider**

THIS MODIFICATION DUE ON TRANSFER RIDER, effective 04/10/10, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by Jozef Gajewski  (the "Borrower") and **Ocwen Loan Servicing, LLC** (the "Lender") covering the Property described in the Loan Modification Agreement located at:

6 Hickory Ln

Hawthorne Woods, IL 60047

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

**A.** Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument, as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**Transfer of the Property or a Beneficial Interest in Borrower**. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment-in-full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Loan Modification Agreement.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

**B.** Except as otherwise specifically provided in this Modification Due On Transfer Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

_____
Ocwen Loan Servicing, LLC

By: _____

*Loan Number 70393368*

_~~2. Gajewski~~ (signature)_
Jozef Gajewski

4/22/10

70393368

Plaintiffs' Exhibit # **040**

FRMDEFM.9

 CHASE

Chase.com | Contact Us | Privacy Policy | 

Thursday, April 22, 2010

Payments & Transfers > Bill Payment Activity > Payment Detail

# Payment Detail

Help with this page

## Review your payment — Your payment information is listed below. Click the     icon for more information about an item.

**Note:** If your Payee says they haven't received your payment (or that they didn't receive your payment on time), you can use an online proof of payment to show that the payment was made. If a proof of payment is available, it will be displayed next to your payment's status below.

**I'd like to...**

Pay bills

Add Payee

See payment activity

▸ See more choices

### About Payment

| | |
|---|---|
| **Pay To** | OCWEN |
| | 800-746-2936 |
| **Pay From** | CHASE BETTER BANKING (...4485) |
| **Amount ($ USD)** | $2,459.61 |
| **Scheduled On** | 04/22/2010 at 02:44 PM ET |
| **Send On** | 04/22/2010 |
| **Deliver By** | 04/29/2010 |
| **Delivery Method** | |
| **Status** | Funded |
| | Funds for this payment have been withdrawn from your available balance and your payment is in process. Your available balance has been updated to reflect the debit for this payment. |
| **Payment Description** | 6 HICKORY LN, HAWTHORN WOODS, IL 60047 |
| **Transaction Number** | 807047902 |

Cancel Payment | Bill Payment Activity

Security | Terms of Use | Legal Agreements and Disclosures

© 2010 JPMorgan Chase & Co.

Plaintiffs'
Exhibit # **040**

About Payment

Pay To  OCWEN
800-746-2936
Pay From          CHASE BETTER BANKING (...4485)
Amount ($ USD)          $2,459.61
Scheduled On   04/22/2010 at 02:44 PM ET
Send On          04/22/2010
Deliver By          04/29/2010
Delivery Method
Status          Funded
          Funds for this payment have been withdrawn from your available balance and your
payment is in process.
Your available balance has been updated to reflect the debit for this payment.
Payment Description          6 HICKORY LN, HAWTHORN WOODS, IL 60047
Transaction Number          807047902


**Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047**


**OCWEN LOAN SERVICINNG, LLC**

**Attention: FM Group
1661 Worthington Rd, Suite 100
West Palm Beach, FL 33409**

**Plaintiffs'
Exhibit #** **040**

**CHASE** 

March 25, 2010 through April 26, 2010
Primary Account

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 04/13 | ATM Withdrawal 04/13 1 1St Bank Plaza Lake Zurich IL Card 7941 | $20.00 |
| **Total ATM & Debit Card Withdrawals** | | **$20.00** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/26 | Online Payment 766795442 To Chase Auto Finance | |
| 03/31 | Chase      Epay              Web ID: | |
| 04/05 | Chase      Epay              Web ID: | |
| 04/05 | Midland National Insurance       PPD ID | |
| 04/07 | Online Payment 796451623 To Comcast Cable | |
| 04/07 | Online Payment 796451624 To Commonwealth Edison | |
| 04/07 | Online Payment | |
| 04/07 | Online Payment | |
| 04/07 | Online Payment 796451631 To State Farm Insurance | |
| 04/07 | Online Payment 796451630 To Nicor | |
| 04/07 | Online Payment 796451628 To Lake County Department of Public | |
| 04/07 | Online Payment 796451633 To US Department of Education | |
| 04/07 | Chase      Epay              Web ID | |
| 04/13 | Chase      Epay              Web ID | |
| 04/13 | Midland National Insurance       PPD ID | |
| 04/13 | Chase      Epay              Web ID | |
| 04/16 | Chase      Epay              Web ID | |
| 04/19 | Chase      Epay              Web ID | |
| 04/22 | Online Payment 807047902 To Ocwen Loan Servicing, Llc | 2,459.61 |
| 04/23 | Chase      Epay              Web ID | |
| **Total Electronic Withdrawals** | | |

1st INITIAL PAYMENT

RETURNED BY OCWEN

Plaintiffs'
Exhibit # **040**

hi, joegajewski     Sign Out | My Account     comcast.net |     Help     Security     Ask Comcast

Search          **Email**     **Searc**

Email

**New Folder**

**Folders**

**Inbox (202)**
Sent
**Drafts (3)**
Spam
Trash

EbPhotos

**Close     70393368**

Sent By: "Tania Abadie" <Tania.Abadie@ocwen.com>

To: joegajewski@comcast.net

Mr. Gajewski,

Please note that your payment towards the modification
agreement that payment should be Money Gram, West
make an immediate payment or modification will not be

Thanks,

Tania Abadie

Home Retention Consultant

Ocwen

877-596-8580

561-682-8055 Fax

 Please do not print this email unless it is absolutely necessary.

*"This office is attempting to collect a debt & any*

**PROMOTIONS**

 News Sports & More
Get Email Alerts!

**Make Your Home the Envy of
Lake Zurich**
www.ServiceMagic.com

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This E-mail message and its attachments, if any
this message and the attachments, if any may
disclosure under applicable law. If you are not t

**Plaintiffs'
Exhibit #** **041**

© 2008 Comcast Cable
Communications

UPDATED: Privacy
Policy

UPDATED: Terms of
Service

Contact
Us

Add Comcast
Services

Tell Us What You
Think

sz0084.ev.mail.comcast.net/zimbra/mail                                                      1/1

Mr. Gajewski,

Please note that your payment towards the modification was rejected due to not being certified funds. It was clearly stated on the agreement that payment should be Money Gram, Western Union, Bank wire, cashier's check. For modification to be valid you need to make an immediate payment or modification will not be granted.

Thanks,

Tania Abadie

Home Retention Consultant

Ocwen

877-596-8580

561-682-8055 Fax

P Please do not print

46013

Plaintiffs'
Exhibit # 041

# OFFICIAL CHECK

**citibank**
Citibank, N.A.

**SERVICE INSTRUCTIONS**
PLEASE CONSULT A CITIBANK ASSOCIATE OR YOUR CLIENT MANUAL FOR A
DESCRIPTION OF THE BANK'S POLICY CONCERNING PLACING A STOP PAYMENT
REQUEST ON THIS INSTRUMENT AND THE FEE ASSOCIATED WITH THAT REQUEST.

190239300

62-20
311

FC# 00025 FA# 012
007-03  Ck. Ser.#

DATE  0 5 / 0 4 / 1 0

$0.00 ONL PIC
190239300    * * * * * * 2 , 4 5 9 . 6 1 * * *

****TWO THOUSAND FOUR HUNDRED FIFTY-NINE AND 61/100 DOLLARS****

**PAY**

**TO THE ORDER OF**    ****OCWEN LOAN SERVICING ****

NAME OF REMITTER    JOZEF GAJEWSKI
ADDRESS
Citibank, N.A. One Penn's Way    *LOAN#70393368*
New Castle, DE 19720

**NON NEGOTIABLE**

**TERMS**
**KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION. TO REPORT A LOSS OR FOR ANY OTHER INFORMATION
ABOUT THE INSTRUMENT, CONTACT THE INSTITUTION FROM WHICH YOU RECEIVED THE INSTRUMENT.**

FOR YOUR PROTECTION SAVE THIS COPY

Plaintiffs'
Exhibit # **042**

*OCWEN Loan Servicing, LLC*
*PO Box 24726*
*West Palm Beach, FL 33416-4726*                  Website: WWW.OCWEN.COM

OCWEN

---

May 4, 2010

Jozef Gajewski
6 Hickory Ln
Hawthorne Woods, IL 60047

Re: INSUFFICIENT TO CURE DEFAULT
      Loan Number: 70393368

Dear Mortgagor(s):

Ocwen recently received funds for your loan in the amount of $2,459.61. These funds are being returned in the same form (check, Western Union, MoneyGram, etc.) in which they were received.

These funds are being returned, as they are not sufficient to satisfy the defaulted amount of your loan and no alternative payment arrangements have been agreed to. As indicated in the Notice of Default that was previously sent to you, payments that are less than the amount required to reinstate the mortgage loan will be returned and **will not stop any foreclosure proceedings that have begun.**

To cure the default you must pay the full amount due. To determine the amount due or to discuss other possible alternatives that may be available to avoid a foreclosure sale, you should **contact your Home Retention Consultant immediately at (877)596-8580**.

Sincerely,

Ocwen Loan Servicing, LLC

Plaintiffs'
Exhibit # **043**

This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt.

*CHASE FOUNDED*
*CHASE CERTIFIED FOUNDS*

*OCWEN STAMP*

**CHASE ◯ FC**
CHASE ONLINE BILL PAYMENT
PO BOX 260169
BATON ROUGE LA 70826-0169
(800) 472-6235

Apply to Acct **70393368** ✓ ✓
JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 33409

6 HICKORY LN, HAWTHORN WOODS, IL 60047

APR 29 2010

78947249
25-3/440
04-22-2010

Dollars

Pay  TWO THOUSAND FOUR HUNDRED FIFTY-NINE AND 61/100

$2,459.61

Check Void After 90 Days

To
the
Order
of

20743 BPC 001 001 10112 - 78947249 1 OF 1
OCWEN LOAN SERVICING, LLC
1661 WORTHINGTON ROAD SUITE 100
CASHIERING DEPARTMENT
WEST PALM BEACH FL 33409-6493

*Cathy G Maurelli*

JPMorgan Chase Bank, N.A. Columbus, Ohio

⑈78947249⑈ ⑆044000037⑆     658533013⑈

*Returned MAY 4, 2010 from OCWEN*

*AGREEMENT DID NOT TAKE EFFECT*

Plaintiffs'
Exhibit # **043**



*OCWEN RECEIVED*

**OFFICIAL CHECK**

citibank
Citibank, N.A.

MAY 0 6 2010

190239300

FC# 00025 FA# 012          $0.00 ONL PIC          DATE 0 5 / 0 4 / 1 0
007-03  Ck. Ser.#    190239300  * * * * * * 2 , 4 5 9 . 6 1 *

PAY   ****TWO THOUSAND FOUR HUNDRED FIFTY-NINE AND 61/100 DOLLARS****

TO THE ORDER OF   ****OCWEN LOAN SERVICING ****

NAME OF REMITTER ADDRESS   JOZEF GAJEWSKI

Citibank, N.A. One Penns Way   *LOAN#70393368*
New Castle, DE 19720

Drawer, Citibank, N.A.

BY
AUTHORIZED SIGNATURE

⑈190239300⑈  ⑈031100209⑈   3876292 4⑈



Ocwen for deposit only  70393368

OCWEN FOR DEPOSIT ONLY

2ND INITIAL MODIFICATION PAYMENT

Plaintiffs'
Exhibit # 044



**Ocwen Loan Servicing, LLC**
**www.ocwen.com**

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*



1206/09 13.30 4  0014319 20100511 FE16Q10S OCWENSTM 1 OZ DCM FE16Q10000* 146551  MS
JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 05/10/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

CURR

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 401,426.29 |
| Interest Rate: | .04250% |
| Next Payment Due Date: | 06/01/2010 |
| Current Escrow Balance: | 686.32 |
| Interest Paid Year-To-Date: | 14.28 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 1,759.01 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Escrow Deposits/Adjustments | 686.32 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 1,734.07 |
| Interest: | 14.22 |
| Escrow: | 686.32 |
| Current Amount Due by 06/01/10: | 2,434.61 |
| Total Amount Due: | 2,434.61 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/10/10 | Payment | 1,734.01 | 14.28 | 686.32 | .00 | .00 | .00 | .00 | 2,434.61 |
| 05/10/10 | Principal Payment | 25.00 | .00 | .00 | .00 | .00 | .00 | .00 | 25.00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.

Plaintiffs'
Exhibit # **045**

Page 1 of 1

Prepared by: Jaicel Valverde
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
737039336809
Attorney Code: 17776

Image# 046156960001 Type: ASG
Recorded: 05/11/2010 at 09:55:47 AM
Receipt#: 2010-00022438
Total Amt: $39.00 Page 1 of 1
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder

File **6601883**

## ASSIGNMENT OF MORTGAGE
## ILLINOIS

This **ASSIGNMENT OF MORTGAGE** is made and entered into as of the 18TH day of NOVEMBER, 2009, from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as nominee for TAYLOR, BEAN & WHITAKER MORTGAGE CORP., whose address is 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474, its successors and assigns, ("Assignor) to **OCWEN LOAN SERVICING, LLC.** , whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of **LAKE** County, State of **ILLINOIS**, as follows:

Mortgagor: JOZEF GAJEWSKI AND WIESLAWA GAJEWSKI, *Husband and Wife In Joint Tenancy*
Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.
Amount: $388,000.00
Document Date: APRIL 18, 2008          Date Recorded: APRIL 30, 2008
Document/Instrument/Entry Number: 6339530
PIN: 14-10-411-002-0000
Property Address: 6 HICKORY LN, HAWTHORNE WOODS, IL
Property more fully described as: **LEGAL DESCRIPTION:**

Lot 49 in Hawthorn Woods, Unit No.4, being a subdivision of part of the East Half of the South East Quarter of Section 10, Township 43 North, Range 10 East of the 3rd p. m., according to the plat thereof recorded March 8, 1957, as Document 942896, in Book 34 of plats, in Lake County, Illinois.

This Assignment is made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this 5TH DAY OF APRIL, 2010.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
**ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.**

BY:

NAME:  Scott W. Anderson
TITLE:  Vice President

STATE OF FLORIDA, COUNTY OF PALM BEACH          )SS.

The foregoing instrument was acknowledged before me this 5TH DAY OF APRIL, 2010, by Scott W. Anderson, the Vice President  at MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., on behalf of the bank. He is personally known to me.

Notary Signature

MIN: 100029500025214812

NOTARY PUBLIC-STATE OF FLORIDA
Elsie Ramirez
Commission # DD914835
Expires:  AUG. 09, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

MERS Ph.#: (888) 679 – 6377

101L 00061-1

Plaintiffs'
Exhibit # **046**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1209-09 13-33-4  01262707 20100518 FE2HL133 OCWENSTM 1 OZ 00M FE2LI0000* 145551 115

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 05/17/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

CURR                                                    Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 402,839.96 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 06/01/2010 |
| Current Escrow Balance: | 686.32 |
| Interest Paid Year-To-Date: | 1,427.95 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 345.34 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Escrow Deposits/Adjustments | 686.32 |
| Recently Assessed Amounts: | |
| 05/17/10 Cancel Sale: | 1,000.00 |
| 05/17/10 Loan Assignment: | 39.00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 321.57 |
| Interest: | 1,426.72 |
| Escrow: | 686.32 |
| Current Amount Due by 06/01/10: | 2,434.61 |
| Assessed Fees/Expense Outstanding: | |
| Curr-Cancel Sale: | 1,000.00 |
| Curr-Loan Assignment: | 39.00 |
| Total Fees/Expense Outstanding: | 1,039.00 |
| Total Amount Due: | 3,473.61 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/11/10 | Payment | 320.34 | 1,427.95 | 686.32 | .00 | .00 | .00 | .00 | 2,434.61 |
| 05/11/10 | Principal Payment | 25.00 | .00 | .00 | .00 | .00 | .00 | .00 | 25.00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # **047**

FOLD AND                    PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE                    FOLD AND

00002522027 4444444881 000000070393368 50 002434611

*FOR JUNE 2010*

**Payment Coupon**

**JOZEF GAJEWSKI**

**Account Number: 0070393368**

Check box if your contact information
has changed, update on the back

**AMOUNT DUE** $ 2,434.61

If received after 06/16/2010 add Late Charge of: $ 87.41

Total Amount Due with Late Charge: $ 2,522.02

Additional Principal: $

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

Additional Escrow: $

Late Charges: $

Other: (Please Specify) $

If this payment is made via automatic drafting, this statement is for informational purposes only.

Total Enclosed: 2,434.61

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

---

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS, IL 60047

2-1/710 799
684664485
630

DATE: 5/22/10

PAY TO THE ORDER OF: OCWEN $ 2,434.61

TWENTY FOUR HUNDRED THIRTY FOUR AND DOLLARS

BANK ONE
JPMorgan Chase Bank, N.A.
Chicago, Illinois 60670

61/100

MEMO 0070393368    T. Gajewski

---

J. GAJEWSKI
HICKORY RD
THORN WOODS IL 60047







---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage P...)

For delivery information visit our website at www.usps.com

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.24 |

Sent To OCWEN
Street, Apt. No.; or PO Box No. O BOX 6440
City, State, ZIP+4 CAROL ST REAM IL 60197

PS Form 3800, August 2006    See Reverse for Instructions

7010 0780 0002 3017 5337

Plaintiffs'
Exhibit # **048**

® **Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 05/24/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 402,518.39 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 07/01/2010 |
| Current Escrow Balance: | 1,372.64 |
| Interest Paid Year-To-Date: | 2,854.67 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 666.91 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Escrow Deposits/Adjustments | 1,372.64 |
| Recently Assessed Amounts: | |
| 05/17/10 Cancel Sale: | 1,000.00 |
| 05/17/10 Loan Assignment: | 39.00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 322.70 |
| Interest: | 1,425.59 |
| Escrow: | 686.32 |
| Current Amount Due by 07/01/10: | 2,434.61 |
| Assessed Fees/Expense Outstanding: | |
| Curr-Cancel Sale: | 1,000.00 |
| Curr-Loan Assignment: | 39.00 |
| Total Fees/Expense Outstanding: | 1,039.00 |
| Total Amount Due: | 3,473.61 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/24/10 | Payment | 321.57 | 1,426.72 | 686.32 | .00 | .00 | .00 | .00 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # 049

FOLD AND                    PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.                    FOLD AND

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

WWW.OCWEN.COM

June 02, 2010

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047

Loan Number:          70393368
Property Address:     6 Hickory Ln, Hawthorne Woods, IL 60047
Analysis Date:        06/02/10

Dear Borrower(s):

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
## PROJECTIONS FOR COMING YEAR

*PLEASE REVIEW THIS STATEMENT CLOSELY – YOUR MORTGAGE PAYMENT MAY BE AFFECTED*
This is a prediction of activity in your escrow account during the coming escrow year based on anticipated payments to be paid into the escrow account and anticipated payments to be made from your escrow account.

| Description of Next Disbursement | Estimated Amount(s) of Next Disbursement |
|---|---|
| County Tax | $3,146.20 |
| Hazard Insurance | $1,083.00 |
| County Tax | $3,204.97 |
| Total Annual Disbursements | $7,434.17 |
| | |
| Target Escrow Payment | $619.52   (1/12th of $7,434.17) |
| Starting Escrow Balance Needed as of Jun 10 | $4,229.20 |

| Actual Month | Actual Payments To Escrow | Actual Payments From Escrow | Description | Actual Ending Balance |
|---|---|---|---|---|
| Jul-10 | $619.52 | | | $4,848.72 |
| Aug-10 | $619.52 | $3,146.20 | County Tax (PARCEL # 1410411002) | $2,322.04 |
| | | $1,083.00 | Hazard Insurance (POLICY # 13VH81406) | $1,239.04 |
| Sep-10 | $619.52 | | | $1,858.56 |
| Oct-10 | $619.52 | | | $1,858.56 |
| Nov-10 | $619.52 | | | $2,478.08 |
| Dec-10 | $619.52 | | | $3,097.60 |
| Jan-11 | $619.52 | | | $3,717.12 |
| Feb-11 | $619.52 | | | $4,336.64 |
| | | | | $4,956.16 |

THIS STUB MUST BE INCLUDED WITH YOUR ESCROW SHORTAGE PAYMENT

| Loan Number | Total Shortage |
|---|---|
| 70393368 | $6,061.53 |
| **Total Amount Enclosed  $** | |

If you pay the escrow shortage amount of $6,061.53,
your new monthly escrow payment will be adjusted accordingly .

Plaintiffs'
Exhibit # **050**

PSSHORTAGE.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.



Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)                WWW.OCWEN.COM

| Actual Month | Actual Payments To Escrow | Actual Payments From Escrow | Description | Actual Ending Balance |
|---|---|---|---|---|
| Mar-11 | $619.52 | | | $5,575.68 |
| Apr-11 | $619.52 | | | $6,195.20 |
| May-11 | $619.52 | $3,204.97 | County Tax (PARCEL # 1410411002) | $3,609.75 |
| Jun-11 | $619.52 | | | $4,229.27 |
| TOTALS= | $7,434.24 | $7,434.17 | | |

In the event there is a tax and/or insurance increase over the coming escrow year, Federal law (RESPA) allows additional funds to be held to prevent the escrow account from being overdrawn. This additional amount, which is called a cushion, may be up to 1/6th of the total payments estimated to be made from the escrow account for the coming escrow year. Based on anticipated payments from your escrow account, which total $7,434.17 for the year, the required cushion amount is $1,239.04 (1/6th of $7,434.17).

To avoid a shortage, your escrow balance should not fall below the cushion amount at any time during the coming escrow year. In order for your escrow balance not to fall below the cushion of $1,239.04, you would need to have at least $4,229.20 in the escrow account at the start of the escrow year.

According to the last month of your account history, your expected escrow balance at the start of the escrow year is $-1,832.33. This means you have a deficiency of $1,832.33 and a shortage of $4,229.20. Your total shortage for coming escrow period is $6,061.53. In an effort to assist you, the total shortage has been spread over 12 monthly payments. This equals $505.13, which is the $6,061.53 divided by 12. The shortage spread amount of $505.13 will be added to the target escrow payment of $619.52 calculated above, for total of $1,124.65 that will be the amount to be paid each month into your escrow account.

Therefore, your first monthly mortgage payment for the coming escrow year, beginning with your payment due on 07/01/2010, will be $2,872.94 (rounded) of which $1,748.29 will be for principal and interest and $1,124.65 will go into your escrow account. You may elect to send all or part of the above shortage to Ocwen at the address provided below. If you elect to pay the shortage your monthly payment will automatically be reduced.

Sincerely,

Ocwen Loan Servicing, LLC

---

**THIS COUPON MUST BE INCLUDED WITH YOUR ESCROW SHORTAGE PAYMENT**

Jozef Gajewski 6 Hickory Ln
Hawthorne Woods, IL  60047

| Loan Number | Total Shortage |
|---|---|
| 70393368 | $6,061.53 |

| Total Amount Enclosed | $ |
|---|---|

Ocwen Loan Servicing, LLC
Attn: Escrow Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

If you pay the escrow shortage amount of $6,061.53,
your new monthly escrow payment will be adjusted accordingly.

Plaintiffs'
Exhibit # OSO

PSSHORTAGE.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

WWW.OCWEN.COM

June 02, 2010

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047

Loan Number: 70393368
Property Address: 6 Hickory Ln Hawthorne Woods, IL 60047
Analysis Date: 06/02/10

Dear Jozef Gajewski :

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
### ACCOUNT HISTORY

This is a statement of actual and scheduled activity in your escrow account from October 2009 through June 2010. Any scheduled activity is denoted by an "s".

Your monthly mortgage payment for the past year was $2,434.61 of which $1,748.29 was for principal and interest and $686.32 went into your escrow account.

| Actual Month | Actual Payments To Escrow | Actual Payments From Escrow | Description | Actual Ending Balance |
|---|---|---|---|---|
| Oct-09 | | | | |
| Nov-09 | | | | |
| Dec-09 | | | | |
| Jan-10 | | | | |
| Feb-10 | | | | |
| Mar-10 | | | | |
| Apr-10 | | | | |
| May-10 | $686.32 | $3,204.97 | County Tax (PARCEL # 1410411002) | $-2,518.65 |
| | $686.32 | | | $-1,832.33 |
| Jun-10 | | | | $-1,832.33 |
| TOTALS | $1,372.64 | $3,204.97 | | |

Based on the above information, our records indicate that your property taxes were paid to County Tax in the amount of $3,204.97. Please carefully review the disbursement information listed under the Projections For Coming Year on the other side of this document. If the information is correct please forward a copy of the declaration page for your current insurance policy and/or the most recent tax bill to the below address. You may also fax this information to Attn: Escrow Department at (561) 682-7875.

---

OCWEN

**PLEASE INCLUDE THE BELOW COUPON WITH ANY UPDATES**

**Please update my escrow records with the following information:**

Loan Number- 70393368

Jozef Gajewski
6 Hickory Ln
Hawthorne Woods, IL 60047

New Insurance Company:_____

New Insurance Agent:_____

New Policy Number:_____

Ocwen Loan Servicing, LLC
Attn: Escrow Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

**Additional Information** _____
_____
_____

Plaintiffs'
Exhibit # 051

ACCTHISTORY.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

O C W E N

WWW.OCWEN.COM

---

O C W E N

### PLEASE INCLUDE THE BELOW COUPON WITH ANY UPDATES

Please update my escrow records with the following information:

Loan Number: 70393368

Jozef Gajewski
6 Hickory Ln
Hawthorne Woods, IL  60047

New Insurance Company: _____

New Insurance Agent: _____

New Policy Number: _____

Ocwen Loan Servicing, LLC
Attn:  Escrow Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

Additional Information _____
_____
_____
_____

Plaintiffs'
Exhibit # **051**

ACCTHISTORY.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

OCWEN

WWW.OCWEN.COM

June 08, 2010

Jozef Gajewski

6 Hickory Ln
Hawthorne Woods, IL 60047

Loan Number:           70393368
Property Address:      6 Hickory Ln, Hawthorne Woods, IL 60047
Analysis Date:         06/07/10

Dear Borrower(s):

### ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
### PROJECTIONS FOR COMING YEAR

*PLEASE REVIEW THIS STATEMENT CLOSELY – YOUR MORTGAGE PAYMENT MAY BE AFFECTED*
This is a prediction of activity in your escrow account during the coming escrow year based on anticipated payments to be paid into the escrow account and anticipated payments to be made from your escrow account.

| Description of Next Disbursement | Estimated Amount(s) of Next Disbursement |
|---|---|
| County Tax | $3,146.20 |
| Hazard Insurance | $1,083.00 |
| County Tax | $3,204.97 |
| Total Annual Disbursements | $7,434.17 |

| | |
|---|---|
| Target Escrow Payment | $619.52 (1/12th of $7,434.17) |
| Starting Escrow Balance Needed as of Jul 10 | $4,229. |

| Actual Month | Actual Payments To Escrow | Actual Payments From Escrow | Description | Actual Ending Balance |
|---|---|---|---|---|
| Jul-10 | $619.52 | | | $4,848.72 |
| Aug-10 | $619.52 | $3,146.20 | County Tax (PARCEL # 1410411002) | $2,322.04 |
| | | $1,083.00 | Hazard Insurance (POLICY # 13V181406) | $1,239.04 |
| Sep-10 | $619.52 | | | |
| Oct-10 | $619.52 | | | $1,858.56 |
| Nov-10 | $619.52 | | | $2,478.08 |
| Dec-10 | $619.52 | | | $3,097.60 |
| Jan-11 | $619.52 | | | $3,717.12 |
| Feb-11 | $619.52 | | | $4,336.64 |
| | | | | $4,956.16 |

### THIS COUPON MUST BE INCLUDED WITH YOUR ESCROW SHORTAGE PAYMENT

OCWEN

Jozef Gajewski 6 Hickory Ln
Hawthorne Woods, IL 60047

| Loan Number | Total Shortage |
|---|---|
| 70393368 | $6,061.53 |

Total Amount Enclosed $

Ocwen Loan Servicing, LLC
Attn: Escrow Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

If you pay the escrow shortage amount of $6,061.53,
your new monthly escrow payment will be adjusted accordingly.

**Plaintiffs'
Exhibit # 052**

PSSHORTAGE.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.



Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

WWW.OCWEN.COM

| Actual Month | Actual Payments To Escrow | Actual Payments From Escrow | Description | Actual Ending Balance |
|---|---|---|---|---|
| Mar-11 | $619.52 | | | $5,575.68 |
| Apr-11 | $619.52 | | | $6,195.20 |
| May-11 | $619.52 | $3,204.97 | County Tax | $3,609.75 |
| | | | (PARCEL # 1410411002) | |
| Jun-11 | $619.52 | | | $4,229.27 |
| TOTALS= | $7,434.24 | $7,434.17 | | |

In the event there is a tax and/or insurance increase over the coming escrow year, Federal law (RESPA) allows additional funds to be held to prevent the escrow account from being overdrawn. This additional amount, which is called a cushion, may be up to 1/6th of the total payments estimated to be made from the escrow account for the coming escrow year. Based on anticipated payments from your escrow account, which total $7,434.17 for the year, the required cushion amount is $1,239.04 (1/6th of $7,434.17).

To avoid a shortage, your escrow balance should not fall below the cushion amount at any time during the coming escrow year. In order for your escrow balance not to fall below the cushion of $1,239.04, you would need to have at least $4,229.20 in the escrow account at the start of the escrow year.

According to the last month of your account history, your expected escrow balance at the start of the escrow year is $-1,832.33. This means you have a deficiency of $1,832.33 and a shortage of $4,229.20. Your total shortage for coming escrow period is $6,061.53. In an effort to assist you, the total shortage has been spread over 36 monthly payments. This equals $168.38, which is the $6,061.53 divided by 36. The shortage spread amount of $168.38 will be added to the target escrow payment of $619.52 calculated above, for total of $787.90 that will be the amount to be paid each month into your escrow account.

Therefore, your first monthly mortgage payment for the coming escrow year, beginning with your payment due on 07/01/2010, will be $2,536.19 (rounded) of which $1,748.29 will be for principal and interest and $787.90 will go into your escrow account. You may elect to send all or part of the above shortage to Ocwen at the address provided below. If you elect to pay the shortage your monthly payment will automatically be reduced.

Sincerely,

Ocwen Loan Servicing, LLC

**THIS COUPON MUST BE INCLUDED WITH YOUR ESCROW SHORTAGE PAYMENT**



Jozef Gajewski 6 Hickory Ln
Hawthorne Woods, IL  60047

| Loan Number | Total Shortage |
|---|---|
| 70393368 | $6,061.53 |

Total Amount Enclosed  $

Ocwen Loan Servicing, LLC
Attn:  Escrow Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

If you pay the escrow shortage amount of $6,061.53,
your new monthly escrow payment will be adjusted accordingly .

**Plaintiffs'
Exhibit #  052**

PSSHORTAGE.11

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
Your call may be recorded for the coaching
and development of our associates.

121/109 13 254  0001251 20100020 FF3XP1S2 OCVENSTM 1 OZ DOM FF3XP130007 149951 US

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 06/25/2010 |
| Property Address: | |
| 6 Hickory Ln | |
| Hawthorne Woods IL 60047 | |

FD4MD

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 402,195.69 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 08/01/2010 |
| Escrow Advance Balance: | -1,044.43 |
| Interest Paid Year-To-Date: | 4,280.26 |
| Taxes Paid Year-To-Date: | 3,204.97 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 989.61 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 2,160.54 |
| Escrow Disbursements/Adjustments | -3,204.97 |
| Recently Assessed Amounts: | |
| 05/17/10 Cancel Sale: | 696.69 |
| 05/17/10 Loan Assignment: | 39.00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 323.85 |
| Interest: | 1,424.44 |
| Escrow: | 787.90 |
| Current Amount Due by 08/01/10: | 2,536.19 |
| Assessed Fees/Expense Outstanding: | |
| Prev-Cancel Sale: | 696.69 |
| Prev-Loan Assignment: | 39.00 |
| Total Fees/Expense Outstanding: | 735.69 |
| Total Amount Due: | 3,271.88 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/24/10 | Payment | 321.57 | 1,426.72 | 686.32 | .00 | .00 | .00 | .00 | 2,434.61 |
| 05/25/10 | Tax Disbursement | .00 | .00 | -3,204.97 | .00 | .00 | .00 | .00 | -3,204.97 |
| | LAKE COUNT | .00 | .00 | .00 | .00 | .00 | .00 | .00 | |
| 06/25/10 | Payment | 322.70 | 1,425.59 | 787.90 | .00 | .00 | .00 | .00 | 2,039.50 |
| 06/25/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 303.31 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs' Exhibit # **053**

FOLD AND



OCWEN

TWENTY FOUR HUNDRED TWENTY FOUR

AND

6/26/10

THIS PAYMENT 2,434.61

NOT NEGOTIABLE

Plaintiffs' Exhibit # 054

Jozef Gajewski
6 Hickory Rd
Hawthorn Woods, IL 60047

6/26/2010


OCWEN
PO Box 6440
CAROL STREAM, IL 60197

Loan No. 70393368

Dear Sir or Madam:

Please find enclosed mortgage payment of $2,434.61 as stated in modification agreement.

Lately I received several bills from Ocwen as shown below for amounts of:

$21,474. 53
$6,061.53
$3,473.61

None of those bills shows amount as in modification agreement.

Please contact me in case my payment is incorrect. The best way is to email to: joegajewski@comcast.net




Thank you,

J. Gajewski

**Plaintiffs' Exhibit # 054**



**OCWEN**

www.ocwen.com

NC Permit No. 3946

**CUSTOMER RELATIONS 1-800-746-2936**

*Your call may be recorded for the coaching
and development of our associates.*

120909 13 50 4 0066302 20800030 FFKK102 OCWENSTM 1 DZ DOM FFKK102001 145551 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 06/29/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| P84H0 | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 402,195.69 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 08/01/2010 |
| Current Escrow Balance: | 654.49 |
| Interest Paid Year-To-Date: | 4,280.26 |
| Taxes Paid Year-To-Date: | 3,204.97 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 989.61 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 3,859.46 |
| Escrow Disbursements/Adjustments | -3,204.97 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 323.85 |
| Interest: | 1,424.44 |
| Escrow: | 787.90 |
| Current Amount Due by 08/01/10: | 2,536.19 |
| Total Amount Due: | 2,536.19 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 06/25/10 | Payment | 322.70 | 1,425.59 | 787.90 | .00 | .00 | .00 | .00 | 2,839.50 |
| 06/25/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 303.31 | .00 | .00 |
| 06/29/10 | Payment | .00 | .00 | 1,698.92 | .00 | .00 | .00 | .00 | 2,434.61 |
| 06/29/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 696.69 | .00 | .00 |
| 06/29/10 | Foreclosure Cost | .00 | .00 | .00 | .00 | .00 | 39.00 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # **055**



☑ Track Your Expenses

☐ Mortgage / Rent ☐ Transportation ☐ Entertainment & Travel  DO NOT USE
☐ Gas / Electric ☐ Credit Card ☐ Medical / Dental  FOR REORDERING          823
☐ Telephone ☐ Taxes ☐ Dependent Care
☐ Food ☐ Insurance ☐ Savings & Investment                    7/25/10
      (Life, Home, Auto)                                     BAL.
☐ Clothing ☐ Home Improvement ☐ Other _____              FOR'D
      (Maintenance, Repairs)

OCWEN                                    THIS PAYMENT   2,434.61

TWENTY FOUR HUNDRED THIRTY FOUR AND      BAL.
                                          61/            OTHER
...Here's How:                                          BAL.
• Carry balance forward                                 FOR'D
• Check type of expense
• Add details on memo line
• Retain duplicates in Deluxe Check box

Memo #703933 68

                            NOT NEGOTIABLE

Plaintiffs' Exhibit # 056



Ocwen Loan Servicing, LLC
**www.ocwen.com**

OCWEN

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*



JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 07/27/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,761.08 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 08/01/2010 |
| Current Escrow Balance: | 654.49 |
| Interest Paid Year-To-Date: | 4,280.26 |
| Taxes Paid Year-To-Date: | 3,204.97 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 3,424.22 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 3,859.46 |
| Escrow Disbursements/Adjustments | -3,204.97 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 332.47 |
| Interest: | 1,415.82 |
| Escrow: | 787.90 |
| Current Amount Due by 08/01/10: | 2,536.19 |
| Total Amount Due: | 2,536.19 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 06/29/10 | Payment | .00 | .00 | 1,698.92 | .00 | .00 | .00 | .00 | 2,434.61 |
| 06/29/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 696.69 | .00 | .00 |
| 06/29/10 | Foreclosure Cost | .00 | .00 | .00 | .00 | .00 | 39.00 | .00 | .00 |
| 07/27/10 | Principal Payment | 2,434.61 | .00 | .00 | .00 | .00 | .00 | .00 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to **www.ftc.gov/credit**.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # **057**



Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NC Permit No. 3946
CUSTOMER RELATIONS 1-800-746-2936
*Your call may be recorded for the coaching
and development of our associates.*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 08/17/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am-8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,761.08 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 08/01/2010 |
| Escrow Advance Balance: | -3,724.49 |
| Interest Paid Year-To-Date: | 4,280.26 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 3,424.22 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 3,859.46 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| August- 2010 Late Charges: | 87.41 |
| *This is the principal balance only, not the amount required to pay your account in full.* | |

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 333.65 |
| Interest: | 1,414.64 |
| Escrow: | 787.90 |
| Current Amount Due by 09/01/10: | 2,536.19 |
| Past Due Amount: | |
| Principal: | 332.47 |
| Interest: | 1,415.82 |
| Escrow: | 787.90 |
| Past Due Amounts DUE IMMEDIATELY: | 2,536.19 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 87.41 |
| Total Fees/Expense Outstanding: | 87.41 |
| Total Amount Due: | 5,159.79 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 07/27/10 | Principal Payment | 2,434.61 | .00 | .00 | .00 | .00 | .00 | .00 | 2,434.61 |
| 08/04/10 | Insurance Disbursement | .00 | .00 | -1,174.00 | .00 | .00 | .00 | .00 | -1,174.00 |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 058

**O C W E N**

*Ocwen Loan Servicing, LLC*
*P.O. Box 24737*
*West Palm Beach, FL 33416-4737*
*(Do not send correspondence or payments to the above address.)*  WWW.OCWEN.COM

August 23, 2010

## PAST DUE NOTICE

05/15/09 18:00  0034878 20100823 FH39Z109 LATE   1 OZ DO44 FH39Z10000° 155747 LT

JOZEF  GAJEWSKI
6 Hickory Lane
HAWTHORN WOODS IL  60047-9268



Loan Number:   0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

At Ocwen, we strive to provide service that will exceed your expectations.  Having complete and accurate information is the first step in ensuring you receive this service.   We are here to build a mutually beneficial relationship, rectify any problems, resolve any issues, and assist you with your needs. Therefore, we are sending you this letter to inform you that our records indicate that your mortgage loan payment due on 08/01/2010 has not yet been received, and, unfortunately, your payment is now past due.

A late charge has been assessed on your account, which will reflect in the **current amount due** as of  08/23/10.  You are required to pay this late charge, <u>unless you can document</u> that the payment was made in full and on time.

### Itemization of Current Amount Due

| | |
|---|---|
| Principal and Interest | $1,748.29 |
| Escrow | $0.00 |
| Escrow Advances | $0.00 |
| Current Late Charges | $87.41 |
| **CURRENT AMOUNT DUE** | $1,835.70 |

It is very important that you pay the **CURRENT AMOUNT DUE** immediately as this delinquency may result in adverse credit reporting and/or a formal demand for all amounts due on your loan.  Payments must be made by Money Gram, Check or Money Order and made payable to Ocwen Loan Servicing, LLC. Please send all payments through one of the methods below:

**PAYMENT REMITTANCE INFORMATION (always include Loan # 0070393368 with your payment)**

| **Money Gram** | **Overnight Address** | **VIA Regular Mail** |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen |
| City: Orlando | 1661 Worthington Road, Suite 100 | P.O. Box 6440 |
| St: FL | West Palm Beach, Florida 33409 | Carol Stream, IL 60197-6440 |
| Loan # 0070393368 | **Attention:  Cashiering Department** | |



Plaintiffs'
**Exhibit # 059**

LATE006

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

FOR SEPI.

**CHASE** 

July 28, 2010 through August 25, 2010
Primary Account:

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|--|--------|
| 08/02 | ATM Withdrawal | 08/02 1 1St Bank Plaza Lake Zurich IL Card 7941 | S60.00 |
| 08/25 | ATM Withdrawal | 08/25 380 Townline Rd Mundelein IL Card 7941 | 20.00 |
| Total ATM & Debit Card Withdrawals | | | $80.00 |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | | | AMOUNT |
|------|-------------|--|--|--------|
| 07/28 | 07/28 Online Payment 854205820 To Chase Auto Finance | | | S |
| 07/28 | Chase | Epay | 959843808 | Web ID: |
| 07/30 | Chase | Epay | 960702301 | Web ID: |
| 08/04 | Midland National Insurance | | PPD ID: | |
| 08/05 | Chase | Epay | 964431805 | Web ID: |
| 08/09 | 08/08 Online Payment 885237383 To Comcast Cable | | | |
| 08/09 | 08/08 Online Payment 885239221 To US Department of Education | | | |
| 08/09 | 08/08 Online Payment 885239218 To State Farm Insurance | | | |
| 08/09 | 08/08 Online Payment 885239216 To Nicor | | | |
| 08/11 | Chase | Epay | 967460284 | Web ID |
| 08/11 | Midland National Insurance | | PPD ID: | |
| 08/16 | Chase | Epay | 969047925 | Web ID: |
| 08/17 | 08/17 Online Payment 891446726 To Commonwealth Edison | | | |
| 08/17 | 08/17 Online Payment 891449210 To Lake County Department of Public | | | |
| 08/17 | 08/17 Online Payment 891450109 To Waste Management | | | |
| 08/18 | Chase | Epay | 971139840 | Web ID |
| 08/24 | Chase | Epay | 974394602 | Web ID: |
| 08/25 | 08/25 Online Payment 896762027 To Ocwen Loan Servicing | | | 2,434.61 |
| Total Electronic Withdrawals | | | | |

## CHASE MONEY MARKET SAVINGS

JOZEF GAJEWSKI                                              Account Number:

OR WIESLAWA GAJEWSKI

## SAVINGS SUMMARY

| | AMOUNT |
|--|--------|
| Beginning Balance | S101.16 |
| Ending Balance | S101.16 |
| Annual Percentage Yield Earned This Period | 0.00% |
| Interest Paid Year-to-Date | $0.40 |

The monthly service fee for this account was waived as an added feature of  Chase Premier Checking account.

Plaintiffs' Exhibit # 060



Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

August 31, 2010

Ocwen Loan Servicing, LLC
ATTN. Reaserch Department
P O Box 785055
Orlando, FL 32878

Loan Number:                    70393368
Property Address:               6 Hickory Ln
                                Hawthorn Woods, IL 60047

Dear Sir or Madam:

I would like to request Loan Balance Breakdown included all details after my last
payment to **TB&W**. My balance as to date 7/16/2009 was **$382,541.62,** and as per
OCWEN my balance went up to **$403,185.30** dated 04/10/10.

I would like to know all details explained why my balance went up, and details of the
Negative Amortization / Principal Adj of **$24,363.77** as shown in attached statement
dated 6/29/2010.

Sincerely,

*J. Gajewski*

J. Gajewski

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.44 | 0047 |
| Certified Fee | | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.24 | 09/01/2010 |

Sent To OCWEN RESEARCH DEPT.
Street, Apt. No.; or PO Box No. P O BOX 78505J
City, State, ZIP+4 ORLANDO FL 32878

7009 2250 0003 6169 5010

PS Form 3800, August 2006          See Reverse for Instructions

Plaintiffs'
Exhibit # **061**

September 1, 2010

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

Ocwen
P. O. Box 6440
Carol Stream, IL 60197-6440


Loan Number:          70393368

Property Address:     6 Hickory Ln
                      Hawthorn Woods, IL 60047

Dear Sir or Madam:

Recently I received Past Due Notice. Please find prove showed below, that all my bills were paid in full (as in modification agreement) and cleared by OCWEN before due date. None of my payments were past due; please remove any late charges that were added to my account.

| | | | |
|---|---|---|---|
| 06/30/2010 | Check | CHECK # 0631 OCWEN LOCKBOX CHECK PYMT ARC ID: 3010681100 | $2,434.61 |
| 07/28/2010 | Check | CHECK # 0623 OCWEN LOCKBOX CHECK PYMT ARC ID: 3010681100 | $2,434.61 |
| 08/25/2010 | Bill Payment | Online Payment 896762027 To OCWEN LOAN SERVICING 08/25 | $2,434.61 |


Sincerely,

*J. Gajewski* (signature)

J. Gajewski

Attached:

1. Modification Agreement Copy
2. Past Due Notice Copy

Plaintiffs'
Exhibit # **062**

Hickory Ln
Hawthorn Woods, IL 60047

**Ocwen Loan Servicing, LLC**
**ATTN. Reaserch Department**
**P O Box 785055**
**Orlando, FL 32878**

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0047 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.24 | 09/01/2010 |

Sent To OCWEN FM GROUP
Street, Apt. No.; or PO Box No. 1 61 Worthington Rd # 100
City, State, ZIP+4 WEST PALM BEACH FL 33409

PS Form 3800, August 2006         See Reverse for Instructions

**OCWEN Loan Servicing, LLC**
Attention: FM Group, **Tania Abadie**
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0047 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.24 | 09/01/2010 |

Sent To OCWEN
Street, Apt. No.; or PO Box No. P.O. BOX 6440
City, State, ZIP+4 CAROL STREAM IL 60197

PS Form 3800, August 2006         See Reverse for Instructions

**Ocwen**
**P. O. Box 6440**
**Carol Stream, IL 60197-6440**

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0047 |
| Certified Fee | $2.80 | 09 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.24 | 09/01/2010 |

Ocwen Loan Servicing, LLC
P.O. Box 785055
Orlando, FL 32878-5055

Sent To OCWEN LOAN SERVICING
Street, Apt. No.; or PO Box No. P.O. BOX 785055
City, State, ZIP+4 ORLANDO FL 32878

**Plaintiffs'**
**Exhibit # 062**



**OCWEN**

**Ocwen Loan Servicing, LLC**
www.ocwen.com

NC Permit No. 3946

**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1369/09 13 30 4  6097797 20100919 FOLD10G OCWEN/STM 1 OZ DOM FOLD10G007 16091 M5

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 09/17/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| | Page 1 |

## Special Notices

Over 50,000 said YES... We had flooding and my other insurance wouldn't cover a thing. ACE covered my mortgage for 4 months. I couldn't get help from anyone but them. J Macurak see next page for details.

Accidents happen everyday. Be prepared to protect your home and financial security. Call 1-800-348-7569 to enroll in accidental death and disability insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,761.08 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 08/01/2010 |
| Escrow Advance Balance: | -3,724.49 |
| Current Suspense Balance: | 2,434.61 |
| Interest Paid Year-To-Date: | 4,280.26 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 3,424.22 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 3,859.46 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| August- 2010 Late Charges: | 87.41 |
| September- 2010 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 334.83 |
| Interest: | 1,413.46 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -2,434.61 |
| Current Amount Due by 10/01/10: | 101.58 |
| Past Due Amount: | |
| Principal: | 666.12 |
| Interest: | 2,830.46 |
| Escrow: | 1,575.80 |
| Past Due Amounts DUE IMMEDIATELY: | 5,072.38 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 174.82 |
| Total Fees/Expense Outstanding: | 174.82 |
| Total Amount Due: | 5,348.78 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 08/27/10 | Suspense Payment | .00 | .00 | .00 | .00 | .00 | .00 | 2,434.61 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **063**

FOLD AND

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE

FOLD AND





**O C W E N**

WWW.OCWEN.COM

September 21, 2010

12/22/06 08:35 3   0041752 20100921 FI30A111 EILETTER 1 OZ DOM FI30A10000* 115747  LT

JOZEF   GAJEWSKI
6 Hickory Lane
HAWTHORN WOODS IL   60047-9268



Loan Number:    0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

Recently, Ocwen Loan Servicing, LLC ("Ocwen") sent you a Notice of Default due to your loan becoming past due. We want to assist you in bringing your loan current by presenting you with some alternative solutions to avoid foreclosure.

We specialize in tailoring resolutions to cure delinquent accounts prior to the initiation of foreclosure proceedings. While we cannot guarantee any of the options below, we will work with you to determine the options that are available based on your financial needs.

**REPAYMENT PLAN** - A plan that enables you to bring the loan current at the end of the plan period by paying the delinquent amount over the number of months in the plan.

**MODIFICATION** - Ocwen offers both the Home Affordable Modification program, part of the initiative announced by President Obama, and its own modification program to help homeowners.  In every case, Ocwen will first determine if you qualify for the Home Affordable Modification before suggesting an alternative.   By modifying your loan, we can alter part of your mortgage debt by lowering your interest rate, loan balance, or term. This may lower your payment and bring your account current.  In addition to these features, for those that qualify under the Home Affordable Modification program, you may also be eligible for a borrower incentive that can be used to pay down the total balance on your mortgage loan.

**PRE-APPROVED SALE** - By listing your property, you may receive a sale offer acceptable to both you and to Ocwen. The sale of your property could help you to avoid a foreclosure sale of your home.

**DEED IN LIEU OF FORECLOSURE** - If you do not intend on keeping the property, then depending on your current financial situation Ocwen may accept the deed to the property and extinguish the debt, even if the property is worth less than the loan balance. Title must be clear of any other liens.

Foreclosure is a legal action used to recover money from a customer when the customer does not pay his or her payments according to the terms of the mortgage agreement. A few of the related consequences are:

**PROPERTY LOSS** - You would no longer own the home and would be obligated to vacate the premises.

**DAMAGED CREDIT RATING** - A foreclosure on your credit record may significantly damage your credit rating and may impair your ability to obtain credit in the future.

Please call us immediately at (800) 310-9229 to discuss your resolution options. Any future payments that come due while we work with you on available options are still your responsibility so it is important that you contact us as soon as possible.

Additionally, the Credit Counseling Resource Center (CCRC), a program of the Homeownership Preservation Foundation, provides free credit counseling services. The experienced HUD-approved housing counselors working with the CCRC are independent of Ocwen and may be able to help you avoid a foreclosure. If you choose not to contact Ocwen directly, we urge you to contact the CCRC at 1-888-995-HOPE to obtain assistance in keeping your home.

Please call us at (800) 310-9229 or visit our website www.ocwen.com where you can review your account, enter your financial information and provide a description of your current situation at your convenience.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs'**
**Exhibit #  064**

EILETTER

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO
· WWW.OCWEN.COM

OCWEN

Dear Customer,

There is help available if you are having difficulty making your mortgage loan payments. You may be eligible for the Home Affordable Modification program, part of the initiative announced by President Obama to help homeowners.

**As your mortgage loan servicer, we will work with you in an effort to try to make your mortgage payment affordable. You will not pay any fees to take advantage of this opportunity to modify your mortgage loan payment and keep your home. Now is the time to act. We are ready to help you.**

## HERE IS HOW IT WORKS

- We will first determine if you are eligible based on your situation
- If you are eligible, we will look at your monthly income and housing costs, including any past due payments, and then determine an affordable mortgage payment
- At first, you will make new, affordable monthly payments on your mortgage loan during a trial period
- If you make those payments successfully and fulfill all trial period conditions, we will permanently modify your mortgage loan

## HOW THIS MAY CHANGE YOUR MORTGAGE

**The modification may involve some or all of the following changes to your mortgage loan;**

- Bringing your account current;
- Reducing the interest rate on your loan;
- Extending the term of the loan, and/or
- Delaying your repayment of a portion of the mortgage principal until the end of the loan term

## HOW TO START THE PROCESS

**You can obtain the application via our website or if you do not have access to the web you can call us.**

- Download the application via the web at www.ocwencustomers.com
  - Click on the **President's Foreclosure Prevention Plan** link
  - Once you confirm that you meet the requirements, you can download the package directly from the web
- Call us for an application package at 1-800-74-OCWEN (1-800-746-2936)
  - Hours of Operation -
    - 24 hrs a day Monday - Thursday
    - Friday 12:00am - 7:00pm ET
    - Saturday 9:00am - 4:00pm ET

A complete application will be required and must also include a request for modification and affidavit form, a 4506T or 4506T-EZ, and evidence of income.

## WHAT IF I DO NOT QUALIFY FOR THE PROGRAM?

**There may be other options available to you such as;**

- Ocwen's alternative modification programs
- HAFA (Home Affordable Foreclosure Alternatives) program
- Ocwen's Deed In Lieu of Foreclosure
- Ocwen's Short Sale program - Selling your home and payoff your mortgage at an approved discounted payoff amount

**We want to make the resolution of your situation as easy as possible and helping homeowners is what we do!**

Sincerely,

Ocwen Loan Servicing
1661 Worthington Rd. Ste. 100
West Palm Beach, FL 33409

Plaintiffs'
Exhibit # **064**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



*Center # L & or Servicing #*

HELPING HOMEOWNERS IS WHAT WE DO

WWW.OCWEN.COM

| **IMPORTANT NOTICE** | We want to help you avoid foreclosure scams. |
|---|---|

### FINANCIAL COUNSELING SERVICES

When you are experiencing a financial hardship, counseling may be a way to help you manage your finances. We urge you to contact HUD approved agencies to obtain assistance in keeping your home. This assistance is available at no charge. For specific guidance on this notice or information related to the Home Affordable Modification Program, ask the counselor for MHA HELP.

**HUD Approved Housing Counseling:**     1-800-569-4287    www.HUD.gov

**HOPE Hotline Number:**                  1-888-995-4673

---

**Beware of Foreclosure Rescue Scams. Help is free!**

- There is never a fee to get assistance or information about the Making Home Affordable program from your lender or a HUD-approved housing counselor.

- For a HUD-approved counselor, visit: http://www.hud.gov/offices/hsg/sfh/hcc/fc/

- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.

- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.

- Never make your mortgage payments to anyone other than your mortgage company without their approval.

---



**Plaintiffs' Exhibit #** **064**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

**CHASE** 

August 26, 2010 through September 27, 2010
Primary Account:

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/26 | 08/26 Online Payment 876048816 To Chase Auto Finance | $ |
| 08/30 | Chase      Epay     977128213 | |
| 09/03 | Midland National Insurance | |
| 09/07 | Chase      Epay     980659578 | |
| 09/07 | Chase      Epay     981513865 | |
| 09/09 | 09/08 Online Payment 907967731 To Comcast Cable | |
| 09/09 | 09/08 Online Payment 907968632 To US Department of Education | |
| 09/09 | 09/08 Online Payment 907967736 To State Farm Insurance | |
| 09/09 | 09/08 Online Payment 907967734 To Nicor | |
| 09/13 | Midland National Insurance | |
| 09/16 | Chase      Epay     986656490 | |
| 09/20 | Chase      Epay     988182755 | |
| 09/27 | 09/26 Online Payment 920591454 To Ocwen Loan Servicing | 188.99 |
| 09/27 | 09/26 Online Payment 920595587 To Ocwen Loan Servicing | 2,536.19 |

**Total Electronic Withdrawals**

*9/27/10 OCWEN PHONE CALL REQUEST*
*$2,725.18*

## CHASE MONEY MARKET SAVINGS

JOZEF GAJEWSKI

OR WIESLAWA GAJEWSKI

Account Number:

## SAVINGS SUMMARY

| | AMOUNT |
|--|--------|
| **Beginning Balance** | $101.16 |
| **Ending Balance** | $101.16 |
| Annual Percentage Yield Earned This Period | 0.00% |
| Interest Paid Year-to-Date | $0.40 |

The monthly service fee for this account was waived as an added feature of  Chase Premier Checking account.

You earned a higher interest rate on your  Chase Money Market Savings account during this statement period because you had a qualifying Chase Premier Checking account.

Plaintiffs'
Exhibit # **065** 



Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

120509 13 30 4  0005722 20160930 FNMM1432 OCWEN6724 1 02 CON FNMM100001 146551 M3

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 09/29/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

CURR

Page 1

## Special Notices

Over 50,000 said YES...  We had flooding and my other insurance wouldn't cover a thing.  ACE covered my mortgage for 4 months.  I couldn't get help from anyone but them.  J Macurak see next page for details. 

Accidents happen everyday.  Be prepared to protect your home and financial security.  Call 1-800-348-7569 to enroll in accidental death and disability insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,094.96 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 10/01/2010 |
| Escrow Advance Balance: | -2,148.69 |
| Interest Paid Year-To-Date: | 7,110.72 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 4,090.34 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 5,435.26 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| August- 2010 Late Charges: | 87.41 |
| September- 2010 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 334.83 |
| Interest: | 1,413.46 |
| Escrow: | 787.90 |
| Current Amount Due by 10/01/10: | 2,536.19 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 87.41 |
| Total Fees/Expense Outstanding: | 87.41 |
| Total Amount Due: | 2,623.60 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 09/29/10 | Payment | 332.47 | 1,415.82 | 787.90 | .00 | .00 | .00 | -2,434.61 | 101.58 |
| 09/29/10 | Payment | 333.65 | 1,414.64 | 787.90 | .00 | 87.41 | .00 | .00 | 2,623.60 |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs' Exhibit # 066


FOLD AND

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE

FOLD AND

○ OCWEN
P.O. Box 24737
West Palm Beach, Florida 33416-4737
(Do not send correspondence or payments to the above address.)

WWW.OCWEN.COM

October 6, 2010

## FRIENDLY REMINDER NOTICE

*[handwritten:]* OCWEN PHONE CALL TO PAID MORE CHASE ONLINE 9/27 - $2,536.19 9/27 $ 188.99

JOZEF GAJEWSKI
6 Hickory Lane
HAWTHORN WOODS IL   60047-9268

Loan Number:    0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

At Ocwen, we value each customer.  Since you are important to us, we are sending you a friendly reminder that we have not received your current payment yet.  If your payment has already been sent, please disregard this reminder.  If your payment has not been sent yet, please send your payment through one of the methods below:

## PAYMENT REMITTANCE INFORMATION (always include Loan # 0070393368 with your payment)

**Money Gram**
Receive Code: 2355
City: Orlando
St: FL
Loan # **0070393368**

**Overnight Address**
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Attention: Cashiering Department

**VIA Regular Mail**
Ocwen Loan Servicing, LLC
P.O. Box 6440
Carol Stream, IL 60197-6440

*    Always include Loan # 0070393368 with your payment.  Payments sent to West Palm Beach, Florida will unfortunately result in delays in the posting of your payment.

To know more about mortgage assistance options and to take advantage of options based on your financial needs, please visit our website at **www.ocwencustomers.com** or call our toll-free number: **(800) 446-2936** during the hours listed below:

| | |
|---|---|
| **Monday - Friday** | 8:00 am ET to 11:00 pm ET |
| **Saturday** | 8:00 am ET to 4:00 pm ET |
| **Sunday** | 3:00 pm ET to 9:00 pm ET |

Additionally, a HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at  **(800) 569-4287** or consult HUD's website at **www.HUD.gov**.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs'**
**Exhibit #** **067**

EARLYLT004

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, FL 33416-4737
**OCWEN** *(Do not send correspondence or payments to the above address.)*          WWW.OCWEN.COM

If you are unable to remit the **CURRENT AMOUNT DUE** at this time, please contact us immediately at **(800) 446-2936** to make payment arrangements. If you have recently made your payment for the **CURRENT AMOUNT DUE**, please disregard this notice.

To know more about mortgage assistance options and to take advantage of options based on your financial needs, please visit our website at **www.ocwencustomers.com** or call our toll-free number: **(800) 446-2936** during the hours listed below:

| | |
|---|---|
| **Monday - Friday** | 8:00 am ET to 11:00 pm ET |
| **Saturday** | 8:00 am ET to 4:00 pm ET |
| **Sunday** | 3:00 pm ET to 9:00 pm ET |

Additionally, a HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at **(800) 569-4287** or consult HUD's website at **www.HUD.gov**.

Sincerely,

Ocwen Loan Servicing, LLC



**Plaintiffs'
Exhibit #** **067**

LATE006

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



05/15/09 16:00    0034879 20100623 FH39Z109 LATE    1 OZ DOM FH39Z10000 1S5747 LT



Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1209.09 13.30 4 0266636 20101018 FJOCK184 CCVENSTM 2 02 BCM FJOCK100002* N4591 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 10/18/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

GELO

Page 1

## Special Notices

GET YOUR $40 CASH BACK FOR GAS!  But that's just the start of all the money you can save.  There's also more than $1,600 additional savings as part of a special discount network.  Get money back all year long.  Please reply before 1/31/11.

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,094.96 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 10/01/2010 |
| Escrow Advance Balance: | -2,148.69 |
| Interest Paid Year-To-Date: | 7,110.72 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 4,090.34 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 5,435.26 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| September- 2010 Late Charges: | 87.41 |
| October- 2010 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 336.01 |
| Interest: | 1,412.28 |
| Escrow: | 787.90 |
| Current Amount Due by 11/01/10: | 2,536.19 |
| Past Due Amount: | |
| Principal: | 334.83 |
| Interest: | 1,413.46 |
| Escrow: | 787.90 |
| Past Due Amounts DUE IMMEDIATELY: | 2,536.19 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 174.82 |
| Total Fees/Expense Outstanding: | 174.82 |
| Total Amount Due: | 5,247.20 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 09/29/10 | Payment | 332.47 | 1,415.82 | 787.90 | .00 | .00 | .00 | -2,434.61 | 101.58 |
| 09/29/10 | Payment | 333.65 | 1,414.64 | 787.90 | .00 | 87.41 | .00 | .00 | 2,623.60 |

## Important Messages

Tax season is right around the corner.  Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for your loan.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 068

FOLD AND
PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE

Ocwen Loan Servicing LLC
P.O. Box 24737
West Palm Beach, FL 33416-4737
*(Do not send correspondence or payments to the above address.)*

O C W E N

WWW.OCWEN.COM

October 21, 2010

# PAST DUE NOTICE

05/15/09 18:00 3  0029050 20101021 FJ379108 LATE   1 OZ DOM FJ379I0000* 155747 LT



JOZEF  GAJEWSKI
6 Hickory Lane
HAWTHORN WOODS IL   60047-9268

Loan Number:    0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

At Ocwen, we strive to provide service that will exceed your expectations.  Having complete and accurate information is the first step in ensuring you receive this service.   We are here to build a mutually beneficial relationship, rectify any problems, resolve any issues, and assist you with your needs. Therefore, we are sending you this letter to inform you that our records indicate that your mortgage loan payment due on 10/01/2010 has not yet been received, and, unfortunately, your payment is now past due.

A late charge has been assessed on your account, which will reflect in the **current amount due** as of  10/21/10.  You are required to pay this late charge, <u>unless you can document</u> that the payment was made in full and on time.

### Itemization of Current Amount Due

| | |
|---|---|
| Principal and Interest | $1,748.29 |
| Escrow | $0.00 |
| Escrow Advances | $0.00 |
| Current Late Charges | $174.82 |
| **CURRENT AMOUNT DUE** | **$1,923.11** |

It is very important that you pay the **CURRENT AMOUNT DUE** immediately as this delinquency may result in adverse credit reporting and/or a formal demand for all amounts due on your loan.  Payments must be made by Money Gram, Check or Money Order and made payable to Ocwen Loan Servicing, LLC.  Please send all payments through one of the methods below:

### PAYMENT REMITTANCE INFORMATION (always include Loan # 0070393368 with your payment)

| **Money Gram** | **Overnight Address** | **VIA Regular Mail** |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen |
| City: Orlando | 1661 Worthington Road, Suite 100 | P.O. Box 6440 |
| St: FL | West Palm Beach, Florida 33409 | Carol Stream, IL 60197-6440 |
| Loan # **0070393368** | **Attention:  Cashiering Department** | |



Plaintiffs'
Exhibit # **069**

LATE006

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



**Ocwen Loan Servicing, LLC**
**www.ocwen.com**

O C W E N

NC Permit No 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*



JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL 60047-9268

| Account Statement | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 10/27/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| | Page 1 |

## Special Notices

GET YOUR $40 CASH BACK FOR GAS! But that's just the start of all the money you can save. There's also more than $1,600 additional savings as part of a special discount network. Get money back all year long. Please reply before 1/31/11.

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 401,220.71 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 11/01/2010 |
| Escrow Advance Balance: | -3,059.71 |
| Current Suspense Balance: | 2,381.44 |
| Interest Paid Year-To-Date: | 8,550.15 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 1,964.59 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 4,524.24 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| September- 2010 Late Charges: | 87.41 |
| October- 2010 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 327.30 |
| Interest: | 1,420.99 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -2,381.44 |
| Current Amount Due by 11/01/10: | 154.75 |
| Assessed Fees/Expense Outstanding: | |
| Prev-Cancel Sale: | 696.69 |
| Total Fees/Expense Outstanding: | 696.69 |
| Total Amount Due: | 851.44 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

Tax season is right around the corner. Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for your loan.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # **070**

*FOR NOV*

**CHASE**

October 28, 2010 through November 26, 2010

Primary Account ████████████



## CHASE BETTER BANKING CHECKING

JOZEF GAJEWSKI

OR WIESLAWA GAJEWSKI

Account Number ████████████

### CHECKING SUMMARY

| | AMOUNT |
|---|---|
| Beginning Balance | $3,646.58 |
| Deposits and Additions | ████ |
| Checks Paid | |
| Electronic Withdrawals | |
| Ending Balance | $3,675.57 |

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

This message confirms that you have overdraft protection on your checking account.

### DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 11/05 | Paypal Transfer | PPD ID: Paypalsd11 | ████ |
| 11/09 | ATM Check Deposit | | |
| 11/09 | ATM Check Deposit | | |
| 11/23 | ATM Check Deposit | | |
| **Total Deposits and Additions** | | | |

### CHECKS PAID

| CHECK NO. | DESCRIPTION | DATE PAID | AMOUNT |
|---|---|---|---|
| 634 ^ | | 11/01 | $38.76 |
| **Total Checks Paid** | | | $38.76 |

If you see a description in the Checks Paid section, it means that we received only electronic information about the check, not the original or an image of the check. As a result, we're not able to return the check to you or show you an image.

^ An image of this check may be available for you to view on Chase.com.

### ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 10/28 | 10/27 Online Payment 944490193 To Commonwealth Edison | | $55.23 |
| 10/28 | 10/27 Online Payment 944484889 To Ocwen Loan Servicing | | 2,536.19 |
| 10/28 | 10/28 Online Payment 921571783 To Chase Auto Finance | | 349.09 |
| 11/03 | Midland National Insurance | PPD ID ████ | 81.42 |
| 11/05 | Chase Epay 1013838420 | Web ID ████ | 100.00 |

Plaintiffs' Exhibit # *071*

**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NC Perm! No. 3948
**CUSTOMER RELATIONS 1-800-746-2936**
Your call may be recorded for the coaching
and development of our associates.

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 11/01/2010 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| CURR | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 399,208.66 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 12/01/2010 |
| Escrow Advance Balance: | -2,271.81 |
| Interest Paid Year-To-Date: | 9,971.14 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 3,976.64 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 5,312.14 |
| Escrow Disbursements/Adjustments | -7,583.95 |
| Recently Assessed Amounts: | |
| September- 2010 Late Charges: | 87.41 |
| October- 2010 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 334.43 |
| Interest: | 1,413.86 |
| Escrow: | 787.90 |
| Current Amount Due by 12/01/10: | 2,536.19 |
| Total Amount Due: | 2,536.19 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 11/01/10 | Payment | 327.30 | 1,420.99 | 787.90 | .00 | .00 | .00 | -2,381.44 | 851.44 |
| 11/01/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 696.69 | .00 | .00 |
| 11/01/10 | Principal Payment | 1,684.75 | .00 | .00 | .00 | .00 | .00 | .00 | 1,684.75 |

## Important Messages

Tax season is right around the corner.  Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for your loan.

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

**Plaintiffs' Exhibit # 072**

**OCWEN** *OCWEN Loan Servicing,*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*

WWW.OCWEN.COM

November 11, 2010

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047

RE: Loan Number:     70393368
Property Address:     6 Hickory Lane
                      Hawthorn Woods, IL 60047

Dear Jozef Gajewski :

Ocwen would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You requested for an explanation regarding the increase in your Unpaid Principal Balance to $403,185.30 after modification. You also wanted an explanation over the negative amortization reflected in the account statement dated June 29, 2010.

**Response** We acquired the servicing rights of the loan on November 16, 2009, from Taylor Bean and Whitaker Mortgage Corporation with the loan due for the August 1, 2009 payment. Your loan had the Unpaid Principal Balance of $382,541.62 at the time of transfer of servicing rights of the loan. As a result of the payment delinquency, fees were incurred by Ocwen that were then assessed to the loan for repayment. Had the loan not become delinquent, these fees would not have been incurred. All fees and costs associated with these actions were assessed in accordance with the terms and conditions of the original Mortgage and Note.

Our records indicate that the loan was modified on May 10, 2010. Prior to the loan modification, the unpaid principal balance was $382,541.62. The new unpaid principal balance after modification was $403,185.30. All the delinquent payment(s) and the outstanding fees were added to the new Unpaid Principal Balance at the time of modification. Following items were added to the Unpaid Principal Balance during modification:

| Description | Amount |
| --- | --- |
| Unpaid Principal Balance Prior to Modification | $382,541.62 |
| Interest Arrearage | $17,497.68 |
| Late Charges | $235.76 |
| Foreclosure Fee | $1,000.00 |
| Foreclosure Expenses | $1,800.00 |
| Title Report Fee | $350.00 |
| Property Inspection Fee | $21.00 |

Plaintiffs'
Exhibit # **073**

Below chart provides the breakdown of negative amortization of $24,363.77 occurred on your loan due to modification, which has been reflected in your account statement dated June 29, 2010.

RRCMAINLTRM.15    1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

P.O. Box 785063
Orlando, FL 32878-501

*(Do not send any correspondence or payment to the above address)*

NOV 11, 2010

WWW.OCWEN.COM

| Description | Amount |
|---|---|
| Total Payments waived (Principal + Interest Portion) | $21,217.77 |
| Suspense funds utilized | $2,839.50 |
| Other Advances waived | $306.50 |
| Total: | $24,363.77 |

Enclosed is Ocwen's Payment Reconciliation History that reflects all credits given and disbursements made, and the resulting loan status. The Payment Reconciliation History would also indicate all the outstanding fees or expenses and late charges, and provide a breakdown of all the expenses and late charges assessed to the loan.

As of the date of this letter, your loan is due for the December 1, 2010 payment.

We trust the information provided has fully addressed your concern. Please visit our website (www.Ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the Ocwen consumer advocate by email at Ombudsman@ocwen.com or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 785055
Orlando, FL 32878-5055

Sincerely,

Vivekananda U
Research Department
Ocwen Loan Servicing, LLC

Plaintiffs'
Exhibit # **073**     RRCMAINLTRM.15     2

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number: 70303369



**November 27, 2010 through December 24, 2010**

Primary Account: ▓▓▓▓▓▓▓▓

*FOR DEC*

## CHASE BETTER BANKING CHECKING

JOZEF GAJEWSKI

OR WIESLAWA GAJEWSKI

Account Number: ▓▓▓▓▓▓▓▓

### CHECKING SUMMARY

|  | AMOUNT |
|---|---|
| Beginning Balance | $3,675.57 |
| Deposits and Additions | 2,354.00 |
| Electronic Withdrawals | - 3,893.20 |
| Fees and Other Withdrawals | - 445.00 |
| Ending Balance | $1,691.37 |

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

This message confirms that you have overdraft protection on your checking account.

### DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/06 | ATM Check Deposit | $899.00 |
| 12/20 | ATM Check Deposit | 1,455.00 |
| **Total Deposits and Additions** | | **$2,354.00** |

### ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/30 | 11/30 Online Payment 970086034 To Comcast Cable | $67.31 |
| 11/30 | 11/30 Online Payment 970084102 To Commonwealth Edison | 65.00 |
| 11/30 | 11/30 Online Payment 970084107 To Hawthorn Woods Women's Club | 200.00 |
| 11/30 | 11/30 Online Payment 970086039 To Nicor | 62.38 |
| 11/30 | 11/30 Online Payment 970086046 To US Department of Education | 368.73 |
| 11/30 | 11/30 Online Payment 970086049 To Waste Management | 47.25 |
| 12/03 | Chase     Epay     1028762112     Web ID: ▓▓▓▓▓ | 200.00 |
| 12/03 | Midland National Insurance          PPD ID: ▓▓▓▓▓ | 81.42 |
| 12/13 | 12/13 Online Payment 976586184 To Ocwen Loan Servicing | 2,536.19 |
| 12/13 | Midland National Insurance          PPD ID: ▓▓▓▓▓ | 72.67 |
| 12/15 | 12/14 Online Payment 982378737 To Lake County Department of Public | 80.00 |
| 12/15 | 12/14 Online Payment 982378170 To State Farm Insurance | 112.25 |
| **Total Electronic Withdrawals** | | **$3,893.20** |

Plaintiffs' Exhibit # **074**

**O C W E N**

Ocwen Loan Servicing, LLC
www.ocwen.com

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 12/15/2010 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

CURR                                                            Page 1

## Special Notices

Happy Birthday!  Your home is turning another year older.  And so are all your systems and appliances.  Return the enclosed TotalProtect invitation by 3/31/11 to see how to save lots of money when breakdowns start to happen.

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,874.23 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 01/01/2011 |
| Escrow Advance Balance: | -1,483.91 |
| Interest Paid Year-To-Date: | 11,385.00 |
| Taxes Paid Year-To-Date: | 6,409.95 |
| Beginning Principal Balance: | 382,541.62 |
| Principal Reductions Year-To-Date: | 4,311.07 |
| Negative Amortization/Principal Adj | -24,363.77 |
| Beginning Escrow Balance: | .00 |
| Escrow Deposits/Adjustments | 6,100.04 |
| Escrow Disbursements/Adjustments | -7,583.95 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 335.61 |
| Interest: | 1,412.68 |
| Escrow: | 787.90 |
| Current Amount Due by 01/01/11: | 2,536.19 |
| Total Amount Due: | 2,536.19 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 11/01/10 | Payment | 327.30 | 1,420.99 | 787.90 | .00 | .00 | .00 | -2,381.44 | 851.44 |
| 11/01/10 | Foreclosure Fee | .00 | .00 | .00 | .00 | .00 | 696.69 | .00 | .00 |
| 11/01/10 | Principal Payment | 1,684.75 | .00 | .00 | .00 | .00 | .00 | .00 | 1,684.75 |
| 12/15/10 | Payment | 334.43 | 1,413.86 | 787.90 | .00 | .00 | .00 | .00 | 2,536.19 |

## Important Messages

Tax season is right around the corner.  Please visit Ocwen's website at www.ocwen.com to verify the social security number on file for your loan.

We may report information about your account to credit bureaus.  Late paymen...  ...sed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Plaintiffs'
Exhibit # **075**

FOLD AND
DETACH HERE         PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.         FOLD AND
PLEASE DO NOT SEND CORRESPONDENCE WITHOUT PAYMENT

December 25, 2010 through January 27, 2011

Primary Account: ▮▮▮▮▮▮▮▮▮▮

*FOR JAN - 2011*

## CHASE BETTER BANKING CHECKING

JOZEF GAJEWSKI

OR WIESLAWA GAJEWSKI

Account Number: ▮▮▮▮▮▮▮▮

## CHECKING SUMMARY

|  | AMOUNT |
|---|---|
| Beginning Balance | $1,691.37 |
| Deposits and Additions |  |
| Electronic Withdrawals |  |
| Ending Balance | $2,627.04 |

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

This message confirms that you have overdraft protection on your checking account.

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/30 | ATM Check Deposit |  |
| 01/10 | ATM Check Deposit |  |
| 01/26 | ATM Check Deposit |  |
| 01/26 | ATM Check Deposit |  |
| 01/26 | Paypal        Transfer        PPD ID: Paypalsd11 |  |
| Total Deposits and Additions |  |  |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/28 | 12/28 Online Payment 967130955 To Chase Auto Finance |  |
| 01/03 | Chase        Epay        1045534570        Web ID: ▮▮▮▮▮ |  |
| 01/05 | Midland National Insurance        PPD ID: ▮▮▮▮▮ |  |
| 01/07 | 01/06 Online Payment 1000545389 To Commonwealth Edison |  |
| 01/07 | 01/06 Online Payment 1000545390 To Lake County Department of Public |  |
| 01/07 | 01/06 Online Payment 1000545388 To Comcast Cable |  |
| 01/07 | 01/06 Online Payment 1000545394 To US Department of Education |  |
| 01/07 | 01/06 Online Payment 1000545393 To Nicor |  |
| 01/12 | 01/11 Online Payment 1004315345 To Ocwen Loan Servicing | 2,434.61 |
| 01/12 | Midland National Insurance        PPD ID ▮▮▮▮▮ |  |
| 01/14 | Chase        Epay        1052108324        Web ID: ▮▮▮▮▮ |  |
| 01/27 | 01/27 Online Payment 991683301 To Chase Auto Finance |  |
| Total Electronic Withdrawals |  |  |

Plaintiffs' Exhibit # 076



Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NC Permit No. 3946

CUSTOMER RELATIONS 1-800-746-2936
Your call may be recorded for the coaching
and development of our associates.

12/09/09 13 33 4  0121AB4 20410184 G42NE2353 OCWENSTM 2 02 00M GA2NE20000* 100951 MS



JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 01/17/2011 |

Property Address:
  6 Hickory Lane
  Hawthorn Woods IL 60047

DLLG

Page 1

## Special Notices

Claim your $40 Cash Back! See the enclosed information to get over $1,600 cash back - including $40 back for gas, groceries or utility bills! It's part of your Referral Assisant 24. Please reply before: 04/30/2011.

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,874.23 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 01/01/2011 |
| Escrow Advance Balance: | -1,483.91 |
| Current Suspense Balance: | 2,434.61 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,874.23 |
| Beginning Escrow Balance: | -1,483.91 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details Of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 336.80 |
| Interest: | 1,411.49 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -2,434.61 |
| Current Amount Due by 02/01/11: | 101.58 |
| Past Due Amount: | |
| Principal: | 335.61 |
| Interest: | 1,412.68 |
| Escrow: | 787.90 |
| Past Due Amounts DUE IMMEDIATELY: | 2,536.19 |
| Total Amount Due: | 2,637.77 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 12/15/10 | Payment | 334.43 | 1,413.86 | 787.90 | .00 | .00 | .00 | .00 | 2,536.19 |
| 01/14/11 | Suspense Payment | .00 | .00 | .00 | .00 | .00 | .00 | 2,434.61 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 077

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE
PLEASE DO NOT SEND CORRESPONDENCE WITH

FOLD AND

Ocwen Loan Servicing, LLC
P.O. Box 24737
West Palm Beach, FL 33416-4737
O C W E N *(Do not send correspondence or payments to the above address.)*          WWW.OCWEN.COM

January 24, 2011

# PAST DUE NOTICE

11/09/10 10:00 3   0046006 20110124 GA3RL112 LATE   1 OZ DOM GA3RL10000* 155747  LT

JOZEF  GAJEWSKI
████ ██████ Lane
HAWTH███ WOODS IL   60047-9268



Loan Number:    0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear ██████ower(s):

At Ocwen, we strive to provide service that will exceed your expectations. Having complete and accurate information is the first step in ensuring you receive this service. We are here to build a mutually beneficial relationship, rectify any problems, resolve any issues, and assist you with your needs. Therefore, we are sending you this letter to inform you that our records indicate that your mortgage loan payment due on 01/01/2011 has not yet been received, and, unfortunately, your payment is now past due.

A late charge has been assessed on your account, which will reflect in the **current amount due** as of 01/24/11. You are required to pay this late charge, unless you can document that the payment was made in full and on time.

### Itemization of Current Amount Due

| | |
|---|---|
| Principal and Interest | $1,748.29 |
| Escrow | $787.90 |
| Escrow Advances | $0.00 |
| Current Late Charges | $87.41 |
| **CURRENT AMOUNT DUE** | $2,623.60 |

It is very important that you pay the **CURRENT AMOUNT DUE** immediately as this delinquency may result in adverse credit reporting and/or a formal demand for all amounts due on your loan. Payments must be made by Money Gram, Check or Money Order and made payable to Ocwen Loan Servicing, LLC. Please send all payments through one of the methods below:

## PAYMENT REMITTANCE INFORMATION (always include Loan # 0070393368 with your payment)

**Money Gram**
Receive Code: 2355
City: Orlando
St: FL
Loan # 0070393368

**Overnight Address**
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409
**Attention: Cashiering Department**

**VIA Regular Mail**
Ocwen
P.O. Box 6440
Carol Stream, IL 60197-6440

*Important Notice for Customers in Colorado*
Ocwen Loan Servicing, LLC maintains an office in Denver, Colorado:
**Address:**      1776 S. Jackson Street, #900
             Denver, CO 80210
**Telephone:** (303) 753-0945

Plaintiffs'
Exhibit # **078**

LATE006

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

**FOR FEB- 2011**

January 28, 2011 through February 25, 2011

Primary Account ███████████

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|--|--------|
| 02/03 | Midland National Insurance | PPD ID ████████ | |
| 02/07 | 02/06 Online Payment 1025406944 To Commonwealth Edison | | |
| 02/07 | 02/06 Online Payment 1025406943 To Comcast Cable | | |
| 02/07 | 02/06 Online Payment 1025406948 To US Department of Education | | |
| 02/07 | 02/06 Online Payment 1025406945 To Hawthorn Woods Women's Club | | |
| 02/07 | 02/06 Online Payment 1025406946 To Nicor | | |
| 02/10 | 02/10 Online Payment 1027726965 To Ocwen Loan Servicing | | 2,434.61 |
| 02/11 | Midland National Insurance | PPD ID ████████ | |
| 02/17 | 02/17 Online Payment 1034223613 To State Farm Insurance | | |
| 02/25 | 02/25 Online Payment 1016025895 To Chase Auto Finance | | |
| 02/25 | Chase Epay 1075683236 Web ID ████████ | | |



**Total Electronic Withdrawals**

## FEES AND OTHER WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 02/22 | 02/22 Withdrawal | |

**Total Fees & Other Withdrawals**

## CHASE MONEY MARKET SAVINGS

JOZEF GAJEWSKI

OR WIESLAWA GAJEWSKI

Account Number: ███████████

### SAVINGS SUMMARY

| | AMOUNT |
|--|--------|
| Beginning Balance | $101.16 |
| Ending Balance | $101.16 |
| Annual Percentage Yield Earned This Period | 0.00% |

Interest paid in 2010 for account 000002914358318 was $0.40.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

You earned a higher interest rate on your Chase Money Market Savings account during this statement period because you had a qualifying Chase Premier Checking account.

Plaintiffs'
Exhibit # **079**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 02/14/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| | Page 1 |

NC Perm t No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching and development of our associates.*



*12050G9 13 30 4  0019662 20110215 GE2B0100 OCWENSTM 1 OZ DOM G82D310000* 140351  M5*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,538.62 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 02/01/2011 |
| Escrow Advance Balance: | -696.01 |
| Current Suspense Balance: | 2,333.03 |
| Interest Paid Year-To-Date: | 1,412.68 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 335.61 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 787.90 |
| Recently Assessed Amounts: | |
| January- 2011 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 337.99 |
| Interest: | 1,410.30 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -2,333.03 |
| Current Amount Due by 03/01/11: | 203.16 |
| Past Due Amount: | |
| Principal: | 336.80 |
| Interest: | 1,411.49 |
| Escrow: | 787.90 |
| Past Due Amounts DUE IMMEDIATELY: | 2,536.19 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 87.41 |
| Total Fees/Expense Outstanding: | 87.41 |
| Total Amount Due: | -2,826.76 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 02/14/11 | Payment | 335.61 | 1,412.68 | 787.90 | .00 | .00 | .00 | -101.58 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs' Exhibit # 080

FOLD AND

**OCWEN**
P.O. Box 24737
West Palm Beach, FL 33416-4737
*(Do not send correspondence or payments to the above address.)*                    WWW.OCWEN.COM

February 23, 2011

# PAST DUE NOTICE

11:09/10 10:00 3  0035069 20110223 GB3OM169 LATE   1 OZ ODM GB3OM10000* 155747  LT

JOZEF GAJEWSKI
6 Hickory Lane
HAWTHORN WOODS IL  60047-9268



Loan Number:    0070393368
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

At Ocwen, we strive to provide service that will exceed your expectations. Having complete and accurate information is the first step in ensuring you receive this service. We are here to build a mutually beneficial relationship, rectify any problems, resolve any issues, and assist you with your needs. Therefore, we are sending you this letter to inform you that our records indicate that your mortgage loan payment due on 02/01/2011 has not yet been received, and, unfortunately, your payment is now past due.

A late charge has been assessed on your account, which will reflect in the **current amount due** as of 02/23/11. You are required to pay this late charge, <u>unless you can document</u> that the payment was made in full and on time.

### Itemization of Current Amount Due

| | |
|---|---|
| Principal and Interest | $1,748.29 |
| Escrow | $787.90 |
| Escrow Advances | $0.00 |
| Current Late Charges | $174.82 |
| **CURRENT AMOUNT DUE** | **$2,711.01** |

It is very important that you pay the **CURRENT AMOUNT DUE** immediately as this delinquency may result in adverse credit reporting and/or a formal demand for all amounts due on your loan. Payments must be made by Money Gram, Check or Money Order and made payable to Ocwen Loan Servicing, LLC. Please send all payments through one of the methods below:

### PAYMENT REMITTANCE INFORMATION (always include Loan # 0070393368 with your payment)

**Money Gram**
Receive Code: 2355
City: Orlando
St: FL
Loan # **0070393368**

**Overnight Address**
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409
**Attention: Cashiering Department**

**VIA Regular Mail**
Ocwen
P.O. Box 6440
Carol Stream, IL 60197-6440

### *Important Notice for Customers in Colorado*
Ocwen Loan Servicing, LLC maintains an office in Denver, Colorado:
**Address:**     1776 S. Jackson Street, #900
                 Denver, CO 80210
**Telephone:**   (303) 753-0945

Plaintiffs'
Exhibit # **081**

LATE006

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NC Permit No. 3946
CUSTOMER RELATIONS 1-800-746-2936
Your call may be recorded for the coaching
and development of our associates.



JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 03/17/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

Page 1

## Special Notices

Over 50,000 said YES... We had flooding and my other insurance wouldn't cover a thing. ACE covered my mortgage for 4 months. I couldn't get help from anyone but them. J MACURAK see next page for details.

Accidents happen everyday. Be prepared to protect your home and financial security. Call 1-800-348-7569 to enroll in accidental death and disability insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,538.62 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 02/01/2011 |
| Escrow Advance Balance: | -696.01 |
| Current Suspense Balance: | 2,333.03 |
| Interest Paid Year-To-Date: | 1,412.68 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 335.61 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 787.90 |
| Recently Assessed Amounts: | |
| February- 2011 Late Charges: | 87.41 |
| March- 2011 Late Charges: | 87.41 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal | 339.19 |
| Interest | 1,409.10 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | |
| Current Amount Due by 04/01/11: | -2,333.03 |
| | 203.16 |
| Past Due Amount: | |
| Principal: | 674.79 |
| Interest: | 2,821.79 |
| Escrow: | 1,575.80 |
| Past Due Amounts DUE IMMEDIATELY: | 5,072.38 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 262.23 |
| Total Fees/Expense Outstanding: | 262.23 |
| Total Amount Due: | 5,537.77 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 02/14/11 | Payment | 335.61 | 1,412.68 | 787.90 | .00 | .00 | .00 | -101.58 | 2,434.61 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 082

FOLD AND
PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED



O C W E N

WWW.OCWEN.COM

March 18, 2011

VIA First Class Mail
VIA Certified Mail (return receipt requested)
Certified Number: 71069017515140481411
Reference Code: 1102

Jo̶zef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047-0000

Loan Number:     70393368
Property Address:     6 Hickory Lane , Hawthorn Woods, IL 60047-0000

## NOTICE OF DEFAULT

### AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA:

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Borrower (s):

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property. Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because OCWEN has not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

If you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose. The debt is owed to OCWEN as the owner or servicer of your home loan and mortgage.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by OCWEN. If you notify OCWEN in writing within thirty (30) days that the debt or a portion of the debt is disputed, OCWEN will send you verification of the debt. If you would like to obtain such verification, direct your request in writing to the Loan Resolution Consultant within thirty (30) days. The failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Your mortgage payments are past due, which puts you in default of your loan agreement. As of **March 18, 2011**, you owe the following:

| | |
|---|---|
| Principal and Interest.............................. | $ 3,496.58 |
| Interest Arrearage.................................. | $ 0.00 |
| Escrow............................................. | $ 1,575.80 |
| Late Charges....................................... | $ 262.23 |
| Insufficient Funds Charges......................... | $ 0.00 |
| Fees / Expenses.................................... | $ 0.00 |
| Suspense Balance (CREDIT)...................... | $ 2,333.03 |
| Interest Reserve Balance (CREDIT).............. | $ 0.00 |

Plaintiffs'
Exhibit # **083**

DEMAND05.25

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*



**OCWEN**

WWW.OCWEN.COM

TOTAL DUE........................................                    $ 3,001.58

On or before **April 18, 2011,** you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice. Any payment(s) that become due in the interim must also be included.

Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action (if possible). You have the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure.

OCWEN will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once your written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by OCWEN to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING PAYMENT, YOU MAY WISH TO CALL US TO VERIFY THE EXACT AMOUNT DUE.**

A HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at **(800) 569-4287** or consult HUD's website at **www.HUD.gov.**

If you are unable to bring your account current, I urge you to call us immediately to discuss possible alternatives to foreclosure.

**If you have the desire to remedy this situation, we want to assist you in trying to reach that goal. OCWEN would like to present you with some of the alternatives that might be available regarding your delinquent mortgage loan. While our primary objective is the collection of past due amounts on your loan, we want to work with you to find the best available alternative for you to bring your mortgage loan obligation current.**

Please visit our website @www.Ocwen.com where you can review your account and enter your financial information at your convenience.

This communication is regarding your loan originated on 04/18/2008 and secured by the property located at 6 Hickory Lane, Hawthorn Woods, IL 60047, which was service transferred to Ocwen Loan Servicing, LLC on 11/16/2009.

Sincerely,

Ocwen Loan Servicing, LLC
Toll Free Phone: 800-310-9229

**ADDRESS WRITTEN CORRESPONDENCE TO:**
Research Department
Ocwen Loan Servicing, LLC
P.O. Box 24736
West Palm Beach, FL 33416-4736

**PAYMENT REMITTANCE INFORMATION (always include Loan # 70393368 with your payment)**

| **Money Gram** | **Overnight Address** | **VIA Regular Mail** |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| City: Orlando | 1661 Worthington Road, Suite 100 | P.O. Box 6440 |
| St: FL | West Palm Beach, FL 33409 | Carol Stream, IL 60197-6440 |
| Loan # **70393368** | Attention: Cashiering Department | |

Plaintiffs'
Exhibit # **083**

DEMAND05.25

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

OCWEN

03/18/11

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047

Loan Number:        70393368
Property Address:   6 Hickory Lane , Hawthorn Woods, IL 60047

Dear Borrower(s):

This letter is in response to your recent inquiry regarding a short sale settlement on the above referenced loan. Please complete this entire package with supporting documentation and forward the completed package to Ocwen Loan Servicing, LLC. DO NOT send an incomplete package or your request will not be considered. No package will be processed until ALL items requested herein are received.

Further, please be advised that submission of this information is not a guarantee that a discount or short payoff will be accepted. Additionally, your submission will not result in an automatic stoppage of any foreclosure proceedings, including those with a confirmed sale date. The documentation you provide will be reviewed, and you will be contacted upon pre-qualification. This process generally takes 20-30 days.

No postponement of any foreclosure sale will be approved and if a foreclosure sale is set, we must have funds prior to a scheduled sale date.

We recommend that you supply this information immediately, as Ocwen will not delay any action or disposition pending your response. Please fax this information to the Home Retention Department at (407) 737-5071 or scan and email the entire package and documents to: SS@Ocwen.com

If you are interested in discussing other possible options, please contact the Home Retention Department at (877) 596-8580.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs**
**Exhibit # 084**

70393368                                                                                                    SSPKEFM.23

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852



**DISCOUNT PAYOFF REQUIREMENTS**

❑ Occupancy status of property

    ❑ Vacant
    ❑ Occupied

❑ Signed authorization from the borrower(s) permitting us to discuss this loan with a third party, if necessary (realtor, mortgage broker, family member, etc.) (Attached as Exhibit A)

❑ Borrower letter, <u>signed and dated</u>, explaining the hardship/situation and acknowledging that no proceeds from the sale will be returned to borrower. Please include intentions for the remaining balance (i.e. a willingness to sign an unsecured note for remaining delinquency not paid through short sale proceeds, etc.) (Attached as Exhibit B)

❑ Completed Financial Statement (Form Attached as Exhibit C)

Please disregard if verbally supplied to a Home Retention Consultant within the last 30 days. This information may also be provided through the Ocwen website at www.ocwen.com.

❑ Copy of the fully executed listing agreement. **Ocwen's guidelines limit costs to a maximum of 8%. (Real estate commission not to exceed 6% of sales price and closing costs not to exceed 2% of sales price.)**

Please provide the name of the Realtor and their contact numbers:

Realtor:     _____
Office Number:   _____
Cell Number:    _____
Fax Number:    _____

❑ Listing history from the MLS (Multiple listing Service)

❑ **Check the appropriate boxes below, as they apply**

    ❑ **Property IS listed, but no contract or offer is in place:**
    If the property is currently listed, but there is no contract for purchase → **STOP HERE**. The remaining items are not required at this time. Your loan will be assigned to the Home Retention Department, who will review your documentation and contact you within the next 24 hours to review the next steps.

    ❑ **Property IS NOT listed, and there is no contract or offer:**
    If the property is not listed, and there is no current offer or contract → **STOP HERE.**
    The remaining items are not required at this time. Your loan will be assigned to the Home Retention Department who will review your documentation and contact you within the next 24 hours to review the next steps.

    ❑ **Property IS NOT listed, but funds will be from other sources:**
    If property is not listed and you are obtaining funds through other sources (e.g., refinance, cash settlement, etc.), please provide us with information on the source of funds:

Plaintiffs'
Exhibit # **084**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

OCWEN

❑ Cash settlement:    $_____
Explain source of funds:

_____
_____
_____
_____

❑ Refinance:
Loan Amount:    $_____
Appraised Value:    $_____

❑ Written offer for short sale (specific dollar figure offered to Ocwen)

     I offer Ocwen    $_____

❑ Copy of fully executed Real Estate contract, if applicable.

❑ Copy of demand letters/payoff quotes from **all** lien holders.

     ❑ **There are no other liens or judgments**
     ❑ **There are other liens or judgments**

**NOTE: Ocwen will not typically discount our outstanding debt in order to satisfy other subordinate lien holder's debt.**

❑ Access authorization for Interior Market Analysis for subject property. (Attached as Exhibit D)

❑ Draft copy of HUD-1 Settlement Statement for pending sale reflecting offer to Ocwen.

❑ Name of Closing Agent who will be handling the closing and telephone number.

Name:    _____
Telephone #:    _____

**Please fax this information to the Home Retention Department at (407) 737-5071.**

**Please understand that Ocwen will not postpone a confirmed foreclosure sale for the possibility of a short sale.**

**Plaintiffs'
Exhibit # 084**

70393368

SSPKEFM.23

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

O C W E N

WWW.OCWEN.COM

## EXHIBIT A

### Authorization to Release Information

Borrower Name: _____

Borrower Address: _____

Property Address: _____

First Mortgage Holder: _____

First Mortgage Acct # : _____

I / We hereby authorize you to release to Ocwen Loan Servicing, LLC or its agents and assigns any and all information or documentation that may be requested about the above-referenced loan/account or the above referenced property. "Agents" shall include, but not be limited to, all real estate agents, attorneys, their assistants and junior lien holders. A copy of this authorization may be accepted as an original.

_____          _____
Borrower Signature                              Social Security Number

_____          _____
Printed Name                                       Date

_____          _____
Borrower Signature                              Social Security Number

_____          _____
Printed Name                                       Date

**Please fax this information to the Home Retention Department at (407) 737-5071.**

<u>Notice of Confidentiality:</u>
This is intended solely for the use of the addressee hereof. In addition, this document may contain information that is confidential, privileged or exempt from disclosure requirements under applicable law. If you are not the intended recipient of this document, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using the information contained in this document or the document itself. Delivery of this document to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this document in error, please promptly notify the sender.

**Plaintiffs' Exhibit # 084**

70393368                                                                    SSPKEFM.23
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

**OCWEN**

**EXHIBIT B**

**Hardship Explanation Letter**

Borrower Name: _____

Property Address: _____

Loan Number: _____

Please explain hardship situation or reason for request:

_____

_____

_____

_____

_____

_____

Should Ocwen agree to accept a short sale or discount payoff, you may be expected to repay the remaining balance due on your account (difference between the total debt owed and the agreed discount payoff amount).   Please explain your intentions to repay this remaining balance and check the appropriate boxes below:

_____

_____

_____

❑   I/We are willing to sign an unsecured note for the remaining delinquency balance not paid through the short sale proceeds.

❑   I/We acknowledge that we will not be receiving any sale proceeds from the sale of the subject property.

_____          _____
Borrower Signature                                    Social Security Number

_____          _____
Printed Name                                           Date

_____          _____
Borrower Signature                                    Social Security Number

_____          _____
Printed Name                                           Date

**Please fax this information to the Home Retention Department at (407) 737-5071.**

**Plaintiffs'
Exhibit #   *084***

SSPKEFM.23

70393368

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

**OCWEN**

# EXHIBIT C
## Please fax this information to (407) 737-5071

**LAST NAME:** _____  **LOAN NUMBER:** _____

| OCWEN FINANCIAL FORM | | | |
|---|---|---|---|
| **1. CURRENT EMPLOYMENT INFORMATION** | **Borrower** | **Co-Borrower** | **Co-Borrower** |
| Borrower Name | | | |
| Name of Employer / Self Employed or Unemployed | | | |
| Position / Title | | | |
| Hire Date | | | |
| Business Phone (With area code) | | | |
| How often are you paid? ■ Weekly ■ Every other week ■ Monthly ■ Twice a month | | | |
| **2. INCOME RECEIVED PER MONTH** | **Borrower** | **Co-Borrower** | **Co-Borrower** |
| GROSS Pay Stubs (Before payroll deductions) | $ | $ | $ |
| NET Pay Stubs (Gross minus payroll deductions) | $ | $ | $ |
| Overtime Pay (Average per month and not included in above) | $ | $ | $ |
| Commissions (Average per month and not included in above) | $ | $ | $ |
| Bonus (Average per month and not included in above) | $ | $ | $ |
| Tips (Average per month and not included in above) | $ | $ | $ |
| Self Employed Income | $ | $ | $ |
| Social Security | $ | $ | $ |
| Disability | $ | $ | $ |
| Retirement | $ | $ | $ |
| Death Benefit | $ | $ | $ |
| Pension | $ | $ | $ |
| Alimony | $ | $ | $ |
| Child Support | $ | $ | $ |
| Unemployment | $ | $ | $ |
| Public Assistance | $ | $ | $ |
| GROSS Rental Income (See Section 7 below) | $ | $ | $ |
| Other Income | $ | $ | $ |
| Description of Other Income: | | | |
| **3. COMBINED ASSETS** | **Borrower** | **Co-Borrower** | **Co-Borrower** |
| Total Checking Account(s) | $ | $ | $ |
| Total Savings Account(s) / Money Market | $ | $ | $ |
| Stocks / Bonds / CD's | $ | $ | $ |
| 401k / Employee Stock Ownership Plan | $ | $ | $ |
| Car(s) (Estimated value less any loans outstanding) | $ | $ | $ |
| Life Insurance (Whole Life / Term) | $ | $ | $ |
| IRA / Keogh Accounts | $ | $ | $ |
| Other Assets (For Real Estate Complete Section 7 below) | $ | $ | $ |
| Description of Other Assets: | | | |

| **4. HOUSING EXPENSES PAID PER MONTH** (For the property related to this application) | | **5. LIVING EXPENSES PAID PER MONTH** | | **6. MISCELLANEOUS EXPENSES PAID PER MONTH** | |
|---|---|---|---|---|---|
| 1st Mortgage Payment (P & I) | $ | Health Insurance | $ | Bank / Finance Loan Payments | $ |
| 2nd Mortgage Payment (P & I) | $ | Medical Bills | $ | Credit Card Payments | $ |
| Monthly Hazard / Homeowners Ins. | $ | Food | $ | Student Loan Payments | $ |
| Electric / Gas | $ | Auto Loan (1) | $ | Charitable Contributions | $ |
| Phone / Cell Phone | $ | Auto Loan (2) | $ | Personal / Life Insurance | $ |
| Water & Sewer | $ | Auto Insurance | $ | Club / Union Dues | $ |
| Home Repair | $ | Auto Gas | $ | Cable TV | $ |
| Home Maintenance | $ | Auto Maintenance | $ | Religious Contributions | $ |
| Homeowners Association Dues | $ | Child Care | $ | Dry Cleaning | $ |
| Monthly Property Tax Payment | $ | Child Support Paid | $ | Clothing | $ |
| Estimated Market Value | $ | Alimony Paid | $ | Entertainment | $ |
| Other Expenses | $ | Other Expenses | $ | School Tuition | $ |
| Description of Other Expenses: | | Description of Other Expenses: | | | |

| ACKNOWLEDGMENT AND AGREEMENT |
|---|
| Certification:  I/We certify that the information provided in this Request for Financial Information is true and correct as of the date set forth opposite my/our signature(s) on this form and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained on this form may result in civil liability and/or criminal penalties. I (We) authorize OCWEN to verify this information, including verification of employment and account balances. |

| Borrower's Signature | Date | Co-Borrower's Signature(s) | Date |
|---|---|---|---|
| | | | |

70393368

Plaintiffs' Exhibit # **084**

SSPKEFM.23

*This communication is from a debt collector attempting to collect a debt; a. ____ed for that purpose.*
*However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

OCWEN

LAST NAME: _____  LOAN NUMBER: _____

### OCWEN FINANCIAL FORM – Page 2

## SECTION 7. – RENTAL INCOME – MUST BE COMPLETED FOR RENTAL INCOME TO BE CONSIDERED
**(This section should include Investment Properties and Second Homes.)**

| 7. RENTAL INCOME | Property 1 | Property 2 | Property 3 | Property 4 |
|---|---|---|---|---|
| 1st Mortgage Payment (Monthly  P & I) | $ | $ | $ | $ |
| 2nd Mortgage Payment (Monthly P & I) | $ | $ | $ | $ |
| Total Mortgage Balance(s) + Any Liens + Judgments | $ | $ | $ | $ |
| Monthly Hazard/Homeowners Insurance  & Tax Expense | $ | $ | $ | $ |
| Monthly Maintenance Expense | $ | $ | $ | $ |
| Estimated Market Value | $ | $ | $ | $ |
| GROSS Monthly Rental Income | $ | $ | $ | $ |

## GENERAL INSTRUCTIONS TO COMPLETE FINANCIAL FORM
The Financial Form should be completed for each borrower whose income is used to pay the Loan.

1. **CURRENT EMPLOYMENT INFORMATION**
   - Borrowers should only complete requested employer information if they are currently working for employer.
   - Borrowers who are not currently employed should indicate they are "Unemployed" in the box provided.

2. **INCOME RECEIVED PER MONTH**
   - *All* figures should represent the total amount received in a month for that income category.
   - *GROSS Pay Stubs* – This is the amount of compensation received by an employee each month before any deductions are made for taxes, health benefits, 401k contributions, etc.
   - *NET Pay Stubs* – This is the amount of compensation received by the employee each month after all deductions are made for taxes, health benefits, 401k contributions, etc.  This would be the actual dollar amount on the pay check or amount deposited into the employee's bank account, if direct deposit is used.
   - *Overtime Pay, Commissions and Bonuses* – This should be based on a monthly average since the amount received can vary on a monthly basis.  For example, if bonus income of $1,200 is received on an annual basis, the amount entered should be $100 ($1,200 divided by 12 months = $100).
   - *Self Employed Borrowers* – The total amount of income received per month should be tied back to the Profit and Loss Statement to be provided under the Document Checklist.  A Profit and Loss Statement is a financial statement that summarizes the revenues, costs and expenses incurred during a specific period of time - usually a fiscal quarter or year.
   - *Alimony and Child Support* – Alimony and child support need not be revealed if the Borrower or Co-Borrower(s) do not choose to have it considered for repaying this loan.
   - *GROSS Rental Income* – The total amount of rental income includes all rental income received from space rented within the subject property as well as any additional investment properties or second homes identified in Section 7.

3. **COMBINED ASSETS**
   - Total account balances for checking, savings or money market accounts should be entered under the specified account type.
   - An Employee Stock Ownership Plan (ESOP) is an employee benefit plan which makes the employees of a company owners of stock in that company.
   - Real Estate assets such as investment properties or if you own a second home should be entered in Section 7.

4. **HOUSING EXPENSES PAID PER MONTH**
   - Expenses input in this section should be for the property that is subject to the note and mortgage for which the borrower is seeking financial assistance from Ocwen.
   - *Monthly Property Tax Payment* – The amount entered should be your annual property tax assessment divided by 12 months.  For example, if your property taxes for 2009 on the subject property are $6,000, then the amount you should enter would be $500 ($6,000 divided by 12 months = $500).  If your loan includes an escrow payment for property taxes, then the amount paid in escrow each month for property taxes should be input into the box provided.

Plaintiffs' Exhibit # 084

SSPKEFM.23

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

OCWEN

**EXHIBIT D**

**Authorization to Access Property**

Borrower Name: _____

Borrower Address: _____

Property Address: _____

Contact Name of Person to Gain Access to Property: _____

Is property on Lockbox? ❏ No ❏ Yes    If Yes, Lockbox Combination? _____

Telephone number of contact: _____

I/We hereby authorize release to Ocwen Loan Servicing, LLC or its agents to access the subject property for the purposes of obtaining an interior market analysis/appraisal in consideration for a discounted payoff. "Agents" shall include, but not be limited to, all real estate agents, attorneys, their assistants and junior lien holders. A copy of this authorization may be accepted as an original.

_____        _____
Borrower Signature                                        Social Security Number

_____        _____
Printed Name                                                    Date

_____        _____
Borrower Signature                                        Social Security Number

_____        _____
Printed Name                                                    Date

**Please fax this information to the Home Retention Department at (407) 737-5071.**

**Notice of Confidentiality:**
This is intended solely for the use of the addressee hereof. In addition, this document may contain information that is confidential, privileged or exempt from disclosure under applicable law. If you are not the intended recipient of this document, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this document. Delivery of this document to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this document in error, please promptly notify the sender.

**Plaintiffs'
Exhibit #** *084*

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*



O C W E N

WWW.OCWEN.COM

03/18/11

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047

Loan Number:        70393368
Property Address:      6 Hickory Lane
                    Hawthorn Woods, IL 60047

Dear Borrower (s):

## GRACE PERIOD NOTICE

YOUR LOAN IS MORE THAN 30 DAYS PAST DUE. YOU MAY BE EXPERIENCING FINANCIAL DIFFICULTY. IT MAY BE IN YOUR BEST INTEREST TO SEEK APPROVED HOUSING COUNSELING. YOU HAVE A GRACE PERIOD OF 30 DAYS FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING COUNSELING. DURING THE GRACE PERIOD, THE LAW PROHIBITS US FROM TAKING ANY LEGAL ACTION AGAINST YOU.

YOU MAY BE ENTITLED TO AN ADDITIONAL 30 DAY GRACE PERIOD IF YOU OBTAIN HOUSING COUNSELING FROM AN APPROVED HOUSING COUNSELING AGENCY. A LIST OF APPROVED COUNSELING AGENCIES MAY BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION. **The Department of Financial and Professional Regulation's website is http://www.idfpr.com. The Department's consumer hotline number is (800) 532-8785.**

Our contact information is as follows:
Telephone Number: (877) 596-8580
Fax Number:       (407) 737-5693
Mailing Address:  1661 Worthington Road, Suite 100
                  West Palm Beach, Florida 33409

Sincerely,

Ocwen Loan Servicing, LLC

ILGRACE.5

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

Plaintiffs'
Exhibit # **085**

**CHASE** 

March 25, 2011 through April 26, 2011
Primary Account: ▓▓▓▓▓▓▓

## ATM & DEBIT CARD WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/28 | ATM Withdrawal      03/26 1 1St Bank Plaza Lake Zurich IL Card 7941 | $ |
| 04/06 | Card Purchase       04/04 Exxonmobil   974732 Lake Zurich IL Card 7941 | |
| 04/18 | Card Purchase With Pin  04/16 Usps 1642849550/Usps Lake Zurich IL Card 7941 | |
| 04/18 | Card Purchase With Pin  04/16 Usps 1642849550/Usps Lake Zurich IL Card 7941 | |
| **Total ATM & Debit Card Withdrawals** | | |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/28 | 03/28 Online Payment 1040095069 To Chase Auto Finance | $ |
| 03/28 | Chase      Epay   1093384524   Web ID: | |
| 04/04 | 04/04 Online Payment 1072473112 To US Department of Education | |
| 04/04 | 04/04 Online Payment 1072472217 To Commonwealth Edison | |
| 04/04 | 04/04 Online Payment 1072473111 To Nicor | |
| 04/04 | 04/04 Online Payment 1072473113 To Waste Management | |
| 04/05 | Midland National Insurance      PPD ID: | |
| 04/11 | 04/11 Online Payment 1078050587 To Ocwen Loan Servicing | 300.00 |
| 04/11 | 04/11 Online Payment 1077289766 To Comcast Cable | |
| 04/11 | Chase      Epay   1100449180   Web ID: | |
| 04/13 | Midland National Insurance      PPD ID: | |
| 04/18 | Chase      Epay   1104697870   Web ID: | |
| 04/26 | 04/26 Online Payment 1090166282 To Commonwealth Edison | |
| 04/26 | 04/26 Online Payment 1090166281 To Comcast Cable | |
| 04/26 | 04/26 Online Payment 1090163507 To Lake County Department of Public | |
| 04/26 | 04/26 Online Transfer To Bac Xxxxxxxxxxx9562 Transaction#: | |
| **Total Electronic Withdrawals** | | |

*Handwritten: LAST PAYMENT BEFORE $1.00 NEXT MONTH*

## FEES AND OTHER WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 04/19 | 04/19 Withdrawal | $97.30 |
| **Total Fees & Other Withdrawals** | | $97.30 |

## CHASE MONEY MARKET SAVINGS

JOZEF GAJEWSKI                                    Account Number: ▓▓▓▓▓▓

OR WIESLAWA GAJEWSKI

### SAVINGS SUMMARY

| | AMOUNT |
|---|--------|
| Beginning Balance | $101.16 |
| Ending Balance | $101.16 |
| Annual Percentage Yield Earned This Period | 0.00% |

Plaintiffs' Exhibit # 086



**Detached Single**    MLS #: **07778243**    List Price: **$365,000**
Status: **ACTV**    List Date: **04/12/2011**    Orig List Price: **$390,000**
Area: **47**    List Dt Rec: **04/12/2011**    Sold Price:
Address: **6 Hickory Ln , Hawthorn Woods, Illinois 60047**
Directions: **OLD MIDLOTHIAN TO HAWTHORN - NORTH , TO HICKORY- NE**
Sold by:    Lst. Mkt. Time: **42**
Closed:    Contract:    Points:
Off Market:    Financing:    Contingency:
Year Built: **1961**    Blt Before 78: **Yes**    Curr. Leased:
Dimensions: **128X242X135X308**
Ownership: **Fee Simple**    Subdivision:    Model:
Corp Limits: **Hawthorn Woods**    Township: **Ela**    County: **Lake**
Coordinates: **N:24 W:20**
Rooms: **7**    Bathrooms **2 / 0** (full/half):    # Fireplaces: **2**    Parking: **Garage**
Bedrooms: **3**    Master Bath: **None**
Basement: **Walkout**    Bsmnt. Bath: **Yes**    # Spaces: **Gar:2**    Parking Incl: **Yes**    In Price:

Remarks: **WOW! GEORGE MATSUMOTO STYLED HOME - "PIECE OF JAPAN" - LOCATED ON WOODED AND SECLUDED SITE - WITH WALK OUT LOWER LEVEL ONTO A JAPANESE STYLE GARDEN WITH MULITI-LEVELED LANDSCAPING CHARMED WITH A WATER FALL. MAIN LEVEL BALCONY CONNECTED TO DECK OVER GARAGE. IT IS DEFINETLY NOT A DRIVE BY AND A MUST SEE AND A YEAR ROUND VACATION SPOT. SHORT SALE ALLOW AMPLE TIME FOR APPROVAL.**

| School Data | Assessments | Tax | Miscellaneous |
|---|---|---|---|
| Elementary: **Fremont (79)** | Amount: **$0** | Amount: **$6,410** | Waterfront: **No** |
| Junior High: **Fremont (79)** | Frequency: **Not Applicable** | PIN: **14104110020000** | Appx SF: **2342** |
| High School: **Adlai E Stevenson (125)** | | Mult PINs: | SF Source: **Assessor** |
| Other: | Special Assessments: **No** | Tax Year: **2009** | Acreage: |
| | Special Service Area: **No** | Tax Exmps: **Homeowner** | |
| | Master Association: **No** | | |

| Room Name | Size | Level | Flooring | Win Trmt | Room Name | Size | Level | Flooring | Win Trmt |
|---|---|---|---|---|---|---|---|---|---|
| Living Room | 29X16 | Main Level | Hardwood | | Master Bedroom | 13X10 | Main Level | | |
| Dining Room | 11X09 | Main Level | Hardwood | | 2nd Bedroom | 10X08 | Main Level | | |
| Kitchen | 10X09 | Main Level | Hardwood | | 3rd Bedroom | 12X10 | Main Level | | |
| Family Room | 26X16 | Lower | Ceramic Tile | | 4th Bedroom | | Not Applicable | | |
| Laundry Room | | | | | | | | | |

Interior Property Features: **Hardwood Floors**
Exterior Property Features: **Balcony, Deck, Roof Deck**

| | | |
|---|---|---|
| Age: **41-50 Years** | Additional Rooms: **No additional rooms** | Roof: **Tar and Gravel** |
| Type: **1 Story** | Garage Ownership: **Owned** | Sewer: **Septic-Private** |
| Style: **Contemporary** | Garage On Site: **No** | Water: **Lake Michigan** |
| Exterior: **Frame** | Garage Type: **Attached** | Const Opts: |
| Air Cond: **2 (Window/Wall Unit)** | Garage Details: | General Info: **None** |
| Heating: **Gas, Hot Water/Steam, Baseboard, Radiant** | Parking Ownership: | Amenities: |
| Kitchen: **Galley** | Parking On Site: | Asmt Incl: **None** |
| Appliances: | Parking Details: | HERS Index Score: |
| Dining: **L-shaped** | Driveway: | Green Discl: |
| Attic: | Foundation: **Concrete** | Green Rating Source: |
| Basement Details: **Finished** | Exst Bas/Fnd: | Green Feats: |
| Bath Amn: | Disability Access: **No** | Sale Terms: |
| Fireplace Details: **Wood Burning** | Disability Details: | Possession: **Closing** |
| Fireplace Location: **Living Room, Basement** | Exposure: | Occ Date: |
| Electricity: **Circuit Breakers** | Lot Size: **.50-.99 Acre** | |
| Equipment: | Lot Desc: | |

Agent Remarks: **CC: Pursuant to Short Sale.**

Internet Listing: **All**    Remarks on Internet?: **Yes**    Addr on Internet?: **Yes**
VOW AVM: **No**    VOW Comments/Reviews: **No**
Listing Type: **Exclusive Right to Sell**    Holds Earnest Money: **Yes**    Lock Box:
Coop Comp: **2.5%-$200 (on Net SP)**    Addl Sales Info.: **Short Sale**    Special Comp Info: **Short Sale**
Showing Inst: **CALL L.O AFTER OFFICE HRS CALL CO-LISTER**    Expiration Date:
Mgmnt. Co:    Contact Name:    Phone:
Owner: **OOR**    Ph #:    Agent Owned/Interest?: **No**
Broker: **Landmark Realtors, Inc. (12664)**    Ph #: **(773) 467-8500**    Team:
List Agent: **Anya Dudzik (106590)**    Ph #:    Email: **anya.dudzik@gmail.com**
Co-lister: **Elizabeth Halemba**    Ph #: **(847) 977-4429**    More Agent Contact Info:

Copyright 2011 MRED LLC - The accuracy of all information, regardless of source, including but not limited to square footages and lot sizes, is deemed reliable but not guaranteed and should be personally verified through personal inspection by and/or with the appropriate professionals.

MLS #: 07778243    Prepared By: Elizabeth Halemba | Landmark Realtors, Inc. | 05/23/2011 12:05 PM

**Plaintiffs' Exhibit #087**

Ocwen Loan Servicing, LLC
www.ocwen.com

NMLS # 1852

**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 04/13/2011 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| | Page 1 |

## Special Notices

Happy Birthday! Your home is turning another year older. And so are all your systems and appliances. Return the enclosed TotalProtect invitation by 7/31/11 to see how to save lots of money when breakdowns start to happen.

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Current Escrow Balance: | 91.89 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments: | 1,575.80 |
| Recently Assessed Amounts: | |
| March- 2011 Late Charges: | 87.41 |
| 03/23/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 340.39 |
| Interest: | 1,407.90 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 05/01/11: | 2,439.35 |
| Past Due Amount: | |
| Principal: | 677.18 |
| Interest: | 2,819.40 |
| Escrow | 1,575.80 |
| Past Due Amounts DUE IMMEDIATELY: | 5,072.38 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges | 262.23 |
| Prev-Property Inspection Fee: | 10.50 |
| Total Fees/Expense Outstanding: | 272.73 |
| Total Amount Due: | 7,784.46 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|------|-------------|-----------|----------|--------|----------|--------------|------------|----------|-------|
| 04/13/11 | Payment | 336.80 | 1,411.49 | 787.90 | .00 | .00 | .00 | -2,236.19 | 300.00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

**Plaintiffs'
Exhibit #  088**

**OCWEN**

April 14, 2011

VIA First Class Mail
VIA Certified Mail (return receipt requested)
Certified Number: 71069017515140965942
Reference Code: 1104

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047-0000

Loan Number:        70393368
Property Address:   6 Hickory Lane , Hawthorn Woods, IL 60047-0000

**NOTICE OF DEFAULT**

**AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA:**
Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Borrower (s):          **SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY**

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property. Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because OCWEN has not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

If you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose. The debt is owed to OCWEN as the owner or servicer of your home loan and mortgage.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by OCWEN. If you notify OCWEN in writing within thirty (30) days that the debt or a portion of the debt is disputed, OCWEN will send you verification of the debt. If you would like to obtain such verification, direct your request in writing to the Loan Resolution Consultant within thirty (30) days. The failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Your mortgage payments are past due, which puts you in default of your loan agreement. As of **April 14, 2011**, you owe the following:

| | |
|---|---|
| Principal and Interest | $ 3,496.58 |
| Interest Arrearage | $ 0.00 |
| Escrow | $ 1,575.80 |
| Late Charges | $ 262.23 |
| Insufficient Funds Charges | $ 0.00 |
| Fees / Expenses | $ 10.50 |
| Suspense Balance (CREDIT) | $ 96.84 |
| Interest Reserve Balance (CREDIT) | $ 0.00 |

Plaintiffs'
Exhibit # **089**

DEMAND05.25

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*



**OCWEN**

WWW.OCWEN.COM

TOTAL DUE.......................................... **$ 5,248.27**

On or before May 14, 2011, you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice. Any payment(s) that become due in the interim must also be included.

Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action (if possible). You have the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure.

OCWEN will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once your written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by OCWEN to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING PAYMENT, YOU MAY WISH TO CALL US TO VERIFY THE EXACT AMOUNT DUE.**

A HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at **(800) 569-4287** or consult HUD's website at **www.HUD.gov**.

If you are unable to bring your account current, I urge you to call us immediately to discuss possible alternatives to foreclosure.

**If you have the desire to remedy this situation, we want to assist you in trying to reach that goal. OCWEN would like to present you with some of the alternatives that might be available regarding your delinquent mortgage loan. While our primary objective is the collection of past due amounts on your loan, we want to work with you to find the best available alternative for you to bring your mortgage loan obligation current.**

Please visit our website @www.Ocwen.com where you can review your account and enter your financial information at your convenience.

This communication is regarding your loan originated on 04/18/2008 and secured by the property located at 6 Hickory Lane, Hawthorn Woods, IL 60047, which was service transferred to Ocwen Loan Servicing, LLC on 11/16/2009.

Sincerely,

Ocwen Loan Servicing, LLC
Toll Free Phone: 800-310-9229

**ADDRESS WRITTEN CORRESPONDENCE TO:**
Research Department
Ocwen Loan Servicing, LLC
P.O. Box 24736
West Palm Beach, FL 33416-4736

**PAYMENT REMITTANCE INFORMATION (always include Loan # 70393368 with your payment)**

| Money Gram | Overnight Address | VIA Regular Mail |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| City: Orlando | 1661 Worthington Road, Suite 100 | P.O. Box 6440 |
| St: FL | West Palm Beach, FL 33409 | Carol Stream, IL 60197-6440 |
| Loan # 70393368 | Attention: Cashiering Department | |

**Plaintiffs'
Exhibit # 089**

DEMAND05.25

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

**O C W E N**

04/14/11

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047

Loan Number:      70393368
Property Address:    6 Hickory Lane
                    Hawthorn Woods, IL 60047

Dear Borrower (s):

## GRACE PERIOD NOTICE

YOUR LOAN IS MORE THAN 30 DAYS PAST DUE. YOU MAY BE EXPERIENCING
FINANCIAL DIFFICULTY. IT MAY BE IN YOUR BEST INTEREST TO SEEK
APPROVED HOUSING COUNSELING. YOU HAVE A GRACE PERIOD OF 30 DAYS
FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING
COUNSELING. DURING THE GRACE PERIOD, THE LAW PROHIBITS US FROM
TAKING ANY LEGAL ACTION AGAINST YOU.

YOU MAY BE ENTITLED TO AN ADDITIONAL 30 DAY GRACE PERIOD IF YOU
OBTAIN HOUSING COUNSELING FROM AN APPROVED HOUSING
COUNSELING AGENCY. A LIST OF APPROVED COUNSELING AGENCIES MAY
BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND
PROFESSIONAL REGULATION.
**The Department of Financial and Professional Regulation's website is
http://www.idfpr.com. The Department's consumer hotline number is (800) 532-8785.**

Our contact information is as follows:
Telephone Number: (877) 596-8580
Fax Number:      (407) 737-5693
Mailing Address:   1661 Worthington Road, Suite 100
                 West Palm Beach, Florida 33409

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs'
Exhibit #** *090*

ILGRACE 5
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that
purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is
intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

1/26/11



OCWEN

## Ocwen Loan Servicing, LLC
### HELPING HOMEOWNERS IS WHAT WE DO!™
### WWW.OCWEN.COM

LAST NAME: GAJEWSKI          LOAN NUMBER: 703 933 68

### REASON FOR HARDSHIP CONTINUED

**Other reasons – Provide details below under "Explanation"**

| BWR | CO-BWR | CO-BWR | |
|-----|--------|--------|--|
| ☐ | ☐ | ☐ | *Due to military service* |
| ☐ | ☐ | ☐ | *Due to incarceration* |
| ☒ | ☐ | ☐ | *Other* ⊗ |

### HOMEOWNER'S HOTLINE

*If you have questions about this document or the modification process, please call your servicer.*

*If you have questions about the program that your servicer cannot answer or need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.*

**888-995-HOPE™**
Homeowner's HOPE™ Hotline

### NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to Lender in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

⊗ RECENTLY MY INCOME HAS BEEN REDUCED AS I LOST SOME STUDENTS (MOVING AND/OR PARENTS LOST JOBS); EXPENSES HAS INCREASED (GAS, ELECTRICITY, INTERNET, PLUS LOCAL GOVERNMENT TAX ADED TO UTILITY BILLS, MY FATHER IN LAW PASSED AWAY THIS WEEK, WE FLY TO EUROPE FOR HIS FUNERAL TODAY (1/26/11). I LEARNED THAT NEITHER OF MY HAMP APPLICATIONS QUALIFY:
JAN/25/10 — INCOME TO HIGH
SEPT/30/10 — INCOME TO LOW.

**Plaintiffs' Exhibit # 091**

CONTINUE NEXT PAGE

2

AS OCWEN DENIED MY BOTH HAMP MOD.
APPLICATIONS TB&W AND CENLAR AFTER
LONG WAITING JUST TRANSFERED, MEANWHILE
MY LAST PAYMENT TO TB&W WAS LOST OR
STOLEN AS OCWEN ENCLOSURES CHART
DOES NOT SHOW MY PAYMENT, BUT SHOWS LATE
FEES AND MANY OTHER FEES.
AS I DO NOT QUALIFY FOR HAMP MOD.
I WOULD LIKE TO AVOID FORECLOSURE, I WILL
BE OUT OF THE STATES FOR FUNERAL FOR
ABOUT TEN DAYS, MEANWHILE PLEASE
SEND ME "DEED IN LIEU" PACKAGE.

SINCERELY,
P. Yajeul          4/26/11

Ⓧ LOST OR STOLEN

## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 07/30 | Chase       Epay   761245371    Web ID: 5760039224 | $200.00 |
| 08/30 | Online Payment 601782163 To Tb &W | 2,357.53 |
| 08/04 | Online Payment 601782169 To US Department of Education | 368.73 |
| 08/04 | Chase       Epay   764056865    Web ID: 5760039224 | 200.00 |
| 08/04 | Online Payment 601782143 To Commonwealth Edison | 84.16 |
| 08/04 | Online Payment 601782142 To Comcast Cable | 65.26 |
| 08/04 | Online Payment 601782145 To DR. Anthony Terrasse | 50.00 |
| 08/04 | Online Payment 601782140 To Anesthesia Consultants Ltd | 50.00 |
| 08/04 | Online Payment 601782147 To Herbert H Beck MD | 50.00 |
| 08/04 | Online Payment 601782149 To Lake Forest Hospital | 50.00 |
| 08/04 | Online Payment 601782152 To Lake County Department of Public | 34.54 |
| 08/04 | Online Payment 601782161 To Poltel Llc | 30.03 |
| 08/04 | Online Payment 601782155 To Nicor | 16.93 |
| 08/04 | Online Payment 601782141 To Chicago Tribune | 13.00 |
| 08/05 | Midland National Insurance          PPD ID: 0460164570 | 81.42 |

Plaintiffs'
Exhibit #   091

Jozef Gajewski
6 Hickory Rd
Hawthorn Woods, IL 60047

joegajewski@comcast.net

May 12, 2011

OCWEN Loan Servicing, LLC

Loan No. 70393368

Dear Sir or Madam:

Please find payment of $1.00 to be added to my payment dated August 4th, 2009 and credited as a recent payment.

My payment to TB&W on August 4th, 2009 in amount of $2,357.53 was either lost or stolen.

The following OCWEN fees of $24,363.77 should be enough to cover payments for approximately next 10 months.

Sincerely,

J. Gajewski

**Plaintiffs' Exhibit #** *092*

00002623601  4444444881  000000070393368  50  002536191

JOZEF GAJEWSKI

Account Number: 0070393368

**Payment Coupon**

OCWEN

Check box if your contact information
has changed, update on the back

| | | |
|---|---|---|
| **AMOUNT DUE** | $ | 2,536.19 |
| If received after 09/16/2010 add Late Charge of: | $ | 87.41 |
| Total Amount Due with Late Charge: | $ | 2,623.60 |
| Additional Principal: | $ | |
| Additional Escrow: | $ | |
| Late Charges: | $ | |
| Other: (Please Specify) | $ | |
| Total Enclosed: | $ | 1.00 |

Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.

If this payment is made via automatic drafting, this statement is for informational purposes only.

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

**Plaintiffs'
Exhibit #** *092*



**Plaintiffs' Exhibit #** *092*

**(X) PAYMENT LOST OR STOLEN**

## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/30 | Chase  Epay  761245371  Web ID: 5760039224 | $200.00 |
| 08/04 | Online Payment 601782163 To Tb &W | 2,357.53 |
| 08/04 | Online Payment 601782169 To US Department of Education | 368.73 |
| 08/04 | Chase  Epay  764056865  Web ID: 5760039224 | 200.00 |
| 08/04 | Online Payment 601782143 To Commonwealth Edison | 84.16 |
| 08/04 | Online Payment 601782142 To Comcast Cable | 65.26 |
| 08/04 | Online Payment 601782145 To DR. Anthony Terrasse | 50.00 |
| 08/04 | Online Payment 601782140 To Anesthesia Consultants Ltd | 50.00 |
| 08/04 | Online Payment 601782147 To Herbert H Beck MD | 50.00 |
| 08/04 | Online Payment 601782149 To Lake Forest Hospital | 50.00 |
| 08/04 | Online Payment 601782152 To Lake County Department of Public | 34.54 |
| 08/04 | Online Payment 601782161 To Poltel Llc | 30.03 |
| 08/04 | Online Payment 601782155 To Nicor | 16.93 |
| 08/04 | Online Payment 601782141 To Chicago Tribune | 13.00 |
| 08/05 | Midland National Insurance  PPD ID: 0460164570 | 81.42 |

Plaintiffs' Exhibit # 092

OCWEN Loan Servicing, LLC
P.O. Box 785063
Orlando, FL 32878-5063
(Do not send any correspondence or payment to the above address)

WWW.OCWEN.COM

08/04/2009 CHASE PAYMENT OT OF $2,357.53
LOST OR STOLEN REF # 601782163

**Plaintiffs'**
**Exhibit # 092**

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Loan Number:70393368

RRCMAINLTRM4.15    3

⊙ OCWEN
OCWEN *Loan Servicing, LLC*
P.O. Box 785063
Orlando, FL 32878-5063
*(Do not send any correspondence or payment to the above address)*

WWW.OCWEN.COM

November 11, 2010

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047

RE: Loan Number: 70393368
Property Address: 6 Hickory Lane
Hawthorn Woods, IL 60047

Dear Jozef Gajewski :

Ocwen would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You requested for an explanation regarding the increase in your Unpaid Principal Balance to $403,185.30 after modification. You also wanted an explanation over the negative amortization reflected in the account statement dated June 29, 2010.

**Response** We acquired the servicing rights of the loan on November 16, 2009, from Taylor Bean and Whitaker Mortgage Corporation with the loan due for the August 1, 2009 payment. Your loan had the Unpaid Principal Balance of $382,541.62 at the time of transfer of servicing rights of the loan. As a result of the payment delinquency, fees were incurred by Ocwen that were then assessed to the loan for repayment. Had the loan not become delinquent, these fees would not have been incurred. All fees and costs associated with these actions were assessed in accordance with the terms and conditions of the original Mortgage and Note.

Our records indicate that the loan was modified on May 10, 2010. Prior to the loan modification, the unpaid principal balance was $382,541.62. The new unpaid principal balance after modification was $403,185.30. All the delinquent payment(s) and the outstanding fees were added to the new Unpaid Principal Balance at the time of modification. Following items were added to the Unpaid Principal Balance during modification:

| Description | Amount |
| --- | --- |
| Unpaid Principal Balance Prior to Modification | $382,541.62 |
| Interest Arrearage | $17,497.68 |
| Late Charges | $235.76 |
| Foreclosure Fee | $1,000.00 |
| Foreclosure Expenses | $1,800.00 |
| Title Report Fee | $350.00 |
| Property Inspection Fee | $21.00 |

**Plaintiffs' Exhibit # 092**

Below chart provides the breakdown of negative amortization of $24,363.77 occurred on your loan due to modification, which has been reflected in your account statement dated June 29, 2010.

RRCMAINI_TEM I3

1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



**O C W E N**

Ocwen Loan Servicing, L
**www.ocwen.com**

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1209/09 13 30 4  0109331 20110518 GE386129 OCWENSTM 1 0Z DOM GE38610000* 149851 MS



JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 05/17/2011 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELO

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9456 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Current Escrow Balance: | 91.89 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Recently Assessed Amounts: | |
| April- 2011 Late Charges: | 87.41 |
| May- 2011 Late Charges: | 87.41 |
| 04/26/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 341.60 |
| Interest: | 1,406.69 |
| Escrow: | 787.90 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 06/01/11: | 2,439.35 |
| Past Due Amount: | |
| Principal: | 1,017.57 |
| Interest: | 4,227.30 |
| Escrow: | 2,363.70 |
| Past Due Amounts DUE IMMEDIATELY: | 7,608.57 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 437.05 |
| Prev-Property Inspection Fee: | 21.00 |
| Total Fees/Expense Outstanding: | 458.05 |
| Total Amount Due: | 10,505.97 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 04/13/11 | Payment | 336.80 | 1,411.49 | 787.90 | .00 | .00 | .00 | -2,236.19 | 300.00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

**Plaintiffs'
Exhibit # 093**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

FOLD AND
DETACH HERE



OCWEN Loan Servicing, LLC
PO Box 24726
West Palm Beach, FL 33416-4726

Website:WWW.OCWEN.COM

O C W E N

May 17, 2011

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Re: INSUFFICIENT TO CURE DEFAULT
    Loan Number: 70393368

Dear Mortgagor(s):

Ocwen recently received funds for your loan in the amount of $    1.00. These funds are being returned in the same form (check, Western Union, MoneyGram, etc.) in which they were received.

These funds are being returned, as they are not sufficient to satisfy the defaulted amount of your loan and no alternative payment arrangements have been agreed to. As indicated in the Notice of Default that was previously sent to you, payments that are less than the amount required to reinstate the mortgage loan will be returned and **will not stop any foreclosure proceedings that have begun.**

To cure the default you must pay the full amount due. To determine the amount due or to discuss other possible alternatives that may be available to avoid a foreclosure sale, you should **contact your Home Retention Consultant immediately at (877)596-8580**.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs' Exhibit #** **094**

This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt.

**JOZEF GAJEWSKI**
6 HICKORY LN.
HAWTHORN WOODS, IL 60047

640

2-1/710
684664485

DATE 5/12/11

PAY TO THE
ORDER OF  OCWEN                                    $ 1.00

ONE DOLLAR                                    DOLLARS

**BANK≡ONE.**
JPMorgan Chase Bank, N.A.
Chicago, Illinois 60670

MEMO 70393368

Plaintiffs'
Exhibit # **094**



O C W E N

*Ocwen Loan Servicing, LLC*

HELPING HOMEOWNERS IS WHAT WE DO! ™

WWW.OCWEN.COM

05/19/11

joegajewski@comcast.net

Loan Number:    70393368
Property Address:  6 Hickory Lane , Hawthorn Woods, IL 60047
Borrower Name:         Jozef Gajewski

RE:  **Short Sale Request Package**

The enclosed materials are being sent in response to your recent inquiry regarding a short sale settlement on the above referenced loan.  Please complete and return this entire package with supporting documentation.

| **Important Information about the Short Sale Process** |
| --- |

- ♦ DO NOT send an incomplete package or your request will not be considered.

- ♦ Send the documents in the same format as this package as any document substitutions will delay the process.

- ♦ Submission of this information is not a guarantee that a short sale payoff will be accepted.

- ♦ The processing and review of the documentation you provide generally takes 20-30 days.

- ♦ Your submission will NOT result in an automatic stoppage of any foreclosure proceedings, including those with a confirmed sale date.  **No postponement of any foreclosure sale will be approved and if a foreclosure sale is set, we must have funds prior to the scheduled foreclosure sale date.**

- ♦ If the loan qualifies for a short sale under the Home Affordable Foreclosure Alternatives Program (HAFA), you may be exempt from the above statements related to foreclosure.  As such, please ensure all of the enclosed documentation is complete so that the loan can be evaluated for this program.

If you have not previously contacted us regarding eligibility for a loan modification, you should consider this alternative. Under the Home Affordable Modification Program (HAMP), you may qualify for a modification with affordable and sustainable monthly payments that would allow you to keep your home.  Please contact us within 14 days of the date of this request if you would like to be considered for a loan modification.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs'**
**Exhibit #** **095**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS #: 1852



O C W E N

### *Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
WWW.OCWEN.COM

## What is the Home Affordable Foreclosure Alternative (HAFA) Program – Short Sale?

For homeowners looking for help selling their home and avoiding foreclosure, the federal government has introduced the Home Affordable Foreclosure Alternatives (HAFA) Program to help. As the mortgage servicer, we are offering the opportunity to participate in this program by utilizing HAFA's short sale option if the loan qualifies. If the loan does not qualify, Ocwen may still be able to assist with an Ocwen short sale program.

A "short sale" is specifically designed to help borrowers who are unable to afford their first mortgage and want to sell their home to avoid foreclosure, even if the sale price may not pay off the amount owed on their mortgage. A short sale requires a number of parties (the homeowner, the buyer, the real estate broker, and sometimes mortgage insurance companies and other lenders) to work together to make this option successful. However, it could be a good solution for the homeowner's current situation.

If the homeowner(s) qualifies for the HAFA program they will receive $3,000 to help pay some of the moving expenses. (The check will be paid to the homeowner(s) by the settlement agent as part of the closing and this amount would be included in the short sale offer and the HUD-1 Settlement Statement.) In the event there is any money left over from the sale after paying the entire amount owed on the mortgage plus the approved sale costs, the homeowner(s) will not be eligible to receive the $3,000.

## How Does a Short Sale Work?

- **Offer:**
  When an offer is received for the home, you will submit the required information and documentation to us for review.
- **Review:**
  Ocwen will process and review the offer and the information you submitted. This generally takes 20-30 days.
- **Approval** (if applicable):
  Provided the offer is approved, we will send you an agreement letter.
- **Closing** (if applicable):
  Once the sale closes, we will release the borrower(s) from all responsibilities for repaying the mortgage

## Homeowner Responsibilities

- Keep your house and your property in good condition and repair and cooperate with your broker to show it to potential buyers.

- Be able to provide the buyer of your home with clear title. To start, determine if you have other loans, judgments or liens secured by your home, such as a home-equity line of credit or a second mortgage. If there are such liens, you will need to either pay these loans off in full or negotiate with the lien holders to release them before the closing date. Under this program, you must make sure other lien holders will agree not to pursue other legal action related to the pay off of their lien, such as a deficiency judgment. You can get help from your broker to negotiate with the other lien holders.

## IRS and Credit Reporting Information

- The difference between the remaining amount of principal the homeowner(s) owes and the amount that we receive from the sale must be reported to the Internal Revenue Service (IRS) on Form 1099C, as debt forgiveness. In some cases, debt forgiveness could be taxed as income. Amounts allowed for moving expenses may also be reported as income. We suggest that you contact the IRS or your tax preparer to determine if you may have any tax liability.

- We will follow standard industry practice and report to the major credit reporting agencies that your mortgage was settled for less than the full balance. We have no control over, or responsibility for the impact of this report on your credit score.



**Plaintiffs' Exhibit #** 095

⬤
OCWEN
*OCWEN Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*          WWW.OCWEN.COM

June 03, 2011

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL  60047

RE: Loan Number:     70393368
Property Address:    6 Hickory Lane
                     Hawthorn Woods, IL  60047

Dear Jozef Gajewski :

Ocwen would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You expressed concern regarding the denial of your request for a loan modification. You also stated that the August 2009 payment was remitted to Taylor, Bean and Whitaker Mortgage Corporation. Therefore, you requested us to review the loan and process any adjustments.

**Response**  A review of the prior servicer, Central Loan Administration and Reporting (CENLAR), payment history indicates that they acquired the loan from Taylor, Bean and Whitaker Mortgage Corporation (TBW) on August 2009 with the loan due for August 1, 2009 payment. Please note that there have been no payments remitted to CENLAR.

We acquired the servicing rights of the loan on November 16, 2009, from CENLAR with the loan due for the August 1, 2009 payment.

Please be advised that the proof provided by you for the August 2009 payment is insufficient for us to research the issue. In order for us to further research the payment, please provide us with a front and back copy of the check along with a copy of the revolving bank statement reflecting the ending balance at the address mentioned below or fax the details to (407) 737-6375.

Please note that on March 3, 2010, the foreclosure proceedings were initiated as the loan was past due for the August 1, 2009 payment. However, the foreclosure proceedings were stopped as the loan was reinstated on May 11, 2010.

Please note that foreclosure fees and expenses are considered as future legal expenses, which are assessed when we receive the invoices from the Foreclosure Attorney on the loan and are not assessed during the process of foreclosure actions. Accordingly, the fees and expenses associated with the foreclosure proceedings would be assessed.

Our records indicate that the loan was modified on May 10, 2010. Please note that during the process of loan modification, some of the original terms of the Note may be modified in order to assist the borrower to bring the loan to current status. All delinquent and past due amounts on the loan (such as, outstanding fees, negative escrow balance, interest due) would be added to the unpaid principal balance on the loan at loan modification.

Below chart provides the breakdown of negative amortization of $24,363.77 occurred on your loan due to modification.

-----------------------------------------------------------------

Plaintiffs'
Exhibit # **096**          RRCMAINLTRM.12     1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

NMLS # 1852



OCWEN Loan Servicing, LLC
P.O. Box 785063
Orlando, FL 32878-5063
*(Do not send any correspondence or payment to the above address)*

JUNE 03, 2011

WWW.OCWEN.COM

| Description | Amount |
| --- | --- |
| Total Payments waived (Principal + Interest Portion) | $21,217.77 |
| Suspense funds utilized | $2,839.50 |
| Other Advances waived | $306.50 |
| Total: | $24,363.77 |

As of the date of this letter, your loan is due for the March 1, 2011 payment. For any further assistance, you may contact our Home Retention Department at (877) 596-8580.

We trust the information provided has fully addressed your concern. Please visit our website (www.Ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the Ocwen consumer advocate by email through Ocwen's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,

Karthik A
Research Department
Ocwen Loan Servicing, LLC

**Plaintiffs'
Exhibit #** *096*

RRCMAINLTRM.12    2

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

NMLS # 1852

*Ocwen Loan Servi**LLC
P.O. Box 24737
West Palm Beach, FL 33416-4737
(Do not send any correspondence or payments to the above address)*          WWW.OCWEN.COM

June 04, 2011

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047-0000

Loan Number:          70393368
Property Address:     6 Hickory Lane , Hawthorn Woods, IL 60047-0000

Dear Borrower(s):

We are in receipt of your correspondence requesting that Ocwen perform research relative to the issue(s) stated in your correspondence for the above referenced loan. It is Ocwen's policy to perform all research and provide a written response to you within fifteen (15) days from the receipt of your letter. However, as a result of the research required to accurately and completely address your request, we will be unable to respond within our target of fifteen (15) days.

In accordance with the Real Estate Settlement Procedures Act (RESPA), Ocwen is afforded sixty (60) days from the receipt of your letter to respond to you with an explanation of the facts surrounding your issue(s), including the detail of any adjustments or corrections (if applicable.) If the servicing of your loan was assigned, sold or transferred to Ocwen from a prior loan servicer, Ocwen may be required to obtain information concerning your loan from your prior servicer. The process of obtaining this information takes time, but Ocwen is committed to serving you and accordingly your request is a priority with us.

Additionally, Ocwen may need to contact you for further information in order to process your request. Ocwen will notify you if any additional information is required. Please direct any inquiries regarding your research request to the following address:

**Ocwen Loan Servicing, LLC
Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736**

If you have any questions please call (800) 241-9960.

Sincerely,

Research Department

**Plaintiffs'
Exhibit # *097***

ACKNOWL.20

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NM

```
                                        Loan: 70393368
                                        Date: 06/16/2011
```

```
                              Property Address:
                              6 Hickory Lane
Jozef Gajewski                Hawthorn Woods, IL 60047

6 Hickory Lane
Hawthorn Woods, IL 60047
```

Dear Mortgagor:

Due to constant changes in taxes and insurance premiums, we periodically review the escrow account from which these expenses are paid in accordance with the terms of your mortgage. The following is a summary of that analysis as of 06/16/11.

| ITEM | TERM MONTHS [A] | ESTIMATED ANNUAL DISBURSEMENT [B] | MONTHLY DEPOSIT C=[B/A] |
|------|------|------|------|
| COUNTY TAX | 12 | 6,691.00 | 557.59 |
| Hazard Insurance | 12 | 1,174.00 | 97.84 |
| | | TOTAL | 655.43 |

Your first monthly mortgage payment for the coming escrow year, beginning with your payment due on 05/01/2011, will be $2,974.78 (rounded) of which $1,748.29 will be for principal and interest and $1,226.49 will go into your escrow account.

OCWEN is a debt collector attempting to collect a debt; any information obtained will be used for that purpose.

                                        allena/0530/14:28/REPRINT

Plaintiffs' Exhibit #  098



**Ocwen Loan Servicing, LLC**
**www.ocwen.com**

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1299/09 13 30 4 · 0139527 20110618 GF3NL136 OCWENSTM 1 02 DOM GF3NL10000* 149051- MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0079393368 |
| Account Statement Date: | 06/17/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9756 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -3,253.61 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 3,345.50 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -3,345.50 |
| Recently Assessed Amounts: | |
| May- 2011 Late Charges: | 87.41 |
| June- 2011 Late Charges: | 87.41 |
| 05/23/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 342.81 |
| Interest: | 1,405.48 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 07/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 1,359.17 |
| Interest: | 5,633.99 |
| Escrow: | 4,028.78 |
| Past Due Amounts DUE IMMEDIATELY: | 11,021.94 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 524.46 |
| Prev-Property Inspection Fee: | 31.50 |
| Total Fees/Expense Outstanding: | 555.96 |
| Total Amount Due: | 14,455.84 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/19/11 | Tax Disbursement | .00 | .00 | -3,345.50 | .00 | .00 | .00 | .00 | -3,345.50 |
| | LAKE COUNT | .00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added. Please review the enclosed fee description page for explanation of these and any other fee(s) or charge(s).

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **099**



® Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 07/18/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9756 weekdays 8am - 8pm EST for more

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -3,253.61 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 3,345.50 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -3,345.50 |
| Recently Assessed Amounts: | |
| June- 2011 Late Charges: | 87.41 |
| July- 2011 Late Charges: | 87.41 |
| 06/28/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 344.02 |
| Interest: | 1,404.27 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 08/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 1,701.98 |
| Interest: | 7,039.47 |
| Escrow: | 5,255.27 |
| Past Due Amounts DUE IMMEDIATELY: | 13,996.72 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 42.00 |
| Total Fees/Expense Outstanding: | 653.87 |
| Total Amount Due: | 17,528.53 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Message

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # *100*

FOLD AND
DETACH HERE
PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
FOLD AND
DETACH HERE

Prepared by: Jaicel Valverde
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
737039336809
Attorney Code: 17776

Image# 047386640001 Type: ASG
Recorded: 07/27/2011 at 11:12:08 AM
Receipt#: 2011-00041126
Page 1 of 1
Fees: $38.00
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **6752303**

**When Recorded Mail To:**
Financial Dimensions, Inc.
1400 Lebanon Church Road
Pittsburgh, PA 15236

626738

## ASSIGNMENT OF MORTGAGE
### ILLINOIS

This **ASSIGNMENT OF MORTGAGE** entered into as of the 16TH day of November 2009, from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as nominee for TAYLOR, BEAN & WHITAKER MORTGAGE CORP., whose address is 3300 SW 34 Avenue, Suite 101, Ocala, FL 34474, its successors and assigns, ("Assignor) to **OCWEN LOAN SERVICING, LLC.** , whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of LAKE County, State of ILLINOIS, as follows:

Mortgagor: JOZEF GAJEWSKI AND WIESLAWA GAJEWSKI
Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.
Amount: $388,000.00
Document Date:   APRIL 18, 2008            Date Recorded: APRIL 30, 2008
Document/Instrument/Entry Number: 6339530
PIN: 14-10-411-002-0000
Property Address: 6 HICKORY LN, HAWTHORNE WOODS, IL
Property more fully described as: LEGAL DESCRIPTION:

Lot 49 in Hawthorn Woods, Unit No.4, being a subdivision of part of the East Half of the South East Quarter of Section 10, Township 43 North, Range 10 East of the 3rd p. m., according to the plat thereof recorded March 8, 1957, as Document 942896, in Book 34 of plats, in Lake County, Illinois.

This Assignment is made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this APRIL 22, 2011.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.

BY: _____

NAME:  Nathan Sands
TITLE:   Vice President

STATE OF FLORIDA, COUNTY OF PALM BEACH        )SS.

The foregoing instrument was acknowledged before me this APRIL 22, 2011, by Nathan Sands, the Vice President at MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP., on behalf of the bank. He is personally known to me.

Notary Signature                     *Leticia N. Arias*

MIN: 100029500025214812                    MERS Ph.#:  (888) 679 – 6377

NOTARY PUBLIC-STATE OF FLORIDA
Leticia N. Arias
Commission #DD737904
Expires:  NOV. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

**Plaintiffs'
Exhibit # 101**

File Number: 6752303      Page 1 of 1



**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

August 5, 2011

Jozef Gajewski
6 Hickory Lane
Hawthorne Woods, IL 60047

RE:   Mortgage Arrearage
        Creditor: Ocwen Loan Servicing, LLC
        Servicer: Ocwen Loan Servicing, LLC
        Loan # 70393368
        Our File  14-11-24827

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

Please be advised that your account has been referred to our firm for the institution of foreclosure proceedings against 6 Hickory Lane, Hawthorne Woods, IL 60047.  Our firm is attempting to collect the debt that you owe the present creditor and any information we obtain will be used for that purpose.

In accordance with the above Act, you are hereby notified of the following information:

1.  The amount of the debt: As of the date of this letter, you owe $411,807.09. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (630) 794-5300.

2.  The name of the creditor to whom the debt is owed: Ocwen Loan Servicing, LLC.

3.  Federal law gives you thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it.  If you don't dispute it within that period, our firm will assume that it is valid.

4.  If you notify us in writing within thirty (30) days after receipt of this  Notice that the debt or any portion thereof is disputed, we will obtain and mail you proof of the debt.

Plaintiffs'
Exhibit # *102*

5. Also, if within the ● the 30 day period, you request in writing ●e name and address of the original creditor, if different from the current creditor, we will furnish that information too.

6. The law does not require us to wait until the end of the thirty (30) day period before filing a foreclosure proceeding. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

Sincerely,

CODILIS AND ASSOCIATES, P.C.

By: _____

C&A No.           14-11-24827
Client Loan No.   70393368

**NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Plaintiffs'
Exhibit #** *102*

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

August 11, 2011


CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: Dispute the Validity of the debt**

Mortgage Arrearage
Creditor: OCWEN Loan Servicing, LLC
Loan Number: 70393368

Dear Sir or Madam:

Please be advised that OCWEN is not my mortgage company. I signed my mortgage agreement with TB&W and I always made payments on time.

OCWEN informed me that my mortgage was transferred to them from CENLAR, I did not sign mortgage agreement with CENLAR either.

After reviewing OCWEN documentations I found that:

OCWEN shows **Foreclosure Fee, Foreclosure Expenses, and other Foreclosure Fees**, I never received any Foreclosure documentation from OCWEN. My mortgage was under modification with TB&W since December 2008, never completed, than transferred to CENLAR, never completed, transferred to OCWEN and than by OCWEN, my house was foreclosed.

The received Payment Reconciliation History OCWEN's Chart which starts with the date 08/01/2009 does not shows my payment to TB&W on 08/04/2009 in the amount of $2,357.53. My payment **was either lost or stolen** by TB&W, CENLAR, or OCWEN, then OCWEN added to my account Late Charges, Loan Disbursement, Property Inspection (did not have any property inspection), Late Charge Assessment, Title Report, many other repeated fees and mentioned above Foreclosure fees, all above fees are Fake.

In the OCWEN's letter dated June 03, 2011, I read:

"Please note that on March 3, 2010, the foreclosure proceedings were initiated as the loan was past due for the August 1, 2009 payment", - **OCWEN initiated foreclosure proceeding to the payment that was cleared by TB&W.**

**Plaintiffs'
Exhibit # 103**

"In order for us to further research the payment, please provide us with a front and back copy of the check ..."

I mailed letter dated May 10, 2011, I attached copy of the bank statement proving online CHASE BANK payment # 601782163 to TB&W cleared on 08/04 as the August 2009 payment.

I strongly believe that OCWEN, when acquired the servicing rights from CENLAR received all payments information, if payments information was not transferred to OCWEN, I doubt if OCWEN acquired servicing rights since OCWEN has no access to correct information.

**I mentioned above OCWEN requested copy of the check front and back, - the online (electronic) payment cleared by TB&W on 08/04/2009.**

**As it was above to my understanding to make a front and back copy of an electronic payment, I decided to hire lawyer, his name is ROBERT PHILLIP WARD, please find attached copy of his business card.**

I have doubts that OCWEN has any rights to my mortgage since I never signed Mortgage Agreement with OCWEN. With my bank's **(TB&W)** house appraisal way over the market value, loan and mortgage transfers, charges, late and other fees, misleading letters and information and stolen payment, all of that looks to me like a SCAM.

Sincerely,

J. Gajewski

Plaintiffs'
Exhibit # *103*

Office: (773) 286-2177          FAX (773) 286-2470

# LAW OFFICES
## OF
## ROBERT PHILLIP WARD

Email: roblawesq@msn.com
3724 NORTH CICERO AVENUE
CHICAGO, ILLINOIS 60641-3616

Plaintiffs'
Exhibit # 103



Ocwen Loan Servicing, LLC
**www.ocwen.com**

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12:09:09:13:39:4  0112263:20110318:GH0VH130:OCWENSTM 1:0Z:DOM:GH2VH10550:140251:MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 08/17/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DLLO

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9756 weekdays 8am - 8pm EST for more

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -4,408.61 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 3,345.50 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -4,500.50 |
| Recently Assessed Amounts: | |
| July- 2011 Late Charges: | 87.41 |
| 07/28/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 345.24 |
| Interest: | 1,403.05 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 09/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 2,046.00 |
| Interest: | 8,443.74 |
| Escrow: | 6,481.76 |
| Past Due Amounts DUE IMMEDIATELY: | 16,971.50 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 52.50 |
| Total Fees/Expense Outstanding: | 664.37 |
| Total Amount Due: | 20,513.81 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 08/01/11 | Insurance Disbursement | .00 | .00 | -1,155.00 | .00 | .00 | .00 | .00 | -1,155.00 |
| | STATE FARM | .00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

**Plaintiffs'
Exhibit #** *104*

FOLD AND

# Law Office
## of
# Robert Phillip Ward

Robert Phillip Ward

3724 N. Cicero Avenue
Chicago, IL 60841-3616
773-286-2177
Fax: 773-286-2470

**August 22, 2011**

**Codilis & Associates, P.C.**
**15W030 North Frontage Road**
**Suite 100**
**Burr Ridge, IL 60527**

**ATTN: CODILIS & ASSOCIATES, P.C. FILE #: 14-11-24827,**
**VALIDITY OF ALLEGED DEBT DISPUTED**

**Re: My client, JOZEF GAJEWSKI, and property**
**located at 6 Hickory Lane, Hawthorne Woods, IL**
**Servicer: Ocwen Loan Servicing, LLC**
**Loan #: 70393368**

**To Codilis & Associates:**

Regarding the above-referenced account and your collection letter of August 5, 2011, copy enclosed herewith, please be advised that as indicated the undersigned Attorney represents MR. JOZEF GAJEWSKI in connection therewith. Consequently, any and all further correspondence in this regard must perforce be directed exclusively to my office.

1. Inasmuch as this alleged "Mortgage Arrearage" indeed remains in singular dispute due, *inter alia,* to the new servicer's failure to credit all of my client's payments (my client's letter of dispute likewise herewith enclosed), be further advised that pursuant to the Fair Debt Collection Practices Act, Title 15 USC, Section 1692g *et seq.,* you are hereby admonished to provide the requisite written disclosures mandated by subsection (a) thereof. Also, in conformity and strict compliance with subsection (b) of same, during the interim you shall cease and desist from any continued collection activity pertaining to this account.

2. Accordingly, the undersigned awaits your client's timely response to the contents of our letters of dispute.

Sincerely,

*R. Ward*

**Robert Phillip Ward**

**RPW:vr**
**Enclosures**

Plaintiffs'
Exhibit # **105**

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

August 11, 2011

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: Dispute the Validity of the debt**

Mortgage Arrearage
Creditor: OCWEN Loan Servicing, LLC
Loan Number: 70393368

Dear Sir or Madam:

Please be advised that OCWEN is not my mortgage company. I signed my mortgage agreement with TB&W and I always made payments on time.

OCWEN informed me that my mortgage was transferred to them from CENLAR, I did not sign mortgage agreement with CENLAR either.

After reviewing OCWEN documentations I found that:

OCWEN shows **Foreclosure Fee, Foreclosure Expenses, and other Foreclosure Fees**, I never received any Foreclosure documentation from OCWEN. My mortgage was under modification with TB&W since December 2008, never completed, than transferred to CENLAR, never completed, transferred to OCWEN and than by OCWEN, my house was foreclosed.

The received Payment Reconciliation History OCWEN's Chart which starts with the date 08/01/2009 does not shows my payment to TB&W on 08/04/2009 in the amount of $2,357.53. My payment **was either lost or stolen** by TB&W, CENLAR, or OCWEN, then OCWEN added to my account Late Charges, Loan Disbursement, Property Inspection (did not have any property inspection), Late Charge Assessment, Title Report, many other repeated fees and mentioned above Foreclosure fees, all above fees are Fake.

In the OCWEN's letter dated June 03, 2011, I read:

"Please note that on March 3, 2010, the foreclosure proceedings were initiated as the loan was past due for the August 1, 2009 payment", - **OCWEN initiated foreclosure proceeding to the payment that was cleared by TB&W.**

Plaintiffs'
Exhibit # *105*

"In order for us to further research the payment, please provide us with a front and back copy of the check ..."

I mailed letter dated May 10, 2011, I attached copy of the bank statement proving online CHASE BANK payment # 601782163 to TB&W cleared on 08/04 as the August 2009 payment.

I strongly believe that OCWEN, when acquired the servicing rights from CENLAR received all payments information, if payments information was not transferred to OCWEN, I doubt if OCWEN acquired servicing rights since OCWEN has no access to correct information.

**I mentioned above OCWEN requested copy of the check front and back, - the online (electronic) payment cleared by TB&W on 08/04/2009.**

**As it was above to my understanding to make a front and back copy of an electronic payment, I decided to hire lawyer, his name is ROBERT PHILLIP WARD, please find attached copy of his business card.**

I have doubts that OCWEN has any rights to my mortgage since I never signed Mortgage Agreement with OCWEN. With my bank's **(TB&W)** house appraisal way over the market value, loan and mortgage transfers, charges, late and other fees, misleading letters and information and stolen payment, all of that looks to me like a SCAM.

Sincerely,

J. Gajewski

Plaintiffs' Exhibit # **105**



**CODILIS & ASSOCIATES, P.C.**
I  I  I  I  N  O  I  S

**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

September 2, 2011

Robert Phillip Ward
3724 N. Cicero Ave.
Chicago, IL 60641

RE: Ocwen Loan Servicing, LLC V. Jozef Gajewski
Loan #: 70393368
Our File No.: 14-11-24827

Dear Attorney Ward,

Please be advised that we acknowledge receipt of your recent correspondence regarding the above file and have requested additional information from our client. Upon receipt of the information requested, we will provide the necessary response to your letter. Until that time, our file has been placed on hold.

If you have any questions regarding this letter, please contact our office.

Sincerely,
Codilis & Associates, P.C.

By: _____

**NOTE: This law firm is deemed to be a debt collector.**

Plaintiffs'
Exhibit # *106*



**O C W E N**

○ ○ Ocwen Loan Servicing, LLC
**www.ocwen.com**

NMLS # : 1852
NC Permit No. 3945
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12-09-66 13 30 4  0090029 20110923 GV4F121 OCWENST&1 1 OZ.0GM GV4F100201 126351  MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 09/19/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELO | · Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9756 weekdays 8am – 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 6,691.00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -7,846.00 |
| Recently Assessed Amounts: | |
| 08/26/11 Title Report Fee: | 275.00 |
| 08/30/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 346.46 |
| Interest: | 1,401.83 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 10/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 2,391.24 |
| Interest: | 9,846.79 |
| Escrow: | 7,708.25 |
| Past Due Amounts DUE IMMEDIATELY: | 19,946.28 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 63.00 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 949.87 |
| Total Amount Due: | 23,774.09 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 08/19/11 | Tax Disbursement | .00 | .00 | -3,345.50 | .00 | .00 | .00 | .00 | -3,345.50 |
| | LAKE COUNT | .00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added. Please review the enclosed fee description page for explanation of these and any other fee(s) or charge(s).
Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **107**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT. ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK

FOLD AND
DETACH HERE

Jozef Gajewski
Hickory Ln
Hawthorn Woods, IL 60047

October 12, 2011

Ocwen Loan Servicing, LLC

ATTN. Customer Service Department
P O Box 785061
Orlando, FL 32878-5061

Loan No. 70393368


Dear Sir or Madam:

(In the case I mailed to wrong address please mail this correspondence to the right department).

Thank you for mailing Borrower Package.

As I informed OCWEN earlier, after OCWEN's misleading mortgage modification correspondence, and request copy of the both sides of an electronic payment that was cleared by my Mortgagor, but OCWEN applied **Foreclosure Fee, Foreclosure Expenses, and many other Fees** to that cleared payment, I decided to hire lawyer.

His name is **ROBERT PHILLIP WARD**, please find attached copy of his business card.

Please send all correspondence to my lawyer. I don't know how to make copy of an electronic payment (both sides), as well I don't know where to mail OCWEN correspondence since OCWEN requesting submitting Borrower Response Package to "US", without providing address where to mail.


Sincerely,

*[signature]*

Jozef Gajewski


Cc: ROBERT PHILLIP WARD


**Plaintiffs'
Exhibit #** *108*



Ⓡ Ocwen Loan Servicing, LLC
www.ocwen.com

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
☎ *Your call may be recorded for the coaching
and development of our associates.*

1209-09 13 50-4 0157132 2511101E GJ357141 OCWEN5TM 1 OZ 0014 GJ357160000* 146551 US

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL 60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 10/17/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELO | |
| | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-800-349-9756 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 6,691.00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -7,846.00 |
| Recently Assessed Amounts: | |
| 09/27/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 347.69 |
| Interest: | 1,400.60 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 11/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 2,737.70 |
| Interest: | 11,248.62 |
| Escrow: | 8,934.74 |
| Past Due Amounts DUE IMMEDIATELY: | 22,921.06 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 73.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 960.37 |
| Total Amount Due: | 26,759.37 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Tax season is right around the corner. Please visit OCWEN's website at www.ocwen.com to verify the social security number on file for your loan.

Plaintiffs'
Exhibit # **109**




**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

October 19, 2011

Robert Phillip Ward
Fax: 773-286-2470
3724 N. Cicero Ave.
Chicago, IL 60641

RE: Ocwen Loan Servicing, LLC v. Jozef Gajewski; et. al.
    Our File No.:  14-11-24827
    Loan No.:    70393368
    Case No.:

Dear Sir or Madam:

This letter is being sent to you pursuant to your recent request for pay off figures good through 10/27/11. Please be advised, it is likely that the amount necessary to payoff your loan in full will change between the date of this letter and 10/27/11 for a variety of reasons. These reasons may include such items as additional late charges coming due, additional interest coming due, additional costs being incurred in relationship to foreclosure or other litigation, or other charges allowed under the mortgage. Because of this and in an effort to assist you in paying off your loan, it is necessary to estimate certain amounts

**We estimate that $419,289.65 will be due on 10/27/11.**

The attached breakdown indicates how that estimate was calculated.

The amount listed above may change on or subsequent to the date of this letter due to a variety of reasons. Please call our office 24 hours before you send payment to verify all figures. Please call (630) 794-5300 and ask for the DEFAULT RESOLUTION DEPARTMENT. If you do not verify these figures 24 hours in advance, you may send an incorrect amount and your mortgage may not be paid in full.

All figures are subject to clearance of funds and confirmation by the mortgage holder. The mortgage holder reserves the right to request additional funds, before or subsequent to the payoff of the loan, to correct an error or omission in the figures made in good faith, whether mathematical, clerical, typographical, or otherwise. The payoff figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this letter.

Plaintiffs'
Exhibit # *110*

If you have any questions about these amounts, or if you would like any additional information about the amounts which are due, please call Codilis & Associates, P.C. at (630) 794-5300 and ask for the Default Resolution Department.

Payment pursuant to this letter will NOT be accepted after 5:00 P.M. on 10/27/11 and the amount may change if your payment is not received at the offices of Codilis & Associates, P.C. by that date and time. Payment should be in the form of a CASHIER'S CHECK, CERTIFIED CHECK or MONEY ORDER made payable to Ocwen Loan Servicing, LLC.

If these instructions are not fully complied with, your check may be returned and foreclosure may proceed.

**If for any reason, the judicial sale is scheduled to take place prior to 10/27/11, reinstatement or pay-off funds will not be accepted later than one (1) business day prior to the Judicial Sale.**

**This payoff letter shall not revive nor extend any right of redemption of any party. Pursuant to 735 ILCS 5/15-1603(c)(1): Once expired, the right of redemption provided for in Sections 15-1603 or 15-1604 shall not be revived.**

**NOTE: This law firm is deemed to be a debt collector.**

Very truly yours,

Codilis & Associates, P.C.

Plaintiffs'
Exhibit # *110*

Breakdown of Estimated Amount Due Through 10/27/11.

| | |
|---|---|
| Principal Balance | $398,201.82 |
| Interest | $12,419.19 |
| Escrow Advances | $7,754.11 |
| LESS Suspense | ($96.84) |
| Pre-Acceleration Accrued Late Charges: | $611.87 |
| Other (Appraisal Fees, NSF Fees, etc.) | $275.00 |
| Property Inspections/Maintenance Fees | $73.50 |

**Estimated Total to Payoff on 10/27/11: $419,289.65**

Again, quotes for estimated amounts are made because services are ongoing and not final. Upon receipt of sufficient funds, our office will cease action on any pending foreclosure case and advise the court accordingly.

NOTE: This law firm is deemed to be a debt collector.

Plaintiffs' Exhibit # *110*



**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

October 19, 2011

Robert Phillip Ward
Fax: 773-286-2470
3724 N. Cicero Ave.
Chicago, IL 60641

RE: Ocwen Loan Servicing, LLC v. Jozef Gajewski; et. al.
      Case No.:
      Our File No.:   14-11-24827
      Loan No.:      70393368
      Property Address: 6 Hickory Lane Hawthorne Woods, IL 60047

Dear Sir or Madam:

This letter is being sent to you pursuant to your recent request for reinstatement figures good through 10/27/11. Please be advised, it is likely that the amount necessary to reinstate your loan in full will change between the date of this letter and 10/27/11 for a variety of reasons. These reasons may include such items as additional payments or late charges coming due, additional costs being incurred in relationship to foreclosure or other litigation, or other charges allowed under the mortgage. Because of this and in an effort to assist you in reinstatement of your loan, it is necessary to estimate certain amounts.

**We estimate that $23,872.00 will be due on 10/27/11.**

The attached breakdown indicates how that estimate was calculated.

The amount listed above may change on or subsequent to the date of this letter due to a variety of reasons. Please call our office 24 hours before you send payment to verify all figures. Please call (630) 794-5300 and ask for the DEFAULT RESOLUTION DEPARTMENT. If you do not verify these figures 24 hours in advance, you may send an incorrect amount and your mortgage may not be reinstated.

All figures are subject to clearance of funds and confirmation by the mortgage holder. The mortgage holder reserves the right to request additional funds, before or subsequent to reinstatement of the loan, to correct an error or omission in the figures made in good faith, whether

Plaintiffs'
Exhibit # **110**

mathematical, clerical, typographical, or otherwise. The reinstatement figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this letter.

If you have any questions about these amounts, or if you would like any additional information about the amounts which are due, please call Codilis & Associates, P.C. at (630) 794-5300 and ask for the Default Resolution Department.

Payment pursuant to this letter will NOT be accepted after 5:00 P.M. on 10/27/11 and the amount may change if your payment is not received at the offices of Codilis & Associates, P.C. by that date and time. Payment should be in the form of a **CASHIER'S CHECK, CERTIFIED CHECK or MONEY ORDER** made payable to Ocwen Loan Servicing, LLC.

If these instructions are not fully complied with, your check may be returned and foreclosure may proceed.

**If for any reason, the judicial sale is scheduled to take place prior to 10/27/11, reinstatement or pay-off funds will not be accepted later than one (1) business day prior to the Judicial Sale.**

NOTE: This law firm is deemed to be a debt collector.

Very truly yours,

Codilis & Associates, P.C.

Plaintiffs'
Exhibit # **110**

Breakdown of Estimated Amount Due Through 10/27/11.

Mortgage Payments:
03/01/2011 to 04/30/2011 @ $2,536.19
05/01/2011 to 10/27/2011 @ $2,974.78

| | |
|---|---|
| Total amount of Payments: | $22,921.06 |
| Late Charges | $699.28 |
| Other (Appraisal Fees, NSF Fees, etc.) | $275.00 |
| Property Inspection/Maintenance Fees | $73.50 |
| LESS Suspense | ($96.84) |

**Estimated Total to Reinstate on 10/27/11: $23,872.00**

Again, quotes for estimated amounts are made because services are ongoing and not final. Upon receipt of sufficient funds, our office will cease action on any pending foreclosure case and advise the court accordingly.

NOTE: This law firm is deemed to be a debt collector.

14-11-24827

Plaintiffs' Exhibit # *110*



*Ocwen Loan Servicing, LLC*
*P.O. Box 24737*
*West Palm Beach, FL 33416-4737*
*(Do not send any correspondence or payments to the above address)*          WWW.OCWEN.COM

November 04, 2011

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047-9268

Loan Number:          70393368
Property Address:     6 Hickory Lane , Hawthorn Woods, IL 60047-0000

Dear Borrower(s):          *DATE ?*

We have received your correspondence requesting research to be performed for the above referenced loan. It is Ocwen's policy to perform all research and provide a written response to you within twenty (20) days from the receipt of your letter.

Ocwen may need to contact you for further information in order to process your request. Ocwen will notify you if any additional information is required as we research the issue(s) stated in your request. Please direct any inquiries regarding your research request to the following address:

**Ocwen Loan Servicing, LLC**
**Research Department**
**P.O. Box 24736**
**West Palm Beach, FL 33416-4736**

Sincerely,          *WHO ?*

Research Department

**Plaintiffs'**
**Exhibit #** *III*

ACKNOWL.21

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*

OCWEN Loan Servicing
P.O. Box 785063
Orlando, FL 32878-5063
(Do not send any correspondence or payment to the above address)

WWW.OCWEN.COM

November 16, 2011

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL  60047-9268

RE: Loan Number:       70393368
Property Address:      6 Hickory Lane
                       Hawthorn Woods, IL  60047

Dear Jozef Gajewski :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan.  We appreciate the time and effort on your part to bring your concern to our attention.  Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You provided us with a copy of the dispute concerning the aforementioned loan and requested for assistance.

**Response**   Please be advised that the dispute received on your loan is either illegible or we have not received the complete copy of the correspondence.  In addition, we attempted to contact you in order to list out your concerns; however, we were unable to get in touch with you.

In order for us to assist you better, please forward again, a clear and legible copy of your correspondence.  You may forward your concerns to the address mentioned below or fax it at (407) 737-6375.

For any further concerns or questions regarding the loan, please contact our Customer Care Center at (800) 746-2936.

We trust the information provided has fully addressed your concern.  Please visit our website (www.ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there.  However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,

Uday kumar N
Research Department

**Plaintiffs'**
**Exhibit #** *112*

RRCMAINLTRM.12      1

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Loan Number:70393368

NMLS # 1852

Ocwen Loan Servicing, LLC
www.ocwen.com

OCWEN

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 11/17/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELO

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 6,691.00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -7,846.00 |
| Recently Assessed Amounts: | |
| 10/28/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 348.92 |
| Interest: | 1,399.37 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 12/01/11: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 3,085.39 |
| Interest: | 12,649.22 |
| Escrow: | 10,161.23 |
| Past Due Amounts DUE IMMEDIATELY: | 25,895.84 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-: | 275.00 |
| Prev-Property Inspection Fee: | 84.00 |
| Total Fees/Expense Outstanding: | 970.87 |
| Total Amount Due: | 29,744.65 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Tax season is right around the corner. Please visit OCWEN's website at www.ocwen.com to verify the social security number on file for your loan.

Plaintiffs'
Exhibit # 113

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

FOLD AND
DETACH HERE

*OCWEN Loan Servicing, LLC*
*P.O. Box 785055*
*Orlando, FL 32878-5055*

O C W E N

WEBSITE: WWW.OCWEN.COM

November 12, 2012

Wiesława Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Loan Number: 70393368

**Plaintiffs'**
**Exhibit #** *114*

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

OCWEN
WWW.OCWEN.COM

TODAY'S DATE-    11/09/2012

BORROWER NAME –  Wieslawa Gajewski    *NOT BORROWER*

Property Address:     6 Hickory Lane Hawthorn Woods, IL 60047

Loan Number:          70393368

Property Address:     6 Hickory Lane Hawthorn Woods, IL 60047

Dear Borrower (s):

### GRACE PERIOD NOTICE

YOUR LOAN IS MORE THAN 30 DAYS PAST DUE. YOU MAY BE EXPERIENCING FINANCIAL DIFFICULTY. IT MAY BE IN YOUR BEST INTEREST TO SEEK APPROVED HOUSING COUNSELING. YOU HAVE A GRACE PERIOD OF 30 DAYS FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING COUNSELING. DURING THE GRACE PERIOD, THE LAW PROHIBITS US FROM TAKING ANY LEGAL ACTION AGAINST YOU.

YOU MAY BE ENTITLED TO AN ADDITIONAL 30 DAY GRACE PERIOD IF YOU OBTAIN HOUSING COUNSELING FROM AN APPROVED HOUSING COUNSELING AGENCY. A LIST OF APPROVED COUNSELING AGENCIES MAY BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION. The Department of Financial and Professional Regulation's website is http://www.idfpr.com. The Department's consumer hotline number is (800) 532-8785.

Our contact information is as follows:
Telephone Number: (877) 596-8580
Fax Number:     (407) 737-5693
Mailing Address:     1661 Worthington Road, Suite 100
                West Palm Beach, Florida 33409

Sincerely,    *WHO?*

**Plaintiffs'
Exhibit # 114**

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is intended as and does not constitute an attempt to collect a debt.*



**OCWEN**

Ocwen Loan Servicing, LLC
www.ocwen.com

NMLS # : 1852
NC Permit No. 3945

**CUSTOMER RELATIONS 1-800-746-2936**

*Your call may be recorded for the coaching
and development of our associates.*

1209139 130 4 0183850 2011123I GL4SS147 OCWENSTM 1 OZ BOM GL4SS10000* 148434 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 12/19/2011 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | 2,824.17 |
| Taxes Paid Year-To-Date: | 6,691.00 |
| Beginning Principal Balance: | 398,874.23 |
| Principal Reductions Year-To-Date: | 672.41 |
| Beginning Escrow Balance: | -1,483.91 |
| Escrow Deposits/Adjustments | 1,575.80 |
| Escrow Disbursements/Adjustments | -7,846.00 |
| Recently Assessed Amounts: | |
| 11/24/11 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 350.16 |
| Interest: | 1,398.13 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 01/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 3,434.31 |
| Interest: | 14,048.59 |
| Escrow: | 11,387.72 |
| Past Due Amounts DUE IMMEDIATELY: | 28,870.62 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 94.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 981.37 |
| Total Amount Due: | 32,729.93 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added. Please review the enclosed fee description page for explanation of these and any other fee(s) or charge(s).

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Tax season is right around the corner. Look for your 1098 and 1099 year end tax forms in the envelope of your January account statement.

Plaintiffs'
Exhibit # 115

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT. ALWAYS WRITE YOUR ACCOUNT NUMBER

FOLD AND

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                                PLAINTIFF

                    Vs.

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants
                                DEFENDANTS

No.

FILED

JAN 13 2012

CIRCUIT CLERK

**COMPLAINT TO FORECLOSE MORTGAGE**

CODILIS & ASSOCIATES, P.C.
Attorney for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
DuPage # 15170

14-11-24827

**NOTE: This law firm is deemed to be a debt collector.**

Plaintiffs'
Exhibit # 116

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

3158947

**FILED**

Ocwen Loan Servicing, LLC
PLAINTIFF

Vs.

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants
DEFENDANTS

JAN 13 2012

*Sally J. Offutt*
CIRCUIT CLERK

No.

12 CH 179

## COMPLAINT TO FORECLOSE MORTGAGE

NOW COMES the Plaintiff, OCWEN LOAN SERVICING, LLC , by and through its attorneys,
CODILIS & ASSOCIATES, P.C. , complaining of the defendants herein and, pursuant to 735 ILCS
5/15-1101, states as follows:

1. Plaintiff files this Complaint to Foreclose the mortgage, trust deed or other conveyance in the
nature of a mortgage (hereinafter called "Mortgage") hereinafter described, and names the persons
identified in the above caption as "Defendants", as parties hereto.

2. Attached as "EXHIBIT A" is a copy of the Mortgage.  Attached as "EXHIBIT B" is a copy of the
Note.  Attached as "EXHIBIT C" is a copy of the Loan Modification Agreement.

3. Information concerning said Mortgage:

    (A) Nature of the instrument:  Mortgage.

    (B) Date of the Mortgage: 4/18/08 modified on 4/22/10

    (C) Name of the mortgagor(s):
        Jozef Gajewski
        Wieslawa Gajewski

    (D) Name of the original mortgagee:
        Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean & Whitaker
    Mortgage Corp.

    (E) Date and Place of Recording or Registering:
        04/30/2008
        Office of the Recorder of Deeds of Lake County Illinois

    (F) Identification of Recording:  Document No.  6339530

    (G) Interest subject to the mortgage:  Fee Simple.

    (H) Amount of original indebtedness:

        (1) Original Indebtedness: $388,000.00
        modified to $403,185.30

**Plaintiffs'
Exhibit #** **116**

(I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 49 IN HAWTHORN WOODS, UNIT NO. 4, BEING A SUBDIVISION OF PART OF THE EAST HALF OF THE SOUTH EAST QUARTER OF SECTION 10, TOWNSHIP 43 NORTH, RANGE 10 EAST OF THE 3RD P. M., ACCORDING TO THE PLAT THEREOF RECORDED MARCH 8, 1957, AS DOCUMENT 942896, IN BOOK 34 OF PLATS, IN LAKE COUNTY, ILLINOIS.

**COMMONLY KNOWN AS:**
> 6 Hickory Lane
> Hawthorne Woods, IL 60047

**TAX PARCEL NUMBER:** 14-10-411-002

(J) Statement as to defaults: Mortgagors have not paid the monthly installments of Principal , taxes, Interest and insurance for 03/01/2011 , through the present; the Principal balance due on the Note and the Mortgage is $398,201.82 , plus Interest , costs, advances and fees. Interest accrues pursuant to the Note .

(K) Name of present owner(s) of said premises:
> Jozef Gajewski
> Wieslawa Gajewski

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated and alleged to be subordinate and inferior to the mortgage of the Plaintiff:
Hawthorn Woods Homeowners Association, by virtue of the fact that, upon information and belief, it is the Homeowners Association for the subject property and may have some interest in the subject real estate for unpaid assessments or other charges.

(M) Names of persons who executed the Note , Assumption Agreement(s), or Personal Guarantee:
> Jozef Gajewski
Please note that no personal deficiency will be sought against any party who has received a Chapter 7 discharge or who are protected by the automatic stay at sale confirmation.

(N) Capacity in which Plaintiff brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208.

(O) Facts in support of a redemption period shorter than the longer of 7 months from the date the mortgagor or, if more than one, all the mortgagors have been served with summons or by publication or have otherwise submitted to the jurisdiction of the court, or 3 months from the entry of the judgment of foreclosure, whichever is later, if sought:

The redemption period shall be determined pursuant to 735 ILCS 5/15-1603.

**Plaintiffs' Exhibit #** *116*

(P) Statement that the right of redemption has been waived by all owners of redemption: There has been no executed waiver of redemption by all owners of redemption, however Plaintiff alleges that it is not precluded from accepting such a waiver of redemption by the filing of this complaint.

(Q) Facts in support of request for attorney's fees and of costs and expenses, if applicable: The subject mortgage provides for payment of attorney fees, court costs and expenses in the event of a default under the mortgage.

(R) Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought: Unless otherwise alleged, Plaintiff will pray for said relief after the filing of the instant foreclosure action by separate petition if such relief is sought.

(S) Offer to the mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale, if sought: No allegation of an offer is made however, Plaintiff alleges that it is not precluded from making or accepting such offer by the filing of the instant foreclosure action.

(T) Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, are sought to be terminated, and if not elsewhere stated, the facts in support thereof:

Jozef Gajewski; Wieslawa Gajewski ;

4. Plaintiff avers that in addition to persons designated by name herein and the Unknown Defendants herein before referred to, there are other persons, and/or non-record claimants who are interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, in this Complaint described, including but not limited to the following:

Unknown Owners and NonRecord Claimants, if any.

That the name of each of such persons is unknown to Plaintiff and on diligent inquiry cannot be ascertained, and all such persons are therefore made party defendants to this action by the name and description of UNKNOWN OWNERS and NONRECORD CLAIMANTS.

<u>**REQUEST FOR RELIEF**</u>

## WHEREFORE, PLAINTIFF REQUESTS:

(i) A judgment of foreclosure and sale.

(ii) An order granting a shortened redemption period, if sought.

(iii) A personal judgment for deficiency, if applicable and sought, and only against parties who have signed the Note or monetary obligation which is the subject matter of this complaint, or persons who ha ve assumed liability of the Note or monetary obligation which is the subject matter

**Plaintiffs'
Exhibit #** *116*

of this complaint, and who have not received a Chapter 7 bankruptcy discharge and who are not personally protected by the automatic stay at sale confirmation.

(iv) An order granting possession, if sought.

(v) An order placing the mortgagee in possession or appointing a receiver, if sought.

(vi) A judgment for attorneys' fees, costs and expenses, if sought.

(vii) For the appointment of a Selling Officer, if deemed appropriate by this court.

(viii) Such other and further relief as this court deems just.

Ocwen Loan Servicing, LLC

BY: _____
        CODILIS & ASSOCIATES, P.C.
        One of its Attorneys

                    Jason M. Shulman
                    ARDC# 6283998

Codilis & Associates, P.C.
Attorney for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-11-24827
Melissa Hinterhauser, ARDC #6303532
Raj Jutla, ARDC #6283182

**Plaintiffs'
Exhibit #** **116**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NMLS # : 1852
NC Permit No. 3946

**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13:30 4  0040666 20120124 HA3P6246 OCWENSTM 1 DZ DDM HA3P6200007 146861 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 01/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELQ | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |

* This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | 351.40 |
| Principal: | 1,396.89 |
| Interest: | 1,226.49 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 02/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 3,784.47 |
| Interest: | 15,446.72 |
| Escrow: | 12,614.21 |
| Past Due Amounts DUE IMMEDIATELY: | 31,845.40 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 94.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 981.37 |
| Total Amount Due: | 35,704.71 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **116**



FOLD AND
DETACH HERE
PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.
FOLD AND
DETACH HERE



**PERSONAL INFORMATION REDACTED.**

## NOTE

**April 18, 2008**
[Date]

**HAWTHORNE WOODS**
[City]

**Illinois**
[State]

**6 HICKORY LANE
HAWTHORNE WOODS, IL 60047**
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 388,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Taylor, Bean & Whitaker Mortgage Corp.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          **6.1250%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on          **June 01, 2008**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2038**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

                                                  or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,357.53**

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM T1646L1 (0011)          *(Page 1 of 3 pages)*          GREATLAND ■
                                                  To Order Call: 1-800-530-9393 □ Fax 616-791-1131



**Plaintiffs'
Exhibit # 116**

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

ITEM T1646L2 (0011)                                   *(Page 2 of 3 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Plaintiffs'
Exhibit # 116

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)  
JOZEF GAJEWSKI                -Borrower

_____ (Seal)  
                             -Borrower

_____ (Seal)  
                             -Borrower

_____ (Seal)  
                             -Borrower

_____ (Seal)  
                             -Borrower

_____ (Seal)  
                             -Borrower

Without recourse, pay to the order of

                                             [Sign Original Only]

By: Taylor, Bean & Whitaker  
Mortgage Corp

Erla Carter-Shaw, E.V.P.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3200 1/01

ITEM T1646L3 (0011)                 (Page 3 of 3 pages)             GREATLAND ■  
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

**Plaintiffs' Exhibit # 116**

This instrument was prepared by:

# EXHIBIT #A

Image# 043232050013 Type: MTG
Recorded: 04/30/2008 at 08:07:08 AM
Receipt#: 2008-00023199
Total Amt: $47.00 Page 1 of 13
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder

File6339530

Name:

*[signature]* Richard Lyon

Address:

**Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL 34475**

After Recording Return To:
**LAWYERS TITLE INSURANCE**

5755 OLD ORCHARD ROAD, STE 300

### PERSONAL INFORMATION
### REDACTED.

[Space Above This Line For Recording Data]

## MORTGAGE

MIN: ████████████████

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated **April 18, 2008**, together with all Riders to this document.

(B) **"Borrower"** is **JOZEF GAJEWSKI AND WIESLAWA GAJEWSKI, IN JOINT TENANCY** *husband and wife*  *J.G.*  *W.G*

Borrower is the mortgagor under this Security Instrument.

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is a **a Florida Corporation** organized and existing under the laws of **FL**. Lender's address is
**1417 North Magnolia Ave, Ocala, FL  34475**

(E) **"Note"** means the promissory note signed by Borrower and dated **April 18, 2008**. The Note states that Borrower owes Lender **Three Hundred Eighty Eight Thousand and no/100**
Dollars (U.S. $ **388,000.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **May 01, 2038**.

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L1 (0011)—MERS *(Page 1 of 12 pages)*

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



Doc Number: 6339530 Page 1 of 13

**Plaintiffs'**
**Exhibit #  116**

*(13)*

**(G)** "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)** "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

**(I)** "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)** "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K)** "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** "**Escrow Items**" means those items that are described in Section 3.

**(M)** "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3014 1/01

ITEM T9608L2 (0011)—MERS     *(Page 2 of 12 pages)*     GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

**Plaintiffs' Exhibit # 116**

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the
**County**          of          **Lake**          :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

**See Attached Exhibit A.**

which currently has the address of          **6 HICKORY LANE**
[Street]

**HAWTHORNE WOODS**          , Illinois          **60047**          ("Property Address"):
[City]          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.    **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or

Plaintiffs'
Exhibit # **116**

partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L4 (0011)—MERS

*(Page 4 of 12 pages)*

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

**Plaintiffs'
Exhibit # 116**

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.   **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.   **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L6 (0011)—MERS

*(Page 5 of 12 pages)*

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

Plaintiffs' Exhibit # 116

Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L6 (0011)—MERS

(Page 6 of 12 pages)

Form 3014 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Plaintiffs'
Exhibit # 116



If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a)** Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

**(b)** Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L7 (0011)—MERS

*(Page 7 of 12 pages)*

Form 3014 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Plaintiffs'
Exhibit # 116



In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L8 (0011)—MERS

*(Page 8 of 12 pages)*

Form 3014 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Doc Number: 6339530 Page 8 of 13

Plaintiffs'
Exhibit # 116

charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged unless as otherwise provided under Applicable Law. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L9 (0011)—MERS

(Page 9 of 12 pages)

Form 3014 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Plaintiffs'
Exhibit #  116

an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not**

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9808L10 (0011)—MERS

*(Page 10 of 12 pages)*

Form 3014 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Doc Number: 6339530 Page 10 of 13

**Plaintiffs'
Exhibit # 116**

cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

25. **Placement of Collateral Protection Insurance.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in Borrower's collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower's and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM T9608L11 (0011)—MERS

*(Page 11 of 12 pages)*

Form 3014 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

Doc Number: 6339530 Page 11 of 13

**Plaintiffs' Exhibit #** *116*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 12 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
**JOZEF GAJEWSKI**                      -Borrower

_____ (Seal)
Wieslawa Gajewski                       -Borrower

_____ (Seal)
                                        -Borrower

_____ (Seal)
                                        -Borrower

_____ (Seal)
                                        -Borrower

_____ (Seal)
                                        -Borrower

Witness:

_____

Witness:

_____

State of Illinois
County of Cook

This instrument was acknowledged before me on April 18, 2008 (date) by
Jozef Gajewski and Wieslawa Gajewski
                                        (name[s] of person[s]).

OFFICIAL SEAL
KAREN S. POPKE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 03/14/09

_____
                            Notary Public

ILLINOIS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3014 1/01
ITEM T9608L12 (0011)—MERS                                                 GREATLAND ■
                          *(Page 12 of 12 pages)*          To Order Call: 1-800-530-9393 □ Fax 616-791-1131

Doc Number: 6339530 Page 12 of 13

**Plaintiffs'
Exhibit # 116**

LandAmerica/Lawyers Title Direct Retail Services
10 S. LaSalle, Suite 2500
Chicago, IL 60603

Order Number: ▮▮▮▮▮▮

## Exhibit "A"

Lot 49 in Hawthorn Woods, Unit No.4, being a subdivision of part of the East Half of the
South East Quarter of Section 10, Township 43 North, Range 10 East of the 3rd p. m.,
according to the plat thereof recorded March 8, 1957, as Document 942896, in Book 34 of
plats, in Lake County, Illinois.

*PIN # 14-10-411-002-0000*

Commitment

Page 5 of 5

Doc Number: 6339530 Page 13 of 13

**Plaintiffs'
Exhibit #** *116*

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS

Ocwen Loan Servicing, LLC

vs.

Jozef Gajewski; et. al.

General No. _____

FILED
JAN 13 2012
CIRCUIT CLERK

12 CH 179

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

Pursuant to Local Rule 3.01(c), I hereby certify that:

☒ There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

☒ There is no other litigation presently pending in the county involving these parties.

☐ There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. _____ was assigned to the Honorable _____.

☐ There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s) _____ which is/are assigned to the Honorable _____

Please check the box stating the appropriate sub-type action. This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration-AR**
☐ Arbitration/Tort
☐ Arbitration/Contract

**Chancery-CH**
☒ Residential Mortgage Foreclosure
☐ Residential Mortgage Foreclosure w/Mechanics Lien
☐ Non-Residential Mortgage Foreclosure
☐ Injunction
☐ Specific Performance
☐ Mechanics Lien Foreclosure
☐ Complaint for Recision
☐ Partition
☐ Quiet Title
☐ Class Action
☐ Registration of Foreign Judgment
☐ Other

**Eminent Domain – ED**
☐ Eminent Domain
☐ Condemnation

**Law Magistrate-LM**
☐ Forcible Entry and Detainer
☐ Replevin
☐ Detinue
☐ Distress for Rent
☐ Enroll Judgment
☐ Confirm Arbitrator's Award
☐ Confession of Judgment
☐ Registration of Foreign Judgment
☐ Other

**Law – L**
☐ Tort
☐ Contract
☐ Product Liability
☐ Medical Malpractice
☐ Legal Malpractice
☐ Class Action
☐ Replevin
☐ Accounting Malpractice
☐ Enroll Judgment
☐ Confirm Arbitrator's Award
☐ Registration of Foreign Judgment
☐ Other

**Municipal Corporation-MC**
☐ Annexation
☐ Disconnection

**Miscellaneous Remedy – MR**
☐ Declaratory Judgment
☐ Corporation Dissolution
☐ Election Contest
☐ Mandamus
☐ Habeas Corpus
☐ Review of Administrative Proceeding/Statutory
☐ Review of Administrative Proceeding/Certiorari
☐ Quo Warranto
☐ Change of Name
☐ Forfeiture
☐ Fugitive from Justice
☐ Search Warrant
☐ Application for Eavesdropping Device
☐ Class Action
☐ Registration of Foreign Judgment
☐ Request for Subpoena/ Foreign Jurisdiction
☐ Other

**Probate-P**
☐ Decedent/Testate >$15,0
☐ Decedent/Intestate > $15
☐ Decedent/Testate $15,00 less
☐ Decedent/Intestate $15,0 or less
☐ Guardianship of Person/Disabled Person
☐ Guardianship of Estate/Disabled Person
☐ Guardianship of Person/Minor
☐ Guardianship of Estate/M
☐ Guardianship of Person Estate/Minor
☐ Proof of Heirship Alone
☐ Registration of Foreign Judgment
☐ Other

**Tax-TX**
☐ Deeds
☐ Objections
☐ Disposition of Collection Judgment of Settlement
☐ Class Action
☐ Other

Print Name _Jason Shulman_

Signature _____

**Plaintiffs' Exhibit # 116**

☒ Attorney          ☐ Pro-se

```
Image# 04831818002 Type: LP
Recorded: 01/18/2012 at 10:21:18 AM
Receipt#: 2012-C0002936
Page 1 of 2
Fees: $38.00
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File 6810229
```

--------------------------------------------------------
**Above space for Recorder's Use Only**

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
        PLAINTIFF

    Vs.

                    1 2 CH 1 7 9

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants
    DEFENDANTS

**LIS PENDENS AND NOTICE OF FORECLOSURE**

I, the undersigned, do hereby certify that the above-entitled cause was filed in the above
Court on the _____ day of _**JAN 13 2012**_, 20___, for Foreclosure and is now
pending in said Court and that the property affected by said cause is described as follows:

(i) The names of all Plaintiff(s), Defendant(s), and case number are set forth above.

(ii) The court in which the action was brought is set forth above.

(iii) The names of the title-holders of record are as follows:
    Jozef Gajewski
    Wieslawa Gajewski

(iv) The legal description is:

    LOT 49 IN HAWTHORN WOODS, UNIT NO. 4, BEING A SUBDIVISION OF
PART OF THE EAST HALF OF THE SOUTH EAST QUARTER OF SECTION 10,

**Plaintiffs'
Exhibit # 117**



TOWNSHIP 43 NORTH, RANGE 10 EAST OF THE 3RD P. M., ACCORDING TO
THE PLAT THEREOF RECORDED MARCH 8, 1957, AS DOCUMENT 942896, IN
BOOK 34 OF PLATS, IN LAKE COUNTY, ILLINOIS.

   **TAX PARCEL NUMBER:** 14-10-411-002

(v)  The common address or location of the property is:
              6 Hickory Lane
              Hawthorne Woods, IL 60047

(vi)  Identification of the mortgage sought to be foreclosed:

    a) Mortgagors:
      Jozef Gajewski
      Wieslawa Gajewski

    b) Mortgagee:
       Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean &
Whitaker Mortgage Corp.

     c) Date of mortgage: 4/18/08 modified on 4/22/10

     d) Date and Place of recording:
             04/30/2008
             Office of the Recorder of Deeds of Lake County Illinois

     e) Document number: 6339530

SIGNATURE: _____
             Attorney of Record

                          Jason M. Shulman
                          ARDC# 6283998
     **THIS DOCUMENT WAS PREPARED BY/MAIL TO:**

     CODILIS & ASSOCIATES, P.C.
     Attorney for Plaintiff
     15W030 North Frontage Road, Suite 100
     Burr Ridge, IL 60527
     (630) 794-5300
     Melissa Hinterhauser, ARDC #6303532
     Raj Jutla, ARDC #6283182
     14-11-24827

     **NOTE: This law firm is deemed to be a debt collector.**

**Plaintiffs'
Exhibit #** 117



Ocwen Loan Servicing, LLC
**www.ocwen.com**

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13 30 4  0040666 20120124 <4A3P6246 OCWENSTM 1 OZ ODM HA3P620000" 146951 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 01/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELO | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | 351.40 |
| Principal: | 351.40 |
| Interest: | 1,396.89 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 02/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 3,784.47 |
| Interest: | 15,446.72 |
| Escrow: | 12,614.21 |
| Past Due Amounts DUE IMMEDIATELY: | 31,845.40 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 94.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 981.37 |
| Total Amount Due: | 35,704.71 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 118

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

FOLD AND
DETACH HERE



O C W E N

**Ocwen Loan Servicing, LLC**
www.ocwen.com

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13 30 4   0153777 20120218 HB43K1H1 OCWENSTM 1 OZ DOM HB43K10000? 146951 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 02/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ                                                                 Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 352.64 |
| Interest: | 1,395.65 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 03/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 4,135.87 |
| Interest: | 16,843.61 |
| Escrow: | 13,840.70 |
| Past Due Amounts DUE IMMEDIATELY: | 34,820.18 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 94.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 981.37 |
| Total Amount Due: | 38,679.49 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # 119

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT.

FOLD AND



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

120HHB 13 30-I  0151810 20120320 HC4ES446 OCWLNSTM I OZ DD4I HC8ES10000  140051 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 03/19/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELO | |
| | Page 1 |

## Special Notices

Accidents happen everyday.  Be prepared to protect your home and financial
security.  Call 1-800-348-7569 to enroll in accidental death and disability
insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Recently Assessed Amounts: | |
| 02/18/12 Property Inspection Fee: | 10.50 |
| 03/01/12 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 353.89 |
| Interest: | 1,394.40 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 04/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 4,488.51 |
| Interest: | 18,239.26 |
| Escrow: | 15,067.19 |
| Past Due Amounts DUE IMMEDIATELY: | 37,794.96 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Property Inspection Fee: | 115.50 |
| Prev-Title Report Fee: | 275.00 |
| Total Fees/Expense Outstanding: | 1,002.37 |
| Total Amount Due: | 41,675.27 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected
in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to    www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back
of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added.  Please review the enclosed fee description page for
explanation of these and any other fee(s) or charge(s).
Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan
contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to
principal.

Plaintiffs'
Exhibit # **120**

FOLD AND
DETACH HERE          PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.          FOLD AND



**® Ocwen Loan Servicing, LLC**
**www.ocwen.com**

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/08/09 13 70 4  0157877 2012041B HD47M141 OCWENSTM 1 OZ OGM HD47M10000° 146651  MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 04/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELQ | Page 1 |

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Recently Assessed Amounts: | |
| 03/24/12 Filing Fee Complaint: | 321.00 |
| 03/24/12 Lis Pendens/NOPA: | 39.00 |
| 03/24/12 Process: | 136.00 |
| 03/24/12 Publication: | 400.00 |
| 03/24/12 Title Search: | 350.00 |
| 03/29/12 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 355.14 |
| Interest: | 1,393.15 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 05/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 4,842.40 |
| Interest: | 19,633.66 |
| Escrow: | 16,293.68 |
| Past Due Amounts DUE IMMEDIATELY: | 40,769.74 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 126.00 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 2,258.87 |
| Total Amount Due: | 45,906.55 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to        www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

**Plaintiffs'
Exhibit #** **121**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

OCWEN

NMLS # : 1852
NC Permit No. 3946

**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

1209695 13 30 4 .016A636 2012?51B HE1EC143 OCWENSTM 1 D2 DQM HE4EC10000* 146951 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 05/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ

Page 1

## Special Notices

Disasters can be inevitable, but the financial burden they bring is not. First Protector pays your monthly mortgage if your home is unlivable after a disaster. Call 1-877-479-3947 weekdays 8am - 8pm EST for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -7,754.11 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Recently Assessed Amounts: | |
| May- 2012 Late Charges: | 87.41 |
| 04/28/12 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due | |
| Principal: | 356.40 |
| Interest: | 1,391.89 |
| Escrow: | 1,226.49 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 06/01/12: | 2,877.94 |
| Past Due Amount: | |
| Principal: | 5,197.54 |
| Interest: | 21,026.81 |
| Escrow: | 17,520.17 |
| Past Due Amounts DUE IMMEDIATELY: | 43,744.52 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 699.28 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 136.50 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 2,356.78 |
| Total Amount Due: | 48,979.24 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to     www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

**Plaintiffs' Exhibit # 122**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.

FOLD AND



® Ocwen Loan Servicing, LLC
**www.ocwen.com**

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12:00:09 13 20 4  0158930 20120021 HFS5E154 OCWEN5TM I O2.OC01H#57E10003* H6651 MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 06/18/2012 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ

Page 1

## Special Notices

Accidents happen everyday. Be prepared to protect your home and financial
security. Call 1-800-348-7569 to enroll in accidental death and disability
insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -10,816.24 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Escrow Disbursements/Adjustments | -3,062.13 |
| Recently Assessed Amounts: | |
| May- 2012 Late Charges: | 87.41 |
| June- 2012 Late Charges: | 87.41 |
| 05/25/12 Property Inspection Fee: | 10.50 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 357.66 |
| Interest: | 1,390.63 |
| Escrow: | 1,827.82 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 07/01/12: | 3,479.27 |
| Past Due Amount: | |
| Principal: | 5,553.94 |
| Interest: | 22,418.70 |
| Escrow: | 27,165.28 |
| Past Due Amounts DUE IMMEDIATELY: | 55,137.92 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 786.69 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 147.00 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 2,454.69 |
| Total Amount Due: | 61,071.88 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 05/18/12 | Tax Disbursement | .00 | .00 | -3,062.13 | .00 | .00 | .00 | .00 | -3,062.13 |
| | LAKE COUNT | .00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected
in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to        www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back
of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan
contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to
principal.

Plaintiffs'
Exhibit # **123**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT

FOLD AND
RETURN HERE



**Ocwen Loan Servicing, LLC**
**www.ocwen.com**

OCWEN

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

12/09/09 13 30 4  0306636 201207/18 HG46B176 OCW/NSTM 2 OZ DCM HGI4B10000* 145561  MS

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL  60047~9268



## Account Statement

| | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 07/17/2012 |
| Property Address: | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELO                                                              Page 1

## Special Notices

Accidents happen everyday. Be prepared to protect your home and financial security. Call 1-800-348-7569 to enroll in accidental death and disability insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -10,816.24 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Escrow Disbursements/Adjustments: | -3,062.13 |
| Recently Assessed Amounts: | |
| June- 2012 Late Charges: | 87.41 |
| July- 2012 Late Charges: | 87.41 |
| 07/04/12 Property Inspection Fee: | 10.50 |
| *This is the principal balance only, not the amount required to pay your account in full. | |

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 358.93 |
| Interest: | 1,389.36 |
| Escrow: | 1,827.82 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 08/01/12: | 3,479.27 |
| Past Due Amount: | |
| Principal: | 5,911.60 |
| Interest: | 23,809.33 |
| Escrow: | 28,993.10 |
| Past Due Amounts DUE IMMEDIATELY: | 58,714.03 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 874.10 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Curr-Property Inspection Fee: | 10.50 |
| Prev-Property Inspection Fee: | 147.00 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 2,552.60 |
| Total Amount Due: | 64,745.90 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to     www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added. Please review the enclosed fee description page for explanation of these and any other fee(s) or charge(s).
Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to

**Plaintiffs'**
**Exhibit # 124**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.

FOLD AND
DETACH HERE



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NMLS # : 1852
NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

*205789 10 30 4  0048478 20120818 HH4QX112 -OCWENSTM 1 QZ DCM HH4QX106001' 146951  MS*

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS IL   60047-9268

## Account Statement

| | |
|---|---|
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 08/17/2012 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELG

Page 1

## Special Notices

Accidents happen everyday. Be prepared to protect your home and financial security. Call 1-800-348-7569 to enroll in accidental death and disability insurance.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | -10,816.24 |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | -7,754.11 |
| Escrow Disbursements/Adjustments | -3,062.13 |
| Recently Assessed Amounts: | |
| July- 2012 Late Charges: | 87.41 |
| 07/04/12 Property Inspection Fee: | 10.50 |
| 08/02/12 Property Inspection Fee: | 10.50 |
| *This is the principal balance only, not the amount required to pay your account in full. | |

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 360.20 |
| Interest: | 1,388.09 |
| Escrow: | 1,827.82 |
| Less:Partial Payment Amount: | -96.84 |
| Current Amount Due by 09/01/12: | 3,479.27 |
| Past Due Amount: | |
| Principal: | 6,270.53 |
| Interest: | 25,198.69 |
| Escrow: | 30,820.92 |
| Past Due Amounts DUE IMMEDIATELY: | 62,290.14 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 874.10 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 168.00 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 2,563.10 |
| Total Amount Due: | 68,332.51 |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to    www.ftc.gov/credit .

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **125**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK

FOLD AND
DETACH HERE

**IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT**
**LAKE COUNTY - WAUKEGAN, ILLINOIS**

Ocwen Loan Servicing, LLC

        PLAINTIFF

   Vs

                       12 CH 00179

Jozef Gajewski; et. al.
        DEFENDANT

**MOTION TO SHORTEN REDEMPTION PERIOD PURSUANT TO 735 ILCS 5/15-1603(B)(3)**

NOW COMES the Plaintiff, Ocwen Loan Servicing, LLC, by and through its attorneys, Codilis & Associates, P.C., and in support of its Motion to Shorten Redemption Period pursuant to 735 ILCS 5/15-1603(b)(3), states as follows:

1.     Plaintiff's Complaint to Foreclose Mortgage was filed on 01/13/2012.

2.     735 ILCS 5/15-1603(b)(3) states as follows: "[T]he redemption period shall end at the later of the expiration of any reinstatement period provided for in Section 15-1602 or the date 60 days after the date the Judgment of Foreclosure is entered, if the court finds that (i) the value of the mortgaged real estate as of the date of the judgment is less than 90% of the amount specified pursuant to subsection (d) of Section 15-1603 and (ii) the mortgagee waives any and all rights to a personal judgment for a deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage."

1

**Plaintiffs'**
**Exhibit #** *126*

3.    Attached hereto is a copy of the property valuation of the subject real estate indicating that the value of the mortgaged real estate as of the date of judgment is less than 90% of the judgment amount. See Attachment "A".

4.    The property valuation referenced above as attachment "A" indicates a value of $190,000.00.

5.    Upon entry of an order granting this motion, Plaintiff waives any and all rights to a personal judgment for a deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

WHEREFORE,  Plaintiff respectfully requests the Court to enter an order shortening the redemption period to the later of the expiration of any reinstatement period or 60 days from the entry of the judgment of foreclosure and sale pursuant to 735 ILCS 5/15-1603(b)(3).

Respectfully submitted,

Ocwen Loan Servicing, LLC

By: _____
Codilis & Associates, P.C.
One of its Attorneys

Melissa J. Hinterhauser
ARDC # 6303532

Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-11-24827
Cook #21762  DuPage #15170
Melissa Hinterhauser, ARDC #6303532
Raj Jutla, ARDC #6283182

NOTE: This law firm is deemed to be a debt collector.

2

**Plaintiffs' Exhibit # 126**

**Freddie Mac**
We make home possible ℠

## BROKER'S PRICE OPINION

Freddie Mac Loan # _____
Servicer Loan # _____

| | | |
|---|---|---|
| Exterior /Curb Side ☒ | Inspection Date 06/16/2012 | |
| Interior ☐ | | BPO #42943838 |
| Interior Access Denied ☐ | Reason | |

| BPO Firm Name | Broker | Phone |
|---|---|---|
| RE/MAX SHOWCASE | BARB HIBNICK | 847 726-4663 |

### SUBJECT PROPERTY DESCRIPTION

| Property Address 6 HICKORY LN | | | Unit # |
|---|---|---|---|

| City HAWTHORNE WOODS | County LAKE | State IL | Zip 60047 |
|---|---|---|---|

| Is property currently listed for sale with a real estate firm? ☐ Yes ☒ No | Name of Listing Broker, Salesperson or Firm | Phone |
|---|---|---|

| Property Type: SFD | Condo Fee $ |
|---|---|

Occupant: ☒ Owner ☐ Tenant ☐ Vacant

### Estimate of repairs needed for subject property

| Interior: | | Exterior: | |
|---|---|---|---|
| Painting | $ 0 | Painting | $ 0 |
| Structural | $ 0 | Structural | $ 0 |
| Appliances | $ 0 | Landscaping | $ 0 |
| Utilities | $ 0 | Roof | $ 0 |
| Carpet/Floors | $ 0 | Windows | $ 0 |
| Other | $ 0 | Other | $ 0 |
| Cleaning/Trash Removal | $ 0 | Do you recommend repairs? ☐ Yes ☒ No | |

Repairs Total: $ 0.00

| Overall Property Condition: ☐ Excellent ☒ Good ☐ Fair ☐ Poor |
|---|
| Are there any items that require IMMEDIATE attention/action? ☐ Yes ☒ No |
| Title/Legal Issues? ☒ Yes ☐ No |
| Do any environmental issues affect the value of the property? ☐ Yes ☒ No |
| If yes to any of the above, please explain: |
| HOME APPEARS ADEQUATELY MAINTAINED IN AVERAGE CONDITION FOR THE NEIGHBORHOOD. HOME HAS 2 FIREPLACES AND A FINISHED BASEMENT. HOME DOES NOT HAVE CENTRAL A/C. HOME HAS JAPANESE CONTEMPORARY STYLING WHICH MAY NOT APPEAL TO ALL BUYERS. SEE UPLOADED LI... |

### NEIGHBORHOOD

| Property Values: ☐ Increasing ☒ Stable ☐ Declining | Predominant Occupancy ☒ Owner ☐ Tenant |
|---|---|
| Marketing Time: ☐ Under 3 Mos. ☒ 3-6 Mos. ☐ Over 6 Mos. | Vacancy Rate ☒ 0-5% ☐ 5-10% ☐ 10-20% ☐ 20% + |

| No. of Active Listings in Neighborhood: 7 | Price Range of Active Listings in Neighborhood:$ 99500 to $ 260000 |
|---|---|

COMMENTS SUBJECT IS LOCATED IN A SUBDIVISION OF HOMES OF SIMILAR AGE ON SIMILAR LOTS BUT ALMOST ALL HOMES ARE MUCH LARGER THAN THE SUBJECT AND HAVE MORE TRADITIONAL STYLING. HAWTHORN WOODS IS A SMALL (POP. 7000) FAR NORTHWEST SUBURB OF CHICAGO WITH GOOD SCHOOL...

### VALUE ESTIMATION

| | Probable Sale Price | 90-Day Marketing Time | 120-Day Marketing Time | 180-Day Marketing Time |
|---|---|---|---|---|
| As Is | | 190000 | 190000 | 190000 |
| As Repaired | | 190000 | 190000 | 190000 |
| Property should be listed: | As Is: ☒ | As Repaired: ☐ | | |

Anticipated Seller-Paid Financing Costs: $

COMMENTS: (Describe your marketing strategy and reasons for As Is/As Repaired recommendations)
THE VALUE AS OF TODAY IS $190,000. THE TYPICAL MARKETING TIME IS 169 DAYS. PRICE OPINION IS WEIGH...

PREPARED BY: BARB HIBNICK
Signature
Date 06/19/2012

Plaintiffs' Exhibit # 127

THIS IS AN OPINION OF VALUE OR COMPARATIVE MARKET ANALYSIS AND SHOULD NOT BE CONSIDERED AN APPRAISAL. In making any decision that relies upon my work, you should know that I have not followed the guidelines for development of an appraisal or analysis contained in the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation.

## COMPETITIVE LISTINGS

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | 6 HICKORY LN | 23677 PARK, LAKE ZUI | 23618 PARK, LAKE ZUI | 13 ORCHARD LN., LAK |
| Proximity to Subject | | 1 Mile | 1 Mile | 1/2 Miles |
| Current List Price | $ | $ 215000 | $169900 | $ 334000 |
| Current List Date | | 06/05/2012 | 04/10/2012 | 05/30/2012 |
| Original List Price | $ | $ 224900 | $ 189900 | $ 350000 |
| Original List Date | | 05/21/2012 | 02/24/2012 | 03/22/2012 |

**VALUE ADJUSTMENTS** (Use the following codes for the adjustments: S=Superior E=Equal I=Inferior U=Unknown)

| DESCRIPTION | DESCRIPTION | DESCRIPTION | ADJ | DESCRIPTION | ADJ | DESCRIPTION | ADJ |
|---|---|---|---|---|---|---|---|
| Above Grade Room Count | Total # of Rooms 7  Bdrm 3  Baths 2 | Total # of Rooms 6  Bdrm 3  Baths 2 | | Total # of Rooms 6  Bdrm 3  Baths 2 | | Total # of Rooms 8  Bdrm 3  Baths 2 | |
| Gross Living Area | Sq. Ft. 1287 | Sq. Ft. 1142 | Code | Sq. Ft. 1248 | Code | Sq. Ft. 1677 | Code |
| Location | GOOD | GOOD | E | GOOD | E | GOOD | E |
| Site/Lot Size | 0.80 | 0.25 | I | 0.37 | I | 0.89 | S |
| Design and Appeal | SFD | SFD | E | SFD | E | SFD | E |
| Age (number of yrs. since house was built) | 51 | 27 | S | 40 | E | 46 | E |
| Overall Condition | Good | Good | E | Good | E | Good | E |
| Garage/Carport | 2 Attached | 2 Attached | E | 2 Detached | E | 2 Attached | E |
| Porch, Patio Deck, Pool, Fence | DECK | DECK | E | PATIO | E | PATIO | E |
| Overall Rating/Est.$ Value of Adjustments | | +42,000 | I | +13,000 | I | -28,500 | S |
| Indicate Property Most Comparable to Subject (Check One) | | ☐ | | ☒ | | ☐ | |

COMMENTS: LOT1: 25000, AGE1: -5000, SQFT1: 7000, OTHER1 (CNTRL A/C, NO BSMN): 15000, OVERALL1: 42000, LOT2: 18000, OTHER2 (CENTRAL A/C): -5000, OVERALL2: 13000, LOT3: -4000, SQFT3: -19500, OTHER3 (CENTRAL A/C): -5000, OVERALL3: -28500

## CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | 6 HICKORY LN | 21481 W. WILLOW RD., | 107 OLD MCHENRY RI | 113 OLD MCHENRY R |
| Proximity to Subject | | 3/4 Miles | 1/2 Miles | 1/4 Miles |
| Original List Price | $ | $ 169900 | $ 187500 | $ 160000 |
| List Price When Sold | $ | $ 169900 | $ 187500 | $ 160000 |
| Sales Price | $ | $ 171500 | $ 170000 | $ 150000 |
| Sales Date | | 11/18/2011 | 02/08/2012 | 12/14/2011 |
| Days on Market | | 10 | 38 | 20 |

**VALUE ADJUSTMENTS** (Use the following codes for the adjustments: S=Superior E=Equal I=Inferior U=Unknown)

| DESCRIPTION | DESCRIPTION | DESCRIPTION | ADJ | DESCRIPTION | ADJ | DESCRIPTION | ADJ |
|---|---|---|---|---|---|---|---|
| Above Grade Room Count | Total # of Rooms 7  Bdrm 3  Baths 2 | Total # of Rooms 7  Bdrm 3  Baths 2.5 | | Total # of Rooms 6  Bdrm 2  Baths 1.5 | | Total # of Rooms 8  Bdrm 4  Baths 2 | |
| Gross Living Area | Sq. Ft. 1287 | Sq. Ft. 1426 | Code | Sq. Ft. 1326 | Code | Sq. Ft. 1482 | Code |
| Sales or Financing Concessions | | 0 | E | 0 | E | 4500 | S |
| Location | GOOD | GOOD | E | GOOD | E | GOOD | I |
| Site/Lot Size | 0.80 | 0.18 | I | 0.82 | E | 0.96 | S |
| Landscaping | Good | Good | E | Good | E | Good | E |
| Design and Appeal | SFD | SFD | E | SFD | E | SFD | E |
| Age (number of yrs. since house was built) | 51 | 41 | E | 59 | E | 60 | E |
| Overall Condition | Good | Good | E | Good | E | Good | E |
| Garage/Carport | 2 Attached | 2 Attached | E | None | E | 1 Attached | I |
| Porch, Patio Deck, Pool, Fence | DECK | DECK | E | DECK | E | PATIO | E |
| Overall Rating/Est.$ Value of Adjustments | | +13,000 | I | +25,000 | I | -4,500 | S |
| Indicate Property Most Comparable to Subject (Check One) | | ☐ | | ☒ | | ☐ | |

COMMENTS: LOT1: 27000, BATHS1: -5000, SQFT1: -4000, OTHER1 (CENTRAL A/C): -5000, OVERALL1: 13000, LOCATION2: 10000, BEDS2: 5000, BATHS2: 5000, GARAGE2: 10000, OTHER2 (CENTRAL A/C): -5000, OVERALL2: 25000, CONCESSIONS3: -4500, LOCATION3: 10000, LOT3: -5000, SQFT...

Plaintiffs' Exhibit # 127

**SEPTEMBER 17, 2012**

FROM: "Donavan S Clarke"
TO: JOEGAJEWSKI@COMCAST.NET
SENT: Monday, September 17, 2012 3:42:32 PM
SUBJECT: FREDDIE MAC MODIFICATION
Hi Mr. Jozef,

You currently qualify for a FREDDIE mod , we need the FREDDIE package filled out and returned in order to proceed.

Also let them know we also need :

1040 taxes copy

Copy of a utility bill

2-recent paystubs or a profit and loss statement (if self employed) copy

With the above package , returned to us. We need new financials in order to approve or disapprove this borrower for a modification. Please send asap.

Regards,

Donavan Clarke
Home Retention Consultant - Contesting
Ocwen Loan Servicing
Phone #561-682-8000 ext 5741
Fax: 407-381-6791

Ocwen Loan Servicing, LLC is attempting to collect a debt and any information obtained will be used for that purpose.

**Plaintiffs' Exhibit # 128**

**SEPTEMBER 19, 2012**

From: Charles Silverman <csilverman@kaplansilvermanllc.com>
Subject: Loan Mod Offer
Date: September 19, 2012 1:38:34 PM CDT
To: <joegajewski@comcast.net>
Cc: Magdalena Kniazewski <mkniazewski@kaplansilvermanllc.com>, Erica Chippi
<echippi@kaplansilvermanllc.com>

Joe, counsel for the bank have reached out to me, seeking to give you a loan modification. I will
have a copy sent to you by our client coordinator, Erica Chippi.

Sincerely,
Charles Silverman

CC to Erica Chippi

CC to Magdalena

--
Charles Silverman
Managing Partner, Kaplan Silverman LLC

Plaintiffs' Exhibit # *129*

**NOVEMBER 26, 2012**

FROM: "Charles Silverman"
TO: joegajewski@comcast.net
CC: echippi@kaplansilvermanllc.com, "Magdalena Kniazewski"
SENT: Monday, **November 26, 2012** 3:47:13 PM
SUBJECT: Re: Ocwen Loan 70393368 Modification 11_2012

Joe, they must be serious about your loan mod because they are non-suiting your case on 12/7

---
Charles Silverman
Managing Partner, Kaplan Silverman LLC

Plaintiffs' Exhibit # 130



IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT DEC 07 2012
LAKE COUNTY - WAUKEGAN, ILLINOIS

*Keith Brin*
CIRCUIT CLERK

Ocwen Loan Servicing, LLC

PLAINTIFF

Vs.

No. 12 CH 00179

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants

DEFENDANTS

## DISMISSAL ORDER

THE ABOVE CAUSE coming on to be heard on Motion of Plaintiff, and the Court being fully

advised in the premises;

IT IS HEREBY ORDERED that the Plaintiff's Complaint to Foreclose Mortgage is hereby

dismissed without prejudice and any previously entered Judgment for Foreclosure and Sale is

vacated.

ENTER: _____

DATED: _____

Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Melissa Hinterhauser, ARDC #6303532
Raj Jutla, ARDC #6283182
14-11-24827

**Plaintiffs'
Exhibit # 131**

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                    PLAINTIFF

Vs.

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants
                    DEFENDANTS

No. 12 CH 00179

## DISMISSAL ORDER

THE ABOVE CAUSE coming on to be heard on Motion of Plaintiff, and the Court being fully

advised in the premises;

IT IS HEREBY ORDERED that the Plaintiff's Complaint to Foreclose Mortgage is hereby

dismissed without prejudice and any previously entered Judgment for Foreclosure and Sale is

vacated.

ENTER:    Mitchell L. Hoffman

DATED:    _____

Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Melissa Hinterhauser, ARDC #6303532
Raj Jutla, ARDC #6283182
14-11-24827

**Plaintiffs'
Exhibit #** 131

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
         PLAINTIFF

       Vs.

                                      No. 12 CH 00179

Jozef Gajewski; Wieslawa Gajewski; Hawthorn Woods
Homeowners Association; Unknown Owners and
Nonrecord Claimants
         DEFENDANTS

## DISMISSAL ORDER

THE ABOVE CAUSE coming on to be heard on Motion of Plaintiff, and the Court being fully

advised in the premises;

IT IS HEREBY ORDERED that the Plaintiff's Complaint to Foreclose Mortgage is hereby

dismissed without prejudice and any previously entered Judgment for Foreclosure and Sale is

vacated.

                              Mitchell L. Hoffman

ENTER: _____

DATED: _____

Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Melissa Hinterhauser, ARDC #6303532
Raj Jutla, ARDC #6283182
14-11-24827

Plaintiffs'
Exhibit # 131

OWNER OCCUPIED

| AGENCY | | | |
|--------|-----|-------|-------|
| Major | Sub | Minor | State |
| 5948 | 0012 | 0000 | IL |

**AMERICAN SECURITY INSURANCE COMPANY**
PO BOX 50355, ATLANTA, GA 30302
(770) 763-1000
**RESIDENTIAL PROPERTY POLICY**
**DECLARATIONS**

POLICY NUMBER:
ALR07235414524

NAMED INSURED (Mortgagor)-Name and Address (Street No., City, State, Zip)

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS, IL 60047-9268

MORTGAGEE-Name and Address

OCWEN LOAN SERVICING, LLC
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 6723
SPRINGFIELD, OH 45501-6723

LOAN NUMBER: 70393368

Coverage is provided where a premium or limit of liability is shown for the coverage, subject to all conditions of this policy.

| POLICY PERIOD ONE YEAR | | COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|---|---|
| EFFECTIVE DATE: 08/18/2012  EXPIRATION DATE: 08/18/2013 | | DWELLING | $418,600 | $4,542.00 |
| EFFECTIVE TIME: NOON ☐  12:01 A.M. ☒ | | | | |
| DESCRIBED LOCATION (If different from mailing address above) | | | | |
| 6 HICKORY LANE | | | | |
| HAWTHORN WOODS, IL 60047 | | | | |

P.O. Box 6723
Springfield, OH 45501
866-825-9265
Fax: 888-882-1816

O C W E N

*PURCHASE DATE*

12/08/2012

JOZEF GAJEWSKI
6 HICKORY LANE
HAWTHORN WOODS, IL 60047-9268

Subject:
Loan Number: 70393368
Hazard Insurance: Expiration Date 08/18/2013
Property Address:

6 HICKORY LANE
HAWTHORN WOODS, IL 60047

*OCWEN
DID NOT PAID $ 379.77 TO STATE FARM
BUT PAID $ 4,542.00 !*

**Plaintiffs'
Exhibit # 132**

**STATE FARM®**

**STATE FARM FIRE AND CASUALTY COMPANY**
2702 Ireland Grove Road
Bloomington, IL 61709-0001

**BALANCE DUE NOTICE**

| POLICY NUMBER | 13-VH-8140-6 |
|---|---|

**HOMEOWNERS POLICY**

| DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|
| NOV 01, 2012 | $379.77 |

1826-F027

GAJEWSKI, JOZEF & WIESLAWA
6 HICKORY LN
HAWTHORN WDS IL 60047-9268

| | | |
|---|---|---|
| PREMIUM | $ | 379.77 |

Location: Same as Mailing Address

| | | |
|---|---|---|
| TOTAL AMOUNT DUE | $ | 379.77 |

Important Message(s)

*OCWEN DID NOT PAID STATE FARM
BUT PURCHASED OVER
$ 4,000.00 INSURANCE
SEE 9/30/2012 AND 12/08/2012*

Agent MCOMBER, G WILLIAM
Telephone 847-438-2059

*See reverse for important information.*
*Please keep this part for your record.*
**Prepared: Sep 28 2012**

-------- Cut on this line and mail the portion below with your payment --------

MOVING? PLEASE SEE YOUR STATE FARM AGENT.        1826-F027

| INSURED | GAJEWSKI, JOZEF & WIESLAWA | |
|---|---|---|
| POLICY NUMBER | 13-VH-8140-6 | HOMEOWNERS |

**PLEASE RETURN THIS PART WITH YOUR CHECK MADE PAYABLE TO STATE FARM**

| DATE DUE | PLEASE PAY THIS AMOUNT |
|---|---|
| NOV 01, 2012 | $379.77 |

Please contact your State Farm Agent if you have any questions about your policy.

Insurance Support Center
P.O. Box 680001
Dallas, TX 75368-0001

Plaintiffs'
Exhibit # **132**

538-181 5.8 Rev. 10-04-2010

| OFFICE USE ONLY | | | |
|---|---|---|---|
| Prepared: Sep 28 2012 | | | $379.77 |

○
OCWEN

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
WWW.OCWEN.COM

12/17/2012

*BOTH OCWEN AND CODILIS ARE
WORKING ON MODIFICATION—SEE 12/19/12
AT THE SAME TIME BOTH A..E WORKING
ON FORECLOSURE FILED ON JAN.22,2013
CASE # 13 CH 273*

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047-9268

Loan Number:           70393368
Property Address:      6 Hickory Lane, Hawthorn Woods, IL 60047

Notice of Missing Application Document(s)

Dear Borrower,

Thank you for submitting your application for foreclosure prevention assistance. Based on our review of the information you provided, the following documentation is required to complete the application process.

As of the date of this letter, if you have already submitted the documentation requested below you may disregard this notice.

**STEP 1:** Please provide a copy of the documents as described in the instructions below:

➡ -Federal Income Tax Return not received:  Please provide a signed copy of your most recently filed Federal Income Tax return complete with all schedules ,We did not receive your completed, signed and dated uniform Borrower Assistance Form.,We did not receive two most recent pay stubs that reflect at least 30 days of year to date earnings for each borrower.,We did not receive the required income documents to support your self employment income. Please include: (i) a complete, signed individual federal income tax return; (ii) as applicable, the business's tax return; AND (iii) either (a) the most recent signed and dated quarterly or year-to-date profit/loss statement that reflects activity for the most recent three months OR (b) copies of the bank statements for the business account for the last two months evidencing continuation of the business's activity.

**STEP 2:**  The documentation listed above must be received by **1/1/2013**.  Failure to provide these documents within the timeline may delay your application process, and prevent us from suspending foreclosure activity.   Please send copies of your documents.  Do not send originals.

Send a copy of this letter and the documents to the following:

➡ TO EXPEDITE PROCESSING:
**Fax to: (407) 737-6174*****OR *****Scan** and **E-mail** to: **mod@ocwen.com**

*You may also mail your application to:*
Ocwen Loan Servicing, LLC, Attn: Home Retention Department
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

If you have any questions, please contact Ocwen at (800) 746-2936. We are available Monday to Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET and Sunday 9:00 am to 9:(

Sincerely,
Ocwen Loan Servicing, LLC

**Plaintiffs'
Exhibit # 133**

IBRP Letter

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

December 19, 2012

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

*[handwritten: BOTH: OCWEN & CODILIS WORK ON MOD AT THE SAME TIME THEY WORK ON FORECLOSURE]*

    RE: Ocwen Loan Servicing, LLC vs. Jozef Gajewski
    Loan #: 70393368
    C&A File #: 14-12-33648

Dear Jozef Gajewski,

Thank you for your interest in a workout for your mortgage loan as referenced above. After reviewing your file and the information provided, it has been determined that additional documentation is needed.

- 2 most recent pay stubs. Pay periods must be less than 90 days old from time of review
- Complete Year to Date profit & loss statement for self employed income, as there is a claimed $3500 gross per month
- 2011 signed and dated federal tax returns
- New Borrower Response Package

While you do not qualify for said alternatives, this denial does not prohibit you from seeking the assistance of a credit counseling agency. Credit counseling may be obtained by calling 1-888-995-HOPE(4673) or through a HUD approved agency.

Please be advised that this office represents the above mentioned plaintiff and cannot provide you with legal advice, you are advised to seek the advice of your own legal counsel.

**NOTE: This law firm is deemed to be a debt collector.**

Sincerely,

Codilis & Associates, P.C.

**Plaintiffs'
Exhibit # 134**

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

January 3, 2013

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: Dispute the Validity of the debt**

Mortgage Arrearage
Creditor: OCWEN Loan Servicing, LLC
Loan Number: 70393368
File 14-12-33648

Dear Sir or Madam:

In my letter dated August 11, 2011, I already disputed the Validity of the Debt, the amount of the debt is incorrect, as I proved money stealing either by TB&W or CENLAR and then quick transfer of my mortgage to OCWEN Loan Servicing, LLC.

"Taylor, Bean & Whitaker Mortgage Corp. (TBW), was making false statements and conspiring to commit bank and wire fraud for his role in a more than $2.9 billion fraud scheme that contributed to the failures of TBW and Colonial Bank", my house appraisal way over the market value was one of TB&W fraud scheme, in results former CFO of TB&W was sentenced to 5 Years in prison for Fraud (please read attached newsletter).

On March 3, 2010 OCWEN Loan Servicing, LLC initiated the foreclosure proceedings, OCWEN applied Foreclosure, Late Charges, Loan Disbursement, Property Inspection, Interest, and many other fees to the money that were stolen.

In response to my dispute I received CODILIS & ASSOCIATES letter dated Sept. 2, 2011 informing that file has been placed on hold, please see attached CODILIS & ASSOCIATES letter.

Sincerely,

J. Gajewski

**Plaintiffs'**
**Exhibit # 135**



**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9877

**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

January 9, 2013

JAN. 22, 2013
FILED 2ND
FORECLOSURE
13-CH-273
W/O
NOTICE

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

    RE: Ocwen Loan Servicing, LLC V. Jozef Gajewski
    Loan #: 70393368
    Our File No.: 14-12-33648

Dear Jozef Gajewski,

Please be advised that we acknowledge receipt of your recent correspondence regarding the above file and have requested additional information from our client. Upon receipt of the information requested, we will provide the necessary response to your letter. Until that time, our file has been placed on hold.

If you have any questions regarding this letter, please contact our office.

        Sincerely,
        Codilis & Associates, P.C.

        By: _____
            Thomas Belczak

**NOTE: This law firm is deemed to be a debt collector.**

Plaintiffs'
Exhibit # **136**

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

January 10, 2013

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: Dispute the Validity of the debt**

Mortgage Arrearage
Creditor: OCWEN Loan Servicing, LLC
Loan Number: 70393368

Dear Sir or Madam:

Please reveal hold release date as well as detailed investigation results of stolen Aug 2009
payment and all foreclosure related fees added to mentioned above stolen payment.

Please respond either my address as shown above or to my lawyer Charles Silverman

Kaplan Silverman LLC
20 N. Clark, Suite 1725
Chicago, IL 60602
Office: (312) 419-1969
Fax: (312) 372-6067

Sincerely,

J. Gajewski

**Plaintiffs' Exhibit # 137**

Attachements:

1. CODILIS file on hold dated Sept. 2, 2011
2. OCWEN letter regarding August 2009 stolen payment dated June 3, 2011

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

January 15, 2013

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: OCWEN Loan Servicing, LLC V. Jozef Gajewski**
Loan Number: 70393368
File No.:14-12-33648

Dear Sir or Madam:

Thank you for letter dated January 9, 2013 informing that file has been placed on hold, please let me know when hold released, and details of your investigation about stolen payment.

As you collecting information from your client please send to your client enclosed State Farm Fire & Casualty Company check payment number 1 01 831722 J dated 10/10/2011 in the amount of $10,787.24. I mailed check to OCWEN five times (please see OCWEN's receiving stamps on the check). OCWEN refuses to sign insurance check but recently purchased in my behalf insurance for amount of $4,542.00, adding that amount to my mortgage.

OCWEN spend money for insurance but don't release insurance money if disaster happen, the prove is enclosed check for house damage repair, damage that happened over three years ago.

Sincerely,


J. Gajewski


Attachements:

1. State Farm Fire & Casualty Company for amount of $10,787.24.
2. OCWEN insurance purchase letter dated 12/08/2012

**Plaintiffs'
Exhibit #** *138*

*NO RESPONSE, CHECK NEVER RETURNED*

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

January 15, 2013

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: OCWEN Loan Servicing, LLC V. Jozef Gajewski**
Loan Number: 70393368
File No.:14-12-33648

Dear Sir or Madam:

Thank you for letter dated January 9, 2013 informing that file has been placed on hold, please let me know when hold released, and details of your investigation about stolen payment.

As you collecting information from your client please send to your client enclosed State Farm Fire & Casualty Company check payment number 1 01 831722 J dated 10/10/2011 in the amount of $10,787.24. I mailed check to OCWEN five times (please see OCWEN's receiving stamps on the check). OCWEN refuses to sign insurance check but recently purchased in my behalf insurance for amount of $4,542.00, adding that amount to my mortgage.

OCWEN spend money for insurance but don't release insurance money if disaster happen, the prove is enclosed check for house damage repair, damage that happened over three years ago.

Sincerely,

J. Gajewski

Attachements:

1. State Farm Fire & Casualty Company for amount of $10,787.24.
2. OCWEN insurance purchase letter dated 12/08/2012

**Plaintiffs' Exhibit #** *138*



THIS CHECK WAS
NEVER RECEIVED
UP TO TO DAYS
DATE 9/27/13

| CLAIM NO 13-B356-868 | POLICY NO 13-VH8140-6 | LOSS DATE 07-23-2009 | PAYMENT NO 1 01 831722 . |
|---|---|---|---|
| | | | DATE 10-10-2011 |

| Coverage Description | Amount COL/Line Pay Cd | | AMOUNT $10,787.24 |
|---|---|---|---|
| Wind/Hail - Building | $10,787.24  35/001      1 | | TIN |

## RETAIN STUB FOR RECORDS
AUTHORIZED BY **LISTER, CATHERINE**
PHONE **(888) 769-9042**

REMARKS   Re-issued draft

**STATE FARM FIRE AND CASUALTY COMPANY**
BLOOMINGTON, IL
CHI NO PD ECF 01-237 LO60          JPMORGAN CHASE BANK, NA 56-1544/441
                                    COLUMBUS, OH

**1 01 831722 J**

CLAIM NO 13-B356-868      INSURED  GAJEWSKI, JOZEF
LOSS DATE 07-23-2009

DATE **10-10-2011**
MM DD YYYY

JUL 1 8 2012

*EXACTLY TEN THOUSAND SEVEN HUNDRED EIGHTY-SEVEN AND 24/100 DOLLARS

$****10,787.24

NOV 16 2011

Pay to the
Order of: JOZEF GAJEWSKI & WIESLAWA GAJEWSKI & OCWEN LOAN SERVICING LLC ITS
SUCCESSORS &/OR ASSIGNS
6 HICKORY LN
HAWTHORN WDS IL 60047-9268
DEC 1 2 2012          SEP 1 0 RECD      AUG 2 3 2012

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK. HOLD AT 45° ANGLE FOR VIEWING

⑈"0❑❑7831722❑" ⑊0❑❑❑❑544❑⑉  627❑❑8268❑"

Plaintiffs'
Exhibit # **138**



**Plaintiffs' Exhibit #** *138*

English     Customer Service     USPS Mobile                                    Register / Sign In



**USPS.COM**                                      Search USPS.com or Track Packages

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.

Tracking Number: 70121010000364453229

Expected Delivery Day: Thursday, January 17, 2013

## Product & Tracking Information

**Available Actions**

Postal Product:            Features:
First-Class Mail®          Certified Mail™                    Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **January 17, 2013 , 9:49 am** | Delivered | **WILLOWBROOK, IL 60527** |

Your item was delivered at 9:49 am on January 17, 2013 in WILLOWBROOK, IL 60527

| January 17, 2013 , 9:44 am | Arrived at Unit | WILLOWBROOK, IL 60527 |
| January 15, 2013 , 3:30 pm | Departed Post Office | LAKE ZURICH, IL 60047 |
| January 15, 2013 , 3:27 pm | Acceptance | LAKE ZURICH, IL 60047 |

## Track Another Package

Tracking (or receipt) number

|  |
|---|

Track It

LEGAL                    ON USPS.COM                  ON ABOUT.USPS.COM            OTHER USPS SITES
Privacy Policy ›         Government Services ›        About USPS Home ›            Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›          Newsroom ›                   Postal Inspectors ›
FOIA ›                   Print a Label with Postage › USPS Service Alerts ›        Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›           Forms & Publications ›       Postal Explorer ›
                         Delivering Solutions to the Last Mile ›  Careers ›       National Postal Museum ›
                         Site Index ›

**USPS.COM**   |   Copyright© 2014 USPS. All Rights Reserved.

Plaintiffs'
Exhibit # *138*

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC

PLAINTIFF

Vs.

Jozef Gajewski; Wieslawa Gajewski; Unknown Owners
and Nonrecord Claimants

No.

DEFENDANTS

## COMPLAINT TO FORECLOSE MORTGAGE

CODILIS & ASSOCIATES, P.C.
Attorney for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
DuPage # 15170

14-12-33648

**NOTE: This law firm is deemed to be a debt collector.**

CIRCUIT CLERK

JAN 2 2 2013

FILED

Plaintiffs'
Exhibit # 139

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC

               PLAINTIFF                       13 CH273

Vs.                             No.

Jozef Gajewski; Wieslawa Gajewski; Unknown Owners
and Nonrecord Claimants

               DEFENDANTS

**FILED**
**JAN 22 2013**
*[signature]*
CIRCUIT CLERK

## COMPLAINT TO FORECLOSE MORTGAGE

NOW COMES the Plaintiff, OCWEN LOAN SERVICING, LLC, by and through its attorneys, CODILIS & ASSOCIATES, P.C., complaining of the defendants herein and, pursuant to 735 ILCS 5/15-1101, states as follows:

1. Plaintiff files this Complaint to Foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described, and names the persons identified in the above caption as "Defendants", as parties hereto.

2. Attached as "EXHIBIT A" is a copy of the Mortgage. Attached as "EXHIBIT B" is a copy of the Note. Attached as "EXHIBIT C" is a copy of the Loan Modification Agreement.

3. Information concerning said Mortgage:

    (A)  Nature of the instrument:  Mortgage.

    (B)  Date of the Mortgage:  4/18/08 modified on 4/22/10

    (C)  Name of the mortgagor(s):
          Jozef Gajewski
          Wieslawa Gajewski

    (D)  Name of the original mortgagee:
          Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean & Whitaker Mortgage Corp.

    (E)  Date and Place of Recording or Registering:
          4/30/2008
          Office of the Recorder of Deeds of Lake County Illinois

    (F)  Identification of Recording:  Document No.  6339530

    (G)  Interest subject to the mortgage:  Fee Simple.

    (H)  Amount of original indebtedness:

**Plaintiffs'
Exhibit # 139**

(1) Original Indebtedness: $388,000.00 modified to $403,185.30

(I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 49 IN HAWTHORN WOODS, UNIT NO.4, BEING A SUBDIVISION OF PART OF THE EAST HALF OF THE SOUTH EAST QUARTER OF SECTION 10, TOWNSHIP 43 NORTH, RANGE 10 EAST OF THE 3RD P. M., ACCORDING TO THE PLAT THEREOF RECORDED MARCH 8, 1957, AS DOCUMENT 942896, IN BOOK 34 OF PLATS, IN LAKE COUNTY, ILLINOIS.

**COMMONLY KNOWN AS:**
        6 Hickory Lane
        Hawthorn Woods, IL 60047

**TAX PARCEL NUMBER:** 14-10-411-002

(J) Statement as to defaults: Mortgagors have not paid the monthly installments of Principal, taxes, Interest and insurance for 03/01/2011, through the present; the Principal balance due on the Note and the Mortgage is $398,201.82, plus Interest, costs, advances and fees. Interest accrues pursuant to the Note, and the current per diem is $47.01.

(K) Name of present owner(s) of said premises:
        Jozef Gajewski
        Wieslawa Gajewski

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated and alleged to be subordinate and inferior to the mortgage of the Plaintiff:

(M) Names of persons who executed the Note, Assumption Agreement(s), or Personal Guarantee:
        Jozef Gajewski
Please note that no personal deficiency will be sought against any party who has received a Chapter 7 discharge or who are protected by the automatic stay at sale confirmation.

(N) Capacity in which Plaintiff brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208.

(O) Facts in support of a redemption period shorter than the longer of 7 months from the date the mortgagor or, if more than one, all the mortgagors have been served with summons or by publication or have otherwise submitted to the jurisdiction of the court, or 3 months from the entry of the judgment of foreclosure, whichever is later, if sought:

The redemption period shall be determined pursuant to 735 ILCS 5/15-1603.

**Plaintiffs' Exhibit #** *139*

(P) Statement that the right of redemption has been waived by all owners of redemption: There has been no executed waiver of redemption by all owners of redemption, however Plaintiff alleges that it is not precluded from accepting such a waiver of redemption by the filing of this complaint.

(Q) Facts in support of request for attorney's fees and of costs and expenses, if applicable: The subject mortgage provides for payment of attorney fees, court costs and expenses in the event of a default under the mortgage.

(R) Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought: Unless otherwise alleged, Plaintiff will pray for said relief after the filing of the instant foreclosure action by separate petition if such relief is sought.

(S) Offer to the mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale, if sought: No allegation of an offer is made however, Plaintiff alleges that it is not precluded from making or accepting such offer by the filing of the instant foreclosure action.

(T) Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, are sought to be terminated, and if not elsewhere stated, the facts in support thereof:

Jozef Gajewski; Wieslawa Gajewski;

4. Plaintiff avers that in addition to persons designated by name herein and the Unknown Defendants herein before referred to, there are other persons, and/or non-record claimants who are interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, in this Complaint described, including but not limited to the following:

Unknown Owners and NonRecord Claimants, if any.

That the name of each of such persons is unknown to Plaintiff and on diligent inquiry cannot be ascertained, and all such persons are therefore made party defendants to this action by the name and description of UNKNOWN OWNERS and NONRECORD CLAIMANTS.

## REQUEST FOR RELIEF

**WHEREFORE, PLAINTIFF REQUESTS:**

(i) A judgment of foreclosure and sale.

(ii) An order granting a shortened redemption period, if sought.

(iii) A personal judgment for deficiency, if applicable and sought, and only against parties who have signed the Note or monetary obligation which is the subject matter of this complaint, or persons

Plaintiffs' Exhibit # 139

who have assumed liability of the Note or monetary obligation which is the subject matter of this complaint, and who have not received a Chapter 7 bankruptcy discharge and who are not personally protected by the automatic stay at sale confirmation.

(iv) An order granting possession, if sought.

(v) An order placing the mortgagee in possession or appointing a receiver, if sought.

(vi) A judgment for attorneys' fees, costs and expenses, if sought.

(vii) For the appointment of a Selling Officer, if deemed appropriate by this court.

(viii) Such other and further relief as this court deems just.

Ocwen Loan Servicing, LLC

BY: _____

CODILIS & ASSOCIATES, P.C.
One of its Attorneys

Jessica S. Naples
ARDC# 6304951

Codilis & Associates, P.C.
Attorney for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-12-33648

**Plaintiffs'
Exhibit #** *139*

Image# 049725840002 Type: LP
Recorded: 01/24/2013 at 04:15:53 PM
Receipt#: 2013-00005957
Page 1 of 2
Fees: $39.00
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File **6950893**

-------------------------------------------------------------
**Above space for Recorder's Use Only**

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                 PLAINTIFF

      Vs.

Jozef Gajewski; Wieslawa Gajewski; Unknown Owners
and Nonrecord Claimants
         DEFENDANTS

No.     **13 CH 273**

## LIS PENDENS AND NOTICE OF FORECLOSURE

I, the undersigned, do hereby certify that the above-entitled cause was filed in the above
Court on the _____ day of- _____ **JAN 22 2013**, 20___, for Foreclosure and is now
pending in said Court and the **JAN 22 2013** affected by said cause is described as follows:

(i)   The names of all Plaintiff(s), Defendant(s), and case number are set forth above.

(ii)   The court in which the action was brought is set forth above.

(iii) The names of the title-holders of record are as follows:
     Jozef Gajewski
     Wieslawa Gajewski

(iv) The legal description is:

    LOT 49 IN HAWTHORN WOODS, UNIT NO.4, BEING A SUBDIVISION OF
PART OF THE EAST HALF OF THE SOUTH EAST QUARTER OF SECTION 10,
TOWNSHIP 43 NORTH, RANGE 10 EAST OF THE 3RD P. M., ACCORDING TO





Plaintiffs'
Exhibit # **140**

THE PLAT THEREOF RECORDED MARCH 8, 1957, AS DOCUMENT 942896, IN
BOOK 34 OF PLATS, IN LAKE COUNTY, ILLINOIS.

**TAX PARCEL NUMBER:** 14-10-411-002

(v)  The common address or location of the property is:
6 Hickory Lane
Hawthorn Woods, IL 60047

(vi)  Identification of the mortgage sought to be foreclosed:

a) Mortgagors:
Jozef Gajewski
Wieslawa Gajewski

b) Mortgagee:
Mortgage Electronic Registration Systems, Inc. as Nominee for Taylor, Bean &
Whitaker Mortgage Corp.

c) Date of mortgage: 4/18/08 modified on 4/22/10

d) Date and Place of recording:
4/30/2008
Office of the Recorder of Deeds of Lake County Illinois

e) Document number: 6339530

SIGNATURE: _____
Attorney of Record                    Jessica S. Naples
ARDC# 6304951

**THIS DOCUMENT WAS PREPARED BY/MAIL TO:**

CODILIS & ASSOCIATES, P.C.
Attorney for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300

14-12-33648

**NOTE: This law firm is deemed to be a debt collector.**

Plaintiffs'
Exhibit # 140



**LAW OFFICES**

**CODILIS & ASSOCIATES, P.C.**
I L L I N O I S

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300 / FAX: (630) 794-9090

January 30, 2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

*FILED FORECLOSURE 1/22/13*

RE: Ocwen Loan Servicing, LLC vs. Jozef Gajewski
Property Address: 6 Hickory LaneHawthorn Woods, IL 60047
Loan #: 70393368
C&A File #: 14-12-33648

Dear Jozef Gajewski,

Thank you for your interest in a workout for your mortgage loan as referenced above. In order to review your file, further information is needed. The documents still needed are:

- At least 2 recent pay stubs. Pay periods must be less than 90 days old from time of review with year to date income
- complete year to date profit & loss statement for self-employed income (music lessons; $3500 gross per month stated by borrower on income/expense form)
- 2011 signed and dated federal tax returns
- New Borrower Response Package- new package was issued on 11-1-2012. We need this package completed - signed and dated within 90 days from time of review.

Please submit all of the required documents to our office. If we do not receive a response, we will not be able to review or submit your request for approval due to insufficient documentation being received.

Please be advised that this office represents the above mentioned plaintiff and cannot provide you with legal advice, you are advised to seek the advice of your own legal counsel.

**NOTE: This law firm is deemed to be a debt collector.**

Sincerely,

Codilis & Associates, P.C.
(630) 974-3100

Lisa Collins
ARDC # 6303084

**Plaintiffs'
Exhibit #** 141

Jozef Gajewski
6 Hickory Ln
Hawthorn Woods, IL 60047

February 10, 2013

CODILIS & ASSOCIATES, P.C.
Law Offices
15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

**Re: Dispute the Validity of the debt, stolen money and requested Modification
Documents**

Mortgage Arrearage
Creditor: OCWEN Loan Servicing, LLC
Loan Number: 70393368
File 14-12-33648

Dear Sir or Madam:

Thank you for correspondence dated January 14, 2013.

Please find all requested Modification Documents as on your list.

After another review of OCWEN's Payment History I found that it shows payments to
OCWEN only, **but is not showing payments to TB&W that were always current** – my
original mortgage company.

**After Federal Government shut down TB&W, CFO of TB&W was sentenced to 5
Years in Prison (please see attached report.), my mortgage was transferred to
Cenlar.**

Money were stolen either by TB&W or CENLAR and then my mortgage was transferred
to OCWEN Loan Servicing, LLC, the issued Foreclosure to stolen payment by either
TB&W or Cenlar, **Ocwen Payment History is hiding that.**

In the January 9, 2013 letter I was informed that file was placed on hold, **I sent letter to
inform me about releasing file from hold and all investigation details of stolen
money by TB&W, instead CODILIS filed Foreclosure Case # 13CH273, but not
responding to my questions.**

According to OFFICE OF THE ATTORNEY GENERAL STATE OF ILLINOIS **"No
loan will be referred for foreclosure while a loan modification is in the works. "
Please see attached copy and please drop # 13CH273 case. I will contact Attorney**

Plaintiffs'
Exhibit # *142*

General to report opened case, if case not dropped in two weeks I will hire lawyer who will make this case dropped and I will sent my attorney's fees bill to CODILIS to be refunded to me.

In addition Foreclosure Prevention Assistance Programs for Illinois Residents encourage "Borrowers who are still in their home and are seeking a modification or refinance should contact their servicer as soon as possible for potential relief under the National Mortgage Settlement, **I am asking for help please, not for foreclosure, as you have resources available:**

"After months of investigation and negotiations, Attorney General Lisa Madigan, in conjunction with other state attorneys general, the U.S. Department of Justice and the U.S. Department of Housing and Urban Development, has secured a national settlement with five of the nation's largest mortgage servicers that will provide billions of dollars in badly needed assistance to homeowners harmed by
fraudulent foreclosure and mortgage servicing practices. The $25 billion settlement is the second largest settlement ever obtained through joint action of state attorneys general."

I already mailed all requested documents for modification, CODILIS is asking for the same documents again. I was wondering about progress and if principal and interest rate can be lowered to make payments affordable. Before the mortgage scandal my principal was **$115,444.11** as shown on October 29, 2007 statement (please see attached copy). After scandal spread I was paying thousands dollars in interest and mortgage payments, my home would be already paid off if scandal did not happened.

I am also wondering about insurance check for amount of $10,787.24 that I mailed to you on January 15, 2013, will that money will be available to do damaged repairs?

Sincerely,

J. Gajewski

**Plaintiffs' Exhibit #** 142



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

### 100 W. RANDOLPH STREET · CHICAGO, IL 60601
#### WWW.ILLINOISATTORNEYGENERAL.GOV

**Lisa Madigan**
ATTORNEY GENERAL

Homeowner Helpline
1-866-544-7151
312-814-5094

## Bank Foreclosure Settlement Overview

After months of investigation and negotiations, Attorney General Lisa Madigan, in conjunction with other state attorneys general, the U.S. Department of Justice and the U.S. Department of Housing and Urban Development, has secured a national settlement with five of the nation's largest mortgage servicers that will provide billions of dollars in badly needed assistance to homeowners harmed by fraudulent foreclosure and mortgage servicing practices. The $25 billion settlement is the second largest settlement ever obtained through joint action of state attorneys general.

Besides providing much needed mortgage relief for homeowners in Illinois, the settlement sets tough new mortgage servicing standards to prevent future abuses by banks in the servicing and foreclosure process and to avoid the bureaucratic nightmares many consumers have faced in trying to save their homes through loan modifications.

The settlement will be filed in federal court, and the court will appoint a monitor to ensure that the banks comply with all aspects of the settlement. The settlement includes a narrow release that covers only servicing, foreclosure and origination conduct. It does not release criminal, securitization, fair lending, MERS or any claims that borrowers choose to bring against the banks.

### Help for Homeowners

The five largest mortgage loan servicers – Bank of America, JPMorgan Chase, Wells Fargo, Citibank, and GMAC/Ally – have agreed to a settlement worth a total of $25 billion. The largest portion of the settlement, $17 billion, will be used to assist borrowers who are struggling to stay in their homes. Much of this money will be used for principal reductions on first and second liens.

Another $3 billion of the settlement is reserved to assist with refinancing for borrowers who are current on their loans but whose mortgages are underwater – the outstanding loan balance exceeds the current appraised value of the home. Typically, such borrowers are unable to secure refinancing.

Additionally, $1.5 billion will be provided as restitution to borrowers who have already lost their homes.

A very important part of the settlement sets new national mortgage servicing standards that will assist and protect distressed borrowers going forward. Attorney General Madigan knows firsthand of far too many borrowers who suffered through massive red tape and bank bureaucracy in attempting to save their homes through a loan modification or other program. Too often, no matter what they were told or how well they complied with the banks' rules, the borrowers ended up facing foreclosure.

The new servicing standards will ensure borrowers are given a fair chance to save their homes. Major enhancements include:

* Distressed home borrowers will be considered for a loan modification rather than automatically referred for foreclosure.

* No loan will be referred for foreclosure while a loan modification is in the works.

* Borrowers will be allowed to appeal a denial of a loan modification.

* Bureaucratic nightmares will be diminished when dealing with banks by requiring the mortgage servicers to provide a single point of contact for borrowers as well as easier methods for checking on the progress of their loan modification applications.

* Loan servicers will be held to strict timelines in dealing with distressed borrowers.

The settlement will also ensure a fair and accurate foreclosure process for those borrowers who cannot be assisted any other way.

### Ongoing Legal Action

Fraudulent acts in foreclosure proceedings led to the launch of the "robo-signing" investigation by the attorneys general. The settlement, however, does not mark the beginning or the end of Attorney General Madigan's efforts to take strong legal action against lenders, banks, servicers and others who defraud homeowners. She continues to investigate and prosecute other players in the marketplace who contributed to the housing and economic collapse.

Plaintiffs'
Exhibit # **142**

**stamps**.com    Shipping Label Receipt

Delivery Confirmation™ Serial Number

9402 1112 0108 0850 2984 89

First Class Mail

OSTILLS ASSOCIATES P.C.      USPS

DELIVERY CONF. #

9402 1112 0108 0850 2984 89

**Plaintiffs'
Exhibit #** *142*

O C W E N

Ocwen Loan Servicing, LLC

HELPING HOMEOWNERS IS WHAT WE DO ™
WWW.OCWEN.COM

2/15/2013

*NEXT DAY
OCWEN
WITHDREW.
MY APPLICATION
SWITCHED REPS
TO INDIA*

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047-9268

Loan Number:          70393368
Property Address:     6 Hickory Lane, Hawthorn Woods, IL 60047

Dear Borrower(s):

Ocwen Loan Servicing, LLC ("Ocwen") would like to take this opportunity to thank you for submitting an application for foreclosure prevention assistance. We value your business and want to assure you that we are processing your request as quickly as possible. To better serve you during this time, we have provided answers to the most frequently asked questions from customers like you who have also applied for assistance.

**What happens after I submit my financial package?**

Step 1 – WE REVIEW YOUR DOCUMENTS FOR COMPLETENESS
After we receive your financial package, we will review it for completeness, making sure that all of the required information has been submitted and that the applicable forms are signed and dated appropriately. During this time, you will also be assigned a Relationship Manager, who will monitor your account during the review process and meet with you as needed to review options or address issues with your application. Once your Relationship Manager is assigned, you will receive a letter with his or her name and more information about their role.

If your package is incomplete, we will notify you through a letter indicating what documents are missing or are incorrect. We will also follow up with a phone call to schedule an appointment with your Relationship Manager to review the missing documents with you. Otherwise, it will automatically move on to our Underwriting Department for processing.

Step 2 – WE ASSESS YOUR OPTIONS
Once the package or your request has been certified as complete, your application moves to the underwriting stage where your eligibility is determined. We will review your account based on the resolution options allowed by the owner of your loan based on the type of loan you have. If you stated that you wanted to remain in your home, we will start the review with our various loan modification options, and determine your eligibility for those programs first. If you state you do not want to keep the property, or if your account doesn't qualify for a modification, we will review you for other resolution options that we can offer. The review process typically takes about 30 days once all of the documents are submitted and complete.

Step 3 – YOU REVIEW YOUR OPTIONS
If you qualify for one of our modifications, we will send you either a Trial Period Plan offer or a modification offer depending on the program. If we are able to offer you a different type of resolution, we will send you the agreement for that program along with information about it. We will also contact you by phone to set up an appointment with your Relationship Manager to review these documents and answer any questions that you may have about the resolution. If you do not qualify for any resolution options that we offer, we will send you a letter with information on additional alternatives.

Plaintiffs'
Exhibit # **143**

BRPALS Rev 11072012

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS #: 1852



*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO! ™
WWW.OCWEN.COM

**OCWEN**

2/16/2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047-9268

Loan Number: 70393368

Dear Customer,

Thank you for your recent application for a modification under the Making Homes Affordable Program. Based on our review of the documentation you provided, you are not eligible for a Home Affordable Modification.

**The application was withdrawn at your request.** WAS NOT

The Home Affordable Modification option is designed specifically to allow existing homeowners to keep their homes by making mortgage payments affordable, however the plan will not help everyone. For example, it will not help investor borrowers, borrowers who have no income and cannot make any mortgage payment or if a borrower's current monthly mortgage ratio is less than 31% of their gross monthly income. (Note: Monthly mortgage ratio is the current first mortgage monthly payment, including principal, interest, taxes, insurance and homeowner's association dues, if applicable, divided by the gross monthly income).

**If I'm not eligible for a Home Affordable Modification, then what do I do?**

Remember at Ocwen, HELPING HOMEOWNERS IS WHAT WE DO!™. We understand that unanticipated changes in your financial situation can impact every area of your life, including your ability to pay your mortgage obligation. Our Associates and Home Retention Consultants are trained to work with you to set up a plan of action specifically designed to address your current circumstances. By completing the financial information attached, we can begin the process of presenting you with some alternative solutions to resolve your delinquent mortgage loan. Below please find a brief description of possible solutions.

**What should I do if I disagree with the reason for non-approval of a HAMP modification?**

If you disagree with the reason for non-approval of a HAMP modification, you have 30 days from the date of this letter to send a written explanation and supporting documentation to substantiate your findings. Please email a copy of this letter along with any supporting documents to HAMPNPVCases@ocwen.com or mail to:

Ocwen Loan Servicing
P.O. Box 785061
Orlando, FL 32878-5061

**Plaintiffs'
Exhibit # 144**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

HDENY No HDLS

*NMLS # 1852*

---

### FEBRUARY 22, 2012

---

**From:** "Donavan S Clarke" <Donavan.Clarke@ocwen.com>
**To:** JOEGAJEWSKI@COMCAST.NET
**Sent:** Friday, February 22, 2013 12:25:58 PM
**Subject:** LOAN#70393368


HERE IS THE NEW FREDDIE MAC MOD PACKAGE , THE OLD ONE IS NO LONGER VALID.


Hi,
Can we reach out to the borrower's attorney and see if they would be willing to do a Freddie Mac mod or a modification to maybe settle or resolute this acct? We need the borrower's financials. See Attached Freddie Mac Package, if the borrower is interested? Also if you have the opposing council's info, please forward it to me…

Borrower qualifies for a modification, we need the FREDDIE MAC package filled out and returned in order to proceed.
Also let them know we also need:
1040 taxes copy
2-recent bank statements
2-recent paystubs or a profit and loss statement (if self employed) copy
With the above package, returned to us. We need new financials in order to approve or disapprove this borrower for a modification. Please send as soon as possible..


Regards,


Donavan Clarke
Home Retention Consultant - Contested
Ocwen Loan Servicing
Phone: 407-737-5741
Fax: 407-381-6791



**Plaintiffs' Exhibit #145**

## FEBRUARY 22, 2012

**From:** joegajewski@comcast.net
**To:** "Donavan S Clarke" <Donavan.Clarke@ocwen.com>
**Sent:** Friday, February 22, 2013 5:56:53 PM
**Subject:** Re: LOAN#70393368

Donovan,

Thank you for speaking with us, we truly appreciate your time. You stated in our phone conversation today (2/22/2013) that you in fact are the working agent for Loan Number: 70393368 held with OCWEN Loan Servicing, LLC which corresponds to the property located at 6 Hickory Lane, Hawthorn Woods, IL 60047. You also stated that the loan modification application submitted on November 25th, 2012 by Jozef Gajewski and Wieslawa Gajewski to OCWEN Loan Servicing, LLC was voluntarily withdrawn from assessment by either Jozef Gajewski or Wieslawa Gajewski. We're confident that OCWEN Loan Servicing, LLC can verify the voluntary withdrawal from the loan modification assessment by providing us with a date and time of the voluntary withdrawal along with a proof of a recorded statement, a phone call record, or a written request for loan modification application withdrawal. We appreciate you sharing this information with us.

In addition, it has come to our attention that the ongoing mortgage arrange dispute between Jozef Gajewski; Wieslawa Gajewski; in regards to the property located at 6 Hickory Lane, Hawthorn Woods IL 60047 and OCWEN Loan Servicing, LLC has escalated to a mortgage foreclosure by CODILIS & ASSOCIATES, P.C. which was filed on January 22nd, 2013. As homeowners at 6 Hickory Lane, Hawthorn Woods, IL 60047 for the last 18 years, our good faith remains within the property and our community. We are committed to a mutually beneficial solutions to this costly, ongoing process which has caused lasting privation and hardships to our family.

Continuing in good faith and taking into consideration the poor standing of OCWEN Loan Servicing, LLC with the Better Business Bureau, we have basis to suspect that the veracity of Assignments and Debts claimed by OCWEN Loan Servicing, LLC is questionable. To ensure proper and accurate proceedings, we'd like OCWEN Loan Servicing, LLC to produce original signed documents, including the Mortgage, original Loan Note document and the Chain of Assignments concerning the property located at 6 Hickory Lane, Hawthorn Woods, IL Loan Number: 70393368 as outlined in Section 6 of the Real Estate Settlement Procedures Act (RESPA). Failure to provide the underlying assignments and/or resolve the dispute in a timely manner will result in notification of the State of Illinois Attorney General with concerns of mortgage fraud. We hope that as a loan specialist you share our concern for proper loan documentation and lawful proceedings. Please feel free to contact us at (847) 550-6207 as we are eager to review the documents in person and settle this account.

We look forward to your timely reply and working with you to resolve this matter.

Jozef Gajewski

Plaintiffs'
Exhibit # 146

Jozef Gajewski, Wieslawa Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

February 22, 2013

Ocwen Loan Servicing, LLC
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
Loan Number: 70393368

It has come to our attention that the ongoing mortgage arrange dispute between Jozef Gajewski; Wieslawa Gajewski; in regards to the property located at 6 Hickory Lane, Hawthorn Woods, IL 60047 and OCWEN Loan Servicing, LLC has escalated to a mortgage foreclosure by CODILIS & ASSOCIATES, P.C.. As homeowners at this location for the last 18 years, our good faith remains with the property and our community. We are committed to a mutually beneficial solution to this ongoing process which has caused lasting privation and hardships to our family.

Continuing in good faith and taking into consideration the poor standing of OCWEN Loan Servicing, LLC with the Better Business Bureau, we have basis to believe that the veracity of Assignments and Debts claimed by OCWEN Loan Servicing, LLC is questionable. To ensure proper and accurate proceeding, we'd like OCWEN Loan Servicing, LLC to produce the original Mortgage, the original Loan Note document and the Chain of Assignments for 6 Hickory Lane Hawthorn Woods, IL Loan Number: 70393368 as outlined in Section 6 of the Real Estate Settlement Procedures Act (RESPA). Failure to provide the underlying assignments in a timely manner will result in notification of State of Illinois Attorney General of ongoing mortgage fraud by OCWEN Loan Servicing, LLC and CODILIS & ASSOCIATES, P.C.. We hope that as a loan specialists you share our concern for proper loan documentation and lawful proceedings. Please feel free to contact us at (847) 550-6207 to settle this account. We look forward to your timely reply and reviewing the aforementioned documents in person.

Sincerely,

Jozef Gajewski

**Plaintiffs' Exhibit # 147**

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

February 22, 2013

Ocwen Loan Servicing, LLC
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
Loan Number: 70393368

<u>Hardship Affidavit</u>

To whom it may concern:

We are writing to request that you review our loan status as we'd like to come to mutually beneficial agreement on this troubled mortgage.

We realize that keeping more people in their homes is an important part of what the United States needs to stabilize the housing market and work toward recovery. However, due to unforeseeable circumstances. many homeowners are unable to meet their obligations due to drastic reduction in income and extreme devaluation of property. Such is the case with our loan. The rapid contamination of the mortgage sector in late 2008 produced unprecedented uncertainty among homeowners. As our self-employed income stream is directly correlated with the consumer confidence level, you can image that our monthly revenue stream became impaired. Taking steps to ensure our property would not fall into foreclosure we continued to make payments and seek modification from TB&W until its dissolution by the United States Government in August, 2009 and subsequent transfer of our loan on August 12th, 2009 to Cenlar Central Loan Administration & Reporting. Up until this point, our loan was in good standing with the last payment being made on August 4th, 2009 to TB&W.

As the loan was transferred from TB&W to Cenlar. our mortgage payment made on August 4th, 2009 for the month of August in the sum of $2,357.53 was never recorded by Cenlar, and the raging confusion among Cenlar representatives began to raise questions regarding the veracity of Assignments and Debts claimed by Cenlar, and as a result, we discontinued making payments in fear of fraud.

On October 29th, 2009, as a "result of your(our) recent inquiry to Cenlar FSB or Taylor, Bean & Whitaker concerning your Making Home Affordable Modification Program application" our loan was transferred to OCWEN Loan Servicing LLC which proceeded to file for mortgage foreclosure on March 3, 2010 stating past due loan for August 1, 2009. The foreclosure resulted in immense financial hardship as it produced a squeeze in our credit availability which further impaired our ability to preserve sufficient income in order to stay current on our loan. With the plethora of foreclosure and processing fees added to our principal. our loan grew to surreal proportions. Nonetheless, we continued to work in good faith with OCWEN Servicing LLC to preserve our home and modify our loan. Finally, OCWEN Loan Services LLC reached out with a Proposed Modification Agreement on May 10, 2010 which had to be signed in order to keep our home. The revised loan proposal had a principal balance of $403,185.30 with an annual rate of interest of 4.25% until the maturity date of 4/1/2050. it went into effect May 1st, 2010 which valued the loan at $1,040,773.24. nearly 450% of our homes value. The modification which was approved to enable us to pay $1,748.29 per month. supplemented by various fees. was raised to a monthly payment of $2,424.61 starting May 1, 2010. Yet still, we continued to make payments in good faith in order to remain with our home. Finally, OCWEN Loan Services LLC

**Plaintiffs'
Exhibit # 148**

started requesting even higher monthly payments of $2,536.19 on June 25th, 2010 and $2,686.18 on September 1st, 2010. As our financial hardship continued and our financial standing regressed, our only option was to continue making payments we could afford. Unable to fulfill fluctuating demands from OCWEN Loan Services LLC, our loan accumulated additional fees and late charges. Our last payment submitted to OCWEN Loan Services LLC was April 4, 2011 in the amount of $300. The last account statement we received was August 17, 2012 with a Principal Balance of $398,201.82 and Total Amount Due of $68,332.51.

Our latest effort to modify our loan was submitted on November 25th, 2012. After receiving numerous notices of incomplete documents from OCWEN Loan Services LLC, and after complying with all the requests, on February 22, 2013 we were surprised to learn from an OCWEN Loan Services LLC Loan Number: 70393368 representative that our application for a loan modification was voluntarily withdrawn on our end. In the meantime, OCWEN Loan Services LLC filed for yet another mortgage foreclosure.

Although the amount of time, effort and stress invested into this discombobulated loan arrangement could never be comprehended, and the breath of hardship encompassing our family could never be explained in words, we are enthusiastic about the future and the possibility of making affordable payments. Reducing our monthly payment would enable us to to regain traction, and as a result, aid the United States of America in the recovery from the subprime mortgage crisis by stabilizing the U.S. housing market and by helping homeowners get mortgage relief and avoid foreclosure.

At this moment, we are working hard to gain traction and overcome our hardships in order to remain with the home we love and cherish. The time spent managing the pandemonium of documentation and foreclosure cases regarding this Loan Note could very well have been used to improve our current financial standing, and therefore, be ubiquitously advantageous to struggling homeowners, laborious servicers, and our current disharmonious economical state.

As we believe that our loan meets all necessary criteria to qualify for a mortgage modification program offered under the Making Home Affordable Program, we urge you to consult in good faith with us, the dedicated homeowners of 18 years, in order to work out a resolution of this account. Our good faith remains with the property and our community. We are committed to a mutually beneficial solution to this ongoing process which has caused lasting privation and hardships to our family.


We appreciate your time and willingness to help us.



Sincerely,



Jozef Gajewski



**Plaintiffs'**
**Exhibit # 148**

**stamps.com**     **Shipping Label Receipt**

**Delivery Confirmation™ Service Number:**

**9402 1112 0108 0836 9704 46**

First-Class Mail with Signature Confirmation™ *
Electronic Service Fee: $2.20
Total Postage and Fees: $3.89
Weight: 0 lbs 2 oz
Print Date: 02/22/2013       Mailing Date: 02/22/2013

| | |
|---|---|
| **From:** | J. GAJEWSKI <br> 6 HICKORY <br> HAWTHORN WOODS, ILL 60046 |

| | | |
|---|---|---|
| **To:** | OCWEN Loan Servicing, LLC <br> Attention: Home Retention Department <br> 1661 Worthington Road, Suite 100 <br> West Palm Beach FL 33409-6493 | USPS <br> Postmark <br> Here |

*Regular First-Class Mail Service postage rates apply. Postmark required if fee refund requested.
Delivery information is not available by phone for the electronic option. A copy of the recipient's
signature will be faxed or mailed upon request by visiting the Track & Confirm page at
www.usps.com or calling 1-800-222-1811.

**Plaintiffs' Exhibit # 148**

---

**FEBRUARY 25, 2012**

---

**From:** Clarke, Donavan S
**Sent:** Monday, February 25, 2013 11:56 PM
**To:** Cherian, Prasanth
**Subject:** FW: LOAN#70393368

Hi,
Please see the below and provide the opposing counsel the necessary docs..This is a serious matter.

Regards,
Donavan Clarke

**From:** "Donavan S Clarke" <Donavan.Clarke@ocwen.com>
**To:** joegajewski@comcast.net
**Sent:** Monday, February 25, 2013 12:27:20 PM
**Subject:** RE: LOAN#70393368

Hi,
I just reached out to the foreclosure associate handling this loan that should be able to get the docs you are requesting..I will get back to you know I hear something from him.

Regards,
Donavan Clarke
Ocwen Loan Servicing – HRC
407-737-5741

Plaintiffs' Exhibit # **149**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

NMLS #: 1852
NC Permit No. 3946
☎ **CUSTOMER CARE CENTER 1-800-746-2936**
*Your call may be recorded for the coaching and development of our associates.*

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

1MB      01765/001765/002023 0007  1 ACPZD2

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



## Account Statement

| | |
|---|---|
| **Account Number:** | **0070393368** |
| **Account Statement Date:** | **02/25/2013** |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ                                              Page 1

### Special Notices

Looking for ways to reduce your homeowners insurance cost?
Consider increasing your deductible. First Protector will pay it for
you, up to $1,000. Visit www.OcwenFirstProtector.com or call
1-800-349-9756, 8am-8pm E.T. for more information.

## Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | 13,878.38- |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | 13,878.38- |
| Recently Assessed Amounts: | |
| 01/16/13 Property Inspection Fee: | 10.00 |

*This is the principal balance only, not the amount required to pay your account in full.

## Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 367.92 |
| Interest: | 1,380.37 |
| Escrow: | 1,939.98 |
| Less:Partial Payment Amount: | 96.84- |
| Current Amount Due by 03/01/13: | 3,591.43 |
| Past Due Amount: | |
| Principal: | 8,450.96 |
| Interest: | 33,508.00 |
| Escrow: | 44,255.36 |
| Past Due Amounts DUE IMMEDIATELY: | 86,214.32 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-FC Thru Service Complete: | 927.50 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 229.50 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 3,289.87 |
| **Total Amount Due:** | **93,095.62** |

## Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

## Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Due to the status of your loan, fee(s) or charge(s) have recently been added.  Please review the enclosed fee description page for explanation of these and any other fee(s) or charge(s).

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs' Exhibit # 150

FOLD AND
DETACH HERE          PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE          FOLD AND

---

## FEBRUARY 26, 2012

---

**From:** "Mujeeb Shaik Basha" <Mujeeb.Basha@ocwen.com>
**To:** joegajewski@comcast.net
**Sent:** Tuesday, February 26, 2013 6:19:07 AM
**Subject:** FW: LOAN#70393368

Please provide the complete physical address to which the original note, mortgage and assignments has to go. Also let us know if you need any additional docs.

**Shaik Mujeeb Basha | Litigation Coordinator**
**Ocwen Financial Solutions Pvt. Ltd.**
Phone# 91+561-682-8000-Ext-64854
Email Address: Mujeeb.Basha@ocwen.com
For any Escalations please contact my supervisor "Mohammed Hassain"
Email Address: Mohammed.HassainGangavali@ocwen.com Ext: 65698.

Plaintiffs'
Exhibit #151

**FEBRUARY 26, 2012**

**From:** joegajewski@comcast.net [mailto:joegajewski@comcast.net]
**Sent:** Tuesday, February 26, 2013 11:25 AM
**To:** Clarke, Donavan S
**Cc:** Hassain Gangavali, Mohammed; Cherian, Prasanth; Clarke, Donavan S; Basha, Mujeeb Shaik
**Subject:** Re: LOAN#70393368

Hello Donovan,

We appreciate your timely reply. As per our email and formal inquiry, our request WILL NOT be satisfied by documents other than;

Original Mortgage
Original Loan Note

As per regulations, we request to verify the Chain of Assignments for this Loan Note to ensure the loan was duly assigned, transferred and sold to the alleged holder of the loan, OCWEN Loan Servicing LLC. We'd like to inform you that the Statute of Frauds applies to invalidate any and all transfers of the mortgage or note that were not memorialized in writing at the times of the transfers. You must understand that in order to verify that OCWEN Loan Servicing LLC is the real party in interest, we must examine the original documents in person. In interest of the alleged mortgage and note, failure to respond will constitute further action. Time is of the essence.

We appreciate your time and willingness to help us, looking forward to your reply.

**Plaintiffs' Exhibit #152**

## FEBRUARY 26, 2012

From: Cherian, Prasanth
Sent: Tuesday, February 26, 2013 12:03 AM
To: Litigations
Subject: FW: LOAN#70393368

Hi,

Please see the below mail.

Thanks & Regards,

Prasanth cherian
Time Line Coordinator
Default Servicing, Foreclosure
Ocwen Financial Solutions Pvt. Ltd
Email: Prasanth.Cherian@ocwen.com
Contact: 561-682-8000 Extn: 64605

Any foreclosure related escalations please contact my supervisor  Sam Dennis :
Sam.dennis@ocwen.com

Contact: 561-682-8000 IP EXT: 65075

Plaintiffs'
Exhibit # 153

## FEBRUARY 26, 2012

**From:** "Donavan S Clarke" <Donavan.Clarke@ocwen.com>
**To:** joegajewski@comcast.net
**Cc:** "Hassain Gangavali, Mohammed" <Mohammed.HassainGangavali@ocwen.com>,
"Prasanth Cherian" <Prasanth.Cherian@ocwen.com>, "Mujeeb Shaik Basha"
<Mujeeb.Basha@ocwen.com>
**Sent:** Tuesday, February 26, 2013 1:07:02 PM
**Subject:** RE: LOAN#70393368

Hi,
This loan is no longer assigned to me, but I have reached out to the necessary dept to egt you the
docs you need.


Regards,
Donavan Clarke

Plaintiffs'
Exhibit #154

## FEBRUARY 26, 2012

**From:** "Mujeeb Shaik Basha" <Mujeeb.Basha@ocwen.com>
**To:** joegajewski@comcast.net
**Cc:** "Prasanth Cherian" <Prasanth.Cherian@ocwen.com>, "Donavan S Clarke"
<Donavan.Clarke@ocwen.com>, "Kelly Kallal" <Kelly.Kallal@il.cslegal.com>
**Sent:** Tuesday, February 26, 2013 2:03:05 PM
**Subject:** RE: LOAN#70393368

HI,
This file is assigned to CODILLIS AND ASSOCIATES and we have requested complete
physical address to which the original note and mortgage has to be sent.

Please advise when this file was assigned to you.

**Shaik Mujeeb Basha | Litigation Coordinator**
**Ocwen Financial Solutions Pvt. Ltd.**
Phone# 91+561-682-8000-Ext-64854
Email Address: Mujeeb.Basha@ocwen.com
For any Escalations please contact my supervisor "Mohammed Hassain"
Email Address: Mohammed.HassainGangavali@ocwen.com Ext: 65698.

Plaintiffs'
Exhibit # 155

**FEBRUARY 26, 2012**

**From:** joegajewski@comcast.net [mailto:joegajewski@comcast.net]
**Sent:** Tuesday, February 26, 2013 3:10 PM
**To:** Clarke, Donavan S
**Cc:** Hassain Gangavali, Mohammed; Cherian, Prasanth; Basha, Mujeeb Shaik
**Subject:** Re: LOAN#70393368

Donovan,

Once again we appreciate your timely reply. We are sorry to hear that you will no longer be representing OCWEN Loan Servicing, LLC as a primary contact person in regards to the alleged loan. As per regulation, OCWEN Loan Services, LLC is required to provide contact information, including the First Name, Last Name and Phone Number of the person(s) attaining responsibilities related to the alleged debt Loan Number:70393368. Failure to do so immediately will furthermore deteriorate the relationship between OCWEN Loan Servicing, LLC and the alleged borrower acting in good faith.

Best Regards,

Jozef Gajewski

Plaintiffs' Exhibit # 156

---

**FEBRUARY 26, 2012**

---

**From:** "Donavan S Clarke" <Donavan.Clarke@ocwen.com>
**To:** "melissa hinterhauser" <melissa.hinterhauser@il.cslegal.com>
**Cc:** "Hassain Gangavali, Mohammed" <Mohammed.HassainGangavali@ocwen.com>,
"Prasanth Cherian" <Prasanth.Cherian@ocwen.com>, "Mujeeb Shaik Basha"
<Mujeeb.Basha@ocwen.com>,joegajewski@comcast.net
**Sent:** Tuesday, February 26, 2013 3:50:07 PM
**Subject:** RE: LOAN#70393368

Hi Melissa,
Please reach out to the opposing counsel..

Regards,
Donavan Clarke
Ocwen Loan Servicing-HRC

**Plaintiffs' Exhibit #** *157*



**stamps** Shipping Label Receipt

Delivery Confirmation™ Service Number:

9405 5112 0108 0492 2882 01

Priority Mail with Delivery Confirmation™ ™
Electronic Service Fee: $0.00
Total Postage and Fees: $5.75
Weight: 0 lbs 4 oz
Print Date: 02/26/2013            Mailing Date: 02/26/2013

Jozef Gajewski  Wieslawa Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

February 26, 2013

Ocwen Loan Servicing, LLC
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
Loan Number: 70393368

To whom it may concern:

It has come to our attention that the ongoing mortgage arrange dispute between Jozef Gajewski;
Wieslawa Gajewski; in regards to the property located at 6 Hickory Lane, Hawthorn Woods, IL
60047 and OCWEN Loan Servicing, LLC has escalated to a mortgage foreclosure by CODILIS
& ASSOCIATES, P.C.. As homeowners at this property for the last 18 years, our good faith
remains with the property and our community. We are committed to a mutually beneficial
solution to this ongoing process which has caused lasting privation and hardships to our family.

Continuing in good faith and taking into consideration the prior standing of OCWEN Loan
Servicing, LLC with the Better Business Bureau, we have cause to believe that the veracity of
Assignments and Debts claimed by OCWEN Loan Servicing, LLC is questionable. To ensure
proper and accurate proceeding, we request OCWEN Loan Servicing, LLC to produce the original
Mortgage, the original Loan Note document and the Chain of Assignments for 6 Hickory Lane
Hawthorn Woods, IL Loan Number: 70393368 as outlined in Section 6 of the Real Estate
Settlement Procedures Act (RESPA). Failure to provide the underlying assignments in a timely
manner, 30 days, from the date of this letter, will result in further action. We hope that as a loan
specialists you share our concern for proper financial documentation and lawful proceedings.
Please feel free to contact us at 847 _____ to settle this account. We look forward to your
timely reply and reviewing the aforementioned documents in person.

Sincerely,

Jozef Gajewski

**Plaintiffs'
Exhibit # 158**



**Ocwen Loan Servicing, LLC**
www.ocwen.com

O C W E N

NMLS #: 1852
NC Permit No. 3946
📞 **CUSTOMER CARE CENTER 1-800-746-2936**
*Your call may be recorded for the coaching and development of our associates.*

| | |
|---|---|
| **Account Statement** | |
| **Account Number:** | 0070393368 |
| **Account Statement Date:** | 03/18/2013 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |
| DELQ | Page 1 |

1AT    03022/037417/003357 0151  1 ACQ1S5

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



**Special Notices**

Looking for ways to reduce your homeowners insurance cost? Consider increasing your deductible. First Protector will pay it for you, up to $1,000. Visit www.OcwenFirstProtector.com or call 1-800-349-9756, 8am-8pm E.T. for more information.

### Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | 13,878.38- |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | 13,878.38- |
| Recently Assessed Amounts: | |
| 02/27/13 Property Inspection Fee: | 10.00 |
| 03/16/13 Property Inspection Fee: | 10.00 |

*This is the principal balance only, not the amount required to pay your account in full.

### Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 369.23 |
| Interest: | 1,379.06 |
| Escrow: | 1,939.98 |
| Less:Partial Payment Amount: | 96.84- |
| Current Amount Due by 04/01/13: | 3,591.43 |
| Past Due Amount: | |
| Principal: | 8,818.88 |
| Interest: | 34,888.37 |
| Escrow: | 46,195.34 |
| Past Due Amounts DUE IMMEDIATELY: | 89,902.59 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-FC Thru Service Complete: | 927.50 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Curr-Property Inspection Fee: | 10.00 |
| Prev-Property Inspection Fee: | 239.50 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 3,309.87 |
| **Total Amount Due:** | 96,803.89 |

### Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

### Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Plaintiffs'
Exhibit # **159**

FOLD AND         PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.         FOLD AND

FreddieMac

8250 Jones Branch Drive
McLean , VA 22102-3110

Date: May 14,2010

To:   OCWEN LOAN SERVICING, LLC - (TBW)
     Attn:    TANIA ABADIE
          1661 WORTHINGTON ROAD STE 100
          WEST PALM BEACH, FL 33409

Re:    Loan Modification Approval
     Freddie Mac Loan No.  507241061
     Servicer Loan No.      070393368
     Borrower(s) Name     JOZEF GAJEWSKI
     Property Address      6 HICKORY LANE
                      HAWTHORNE WOODS, IL 600470000

Dear  TANIA ABADIE ,

We have approved your request to consider a loan modification on the referenced loan subject to the following conditions:

- You must obtain an endorsement to the existing title insurance policy that ensures the modified mortgage is an enforceable first lien. The title insurance company may require you to obtain subordination agreements from all junior lienholders. Recordation of the modification is required.

- The modified mortgage must be a fixed rate, fully amortized loan bearing interest at the following percentage. The total loan term will be extended to/reamortized over 480 months.

| Note Rate | Term | Effective Date | First Monthly PITI Payment Due |
|-----------|------|----------------|-------------------------------|
| 4.25% | 480 | 04/01/2010 | 05/01/2010 |

- The Freddie Mac accounting net yield (ANY) rate on the modified mortgage must be calculated by subtracting the following from the rate listed above:
  - Servicing fee of 25.0 bps or the current servicing spread prior to modification if it is lower than 25.0 bps.
  - The mortgage insurance premium if it was included in the note rate of the existing mortgage.

- Capitalization is limited to $21,138.68. You may not capitalize unpaid late charges or penalties, and interest on delinquent taxes/assessments.

- The borrower must contribute the following at or before closing (by certified funds, cashier's check, or cash):

| | |
|---|---|
| Borrower cash contribution to reduce the outstanding indebtedness | $25.00 |
| Closing costs for modification (title, documents, closing) (Estimate) | $0.00 |
| Processing fee for review of modification request | $0.00 |
| Borrower's first modified monthly payment (Estimate) | $2,362.89 |
| **ESTIMATED TOTAL CASH DUE FROM BORROWER** | **$2,387.89** |

FHLMC Loan: 507241061                                Servicer Loan: 070393368

**Plaintiffs'
Exhibit #** *160*

- If the mortgage being modified is non-owner occupied or 2-4 unit property, an Assignment of Rent Rider (Exhibit 77 of the Guide) must be executed and attached to the Loan Modification Agreement. If the mortgage being modified is assumable, a Modification Due on Transfer Rider (Exhibit 78 of the Guide) must be executed and attached to the Loan Modification Agreement. If the borrower was previously discharged in a Chapter 7 bankruptcy proceeding, a Modification Bankruptcy Disclosure Rider (contact your NPL Representative to obtain this form) must be executed and attached to the Loan Modification Agreement.

- If the property subject to the loan modification is located in a special flood hazard area at the time of modification, flood insurance must be obtained.

- The modified mortgage must have an escrow account established for the payment of taxes and insurance.

- If the mortgage insurer has agreed to a partial claim payment, Freddie Mac agrees that any future claim payment will be reduced by the amount advanced and not yet repaid by the borrower.

- Freddie Mac must retain the first lien position and cannot have any secondary financing included in the modified mortgage balance or provide cash-out to the borrower(s). The modification must occur in accordance with all state and federal regulations.

- Notwithstanding our approval of this loan modification, Freddie Mac reserves its rights to exercise any remedies provided by the *Guide* and other purchase documents, including a repurchase of the mortgage or a call on a credit enhancement, in the event we determine that there has been a failure to comply with the requirements of the *Guide*. In addition, we reserve the right to require you to indemnify us if the the loan modification does not occur in accordance with these instructions.

- You must not delay initiation of foreclosure, suspend the foreclosure action or otherwise put the foreclosure on hold while processing this loan modification. If you believe a foreclosure sale should be postponed in order to complete the workout, you must contact  at  for approval.

- Additional Conditions:

If all conditions have been met, you should then:

- Prepare the Loan Modification Agreement with all applicable riders. These documents should be amended to the extent necessary to comply with local law. The borrower(s) should execute two (2) original Agreements.

- Follow the steps detailed in the attached Loan Modification Closing and Reporting Instructions. Please communicate this information to your Investor Accounting and Default Reporting Department.

All requirements for the Loan Modification Program are outlined in the Guide, beginning at Chapter B65.11. If you have any questions, please feel free to contact me at  .

Sincerely,

Christopher Grehalva
Non-Performing Loans Department
Single Family Division

FHLMC Loan: 507241061                          Servicer Loan: 070393368

**Plaintiffs'
Exhibit #**

Freddie Mac

# NON-PERFORMING LOANS BUSINESS PLAN

FM Loan No.: 507241061
Servicer No.: 154354
FM Specialist: Christopher Grehalva
O/S Co Name:
Outsource Contact:
Servicer Contact: TANIA ABADIE
Servicer Contact Phone: (561)682-7018

| | | | |
|---|---|---|---|
| Prim Reason for Default: | Curtailment Of Income | Workout Type Submitted: | MO |
| Sec. Reason for Default: | | Environmental Problems (if Y, go to Comments) | No |
| Policy Path: | Negotiated | | |
| Prog Originator: | Delegated | Was Workout Requested by Borrower? | Yes |
| | | Owner Occupied: | Yes |

| PART A. | LOAN INFORMATION | | | | |
|---|---|---|---|---|---|
| Loan # | 507241061 | Mtg. Product | SF FR-30 | Orig Int Rate | 6.125% |
| Servicer Loan # | 070393368 | UPB | $382,541.59 | MI Percent | 0.00% |
| Servicer Name | OCWEN LOAN SERVICING, LLC - (TBW) | Interest Arrears | $17,497.68 | MI Name | NO MORTGAGE INSURER |
| | | Other Costs | $3,166.00 | MI Certificate | |
| Loan Purch Date | 05/09/2008 | Total Debt | $403,205.27 | CE (Y or N) | No |
| Loan Orig Date | 04/18/2008 | DDLPI | 07/01/2009 | CE Type | |
| PITI | $2,972.15 | Subj Prop | 6 HICKORY LANE, HAWTHORNE WOODS, IL 60047- | | |

| PART B. | BORROWER INFORMATION | | |
|---|---|---|---|
| | | Borrower | Co-Borrower |
| Name | | JOZEF GAJEWSKI | |
| SSN | | | |
| Phone Day/Ext | | | |
| Address | | 6 HICKORY LANE | |
| City | | HAWTHORNE WOODS | |
| State (abbr.) | | IL | |
| Zip | | 60047-0000 | |
| Phone Evening | | | |
| Annual Income | | $70,202.76 | $0.00 |
| Liquid NW (savings, checking, CDs) | | $0.00 | $0.00 |
| Retirement Savings (401K, etc.) | | $0.00 | $0.00 |
| Equity in Principal Residence | | $0.00 | $0.00 |
| Other Real Estate Equity | | $0.00 | $0.00 |
| Other Liquid Assets (stocks, bonds, securities) | | $0.00 | $0.00 |
| | | | |
| | | | |

| PART C. | PROPERTY INFORMATION | | |
|---|---|---|---|
| Units | 1 | 2-4 UNITS PROPERTIES ONLY | |
| # Units Occupied | | Owner Occupied (Y/N) | Yes |
| Units Rented (Y/N) | No | # Units Vacant | |
| Age of Property | 0.0 | Tenant Problems (Y/N) | No |
| Total Repairs | $1.00 | Market Rent/Unit | $0.00 |
| Property Condition | Good | | |

| PART D. | PROPERTY VALUE INFORMATION | | | |
|---|---|---|---|---|
| As is Price | $279,446.00 | | | |
| As Repaired | $279,446.00 | | | |
| Date of Value | 12/30/2009 | | | |
| Quality | | | | |
| | | | | |
| CONCLUSION VALUE | $270,000.00 | | Original Value: | $388,000.00 |
| ITV (Total Debt/Conclusion Value) | 149.335% | | | |

Date Printed: 05/17/2010

1


Plaintiffs' Exhibit # 161

Freddie Mac

# NON-PERFORMING LOANS BUSINESS PLAN

FM Loan No.: 507241061
Servicer No.: 154354

| PART A. APPROVALS | | |
|---|---|---|
| Policy Path: | Negotiated | |
| S/S Specialist: | | Date: |
| S/S Manager: | | Date: |
| FM Specialist (Recommended): | | Date: |
| FM Manager: | | Date: |
| FM Director: | | Date: |
| FM VP: | | Date: |
| MI Approval Not Required | | Date Received: |
| Credit Enhancement Approval Required: | | Date Received: |
| Other Lien Holder Approval Required: | | Date Received: |
| Outsource Company's Name: | | |
| Outsource Company's Specialist Name: | | Completion Date: |

| PART B. EXCEPTIONS TO POLICY | |
|---|---|
| 1. | W031: Conclusion Value does not equal 90 Day BPO/Autoval Value. Requires Freddie Mac approval. |
| 2. | W071: This loan modification requires Freddie Mac approval. |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

**PART C.  COMMENTS**

**Involuntary Inability To Pay:** Curtailment of Income.

**Property:** BPO Value: $279,446.00, Conclusion Value: $270,000.00, Property Condition: Good, Repair Total: $1.00, # of Units: 1. # of Bedrooms: 1, # of Baths: 1.0,

**Recommendation:**
Old Rate: 6.125%, New Rate: 4.25%, Step Rate: No,
Old Term: 346, New Term: 480,
Old UPB: $382,541.59, New UPB: $403,180.27,
Total Amount Due: $20,663.63, Total Contribution: $25.00,
ESOREBO: $135,527.72, ASOREBO: $192,635.81, Estimated TDR Loss: $39,807.48,
DCR: 1.20, Effective Date: 04/01/2010,
Cap to reinstate mod with term extension, and rate reduction to income qualify.

**Substantiation:** Borrower did not qualify for HMP.To this date borrower is working, self-employed and is able to pay for mortgage, nevertheless needs assistance to cure arrears and bring account to current. He lost his job and now is a music teacher, he runs his own business but also needs to help his son.  he has provided Profit and loss statement and have used an average of January and February January's Income was $5,902 and February $ 5,798.42 Average monthly is $5,850.23.NO MI approval needed.No title issuesNo BK filed.Credit Cards: $535.00Other Mortgages: 0Auto Expenses(Car payment, Insurance and Gas): 748.00Total $ 1283.00Food expenses:  500.00Utilities: $ 570.00Child care/Support: $ 520.00Other: 190.00HOA 12.75Total $ 1797.75Warnings:W031: Conclusion Value does not equal 90 Day BPO/Autoval Value.  Requires Freddie Mac approval.***** BPO 4/02/2010 $270,000.00****W071: This loan modification requires Freddie Mac approval.

**Other:**

**MI Comments:**

2

Plaintiffs'
Exhibit # 161

Date Printed: 05/17/2010

3

Plaintiffs'
Exhibit # 161

Freddie Mac

# NON-PERFORMING LOANS BUSINESS PLAN

FM Loan No.: 507241061

## Loan Modification Alternatives

| VARIABLES: | | | | | |
|---|---|---|---|---|---|
| Min. Debt Cov. Ratio | 1.2 | | Incremental Step | | |
| Term (in months) | 480 | Year 2 / 1 Step | Year 3 / 2 Step | Year 4 / 3 Step | Year 5 / 4 Step |
| 1st Year Rate (override) | 4.25% | 0.00% | 0.00% | 0.00% | 0.00% |

| Proposed Loan Modification | | | | | | |
|---|---|---|---|---|---|---|
| | Fixed / Yr 1 for Step | Year 2 1 Step | Year 3 2 Step | Year 4 3 Step | Year 5 4 Step | Current Loan |
| UPB | $403,180.27 | $399,260.41 | $395,170.67 | $390,903.69 | $386,451.79 | $382,541.59 |
| Net Yield Rate | 4.00% | 4.00% | 4.00% | 4.00% | 4.00% | |
| Int Rate | 4.25% | 4.25% | 4.25% | 4.25% | 4.25% | 6.125% |
| P & I | $1,748.27 | $1,748.27 | $1,748.27 | $1,748.27 | $1,748.27 | $2,357.53 |
| Real Estate Taxes | $524.37 | $540.10 | $556.30 | $572.99 | $590.18 | $524.37 |
| Real Estate Ins. | $90.25 | $92.96 | $95.75 | $98.62 | $101.58 | $90.25 |
| PITI | $2,362.89 | $2,381.33 | $2,400.32 | $2,419.88 | $2,440.03 | $2,972.15 |
| DCR | 1.20% | 1.24% | 1.28% | 1.31% | 1.35% | 0.89% |
| FE% (Housing Ratio) | 40.39% | | | | | 50.804% |
| BE% (Total Debt Ratio) | 62.32% | | | | | 72.735% |
| ITV | 149.326% | 147.874% | 146.36% | 144.779% | 143.13% | 141.682% |
| Total ITV | 149.326% | | | | | 141.682% |

| | | | |
|---|---|---|---|
| Ability to Pay P&I Pmt: | $1,748.27 | Ability to Pay Rate: | 4.25% |
| Min. P&I Pmt: | $1,106.40 | Min. Rate: | 1.445% |
| Default Min P&I Payment | $912.96 | Default Rate (if ITV > 80%): | 0.422% |

| | | | |
|---|---|---|---|
| Econ. Savings Over REO: | $135,527.72 | Estimated Troubled Debt Restructuring: | Yes |
| Acct. Savings Over REO: | $192,635.81 | Estimated TDR Loss: | $39,807.48 |
| | | NYR 9 yr Weighted Avg: | 4.00% |
| | | Modified Maturity Date: | 04/01/2050 |
| | | AFR Rate: | 0.00% |

| | |
|---|---|
| Borr Cash Towards UPB: | $25.00 |
| Closing Cost Mod: | $0.00 |
| Processing Fee: | $0.00 |
| 1st Month's PITI: | $2,362.89 |
| Total Cash Contrib from Borr: | $2,387.89 |

| (Rate Info) | | (Servicing Fees) | |
|---|---|---|---|
| Effective Date of: | 04/01/2010 | Current Fee: | 25.0 |
| 10-Day RNY: | 4.88% | New Fee: | 25.0 |
| | | Premium: | 0.0 |

| (UPB) | | (Escrows) | |
|---|---|---|---|
| Current UPB: | $382,541.59 | Tax: | Tax: X |
| Total Arrears: | $20,663.68 | Insurance: | Insurance: X |
| Total Contribution: | $25.00 | Other: | Other: |
| Total Forgiven Arrears: | $0.00 | | |
| Forgiven Principal: | $0.00 | | |
| UPB for Loan Modification: | $403,180.27 | | |

Date Printed: 05/17/2010

4

**Plaintiffs'
Exhibit #** *161*

**Freddie Mac**
We make home possible™

**FORM 1128**
**LOSS MITIGATION TRANSMITTAL WORKSHEET**

## SERVICER INFO

| Preparer's Name | Phone Number | Fax Number | Date Prepared |
|---|---|---|---|
| Jamie Gelfand | 561-362-8886 | 561-682-8533 | 6/2/10 |

| Servicer Name | Servicer E-mail Address | Seller/Servicer Number |
|---|---|---|
| Ocwen Loan Servicing, LLC | jamie.gelfand@ocwen.com | |

| Servicer Address | City | State | Zip |
|---|---|---|---|
| 1661 Worthington Rd Suite 100 | West Palm Beach | FL | 33409 |

## LOAN DATA

| Freddie Mac Loan Number | Servicer Loan Number | Existing Note Rate | DDLPI |
|---|---|---|---|
| 507241061 | 70393368 | 6.13% | 07/01/09 |

| Existing Mortgage | Modified Mortgage | For modified Mortgages with a step rate feature complete the following interest rate adjustment schedule: | | |
|---|---|---|---|---|
| ☐ Arm | ☐ Cap-to-Reinstate ☐ Home Affordable Modification ☐ Rate Reduction ☐ Step Rate | | | |
| ☐ Fixed Rate | ☐ Term Extension ☐ Partial Principal Forbearance | | | |

| | | Years | Interest Rate | Interest Rate Change Date |
|---|---|---|---|---|
| Borrower Name | | 1-5 | 0.00% | 01/00/00 |
| Jozef Gajewski | | 6 | 0.00% | 01/00/00 |
| Co-Borrower Name | | 7 | 0.00% | 01/00/00 |
| | | 8 | 0.00% | 01/00/00 |
| Property Address | | 9 | 0.00% | 01/00/00 |
| 6 Hickory Ln | | 10 | 0.00% | 01/00/00 |
| City | State | Zip | 11 | 0.00% | 01/00/00 |
| HAWTHORNE WOODS | IL | 60047 | 12 - [40] | 0.00% | 01/00/00 |

## MODIFICATION DATA

| | | |
|---|---|---|
| 1) Modified Note Rate | 1 | 4.25% |
| 2) Accounting Net Yield | 2 | 0.00% |
| 3) P&I Payment | 3 | $1,748.29 |
| 4) Escrow Payment | 4 | $686.32 |
| 5) Monthly Payment (Sum lines 3 & 4) | 5 | $2,434.61 |
| 6) Effective Date of Loan Modification Interest Rate Change | 6 | 4/1/10 |
| 7) First Payment Due Date | 7 | 5/1/10 |
| 8) Term of Modification (months) | 8 | 480 |
| 9) Maturity Date | 9 | 4/1/50 |
| **Current UPB Plus Additions** | | |
| 10) Current UPB (pre-modification) | 10 | $382,541.62 |
| 11) Interest From DDLPI to Effective Date of Modification Interest Rate Change | 11 | $17,497.68 |
| 12) Other Amounts Advanced or to be Advanced | 12 | $0.00 |
| 13) Legal Fees and Costs | 13 | $3,171.00 |
| 14) Property Preservation Expenses | 14 | $0.00 |
| 15) Total Additions plus Current UPB (Sum of lines 10-14) | 15 | $403,210.30 |
| **Subtractions to Principal Balance** | | |
| 16) Amount Held in Suspense/Restricted Escrow | 16 | $0.00 |
| 17) Borrower Cash Contribution to Reduce Capitalization | 17 | $25.00 |
| 18) MI Contribution | 18 | $0.00 |
| 19) Deferred Non-Interest Bearing UPB (if applicable) | 19 | $0.00 |
| 20) Interest Bearing Modified UPB (Line 15 minus lines 16 thru 19) | 20 | $403,185.30 |
| **AMOUNTS DUE AT CLOSING FROM BORROWER** | | |
| 21) Borrower Cash Contribution (From Line 17) | 21 | $25.00 |
| 22) Amount to Fully Fund Escrow Account | 22 | |
| 23) Closing Costs        $0.00 | 23 | |
| 24) First Modified Monthly Payment (PITI) | 24 | $2,434.61 |
| 25) Other Expenses (Credit Report, Property Inspection, BPO, etc.) | 25 | |
| 26) Total Cash Due from Borrower at Closing (Sum lines 21 thru 25) | 26 | $2,459.61 |
| **INTEREST DIFFERENTIAL** | | |
| 27) Gross Amount of Interest Differential (if applicable) | 27 | $0.00 |

## SERVICER COMMENTS

*The Servicer acknowledges that Freddie Mac is relying on the accuracy of the foregoing information through the Effective Date, and that the Servicer will be liable for any errors in the information.*

| Authorized Signature | Name | Date |
|---|---|---|
| | Jamie Gelfand | |

LMTW Revised 03/31/2009

Plaintiffs' Exhibit # 162

## INSTRUCTIONS FOR LOSS MITIGATION TRANSMITTAL WORKSHEET

### LOAN DATA

| | |
|---|---|
| Freddie Mac Loan Number | The Freddie Mac assigned nine-digit loan number. |
| Servicer Loan Number | The loan number assigned to the Mortgage by your organization. |
| Existing Note Rate | The interest rate payable under the existing note. For ARMs this is the interest rate currently in effect (as of the most recent adjustment date if applicable). |
| DDLPI | The Due Date of Last Paid Installment (DDLPI) is the Due Date of the last fully paid monthly installment of principal, interest and Escrow (if any), (not the date on which such payment was credited or the date of the next scheduled installment). |
| Mortgage Characteristics (checkboxes) | Complete the appropriate checkbox to indicate whether the existing Mortgage is a fixed rate or adjustable rate mortgage (ARM). Also check all boxes that apply to indicate whether the modified Mortgage includes any of the following provisions: Mortgage modified under the Home Affordable Modification Program (HAMP); modification completed with a capitalization of arrearages to reinstate, a rate reduction, a rate reduction with a step rate feature, a term extension and a partial principal forbearance. |
| Interest Rate Adjustment Schedule (Mortgages with a Step Rate Feature) | Complete the interest rate adjustment schedule to reflect the beginning interest rate that is in effect for the first five years of the Mortgage and any subsequent annual adjustments that would be necessary to achieve the lifetime interest rate cap that has been determined at the time of qualifying the Borrower for the modification. |
| Borrower Name and Property Address | The Borrower's name and exact property address, including street, city, state and zip. This information should match the data that was delivered when the mortgage was sold to Freddie Mac. Include changes to the original delivery data in the comments section. |

### MODIFICATION DATA - Only to be completed if a loan modification has been approved

| | |
|---|---|
| 1) Modified Note Rate | Rate specified in the Freddie Mac approval letter |
| 2) Accounting Net Yield | Modified Note Rate less the current servicing fee |
| 3) P & I Payment | Monthly principal and interest will be determined by modified rate, term and unpaid principal balance |
| 4) Escrow Payment | Projected Escrow amounts being capitalized (Lines 12-13) calculate 1/12 of the annual escrow amounts for real estate taxes, hazard insurance premiums and mortgage insurance premiums. Assume that the modification will start a month after it is submitted. |
| 5) Monthly Payment | Monthly Payment equals sum of Lines 3 and 4 |
| 6) Effective Date of Loan Modification Interest Rate Change | This is one month prior to the due date of the first modified installment due under the agreement. |
| 7) First Payment Due Date | Due date of the first installment under the modified agreement as specified in the Freddie Mac approval letter. |
| 8) Term of Modification (Months) | Term of the modified Note in months as specified in the Freddie Mac approval letter. |
| 9) Maturity Date | The maturity date of the modified Note will be determined by the term specified in the Freddie Mac approval letter. |
| 10) Current UPB (pre-modification) | Unpaid Principal Balance prior to the Mortgage being modified. |
| 11) Interest From DDLPI to Effective Date of Loan Modification Interest Rate Change | Interest calculated at pre-modified (existing) Note Rate from DDLPI to effective date of the loan modification (Line 6). |
| 12) Other Amounts Advanced or to be Advanced | The total of the Escrow payments that have been advanced, i.e. real estate taxes, hazard insurance premiums and mortgage insurance premiums that have been paid or amounts that will be due/advanced prior to the modification. |
| 13) Legal Fees and Costs | The legal fees that will accrue through the closing date of the modification. The closing date is usually 10 days after the agreement is sent to the Borrower. |
| 14) Property Preservation Expenses | Incurred property preservation expenses, not to exceed the reimbursable limits specified in Exhibit 57, 1- to 4-Unit Property Approved Expense Amounts |
| 15) Total Additions plus Current UPB | The sum of lines 10-14. |
| 16) Amount Held in Suspense/Restricted Escrow | Any positive balance in the Borrower's Escrow account should be applied to the escrow account being capitalized. |
| 17) Borrower Cash Contribution to Reduce Capitalization | The contribution the Borrower is making beyond the closing costs and the first payment due. |
| 18) MI Contribution | The amount the mortgage insurer will advance to reduce the amount of the modified balance. |
| 19) Deferred Non-Interest Bearing UPB (if applicable) | For Mortgages with partial principal forbearance, the UPB that is deferred until the property has been sold, paid off or has reached the modified maturity date on a Mortgage with partial principal forbearance. |
| 20) Interest Bearing Modified UPB | Line 15 minus the sum of Lines 16 thru 19. |
| 21) Borrower Cash Contribution | Same as Line 17. Not applicable for modifications processed under the HAMP |
| 22) Amount to Fully Fund Escrow Account | The amount needed to bring the Escrow account up to date or establish an Escrow account. Run an escrow analysis assuming the effective date is the date of the change in payment. Minimally, the total amount of Escrow payments not made through the effective date. Enter the amount that the Borrower will pay with the monthly modified Mortgage payment in the event that it is not paid in a lump sum. |
| 23) Closing Costs | The cost of expenses such as title work necessary to close the modification. This field is not completed for modifications processed under the HAMP as funds to pay these expenses must not be collected from the Borrower to complete the modification. |
| 24) First Modified Monthly Payment (PITI) | The estimated total mortgage payment (Line 5). This amount does not include any Escrow shortage amount that may be included as part of the Borrower's monthly modified Mortgage payment. |
| 25) Other Expenses (Credit Report, Property Inspection, BPO, etc) | Other expenses to be collected at closing i.e. credit report, property inspection, Broker's Price Opinion and any other costs not capitalized. This field is not completed for modifications processed under the HAMP as funds to pay these expenses must not be collected from the Borrower to complete the modification. |
| 26) Total Cash Due from Borrower at Closing | The sum of Lines 21 thru 25. For modifications processed under the HAMP, this is the total due from Borrower with the first Trial Period payment (includes Escrow shortage payment if applicable). |
| 27) Interest Differential | For Mortgages modified under the HAMP, enter the gross amount of differential in interest payments between a 31% and a 38% PITIA-to-income ratio based on the first 5 years of modified Mortgage interest payments. |

LMTW Revised 03/31/09

**Plaintiffs'
Exhibit #**

**Freddie Mac**

FOR
LOSS

## SERVICER INFO

| Preparer's Name | Phone Number | Fax Number | Date Prepared |
|---|---|---|---|
| Jamie Gelfand | 561-382-8886 | 561-682-8533 | 6/2/10 |

| Servicer Name | Servicer E-mail Address | Seller/Servicer Number |
|---|---|---|
| Ocwen Loan Servicing, LLC | jamie.gelfand@ocwen.com | |

| Servicer Address | City | State | Zip |
|---|---|---|---|
| 1661 Worthington Rd Suite 100 | West Palm Beach | FL | 33409 |

## LOAN DATA

| Freddie Mac Loan Number | Servicer Loan Number | Existing Note Rate | DDLPI |
|---|---|---|---|
| 507241061 | 70393368 | 6.13% | 7/1/09 |

| Existing Mortgage | Modified Mortgage | For modified Mortgages with a step rate feature complete the following interest rate adjustment schedule: |
|---|---|---|

| | | Years | Interest Rate | | Interest Rate Change Date |
|---|---|---|---|---|---|
| **Borrower Name** | | 1-5 | 0.00% | | 1/0/00 |
| Jozef Gajewski | | 6 | 0.00% | | 1/0/00 |
| **Co-Borrower Name** | | 7 | 0.00% | | 1/0/00 |
| | | 8 | 0.00% | | 1/0/00 |
| **Property Address** | | 9 | 0.00% | | 1/0/00 |
| 6 Hickory Ln | | 10 | 0.00% | | 1/0/00 |
| **City** | **State** | **Zip** | 11 | 0.00% | 1/0/00 |
| HAWTHORNE WOODS | IL | 60047 | 12 - [40] | 0.00% | 1/0/00 |

## MODIFICATION DATA

| | | |
|---|---|---|
| 1.0000 Modified Note Rate | 1 | 4.25% |
| 2.0000 Accounting Net Yield | 2 | 0.00% |
| 3.0000 P&I Payment | 3 | $1,748.29 |
| 4.0000 Escrow Payment | 4 | $686.32 |
| 5) Monthly Payment (Sum lines 3 & 4) | 5 | $2,434.61 |
| 6.0000 Effective Date of Loan Modification Interest Rate Change | 6 | 4/1/10 |
| 7.0000 First Payment Due Date | 7 | 5/1/10 |
| 8.0000 Term of Modification (months) | 8 | 480 |
| 9.0000 Maturity Date | 9 | 4/1/50 |
| **Current UPB Plus Additions** | | |
| 10.000 Current UPB (pre-modification) | 10 | $382,541.62 |
| 11.000 Interest From DDLPI to Effective Date of Modification Interest Rate Change | 11 | $17,497.68 |
| 12.000 Other Amounts Advanced or to be Advanced | 12 | $0.00 |
| 13.000 Legal Fees and Costs | 13 | $3,171.00 |
| 14.000 Property Preservation Expenses | 14 | $0.00 |
| 15) Total Additions plus Current UPB (Sum of lines 10-14) | 15 | $403,210.30 |
| **Subtractions to Principal Balance** | | |
| 16) Amount Held in Suspense/Restricted Escrow | 16 | $0.00 |
| 17) Borrower Cash Contribution to Reduce Capitalization | 17 | $25.00 |
| 18) MI Contribution | 18 | $0.00 |
| 19) Deferred Non-Interest Bearing UPB (if applicable) | 19 | $0.00 |
| 20) Interest Bearing Modified UPB (Line 15 minus lines 16 thru 19) | 20 | $403,185.30 |
| **AMOUNTS DUE AT CLOSING FROM BORROWER** | | |
| 21.000 Borrower Cash Contribution (From Line 17) | 21 | $25.00 |
| 22) Amount to Fully Fund Escrow Account | 22 | |
| 23) Closing Costs        $0.00 | 23 | |
| 24) First Modified Monthly Payment (PITI) | 24 | $2,434.61 |
| 25) Other Expenses (Credit Report, Property Inspection, BPO, etc.) | 25 | |
| 26) Total Cash Due from Borrower at Closing (Sum lines 21 thru 25) | 26 | $2,459.61 |
| **INTEREST DIFFERENTIAL** | | |
| 27.000 Gross Amount of Interest Differential (if applicable) | 27 | $0.00 |

## SERVICER COMMENTS

*The Servicer acknowledges that Freddie Mac is relying on the accuracy of the foregoing information through the Effective Date, and that the Servicer will be liable for any errors in the information.*

| Authorized Signature | Name | Date |
|---|---|---|
| | Jamie Gelfand | |

LMTW Revised 03/31/20

**Plaintiffs' Exhibit #** **163**

## INSTRUCTIONS FOR LOSS MITIGATION TRANSMITTAL WORKSHEET

### LOAN DATA

| | |
|---|---|
| Freddie Mac Loan Number | The Freddie Mac assigned nine-digit loan number. |
| Servicer Loan Number | The loan number assigned to the Mortgage by your organization. |
| Existing Note Rate | The interest rate payable under the existing note. For ARMs this is the interest rate currently in effect (as of the most recent adjustment date if applicable). |
| DDLPI | The Due Date of Last Paid Installment (DDLPI) is the Due Date of the last fully paid monthly installment of principal, interest and Escrow (if any), (not the date on which payment was credited or the date of the next scheduled installment). |
| Mortgage Characteristics (checkboxes) | Complete the appropriate checkbox to indicate whether the existing Mortgage is a fixed rate or adjustable rate mortgage (ARM). Also check all boxes that apply to indicate whether the modified Mortgage includes any of the following provisions: Mortgage modified under the Home Affordable Modification Program (HAMP); modification completed with a capitalization of arrearages to reinstate, a rate reduction, a rate reduction with a step rate feature, a term extension and a partial principal forbearance. |
| Interest Rate Adjustment Schedule (Mortgages with a Step Rate Feature) | Complete the interest rate adjustment schedule to reflect the beginning interest rate that is in effect for the first five years of the Mortgage and any subsequent annual adjustments that would be necessary to achieve the lifetime interest rate cap that has been determined at the time of qualifying the Borrower for the modification. |
| Borrower Name and Property Address | The Borrower's name and exact property address, including street, city, state and zip. This information should match the data that was delivered when the mortgage was sold to Freddie Mac. Include changes to the original delivery data in the comments section. |

### MODIFICATION DATA - Only to be completed if a loan modification has been approved

| | | |
|---|---|---|
| 1.0000 | Modified Note Rate | Rate specified in the Freddie Mac approval letter. |
| 2.0000 | Accounting Net Yield | Modified Note Rate less the current servicing fee |
| 3.0000 | P & I Payment | Monthly principal and interest will be determined by modified rate, term and unpaid principal balance |
| 4.0000 | Escrow Payment | Projected Escrow amounts being capitalized (Lines 12-13) calculate 1/12 of the annual escrow amounts for real estate taxes, hazard insurance premiums and mortgage insurance premiums. Assume that the modification will start a month after it is submitted. |
| 5.0000 | Monthly Payment | Monthly Payment equals sum of Lines 3 and 4 |
| 6.0000 | Effective Date of Loan Modification Interest Rate Change | This is one month prior to the due date of the first modified installment due under the agreement. |
| 7.0000 | First Payment Due Date | Due date of the first installment under the modified agreement as specified in the Freddie Mac approval letter. |
| 8.0000 | Term of Modification (Months) | Term of the modified Note in months as specified in the Freddie Mac approval letter. |
| 9.0000 | Maturity Date | The maturity date of the modified Note will be determined by the term specified in the Freddie Mac approval letter. |
| 10.0000 | Current UPB (pre-modification) | Unpaid Principal Balance prior to the Mortgage being modified. |
| 11.0000 | Interest From DDLPI to Effective Date of Loan Modification Interest Rate Change | Interest calculated at pre-modified (existing) Note Rate from DDLPI to effective date of the loan modification (Line 6). |
| 12.0000 | Other Amounts Advanced or to be Advanced | The total of the Escrow payments that have been advanced, i.e. real estate taxes, hazard insurance premiums and mortgage insurance premiums that have been paid or amounts that will be due/advanced prior to the modification. |
| 13.0000 | Legal Fees and Costs | The legal fees that will accrue through the closing date of the modification. The closing date is usually 10 days after the agreement is sent to the Borrower. |
| 14.0000 | Property Preservation Expenses | Incurred property preservation expenses, not to exceed the reimbursable limits specified in Exhibit 57, 1- to 4-Unit Property Approved Expense Amounts. |
| 15.0000 | Total Additions plus Current UPB | The sum of lines 10-14. |
| 16.0000 | Amount Held in Suspense/Restricted Escrow | Any positive balance in the Borrower's Escrow account should be applied to the escrow amount being capitalized. |
| 17.0000 | Borrower Cash Contribution to Reduce Capitalization | The contribution the Borrower is making beyond the closing costs and the first payment due. |
| 18.0000 | MI Contribution | The amount the mortgage insurer will advance to reduce the amount of the modified balance. |
| 19.0000 | Deferred Non-Interest Bearing UPB (if applicable) | For Mortgages with partial principal forbearance, the UPB that is deferred until the property has been sold, paid off or has reached the modified maturity date on a Mortgage with partial principal forbearance. |
| 20.0000 | Interest Bearing Modified UPB | Line 15 minus the sum of Lines 16 thru 19. |
| 21.0000 | Borrower Cash Contribution | Same as Line 17. Not applicable for modifications processed under the HAMP |
| 22.0000 | Amount to Fully Fund Escrow Account | The amount needed to bring the Escrow account up to date or establish an Escrow account. Run an escrow analysis assuming the effective date is the date of the change in payment. Minimally, the total amount of Escrow payments not made through the effective date. Enter the amount that the Borrower will pay with the monthly modified Mortgage payment in the event that it is not paid in a lump sum. |
| 23.0000 | Closing Costs | The cost of expenses such as title work necessary to close the modification. This field is not completed for modifications processed under the HAMP as funds to pay these expenses must not be collected from the Borrower to complete the modification. |
| 24.0000 | First Modified Monthly Payment (PITI) | The estimated total mortgage payment (Line 5). This amount does not include any Escrow shortage amount that may be included as part of the Borrower's monthly modified Mortgage payment. |
| 25.0000 | Other Expenses (Credit Report, Property Inspection, BPO, etc) | Other expenses to be collected at closing i.e. credit report, property inspection, Broker's Price Opinion and any other costs not capitalized. This field is not completed for modifications processed under the HAMP as funds to pay these expenses must not be collected from the Borrower to complete the modification. |
| 26.0000 | Total Cash Due from Borrower at Closing | The sum of Lines 21 thru 25. For modifications processed under the HAMP, this is the total due from Borrower with the first Trial Period payment (includes Escrow shortage payment if applicable). |
| 27.0000 | Interest Differential | For Mortgages modified under the HAMP, enter the gross amount of differential in interest payments between a 31% and a 38% PITIA-to-income ratio based on the first 5 years of modified Mortgage interest payments. |

LMWR Revised d 12/31/20

Plaintiffs' Exhibit # 163


**∷Experian**
A world of insight

# U.S. Credit Profile Report
Gajewski,Jozef 336488016,CA 6 Hickory Lane/60047;

## Applicant

03/30/2010 08 20 42 AM

### Personal Information

| Best Name | Other Name(s) |
|---|---|
| JOZEF GAJEWSKI | JOSEPH GAJEWSKI |

| Best Social Security number | Other Social Security number(s) | Date of Birth |
|---|---|---|

| *Does not match inquiry | *Does not match inquiry |
|---|---|

| Best Address | Other Address(es) |
|---|---|
| 6 HICKORY LN<br>HAWTHORN WOODS, IL 60047-9268<br>Reported 11/13/1998 to 02/19/2010; 24 times; last<br>subscriber #107533 by Update | *8920 DAVID PL<br>DES PLAINES, IL 60016-4086<br>Reported 09/05/1995 to 10/12/1995 by Update<br>*Does not match inquiry |

| Best Employer | Other Employer |
|---|---|
| MUSIC TEACHER<br>Reported 01/05/2009 by inquiry | JOZEF GAJEWSKI<br>6 HICKORY RD<br>HAWTHORN WOODS<br>Reported 02/08/2007 by inquiry |

## Trades

### Mortgage Accounts

**TAYLOR, BEAN & WHITAKE / 2607723 / FM - Mortgage Companies**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 04/23/2008 | $388,000 | 09/01/2009 | | 07/13/2009 | | | 09/08/2009 | |

| Account Condition: | Transferred | | Account #: | 25214810408 |
|---|---|---|---|---|
| Payment Status: | Current | | Responsibility: | Individual |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | Account Terms: | 30 Year |

| Payment History: (Up to 25 months) | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2009 | C | C | - | C | C | - | C | B | | | | |
| 2008 | | | | | | | | | C | C | C | C |
| 2007 | | | | | | | | | | | | |

| | 30 | 60 | 90+ | Derog |
|---|---|---|---|---|
| Delinquency Counter (Past 7 years) | 0 | 0 | 0 | 0 |

Worst Delinquency:
Worst Delinq Date:
Months Reviewed: 13

TRANSFERRED TO ANOTHER LENDER

**CENLAR FSB / 1900062 / FS - Savings And Loan Companies**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 05/04/1999 | $170,000 | 10/01/2001 | | | | | 10/22/2001 | |

| Account Condition: | Transferred | | Account #: | 3000008271058 |
|---|---|---|---|---|
| Payment Status: | Current | | Responsibility: | Joint Account |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | Account Terms: | 15 Year |

| Payment History: (Up to 25 months) | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | C | C | C | C | C | C | C | C | B | | | |
| 2000 | C | C | C | C | C | C | C | C | C | C | C | C |
| 1999 | | | | | | | | | | C | C | C |

| | 30 | 60 | 90+ | Derog |
|---|---|---|---|---|
| Delinquency Counter (Past 7 years) | 0 | 0 | 0 | 0 |

Worst Delinquency:
Worst Delinq Date:
Months Reviewed: 30

TRANSFERRED TO ANOTHER LENDER

**ONEWEST BANK / 6904846 / FB - Mortgage Brokers**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 11/20/2007 | $382,000 | 05/01/2008 | | 04/04/2008 | | | 05/05/2008 | |

| Account Condition: | Paid/zero balance | | Account #: | 6681010688184 |
|---|---|---|---|---|
| Payment Status: | Current | | Responsibility: | Individual |
| Account Type: | Conventional Real Estate Loan, Including Purchase Money First | | Account Terms: | 30 Year |

| Payment History: (Up to 25 months) | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2008 | C | C | C | B | | | | | | | | |
| 2007 | | | | | | | | | | | | C |
| 2006 | | | | | | | | | | | | |

| | 30 | 60 | 90+ | Derog |
|---|---|---|---|---|
| Delinquency Counter (Past 7 years) | 0 | 0 | 0 | 0 |

Worst Delinquency:
Worst Delinq Date:
Months Reviewed: 6

**CHASE / 3180930 / BB - All Banks - Non-Specific**

| Open Date | Original Amount | Status Date | Past Due | Last Paid Date | Scheduled Payment | Actual Payment | Balance Date | Current Balance |
|---|---|---|---|---|---|---|---|---|
| 06/03/2003 | $147,000 | 11/01/2007 | | 10/29/2007 | | | 11/30/2007 | |

**Plaintiffs' Exhibit # 164**



O C W E N

**Ocwen Loan Servicing, LLC**
www.ocwen.com

NMLS #: 1852
NC Permit No. 3946
☎ **CUSTOMER CARE CENTER 1-800-746-2936**
*Your call may be recorded for the coaching and development of our associates.*

| **Account Statement** | |
|---|---|
| Account Number: | 0070393368 |
| Account Statement Date: | 04/17/2013 |
| **Property Address:** | |
| 6 Hickory Lane | |
| Hawthorn Woods IL 60047 | |

DELQ                                                    Page 1

### Special Notices

Reduce your financial burden when your home is impacted by a disaster or you involuntarily lose your job. Let First Protector pay your mortgage for you.  Visit www.OcwenFirstProtector.com or call **1-877-479-3947**, 8am-8pm E.T. for more information.

1AT      01459/050939/001609 0196   1 ACQ5NR

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268



### Account Information

| | |
|---|---|
| * Current Principal Balance: | 398,201.82 |
| Interest Rate: | 4.25000% |
| Next Payment Due Date: | 03/01/2011 |
| Escrow Advance Balance: | 13,878.38- |
| Current Suspense Balance: | 96.84 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 398,201.82 |
| Beginning Escrow Balance: | 13,878.38- |
| Recently Assessed Amounts: | |
| 03/16/13 Property Inspection Fee: | 10.00 |

*This is the principal balance only, not the amount required to pay your account in full.

### Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 370.53 |
| Interest: | 1,377.76 |
| Escrow: | 1,939.98 |
| Less:Partial Payment Amount: | 96.84- |
| Current Amount Due by 05/01/13: | 3,591.43 |
| Past Due Amount: | |
| Principal: | 9,188.11 |
| Interest: | 36,267.43 |
| Escrow: | 48,135.32 |
| Past Due Amounts DUE IMMEDIATELY: | 93,590.86 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 611.87 |
| Prev-FC Thru Service Complete: | 927.50 |
| Prev-Filing Fee Complaint: | 321.00 |
| Prev-Lis Pendens/NOPA: | 39.00 |
| Prev-Process: | 136.00 |
| Prev-Property Inspection Fee: | 249.50 |
| Prev-Publication: | 400.00 |
| Prev-Title Report Fee: | 275.00 |
| Prev-Title Search: | 350.00 |
| Total Fees/Expense Outstanding: | 3,309.87 |
| **Total Amount Due:** | **100,492.16** |

### Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| No transactions since last statement | | | | | | | | | |

### Important Messages

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/credit.

If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement.

Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal.



Plaintiffs' Exhibit # 165

FOLD AND                    PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.                    FOLD AND

O P.O. Box 24737
OCWEN West Palm Beach, FL 33416-4737

WEBSITE: WWW.OCWEN.COM

May 1, 2013



*SOLD, ACC. NOT CORRECTED WITH ILLEGAL FEES AND CHARGES AND FORECLOSURE PENDING CASE # 13 CH 273*

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047-9268

**NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS**
**OCWEN LOAN NUMBER: 70393368**

Property Address: 6 Hickory Lane
Hawthorn Woods, IL 60047

Dear Borrower(s):

In accordance with Section 6 of the Real Estate Settlement Act ("RESPA") (12 U.S.C. Section 2605), we are informing you that effective May 16, 2013 the servicing of your mortgage loan, that is the right to collect payments from you, will be assigned, sold and transferred to Nationstar Mortgage, LLC. Except in limited circumstances, the law requires that your new servicer must send you notice of such transfer no later than 15 days after this effective date. As such, Nationstar Mortgage, LLC will be contacting you in the near future to welcome you and to inform you about the servicing of your loan. Please be assured that transactions of this type are common among financial institutions and have absolutely no bearing on your credit standing.

This change does not affect any other loan or account relationships you may have with Ocwen Loan Servicing, LLC (Ocwen). The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan. The transfer of servicing rights, however, may affect the terms of, or the continued availability of, mortgage life or disability insurance or any other type of optional insurance. Not everyone has this type of insurance, but if you do, you should contact your independent insurance agent for alternative coverage options, since it may not be transferable to Nationstar Mortgage, LLC. Ocwen will furnish you a statement reflecting the amount of mortgage interest and real estate property taxes paid for the period of time we serviced your loan.

Effective May 16, 2013 direct your payments to your new servicer, Nationstar Mortgage, LLC. Ocwen will process payments received through May 15, 2013. Payments received by Ocwen after May 15, 2013 will be forwarded to Nationstar Mortgage, LLC. Please be advised that Ocwen will be transferring only recurring (Monthly) ACH to Nationstar Mortgage LLC effective May 16, 2013. However, for the month of May your draft will be on or about May 15, 2013. After May 15, 2013 ACH service will continue with Nationstar Mortgage LLC. If you are currently enrolled in a Bi-Weekly or Equity Accelerator Program, you need to contact the Provider, Nationstar Mortgage LLC, to notify them of this pending change and to discuss your options for possibly continuing this program. The address for Nationstar Mortgage, LLC follows:

| **Payment Address** | **Correspondence Address** |
|---|---|
| Nationstar Mortgage, LLC | Nationstar Mortgage, LLC |
| Attn: Payment Processing | Attn: Customer Service |
| PO Box 650783 | 350 Highland Drive |
| Dallas, TX 75265-0783 | Lewisville, TX 75067 |

Plaintiffs' Exhibit # *166*

Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt: any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Prior Servicer is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If you are not obligated on the debt or if the debt has been discharged in a bankruptcy proceeding, this if for informational purposes only and is not an attempt to assess or collect the debt from you personally.

Attention Service Members and Dependents: The federal Service members Civil Relief Act and certain state laws provide important protection for you, including prohibiting foreclosure under most circumstances during and twelve months after the service member's military or other service. Prior Servicer will not foreclose on the property of a service member or his or her dependent during that time, unless pursuant either to a court order or a service member's written waiver agreement.

P.O. Box 24737
West Palm Beach, FL 33416-4737                    WEBSITE: WWW.OCWEN.COM

OCWEN

If you have any questions relating to the transfer of servicing from Ocwen prior to May 16, 2013, please call our Customer Care Center at (800)746-2936 between Monday – Friday, 8:00 am ET to 9:00 pm ET, Saturday 8:00 am ET to 5:00 pm ET or Sunday 9:00 am to 9:00 pm ET.

If you have any questions after the effective date, please call the Customer Service Department for Nationstar Mortgage, LLC at (877) 372-0512 EXT 85 from Monday through Thursday 8:00 am to 8:00 pm (Central Time) and Friday 8:00 am to 6:00 pm (Central Time). It has been a pleasure serving you.

You should also be aware of the following information which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605):

During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA also gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within five (5) business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request. A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Not later than thirty (30) business days after receiving your request, your servicer must make the appropriate corrections to your account and provide you with a written clarification regarding any dispute, or in some cases, a notice of a fifteen (15) business day extension. During this period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. In addition, except as otherwise provided herein, we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Section 6 of RESPA also provides for damages and costs for individuals in circumstances where servicers are shown to have violated this section. You should seek legal advice if you believe your rights have been violated.

Sincerely,

Ocwen Loan Servicing, LLC
NMLS # 1852

**Plaintiffs'
Exhibit #**

Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt: any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

Prior Servicer is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If you are not obligated on the debt or if the debt has been discharged in a bankruptcy proceeding, this if for informational purposes only and is not an attempt to assess or collect the debt from you personally.

Attention Service Members and Dependents: The federal Service members Civil Relief Act and certain state laws provide important protection for you, including prohibiting foreclosure under most circumstances during and twelve months after the service member's military or other service. Prior Servicer will not foreclose on the property of a service member or his or her dependent during that time, unless pursuant either to a court order or a service member's written waiver agreement.

**freecreditreport.com**

# Jozef Gajewski's
# 3/26/2014 Experian Credit Report with Score

## Accounts (cont.)

### ⚠ 🏠 OCWEN LOAN SERVICING L (800) 746-2936

| | |
|---|---|
| **Account Name:** | OCWEN LOAN SERVICING L |
| **Account #:** | 7039XXXX |
| **Payment Status:** | Account transferred to another office |
| **Account Type:** | Real Estate Loan |
| **Balance:** | - |
| | |
| **Date Open:** | 04/01/2008 |
| **Last Updated:** | 05/01/2013 |
| **Account Status:** | - |
| **Terms:** | 504 Months |
| **Phone #:** | (800) 746-2936 |
| **Address:** | 12650 INGENUITY DR |
| | |
| **Ownership:** | |
| **Original Creditor:** | - |
| **Company Sold-to:** | - |
| **Credit Limit:** | - |
| **Monthly Payment:** | - |
| **Past Due Amount:** | - |
| **High Balance:** | - |
| **Balloon Payment:** | - |
| **Comments:** | - |

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| **Experian** | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | |
| **Equifax** | | | | | | | | | | | | | | | | | | | | | | | | |
| **TransUnion** | | | | | | | | | | | | | | | | | | | | | | | | |

© 2014 Consumerinfo.com, Inc.

Plaintiffs'
Exhibit # *167*

**freecreditreport.com®**

# Jozef Gajewski's
# 3/15/2014 3-Bureau Credit Report with Scores

## Accounts (cont.)

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| **OCWEN LOAN SERVICING L (800) 746-2936** | | | |
| Account Name: | OCWEN LOAN SERVICING L | OCWEN LOAN SERVICING | No match found. |
| Account #: | 7039XXXX | 7039XXXX | |
| Payment Status: | Account transferred to another office | At least 120 days or more than four payments past due | |
| Account Type: | Unknown | Unknown | |
| Balance: | - | $0 | |
| Date Open: | 04/01/2008 | 04/01/2008 | |
| Last Updated: | 05/01/2013 | 05/01/2013 | |
| Account Status: | - | - | |
| Terms: | 504 Months | | |
| Phone #: | (800) 746-2936 | (800) 746-2936 | |
| Address: | 12650 INGENUITY DR | 1661 WORTHINGTON RD SUITE 100 | |
| Ownership: | | - | |
| Original Creditor: | - | - | |
| Company Sold-to: | - | - | |
| Credit Limit: | - | - | |
| Monthly Payment: | - | $2536 | |
| Past Due Amount: | - | - | |
| High Balance: | - | $412364 | |
| Balloon Payment: | - | - | |
| Comments: | - | ACCOUNT TRANSFERRED OR SOLD REAL ESTATE MORTGAGE | |

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| Experian | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | |
| Equifax | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

Plaintiffs' Exhibit # **168**

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Ocwen Loan Servicing, LLC
Att. Customer Service Department
P.O. Box 24738
West Palm Beach, FL 33416-4737
Loan Number: 70393368

May 10, 2013

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.46 | 0047 |
| Certified Fee | | $3.10 | 08 MAY |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here 10 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | 2013 |
| Total Postage & Fees | $ | $3.56 | 05/10/2013 |

Sent To *OCWEN Loan Services LLC*
Street, Apt. No.; or PO Box No. *P.O. Box 24738*
City, State, ZIP+4 *WEST PALM BEACH FL 33416*

PS Form 3800, August 2006     See Reverse for Instructions

This is a qualified written request under Section 6 of the Real Estate Settlement Procedures Act. This documents requires that the servicer, OCWEN Loan Servicing LLC. provides a written response acknowledging receipt of this qualified written requests within 5 days.

To whom it may concern:

Due to ongoing lack of response to inquiries and requests regarding Loan Number: 70393368 by OCWEN Loan Servicing, LLC, the veracity of Assignments and Debts claimed by OCWEN Loan Servicing, LLC is at best questionable and it reflects the inability of OCWEN Loan Servicing, LLC to provide documentation to the borrower which proves the existence of debts and the right to service and/or transfer of servicing rights for Loan Number: 70393368 by OCWEN Loan Servicing, LLC.

To ensure honest, proper and accurate proceeding and transfer of servicing rights, please provide the borrower with a copy of the original Loan Note document. The name, address and contact information of the owner of Loan Number: 70393368 and the Chain of Assignments for Loan Number: 70393368 as outlined in Section 6 of the Real Estate Settlement Procedures Act. In addition, please provide a loan payment history for the preceding three calendar years and escrow account history as required by law. Failure to provide proof of debt, Chain of Assignments, mortgage payment history, escrow history, and proof that Loan Number 70393368 was in default starting on August 1st, 2009 as stated in foreclosure proceedings filed by OCWEN Loan Servicing, LLC. on March 3, 2010 will render the debt invalid and present borrower with undisputed evidence of violation of Section 6 of the Real Estate Settlement Procedures Act.

We hope that as a loan specialists you share our concern for proper loan documentation and lawful proceedings. Please feel free to contact us at (847) 550-6207. We look forward to your timely reply and reviewing the aforementioned documents.

Sincerely,

Jozef Gajewski

**Plaintiffs' Exhibit # 169**



*Ocwen Loan Servicing, LLC*
*P.O. Box 24737*
*West Palm Beach, FL 33416-4737*
*(Do not send any correspondence or payments to the above address)*          <u>WWW.OCWEN.COM</u>

May 10, 2013

jozef Gajewski
6 Hickory Lane

Hawthorn Woods   IL   60047-9268

Loan Number:          70393368
Customer Name(s):     Jozef Gajewski

Property Address:     6 Hickory Lane, Hawthorn Woods, IL 60047

Dear jozef Gajewski:

Our company has recently received a request for information on the above referenced loan, which is enclosed for your review.

Sincerely,

Ocwen Loan Servicing, LLC

**Plaintiffs'**
**Exhibit #** *170*

PAYHISTWFDEFM.7

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

*NMLS # 1852*



*Ocwen Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, Florida 32878 -5063*
*(Do not send correspondence or payments to the above address.)*

WWW.OCWEN.COM

May 13, 2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047-9268

Loan Number: 70393368
Property Address: 6 Hickory Lane
                  Hawthorn Woods, IL 60047

Dear Jozef Gajewski:

Ocwen would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern:** You requested us to provide you with the investor details of your loan.

**Response:** Ocwen is the servicer of the loan, and not necessarily the owner of the loan. Ocwen is servicing the loan for Freddie Mac. Although the ownership of the loan may change, the ownership has no bearing on the servicing of the loan. Ocwen is obligated to service the loan according to the terms and conditions of the loan documents executed by you. As the servicer of the loan, all issues regarding the loan should be forwarded to Ocwen for an appropriate response.

We trust the information provided has fully addressed your concern. Please visit our website (www.Ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the Ocwen consumer advocate by email through Ocwen's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. BOX 24736
West Palm Beach, FL 33416-4736

Sincerely,

**Plaintiffs'**
**Exhibit #** 171

Research Department
Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Hide Detail

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| **OCWEN LOAN** (561) 682-8000 | | | |
| Account Name: | No match found. | No match found. | OCWEN LOAN |
| Account #: | | | 7039XXXX |
| Payment Status: | | | 120 days past due |
| Account Type: | | | Real Estate Loan |
| Balance: | | | $0 |
| Date Open: | | | 04/18/2008 |
| Last Updated: | | | 05/16/2013 |
| Account Status: | | | - |
| Terms: | | | 504 Months |
| Phone #: | | | (561) 682-8000 |
| Address: | | | 1661 WORTHINGTON R STE 100 |
| Ownership: | | | - |
| Original Creditor: | | | - |
| Company Sold-to: | | | - |
| Credit Limit: | | | - |
| Monthly Payment: | | | $2536 |
| Past Due Amount: | | | $0 |
| High Balance: | | | $412364 |
| Balloon Payment: | | | - |
| Comments: | | | - |

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | | | | | | | | | | | | |

| | OK | | 30 | 30 Days Late | | 60 | 60 Days Late | | 90 | 90 Days Late |
|---|---|---|---|---|---|---|---|---|---|---|
| 120 | 120 Days Late | | FP | Failed to Pay | | | Data Unavailable | | | |

Hide Detail

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| **TAYLOR,BEAN & WHITAK** (888) 225-2164 | | | |
| Account Name: | No match found. | TAYLOR,BEAN & WHITAK | No match found. |
| Account #: | | 2521481XXXX | |
| Payment Status: | | Pays account as agreed | |
| Account Type: | | Unknown | |
| Balance: | | $0 | |
| Date Open: | | 04/01/2008 | |
| Last Updated: | | 09/01/2009 | |
| Account Status: | | - | |
| Terms: | | | |
| Phone #: | | (888) 225-2164 | |
| Address: | | 1417 N MAGNOLIA AVENUE | |

**Plaintiffs' Exhibit # 172**

**Nationstar**
MORTGAGE

PO Box 650783
Dallas, Texas 75265
www.MyNationstarMtg.com

The Servicing of your account
has been transferred from
**OCWEN LOAN SERVICING, LLC**
to
**Nationstar Mortgage**

May 31, 2013



1-692-73933-0001149-001-01-010-110-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

Re:  Previous Loan Number 000000070393368
**New Nationstar Loan Number 0608119178**

Dear JOZEF GAJEWSKI:

Welcome to Nationstar Mortgage!  Effective 05/16/13, Nationstar Mortgage is now the servicer for your mortgage account.  We're excited about the opportunity to serve you.  You can count on Nationstar Mortgage to meet your needs whether you're looking to make a payment or refinance your loan.  We offer many exciting features including 24-hour account access through our Internet website at  www.MyNationstarMtg.com, various payment options, and a toll free line (1-866-316-2432) with automated account information.  Please take a little time to log in to  www.MyNationstarMtg.com to register your account today.  You will be receiving a "Welcome Call" sometime over the next few weeks to welcome you to our company and to answer any immediate questions you may have.

Every month you will receive a billing statement detailing your loan information, payment amount, and important messages.  To ensure accuracy, please verify the following personal information:

**PERSONAL INFORMATION**
Home Phone Number:   847-550-6207
Work Phone Number:   847-550-6207
Mailing Address: 6 HICKORY LN
                 HAWTHORN WOODS IL  60047-9268

**LOAN INFORMATION**
Property Address: 6 HICKORY LN
                  HAWTHORN WOODS IL 60047
Principal Balance: $398,201.82
Escrow Balance:   $0.00

If you find any of the information listed above to be incorrect, please contact us immediately at 1-866-316-2432.

**As a reminder, your first monthly payment amount of $100,502.16 is due on 05/01/2013.  For your convenience your May payment coupon is attached below.  Timely remittance of your monthly payments will protect your home and credit.  In the event that you do not receive your billing statement as scheduled, please do not delay making your payment.  Be sure to indicate your Nationstar Mortgage loan number, as referenced above, on your payment and allow adequate mailing time. Simply mail your payment to:**

Nationstar Mortgage LLC
P.O. Box 650783
Dallas, Texas 75265-0783

Please review all the material included with this Welcome Packet for additional information and important messages about your account.

At Nationstar Mortgage, your business and total satisfaction are important to us.  Any time you have questions regarding your account, your Assigned Foreclosure Prevention Specialist is Garrett Browne and can be reached at (866) 316-2432 EXT. 1016329, 8:00 a.m. to 8:00 p.m. central time Monday through Thursday and 8:00 a.m. to 6:00 p.m. central time on Friday or via mail at 350 Highland Drive, Lewisville, TX  75067.  We look forward to a long and lasting relationship with you.

Sincerely,

Nationstar Mortgage

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

**Plaintiffs'
Exhibit #** *173*

Welcome to Nationstar Mortgage! Effective 05/16/13, Nationstar Mortgage is now the servicer for your mortgage account. We're excited about the opportunity to serve you. You can count on Nationstar Mortgage to meet your needs whether you're looking to make a payment or refinance your loan. We offer many exciting features including 24-hour account access through our Internet website at www.MyNationstarMtg.com, various payment options, and a toll free line (1-866-316-2432) with automated account information. Please take a little time to log in to www.MyNationstarMtg.com to register your account today. You will be receiving a "Welcome Call" sometime over the next few weeks to welcome you to our company and to answer any immediate questions you may have.

Every month you will receive a billing statement detailing your loan information, payment amount, and important messages. To ensure accuracy, please verify the following personal information:

**PERSONAL INFORMATION**
Home Phone Number:  847-550-6207
Work Phone Number:   847-550-6207
Mailing Address: 6 HICKORY LN
                          HAWTHORN WOODS IL 60047-9268

**LOAN INFORMATION**
Property Address: 6 HICKORY LN
                          HAWTHORN WOODS IL 60047
Principal Balance: $398,201.82
Escrow Balance:   $0.00

If you find any of the information listed above to be incorrect, please contact us immediately at 1-866-316-2432.

**As a reminder, your first monthly payment amount of $100,502.16 is due on 05/01/2013. For your convenience your May payment coupon is attached below. Timely remittance of your monthly payments will protect your home and credit. In the event that you do not receive your billing statement as scheduled, please do not delay making your payment. Be sure to indicate your Nationstar Mortgage loan number, as referenced above, on your payment and allow adequate mailing time. Simply mail your payment to:**

Nationstar Mortgage LLC
P.O. Box 650783
Dallas, Texas 75265-0783

Please review all the material included with this Welcome Packet for additional information and important messages about your account.

At Nationstar Mortgage, your business and total satisfaction are important to us. Any time you have questions regarding your account, your Assigned Foreclosure Prevention Specialist is Garrett Browne and can be reached at (866) 316-2432 EXT. 1016329, 8:00 a.m. to 8:00 p.m. central time Monday through Thursday and 8:00 a.m. to 6:00 p.m. central time on Friday or via mail at 350 Highland Drive, Lewisville, TX 75067. We look forward to a long and lasting relationship with you.

Sincerely,

Nationstar Mortgage

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

---

DETACH HERE AND RETURN WITH YOUR PAYMENT, PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY                 AQ9

**Nationstar MORTGAGE**

www.MyNationstarMtg.com

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON

| LOAN NUMBER | TOTAL AMOUNT DUE | |
|---|---|---|
| 0608119178 | $100,502.16 | 05/01/2013 |

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO NATIONSTAR MORTGAGE

| LATE PAYMENT IF RECEIVED ON OR AFTER | |
|---|---|
| $0.00 | 05/18/2013 |

NATIONSTAR MORTGAGE
PO BOX 650783
DALLAS, TX 75265-0783

| ADDITIONAL PRINCIPAL | _____ |
|---|---|
| TOTAL AMOUNT OF YOUR CHECK | $ |
| *DO NOT SEND CASH* | |

**Plaintiffs' Exhibit # 173**

06081191780 010050216    000000000



*OCWEN Loan Servicing, L*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*          WWW.OCWEN.COM

June 04, 2013

Jozef Gajewski

6 Hickory Lane
Hawthorn Woods, IL  60047-9268

RE: Loan Number:        70393368
Property Address:        6 Hickory Lane
                         Hawthorn Woods, IL  60047

Dear Jozef Gajewski :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** You provided us with RESPA Qualified Written Request and requested us to respond to the queries outlined in the correspondence.

**Response** The loan was originated on April 18, 2008, for $388,000.00, by Taylor, Been and Whitaker Mortgage Corporation, with the first payment due on June 1, 2008. As we were not involved in the origination of the loan, we cannot comment further regarding any concerns arising from the loan origination.

Please be advised that a Note or a partial interest in the Note can be sold one or more times. Such a sale might result in a change in the entity known as the 'Loan Servicer' that collects periodic payments and performs other mortgage loan servicing obligations as per the Applicable Laws. We do not have any control over service transfer of loans.

We acquired the servicing rights of your loan on November 16, 2009, from Central Loan Administration and Reporting (CENLAR), with the loan due for August 1, 2009 payment.

Ocwen is the servicer of the loan, and not necessarily the owner of the loan. Although the ownership of the loan may change, the ownership has no bearing on the servicing of the loan. Ocwen is obligated to service the loan according to the terms and conditions of the original loan documents executed by the borrowers. As the servicer of the loan, all issues regarding the loan should be forwarded to Ocwen for an appropriate response.

We were obligated to service the loan in accordance with the terms of the original Note and Mortgage signed by you (Jozef Gajewski). Therefore, you are responsible to satisfy the above debt.

We have pleased a request for the Annual Escrow Account Disclosure Statements, to be sent to your attention, which will explain you the calculation of the escrow payment. You will receive this under a separate cover.

The payments on the loan are due on the first (1st) day of every month. However, according to Ocwenâ □   s late fee policy, you have fifteen (15) days grace period to make your monthly mortgage payments without being assessed a late charge. If the monthly mortgage payment is made after this grace period, a late charge equal to five percent (5%) of the overdue payment of principal and interest will be assessed on your loan.

As a result of the payment delinquency, fees were incurred by us that were then assessed to the loan for repayment.

RRCMAINLTRM.12     1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

**Plaintiffs'**
**Exhibit #** *174*     # 1852



OCWEN Loan Servicing, LL
P.O. Box 785063
Orlando, FL 32878-5063
*(Do not send any correspondence or payment to the above address)*

**JUNE 04, 13**

WWW.OCWEN.COM

---

Had the loan not become delinquent, these fees would not have been incurred.

Please note that property valuation or property inspection is performed in order to protect our interest in the property and the reports are for internal purposes. Therefore, we are unable to provide you with details for the property valuation or property inspection performed on the loan.

We have also submitted a request for the Ocwen's Payment Reconciliation History to be sent to your attention, which reflects all credits and disbursements, made to the loan by Ocwen and the resulting loan status. You will receive this under a separate cover.

Please note that May 16, 2013, the loan was service transferred to Nationstar Mortgage LLC. For any further details regarding the loan or to obtain the loan documents you may contact the new servicer at below mentioned address:

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

Please note that Ocwen services loans in accordance with all applicable federal and state laws. Section 2605(e) of the Real Estate Settlement Procedures Act requires that Ocwen respond to "qualified written requests," as defined by that section, regarding "information relating to the servicing of such loan", 12 U.S.C. §2605(e)(1)(A). Ocwen will not respond to questions that do not relate to the servicing of this particular loan.

For any further questions or concerns regarding the loan, you may contact our Customer Care Center at (800) 746-2936.

We trust the information provided has fully addressed your concern. Please visit our website (www.ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,

Simon Alexander
Research Department
Ocwen Loan Servicing, LLC

**Plaintiffs' Exhibit # 174**   RRCMAINLTRM.12   2

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368                                        NMLS # 1852

(Page 4 of 33)

*For Internal Purpose only*

*RETURN-RECEIPT REQUIRED\**



O C W E N

**ATTORNEY BAILEE**

March 29, 2013

Codillis & Associates
15W30 North Frontage Road
Ste. 100
Burr Ridge, IL 60527


Servicer:    **Ocwen Loan Servicing, LLC**
                   **Att: VAULT**
                   **2001 Australian Ave, Bay#1**
                   **Riviera Beach, Florida 33404**
                   **Fax: 561-682-8124**

Jozef Gajewski
6 Hickory Lane
Hawthorne Woods, IL 60047

**70393368**

Dear Sir or Madam:

      Ocwen Loan Servicing, LLC ("Servicer") asked you to commence and prosecute a foreclosure action on the mortgage loan listed above ("Mortgage Loan"). In connection with such foreclosure activities, one or more of the documents ("Documents") indicated below evidencing or otherwise relating to the Mortgage Loan were delivered to you:

☒    Note

      ☒    **Original**
      ☐    **Copy**
      ☐    **Certified True Copy**
      ☐    **Chain of Endorsements:**

          **First:** _____ to _____
          **Second:** _____ to _____
          **Third:** _____ to _____
      ☐    **Allonge(s):**

          **First:** _____ to _____
          **Second:** _____ to _____
          **Third:** _____ to _____

1

**Plaintiffs'
Exhibit #** *175*

(Page 5 of 33)

*For Internal Purpose only*

**RETURN-RECEIPT REQUIRED***

☐ **Lost Note Affidavit**
  ☐ Copy of Note attached
☒ **Security Instrument or Mortgage**
  ☐ Original
  ☐ Recorded Copy
     Court Clerk or County Certified ☐Y ☐N
  ☒ Unrecorded Copy

☐ **Mortgage/ Security Instrument Assignment(s)**

First: _____to_____

  ☐ Recorded Copy
     Court Clerk or County Certified ☐Y ☐N
  ☐ Unrecorded Copy
Second: _____to_____

  ☐ Recorded Copy
     Court Clerk or County Certified ☐Y ☐N
  ☐ Unrecorded Copy
Third: _____to_____

  ☐ Recorded Copy
     Court Clerk or County Certified ☐Y ☐N
  ☐ Unrecorded Copy

☐ **Modification Documents**
  ☐ Original
  ☐ Recorded Copy
     Court Clerk or County Certified ☐Y ☐N
  ☐ Unrecorded Copy

☐ **Title Policy**
  ☐ Final Policy
     ☐ Original
     ☐ Copy
  ☐ Commitment
     ☐ Marked Up ☐Y ☐N
  ☐ Attorney's Abstract or Opinion of Title

☐ **Other** (List):

2

**Plaintiffs'
Exhibit #**

(Page 6 of 33)

*For Internal Purpose only*

*RETURN-RECEIPT REQUIRED\**

☐ _____
☐ _____
☐ _____

**Freddie Mac** ("Plaintiff / Trust") is the owner, holder in due course, and/or entitled to enforce the subject Mortgage Loan and the Documents.

By signing this Attorney-Bailee letter below, you are confirming that you currently hold the Documents on behalf of the Servicer and/or Plaintiff/Trust and shall only act in accordance with the Servicer's and/or Plaintiff/Trust's instructions with regard to the Documents.

You agree that the Servicer and/or the Plaintiff/Trust are the intended beneficiaries of this Attorney-Bailee letter and that each such beneficiary has the right to enforce the terms of this Attorney-Bailee letter.

Very truly yours,

Ocwen Loan Servicing, LLC

By: *Tipphany Peterson*
Title: Document Control Specialist

I acknowledge receipt of the Documents as listed above and notice of the security interests therein, confirm the certifications made by me above and agree to act as Bailee for the exclusive benefit of the Servicer and/or Plaintiff/Trust on the terms set forth above and to otherwise comply with the terms of this Attorney-Bailee letter.

**Codillis & Associates**

By: _____
Print Name:
For: [Name of Law Firm]:
Date:

In the event a document (s) is/are not needed, it is imperative they be returned to Ocwen Loan Servicing, LLC. at ATTN: Vault, 2001 Australian Ave, Bay#1, Riviera Beach, Florida 33404

\*\*\*

# \* Please acknowledge receipt of the provided document(s) by faxing this Attorney-Bailee letter to 561-682-8124.

3

**Plaintiffs'
Exhibit #**

# Nationstar
### MORTGAGE

P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

## MORTGAGE LOAN STATEMENT

DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Assigned Foreclosure Prevention Specialist is
Garrett Browne and can be reached at
(866) 316-2432 EXT. 1016329 or via mail at
350 Highland Drive, Lewisville, TX 75067

3-692-74134-047434-010-1-001-001-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 60047-9268

| | |
|---|---|
| Statement Date: | 06/05/2013 |
| Payment Due Date: | 07/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 847-550-6207 |
| Work Phone Number: | 847-550-6207 |

Property Address: 6 HICKORY LN
HAWTHORN WO IL 60047

## AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $1,939.98 |
| Total | $3,688.27 |
| Past Due Payments | $100,967.40 |
| Unpaid Late Charge(s) | $611.87 |
| Lender Paid Expenses | $2,708.00 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 07/01/2013 | $107,878.70 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 06/05/2013 | $398,201.82 |
| Escrow Balance - As of 06/05/2013 | $16,751.12- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

## PLEASE NOTE:

If the payment due on 07/01/2013 is not received by 07/17/2013,
a late charge in the amount of $87.41 may be assessed to your
account.

## LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | $2,448.50 | $2,448.50 |
| Property Inspections | $259.50 | $259.50 |
| **Totals** | $2,708.00 | $2,708.00 |

## IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date. You may use these funds to
offset other amounts currently due. Account activity after the statement date may affect the actual funds available.

Remember that you can obtain information regarding your account 24 hours a day, 7 days a week on our website.
Visit www.mynationstarmtg.com to log in or register for My Account access today!

Plaintiffs'
Exhibit # *176*

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

June 19, 2013



Jozef Gajewski

6 Hickory Lane,

Hawthorn Woods IL, 60047

Nationstar Mortgage LLC.

350 Highland Drive

Lewisville, TX 57067

Previous Loan Number: 000000070393368

**New Nationstar Loan Number: 0608119178**

Dear Nationstar Mortgage LLC,

I am writing in response to your Transfer of Servicing Rights letter dated May 31, 2013, (copy enclosed) because I do not believe I owe the debt in question.

In accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Plaintiffs' Exhibit # **177**

Page 1 of 3

I respectfully request that you provide me with the following information:

* (1) the amount of the debt;

* (2) the name of the creditor to whom the debt is owed;

* (3) history of payments to creditor beginning June 2008 (five year history);

* (4) proof that you are licensed to collect debts in the state of Illinois;

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

* because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;

* you cannot add interest or fees except those allowed by the original contract or state law.

* you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also, please be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls.

Due to the unusual transfer of servicing rights of this loan from OCWEN Loan Servicing LLC. to Nationstar Mortgage LLC., I would like to inform you that a formal complaint will be filed with the State of Illinois General Attorney's office, State of Florida General Attorney's office and State of Texas General Attorney's office with concerns of suspicions activity.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair

Credit Reporting Act

1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

*J. Gajewski*                    6/19/2013

Jozef Gajewski

Plaintiffs'
Exhibit # **177**          Page 3 of 3

**freecreditreport.com**

# Jozef Gajewski's
# 3/26/2014 Experian Credit Report with Score

## Accounts (cont.)

### ⓘ Closed 🏠 NATIONSTAR MORTGAGE LL (469) 549-2000

| | |
|---|---|
| **Account Name:** | NATIONSTAR MORTGAGE LL |
| **Account #:** | 60811XXXX |
| **Payment Status:** | Foreclosure proceeding started |
| **Account Type:** | Real Estate Loan |
| **Balance:** | $398201 |
| **Date Open:** | 04/01/2008 |
| **Last Updated:** | 07/01/2013 |
| **Account Status:** | Closed |
| **Terms:** | 492 Months |
| **Phone #:** | (469) 549-2000 |
| **Address:** | 350 HIGHLAND DR |
| **Ownership:** | |
| **Original Creditor:** | - |
| **Company Sold-to:** | - |
| **Credit Limit:** | - |
| **Monthly Payment:** | $2536 |
| **Past Due Amount:** | $133465 |
| **High Balance:** | - |
| **Balloon Payment:** | - |
| **Comments:** | - |

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| **Experian** | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

© 2014 Consumerinfo.com, Inc.

**Plaintiffs' Exhibit # 178**



July 16, 2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

RE: Nationstar Reference Number – Gajewski9178
Mortgagor – Jozef Gajewski
Property Address – 6 Hickory Lane, Hawthorn Woods, IL 60047

Dear Jozef Gajewski:

Nationstar Mortgage LLC (Nationstar) received your correspondence, dated June 19, 2013, regarding the mortgage loan account described above.

In this correspondence, you appear to seek certain information pursuant to the Fair Debt Collection Practices Act (FDCPA). Enclosed are copies of the following documents that you requested:

- Note and Security Instrument

    o The Note and Security Instrument will validate the above-mentioned loan. These include, but are not limited to the following:

        ▪ Information concerning our right to assess fees and costs to the loan

        ▪ Inspect the property

        ▪ Purchase lender placed insurance

        ▪ Pay taxes on the customer's behalf.

- Payment History

    o The Payment History reflects a complete history for the period of May 21, 2013, through the date of this letter. This Payment History reflects:

        ▪ When payments were received

        ▪ How the payments were applied to the loan

        ▪ Any disbursements made from the loan

        ▪ A description for each transaction, with running balances of the unpaid principal and escrow accounts

        ▪ The date fees and charges were assessed, if any

        ▪ Any amounts paid towards fees

        ▪ Any waivers/reversals of fees

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com




Plaintiffs'
Exhibit # 179



Late fees are reported on the annual mortgage statement. If a payment was applied to the suspense account, it will be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due, or if Nationstar is not informed of where the payment is to be applied.

- Prior Servicer Payment History

- Billing Statement dated June 5, 2013

  - o The Billing Statement will reflect the current amount due on the loan; and, will also provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

- Servicing Transfer Notice dated May 31, 2013

- Modification Documents

- A Payoff Statement, good through July 31, 2013

- Any available correspondence

Our records indicate Federal Home Loan Mortgage Association is the current owner of the Note. As requested, we have provided the address and phone number below:

Federal Home Loan Mortgage Association
122 East 42nd Street, 4th Floor
New York, NY 10168
212.418.8939

Please note that Nationstar is the servicer of the loan; and therefore, will be responsible for responding to any concerns regarding the servicing of the loan. Servicing matters include but are not limited to the following:

- Payment assistance and modifications

- Payment posting

- Validation of the debt

- Foreclosure proceedings

- Payment adjustments

As such, please direct any correspondence related to these matters to Nationstar.

The owner of the mortgage Note is the noteholder of the loan Note. However, there are some circumstances where the owner has given temporary possession of the loan note to the servicer. The owner does this in order to ensure that the servicer is able to perform the services and duties incident to the servicing of the mortgage loan, such as:

- Foreclosure actions

- Bankruptcy cases

- Other legal proceedings

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.



Plaintiffs'
Exhibit # 179



Upon receipt of your correspondence, the above mentioned loan and related documents were reviewed and found to comply with all state and federal guidelines that regulate them, and we respectfully refute all allegations mentioned in your letter. As such, the above-mentioned loan account will continue to be serviced appropriate to its status.

You have asked for information or documents regarding the origination of your mortgage loan, the transfer of ownership of your loan and the transfer of servicing rights to your loan. These requests are not related to the servicing of the loan and do not identify any specific error regarding the servicing of the loan. Accordingly, your request does not fall within the scope of information that must be provided.

You asked us to provide a Payment History from June 2008 to current. After conducting an investigation, Nationstar is unable to locate the information you requested for June 2008 to September 2009. This information is unavailable. However, we did review the account, and all transactions appear to be correct from our records review. If you think there is an error in the servicing of the account, please let us know so that we can investigate and resolve any potential servicing error.

Furthermore, the payment history appears to be reported accurately to the main credit repositories. If you have documentation that substantiates that any of the information reported by Nationstar on the credit report is incorrect, please provide the detailed information for review.

As of the date of this correspondence, the account is approximately 29 payments delinquent and contractually next due for the March 1, 2011 monthly installment. Should you have any questions or concerns regarding the account, or if you would like to discuss available payment assistance options, you may work directly with:

<u>Single Point of Contact (SPOC):</u>
Jose Resendiz
Phone Number: 972.956.6371
Extension: 9566371

At Nationstar, customer concerns are important to us. Should you have any questions, please contact me directly; or, if you have general questions regarding the account, please contact:

<u>Loss Mitigation Department</u>
Monday through Thursday, 8 a.m. to 8 p.m. CDT
Friday, 8 a.m. to 6 p.m. CDT
Toll-free number 1.866.316.2433

Sincerely,

*Christy L. Volk*

Christy L. Volk
Customer Relations Specialist
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
phone: 480.467.0526
e-mail: Christy.Volk@nationstarmail.com

Enclosures 16
By FedEx Tracking Number 7962 4470 5090

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

Plaintiffs' Exhibit #  179





**Nationstar**
**M O R T G A G E**

P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

# MORTGAGE LOAN STATEMENT

DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Jose Resendiz and can be reached at
(866) 316-2432 EXT. 9566371 or via mail at
350 Highland Drive, Lewisville, TX 75067

3-692-75779-262943-053-1-001-001-000-000



JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 07/18/2013 |
| Payment Due Date: | 08/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |
| Property Address: | 6 HICKORY LN |
| | HAWTHORN WO IL 60047 |

## AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $1,939.98 |
| Total | $3,688.27 |
| | |
| Past Due Payments | $104,655.67 |
| Unpaid Late Charge(s) | $611.87 |
| Lender Paid Expenses | $4,774.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 08/01/2013 | $113,633.47 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 07/18/2013 | $398,201.82 |
| Escrow Balance - As of 07/18/2013 | $16,751.12- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

## PLEASE NOTE:

If the payment due on 08/01/2013 is not received by 08/17/2013,
a late charge in the amount of $87.41 may be assessed to your
account.

## LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | $2,054.50 | $4,503.00 |
| Property Inspections | $12.00 | $271.50 |
| **Totals** | $2,066.50 | $4,774.50 |

## IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date. You may use these funds to
offset other amounts currently due. Account activity after the statement date may affect the actual funds available.

Remember that you can obtain information regarding your account 24 hours a day, 7 days a week on our website.

Plaintiffs' Exhibit # 180 

**Card 1:**

DATE ___ / ___ / ___

FECHA ___ / ___ / ___

# IMPORTANT
# IMPORTANTE

### PLEASE CALL
### LLAME POR FAVOR

North star

NAME / NOMBRE

877-372-0315

TELEPHONE NUMBER*
NÚMERO DE TÉLEFONO*

**PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER.**
**POR FAVOR ESTÉ LISTO PARA DAR SU NÚMERO DE CUENTA.**

**WE ARE EXPECTING YOUR CALL TODAY.**
**ESPERAMOS SU LLAMADA HOY.**

*CALLS ARE RANDOMLY MONITORED & RECORDED TO ENSURE QUALITY SERVICE.
*LA LLAMADA PUEDE SER SUPERVISADA Y GRABADA PARA ASEGURAR LA CALIDAD DEL SER

TEAR HERE & INSERT CARD INTO ENVELOPE

---

**Card 2:**

DATE ___ / ___ / ___

FECHA ___ / ___ / ___

# IMPORTANT
# IMPORTANTE

### PLEASE CALL
### LLAME POR FAVOR

Contact Mortgage CO

NAME / NOMBRE

877-372-0315

TELEPHONE NUMBER*
NÚMERO DE TÉLEFONO*

**PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER.**
**POR FAVOR ESTÉ LISTO PARA DAR SU NÚMERO DE CUENTA.**

**WE ARE EXPECTING YOUR CALL TODAY.**
**ESPERAMOS SU LLAMADA HOY.**

*CALLS ARE RANDOMLY MONITORED & RECORDED TO ENSURE QUALITY SERVICE.
*LA LLAMADA PUEDE SER SUPERVISADA Y GRABADA PARA ASEGURAR LA CALIDAD DEL SERVICIO.

SPI-020-12.09

TEAR HERE & INSERT CARD INTO ENVELOPE

---

**Card 3:**

DATE ___ / ___ / ___

FECHA ___ / ___ / ___

# IMPORTANT
# IMPORTANTE

### PLEASE CALL
### LLAME POR FAVOR

Contact Mortgage CO

NAME / NOMBRE

877-372-0315

TELEPHONE NUMBER*
NÚMERO DE TÉLEFONO*

PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER.
POR FAVOR ESTÉ LISTO PARA DAR SU NÚMERO DE CUENTA.

WE ARE EXPECTING YOUR CALL TODAY.
ESPERAMOS SU LLAMADA HOY.

CALLS ARE RANDOMLY MONITORED & RECORDED TO ENSURE QUALITY SERVICE.
MBA PUEDE SER SUPERVISADA Y GRABADA PARA ASEGURAR LA CALIDAD DEL SERVICIO.

SPI-020-12.09

TEAR HERE & INSERT CARD INTO ENVELOPE

Plaintiffs'
Exhibit # 181

August 14, 2013

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
Re: Nationstar Reference Number - Gajewski9178
Mortgagor - Jozef Gajewski
Property Address - 6 Hickory Lane, Hawthorn Woods, IL 60047

**I am disputing the above-referenced debt. Please verify this debt as required by the Fair Debt Collection Practices Act.**

Dear Christy L. Volk:

Thank you for your timely response in regards to the above noted disputed debt. We greatly appreciate your commitment to settling this dispute. And although the effort to provide the proper documentation has been duly noted, let it be known that Nationstar has failed to verify the debt.

The following reasons did not satisfy the verification of debt or the right to service debt.

- **Insufficient payment history information**
  "Nationstar is unable to locate the information you requested for June 2008 to September 2009. This information is unavailable."

I dispute this debt on basis of failure to properly verify the right to service based on failure to provide proper payment history in order to verify the disputed amount. Please provide the entire mortgage payment history of the disputed debt in order to verify its authenticity. Aside from proper verification of the debt, do not contact me. Holt all attempts to collect the above mentioned debt at property, further attempts will result in trespassing and harassment charges.

The Fair Debt Collection Practices Act, 15 USC Section 1692c requires that you honor this request within 30 days. Your cooperation is appreciated. Please note that this is a dispute of the above referenced debt, further attempts to collect this debt without proper documentation may result in legal action.

Sincerely,

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

LEWISVILLE TX 75067

| | |
|---|---|
| Postage | $ $0.46 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.56 |

Sent To NATONSTAR MORIG. LLC
Street, Apt. No.; or PO Box No. 350 Highland Dr
City, State, ZIP+4 LEWISVILLE TX 75067

7012 3050 0000 3343 8061

**Plaintiffs' Exhibit # 182**



P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

1-692-76986-243206-049-1-000-001-000-000



JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

# MORTGAGE LOAN STATEMENT

DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Jose Resendiz and can be reached at
(866) 316-2432 EXT. 9566371 or via mail at
350 Highland Drive, Lewisville, TX 75067

| | |
|---|---|
| Statement Date: | 08/20/2013 |
| Payment Due Date: | 09/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |

Property Address:  6 HICKORY LN
HAWTHORN WO IL 60047

### AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $1,939.98 |
| Total | $3,688.27 |
| Past Due Payments | $108,343.94 |
| Unpaid Late Charge(s) | $611.87 |
| Lender Paid Expenses | $4,786.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* ~ By 09/01/2013 | $117,333.74 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 08/20/2013 | $398,201.82 |
| Escrow Balance - As of 08/20/2013 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

| | |
|---|---|
| Taxes Paid Year-To-Date | $2,872.74 |

### PLEASE NOTE:

If the payment due on 09/01/2013 is not received by 09/17/2013,
a late charge in the amount of  $87.41 may be assessed to your
account.

### LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | | $4,503.00 |
| Property Inspections | $12.00 | $283.50 |
| **Totals** | **$12.00** | **$4,786.50** |

IMPORTANT MESSAGES

Additional Critical Notices - see reverse side

Partial Payments reflects additional funds that were received on your account as of the statement date.  You may use these funds to
offset other amounts currently due.  Account activity after the statement date may affect the actual funds available.

**Save time and money!**   Enroll in automatic payments (ACH) and never worry about  having to mail in your payment again.
Visit www.mynationstarmtg.com to enroll or learn more about this and other convenient payment options.

Plaintiffs'
Exhibit # **183**

This is an attempt to collect a debt and any information obtained will be used for that purpose.



August 21, 2013


Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

RE:     Nationstar Reference Number – 11891-9178
        Mortgagor – Jozef Gajewski
        Property Address – 6 Hickory Lane, Hawthorn Woods, IL 60047

Dear Jozef Gajewski:

Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence dated August 14, 2013, regarding the mortgage loan account described above. We appreciate you bringing this to our attention, as we take all such matters seriously.

According to our records, Nationstar acquired the above mentioned mortgage loan on May 16, 2013.  Please note that Nationstar cannot attest to the practices of the loan originator or prior servicers, but will respond to all concerns regarding the current servicing of the mortgage.

We are unable to get the requested Payment History for  June 2008 to Spetember 2009. Please contact the prior servicer from that time to request a copy. The account has been coded to cease collection and solicitation calls from Nationstar.

Should you have any questions or concerns regarding the account, or if you would like to discuss available payment assistance options, you may work directly with:

Single Point of Contact
Name: Jose Resendiz
Phone: 972.956.6371
Extension: 956.6371

At Nationstar, customer concerns are important to us. Should you have any general questions other than those referenced in your correspondence, please contact:

Loss Mitigation Department
Monday and Thursday, 7 a.m. to 8 p.m. CDT
Tuesday and Wensday, 7 a.m. to 11 p.m. CDT
Friday, 7 a.m. to 7 p.m. CDT
Saturday, 8 a.m. to 2 p.m. CDT
Toll-free number: 1.877.450.8638

Sincerely,

**Plaintiffs'**
**Exhibit #** *184*

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com



Charles Mitchell
Customer Relations Specialist
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
phone: 480.467.0486
e-mail: Charles.Mitchell@nationstarmail.com

By United States Postal Service

Plaintiffs'
Exhibit # **184**

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com




September 4,, 2013

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
Re: Nationstar Reference Number - Gajewski9178
Mortgagor - Jozef Gajewski
Property Address - 6 Hickory Lane, Hawthorn Woods, IL 60047

I am disputing the above-referenced debt. Please verify this debt as required by the Fair Debt Collection Practices Act.

Thank you for your timely response regarding the above mention account. The suggestive nature of language used in your correspondence dated August 21, 2013 seems to propose that the verification of the above mentioned debt be done by the above mentioned borrower. Although your legal advice does not go unnoticed, please be advised that according to the Fair Debt Collection Act, and as reinforced by Real Estate Settlement Procedures Act, the servicer, not the borrower, must prove that the debt is accurate.

As noted in your correspondence dated July 16, 2013, "After conducting an investigation, Nationstar is unable to locate the information you requested for June 2008 to September 2009. This information is unavailable. However, we did review the account, and all transactions appear to be correct from our records review". Such statement is a contradiction within itself as no single Earthly entity can accurately verify the accuracy of all transactions associated with a particular debt, without having access to all transactions associated with that debt beforehand.

Therefore, let it be known that Nationstar Mortgage LLC has failed to verify the accounting accuracy of the above mentioned debt, and as per your correspondence dated August 21, 2013, Nationstar Mortgage LLC has not indicated that it intends to take further action to investigate, correct or verify the accuracy of the debt. Therefore the above mentioned borrower assumes that Nationstar Mortgage LLC does not own servicing rights, or any other legal interest associated with the account in question.

Please note that this is a dispute of the above referenced debt, further attempts to collect this debt without proper documentation may result in legal action.

Sincerely,

*Jozef Gajewski*

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

**Plaintiffs' Exhibit #** 185



FILED

SEP 11 2013

*Keith Brin*
CIRCUIT CLERK

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                    PLAINTIFF

            Vs.                                    Case No. 13 CH 00273

Jozef Gajewski; et. al.
                    DEFENDANTS

## ORDER WITHDRAWING MOTION

THIS MATTER coming before the Court on Plaintiff's Motion to Substitute Party Plaintiff, previously scheduled for hearing on 09/11/2013 at 9:00AM;

IT IS HEREBY ORDERED THAT Plaintiff's motions are hereby withdrawn without prejudice *This matter is transferred to the bankruptcy calendar.*

DATE:                              JUDGE:

CODILIS & ASSOCIATES, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300

14-12-33648

Plaintiffs' Exhibit # 186



September 17, 2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

RE:     Nationstar Reference Number – 16537-9178
        Mortgagor – Jozef Gajewski
        Property Address – 6 Hickory Lane, Hawthorn Woods, IL 60047

Dear Jozef Gajewski:

Nationstar Mortgage LLC (Nationstar) received your correspondence, dated Insert Date of Correspondence, regarding the mortgage loan account described above. We appreciate you bringing this matter to our attention, as we take all matters such as this seriously.

In this correspondence, you appear to seek certain information pursuant to the Fair Debt Collection Practices Act (FDCPA). Enclosed are copies of the following documents that you requested:
- Note and Security Instrument

  o  The Note and Security Instrument will validate the above-mentioned loan. These include, but are not limited to the following:

     ▪  Information concerning our right to assess fees and costs to the loan

     ▪  Inspect the property

     ▪  Purchase lender placed insurance

     ▪  Pay taxes on the customer's behalf.

- Payment History

     o  The payment history reflects a complete payment history.
     ▪  When payments were received

     ▪  How the payments were applied to the loan

     ▪  Any disbursements made from the loan

     ▪  A description for each transaction, with running balances of the unpaid principal and escrow accounts

     ▪  The date fees and charges were assessed, if any

     ▪  Any amounts paid towards fees

     ▪  Any waivers/reversals of fees

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com

Plaintiffs' Exhibit # 





Late fees are reported on the annual mortgage statement. If a payment was applied to the suspense account, it will be indicated in the code description column. Payments can be applied to the suspense account if the funds received do not represent the full monthly mortgage payment due, or if Nationstar is not informed of where the payment is to be applied.

- Billing Statement

    o The billing statement will reflect the current amount due on the loan; and, will also provide a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees.

- Servicing Transfer Notice

- All available Payment Change Notices

- A Payoff Statement

- Any available correspondence

Our records indicate Freddie Mac is the current owner of the Note. As requested, we have provided the address and phone number below:

Federal Home Loan Mortgage Corporation
122 East 42nd Street
New York, NY 10168
212.418.8939

Please note that Nationstar is the servicer of the loan; and therefore, will be responsible for responding to any concerns regarding the servicing of the loan. Servicing matters include but are not limited to the following:

- Payment assistance and modifications

- Payment posting

- Validation of the debt

- Foreclosure proceedings

- Payment adjustments

As such, please direct any correspondence related to these matters to Nationstar.

The owner of the mortgage Note is the noteholder of the loan Note. However, there are some circumstances where the owner has given temporary possession of the loan note to the servicer. The owner does this in order to ensure that the servicer is able to perform the services and duties incident to the servicing of the mortgage loan, such as:

- Foreclosure actions

- Bankruptcy cases

- Other legal proceedings

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.


Plaintiffs'
Exhibit # 187





As of the date of this correspondence, the account is approximately 31 payments delinquent and contractually next due for the March 1, 2011 monthly installment. Should you have any questions or concerns regarding the account, or if you would like to discuss available payment assistance options, you may work directly with:

Single Point of Contact (SPOC) Information:
Name: Kymbrah Williams
Title: Loss Mitigation
Phone Number: 972.459.4791
Extension: 4594791

At Nationstar, customer concerns are important to us. Should you have any questions, please contact me directly; or, if you have general questions regarding the account, please contact:

Loss Mitigation Department
Monday through Thursday, 8 a.m. to 8 p.m. CDT
Friday, 7 a.m. to 5 p.m. CDT
Saturday, 8 a.m. to Noon CDT
Toll-free number 1.877.783.7491

Sincerely,

Melissa Chavez
Customer Relations Specialist
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
phone: 480.467.0503
e-mail: Melissa.chavez@nationstarmail.com

Enclosure 7
By fed ex tracking# 7967 0381 8590

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com

Plaintiffs'
Exhibit # 187





**Nationstar**
MORTGAGE
P.O. BOX 650783
DALLAS, TX 75265
www.MyNationstarMtg.com

# MORTGAGE LOAN STATEMENT
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067

1-692-78194-223826-045-1-001-001-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 60047-9268

| | |
|---|---|
| Statement Date: | 09/18/2013 |
| Payment Due Date: | 10/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |

Property Address: 6 HICKORY LN
HAWTHORN WO IL 60047

## AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $1,939.98 |
| Total | $3,688.27 |
| | |
| Past Due Payments | $112,032.21 |
| Unpaid Late Charge(s) | $699.28 |
| Lender Paid Expenses | $4,798.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 10/01/2013 | $121,121.42 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 09/18/2013 | $398,201.82 |
| Escrow Balance - As of 09/18/2013 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

| | |
|---|---|
| Taxes Paid Year-To-Date | $2,872.74 |

## PLEASE NOTE:
If the payment due on 10/01/2013 is not received by 10/17/2013,
a late charge in the amount of $87.41 may be assessed to your
account.

## LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | | $4,503.00 |
| Property Inspections | $12.00 | $295.50 |
| **Totals** | $12.00 | $4,798.50 |

## IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date. You may use these funds to
offset other amounts currently due. Account activity after the statement date may affect the actual funds available.

**Save time and money!** Enroll in automatic payments (ACH) and never worry about having to mail in your payment again.
Visit www.mynationstarmtg.com to enroll or learn more about this and other convenient payment options.

Plaintiffs'
Exhibit # 188



September 21, 2013

Melissa Chavez
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

RE: Nationstar Reference Number: 16573-9178
Morgagor: Jozef Gajewski
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047

## Qualified Written Request Response
### to Nationstar correspondence dated September 17, 2013

**I am disputing the above referenced debt; please verify this debt by providing requested information below in numerical order.**

Dear Melissa Chavez:

After reviewing Nationstar correspondence I found out that requested documentation in my *Qualified Written Request* is incomplete, in addition Nationstar responded to my letter dated: **"Insert Date of Correspondence", I don't know to which of my correspondences Nationstar responded.**

***In response to this correspondence please provide copy of this letter so I will know to which correspondence Nationstar is answering to.***

In Nationstar correspondence dated July 16, 2013 is written: **"Nationstar is unable to locate information you requested .... This information is unavailable"** and **"all transactions appear to be correct".**

Nationstar correspondence dated September 17, 2013 I read: **"The payment history reflects a complete payment history"**, such statement is **a lie,** as payment history Nationstar sent to me starts on 10/17/2009 with payment due on 08/01/2009. Neither of those dates matches my Mortgage, **not even close to the date of my Mortgage Agreement.**

*The payment history* **DOES NOT** *reflects a complete payment history.*

Page 1 of 7

Plaintiffs'
Exhibit # **189**

In addition payments history shows three **(3) Property Inspections** on 05/10/2010, twenty five **(25) Property Inspections** on 05/16/2013 and another two (2) **Property Inspections** on 05/21/2013 and 05/22/2013, by Nationstar correspondence, **- this information was reviewed and it is correct?**

After reading such **nonsense and misleading information** many more questions arose, **to correctly verify debt I am requesting the following information:**

*1. A complete and itemized statement of the loan history from the date of the loan to the date of this letter including, but not limited to, all receipts by way of payment or otherwise and all charges to the loan in whatever form. This history should include the date of each and every debit and credit to any account related to this loan, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to this account.*

*2. A complete and itemized statement of all advances or charges against this loan for any purpose that are not reflected on the loan history transaction statement provided in answer to question #1.*

*3. A complete and itemized statement of the escrow account of the loan, if any, from the date of the loan to the date of this letter, including, but not limited to, any receipts or disbursements with respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance, credit insurance, or any other insurance product.*

*4. Have you purchased and charged to the account any Vendor's Single Interest Insurance?*

*5. A complete and itemized statement from the date of the loan to the date of this letter of any forced-placed insurance and expenses related thereto, related in any way to this loan.*

*6. A complete and itemized statement from the date of the loan to the date of this letter of any insurance claims, please state claim status either open or closed.*

Plaintiffs'
Exhibit # *189*

*7. A complete and itemized statement from the date of the loan to the date of this letter of any suspense account entries and/or any corporate advance entries related in any way to this loan.*

*8. A complete and itemized statement from the date of the loan to the date of this letter of any property inspection fees, property preservation fees, broker opinion fees, appraisal fees, bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan.*

*9. A complete Court (s) all foreclosures documentations related in any way to this loan.*

*10. A complete before filing in Court foreclosures correspondences related in any way to this loan.*

*11. Identify the provision under the Deed of Trust and/or note that authorizes charging each and every such fee against the loan.*

*12. Attach copies of all property inspection reports and appraisals including explanation why on 05/16/2013 property had to be inspected twenty five (25) times, please provide detailed list of the times (hour : minutes)and what was inspected at each time of inspection on that date, name of the inspector, name and address company inspecting property.*

*13. A complete and itemized statement of any and all post-petition arrears including each month in which the default occurred, and the amount of each monthly default.*

*14. A complete and itemized statement of any late charges to this loan from the date of this loan to the date of this letter.*

*15. The amount, if applicable, of any "satisfaction fees."*

*16. A complete and itemized statement from the date of the loan to the date of this letter of any fees incurred to modify, extend, or amend the loan or to defer any payment due under the terms of the loan.*

Plaintiffs'
Exhibit # **189**

17. All modification documents from the date of the loan to the date of this letter related in any way to this loan explaining modification denials including details of my loan modification Voluntary Withdraw.

18. A complete and itemized statement from the date of the loan to the date of this letter of any reporting to Credit Bureaus or Consumer Reporting Agencies related in any way to this loan.

19. The current amount needed to pay-off the loan in full.

20. A full and complete comprehensible definitional dictionary of all transaction codes and other similar terms used in the statements requested above.

21. A complete and itemized statement of any funds deposited in any post-petition suspension account(s) or corporate advance account(s), including, but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

22. A complete and itemized statement from the date of this loan to the date of this letter of the amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees and other expenses and costs that have been charged against or assessed to this mortgage.

23. A complete and itemized statement of the amount, payment date, purpose and recipient of all fees for the preparation and filing of the original proof of claim, any amended proofs of claim, or any supplemental proofs of claim related to this mortgage.

24. The full name, address and phone number of the current holder of this debt including the name, address and phone number of any trustee or other fiduciary. This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act, which requires the servicer to identify the holder of the debt.

25. The name, address and phone number of any master servicers, servicers, sub-servicers, contingency servicers, back-up servicers or

Plaintiffs'
Exhibit # *189*

*special servicers for the underlying mortgage debt.*

*26. A copy of any mortgage Pooling and Servicing Agreement and all Disclosure Statements provided to any Investors with respect to any mortgage-backed security trust or other special purpose vehicle related to the said Agreement and any and all Amendments and Supplements thereto.*

*27. If a copy of the Pooling and Servicing Agreement has been filed with the SEC, provide a copy of SEC Form 8k and the Prospectus Supplement, SEC Form 424b5.*

*28. The name, address and phone number of any Trustee under any pooling or servicing agreement related to this loan.*

*29. A copy of the Prospectus offered to investors in the trust.*

*30. Copies of all servicing, master servicing, sub-servicing, contingency servicing, special servicing, or back-up servicing agreements with respect to this account.*

*31. All written loss-mitigation rules and work-out procedures related to any defaults regarding this loan and similar loans.*

*32. The procedural manual used with respect to the servicing or sub-servicing of this loan.*

*33. A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.*

*34. Is this loan subject to any Electronic Tracking Agreement? If the answer is yes, then state the full name and address of the Electronic Agent and the full name and address of the Mortgage Electronic Registration System.*

*35. Is the servicing of this loan provided pursuant to any type of mortgage electronic registration system? If the answer is yes, then attach a copy of the mortgage electronic registration system procedures manual.*

Plaintiffs' Exhibit # *189*

**36.** *A copy of the Loan Servicing and Account Management System Transaction History Report for the mortgage loan account with a detailed description of all fee codes.*

**37.** *Is this a MERS Designated Mortgage Loan? If the answer is yes, then identify the electronic agent and the type of mortgage electronic system used by the agent.*

**38.** *Is this mortgage part of a Mortgage Warehouse Loan? If so, then state the full name and address of the Lender and attach a copy of the Warehouse Loan Agreement.*

**39.** *Upon any default or notice of default, state whether or not the Mortgage Warehouse Lender has the right to override any servicers or sub-servicers and provide instructions directly to the Electronic Agent? If the answer is yes, then specifically identify the legal basis for such authority.*

**40.** *Is this mortgage part of a Whole Loan Sale Agreement? If the answer is yes, then state the name and address of the Purchaser, the Custodian, the Trustee, the Electronic Agent and any Servicer or Sub-Servicers.*

**41.** *Besides 25 Property Inspections (question #12) on 05/16/2013 please explain all other fees on that day with detailed definitions of "Process, Publication, Title Search, Lis Pendens / NOPA, Filing Fee Complaint, FC Thru Service Complete, Title Report, Transaction History."*

**42.** *A detailed review of unavailable information and prove that all transactions are correct as in Nationstar letter dated July 16, 2013.*

**43.** *A written copy of all phones conversations with OCWEN Loan Servicing, LLC representatives Matthew and Tania Abadie, before each conversation I was informed that it will be recorded.*

**44.** *A complete history of OCWEN Loan Servicing, LLC computer system ERROR which caused inability to process modification during*

Plaintiffs'
Exhibit # *189*

*my mortgage with OCWEN as stated in phone conversations recorded by OCWEN Loan Servicing, LLC.*

**Please answer to all my questions specifically in numerical order to this letter dated *September 21, 2013,* please do not sent Template Letter** - "Nationstar Mortgage LLC (Nationstar) received your correspondence, **dated Insert Date of Correspondence".**

**Such letter WILL NOT be considered as a legal correspondence to validate debt.**

You should be advised that you must acknowledge receipt of this qualified written request within 20 business days.

You should also be advised that I will seek the recovery of damages, costs, and reasonable legal fees for each failure to comply with the questions and requests herein. I also reserve the right to seek statutory damages for each violation of any part of Section 2605 of Title 12 of the United States Code.

Please note that mortgage servicers are required to fully answer all these questions within 60 days from the date they receive this letter in addition to acknowledging receipt of your request in the first 20 days. During that time they are forbidden to report late-pays to the bureaus as well.

Sincerely,


Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Attachements: **1.** Nationstar correspondence dated September 17, 2013
　　　　　　　　**2.** Payment History beginning 10/17/2009 showing **twenty-five (25) one day Property Inspections** on 05/16/2013


**Mailed by USPS Certified 7009 2250 0003 6169 4990**

**Plaintiffs'
Exhibit #** *189*



October 2, 2013

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60428

RE:     Nationstar Reference Number – 19411-9178
        Mortgagor – Jozef Gajewski
        Property Address – 6 Hickory Lane, Hawthorn Woods, IL 60047

Dear Jozef Gajewski:

Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence dated September 21, 2013, in which concerns regarding the above referenced account were brought to our attention.

We thank you for bringing this matter to our attention. We take all matters seriously and are in the process of reviewing your concerns.

In accordance with the Real Estate Settlement Procedures Act (RESPA), a response will be provided within 30 business days, except when otherwise required by state law. However, responses are generally provided in less than ten days from receipt of the correspondence.

Our records indicate that FHLMC OCWEN/TBW , is the current owner of the loan. As requested, we have provided the address and phone number below:

Federal Home Loan Mortgage Corporation (Freddie Mac)
122 East 42nd Street
New York, NY 10168
212.418.8939

Please note that Nationstar is the servicer of the loan; and therefore, will be responsible for responding to any concerns regarding the servicing of the loan. Servicing matters include, but are not limited to the following:

Payment assistance and modifications
Payment posting
Validation of the debt
Foreclosure proceedings
Payment adjustments

As such, please direct any communication related to these matters to Nationstar.

At Nationstar, customer concerns are important to us. Should you have any general questions other than those referenced in the correspondence, please contact:

**Plaintiffs'
Exhibit #** *190*

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.

www.NationstarMtg.com






<u>Loss Mitigation Department</u>
Monday through Thursday, 8 a.m. to 8 p.m. CDT
Friday, 8 a.m. to 6 p.m. CDT
Toll-free number: 1.888.850.9398

<u>Single Point of Contact (SPOC)</u>
Kymbrah Williams
Phone: 972.459.4791

Sincerely,

Customer Relations Department
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
Toll-free number: 1.877.783.7480
e-mail: customerrelationsofficer@nationstarmail.com

By USPS Certified Mail Tracker

**Plaintiffs'
Exhibit #** *190*

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the right to exercise the legal rights only against the property securing the original obligation.





**Nationstar** MORTGAGE
P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

# MORTGAGE LOAN STATEMENT
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067

8-692-79565-126385-026-1-001-101-000-000



JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 10/18/2013 |
| Payment Due Date: | 11/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |

Property Address:  6 HICKORY LN
HAWTHORN WO IL 60047

## AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $1,939.98 |
| Total | $3,688.27 |
| | |
| Past Due Payments | $115,720.48 |
| Unpaid Late Charge(s) | $699.28 |
| Lender Paid Expenses | $5,128.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 11/01/2013 | $125,139.69 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 10/18/2013 | $398,201.82 |
| Escrow Balance - As of 10/18/2013 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

| | |
|---|---|
| Taxes Paid Year-To-Date | $2,872.74 |

## PLEASE NOTE:

If the payment due on 11/01/2013 is not received by 11/17/2013,
a late charge in the amount of   $0.00 may be assessed to your
account.

## LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | $315.00 | $4,818.00 |
| Property Inspections | $27.00 | $310.50 |
| **Totals** | **$342.00** | **$5,128.50** |

## IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date.  You may use these funds to
offset other amounts currently due.  Account activity after the statement date may affect the actual funds available.

**Important Tax Information:**  Nationstar Mortgage will begin mailing 1098/1099 tax forms in January. Please take a moment to verify
that we have your correct contact information on file to avoid any delays in receiving your tax forms.
Log on to My Account online at www.mynationstarmtg.com and update your contact information today!



Plaintiffs'
Exhibit # 191



**Nationstar**
MORTGAGE

P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

# MORTGAGE LOAN STATEMENT
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067



2-692-81032-111958-023-1-001-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 11/19/2013 |
| Payment Due Date: | 12/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |

Property Address:  6 HICKORY LN
HAWTHORN WO IL 60047

---

### AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $857.29 |
| Total | $2,605.58 |
| Past Due Payments | $119,408.75 |
| Unpaid Late Charge(s) | $699.28 |
| Lender Paid Expenses | $5,143.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 12/01/2013 | $127,760.27 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 11/19/2013 | $398,201.82 |
| Escrow Balance - As of 11/19/2013 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

| | |
|---|---|
| Taxes Paid Year-To-Date | $2,872.74 |

---

### PLEASE NOTE:

If the payment due on 12/01/2013 is not received by 12/17/2013,
a late charge in the amount of   $0.00 may be assessed to your
account.

### LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | | $4,818.00 |
| Property Inspections | $15.00 | $325.50 |
| **Totals** | **$15.00** | **$5,143.50** |

---

### IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date.  You may use these funds to
offset other amounts currently due.  Account activity after the statement date may affect the actual funds available.

Remember that you can obtain information regarding your account 24 hours a day, 7 days a week on our website.
Visit www.mynationstarmtg.com to log in or register for My Account access today!



Plaintiffs'
Exhibit # 192

November 21, 2013

Melissa Chavez
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

RE: Nationstar Reference Number: 16537-9178
Morgagor: Jozef Gajewski
Property Address: 6 Hickory Lane, Hawthorn Woods, IL 60047

## Qualified Written Request Response
### to Nationstar correspondence dated October 26, 2013

**Insufficient documentation to validate debt, response to questions related to the loan — NOT answering: "Questions not related to the Loan".**

**I am disputing the above referenced debt; please verify this debt by providing requested information below.**

Dear Melissa Chavez:

Thank you for your letter dated October 26, 2013 to my correspondence that you received on September 27, 2013, - my tracking records shows that **NEITHER** of my correspondences to Nationstar were received by Nationstar on September 27, 2013. I would appreciate if you prove receiving on September 27, 2013 my correspondence.

In my last letter dated September 21, 2013 I asked:
*"In response to this correspondence please provide copy of this letter so I will know to which correspondence Nationstar is answering to.",* however it was not provided in your correspondence, I would appreciate explanation why.

In your correspondence you received (correspondence not dated) you stating that fourteen (14) of the questions I asked about, **are not related to my loan**, however most of the remaining 30 questions that **are related** to my loan were **NOT answered.**

In your correspondence I received **MORTGAGE** agreement for amount of **388,000.00** dated April 18, 2008.

Between **April 18, 2008 and September 2009 I paid off part of my 388,000.00 loan,** I am requesting details showing how my payments were credited (**or not credited**) to my loan, and how my loan ended up with amount of **$403,185.30 after all my payments,** - as per OCWEN letter dated November 11, 2010.

Plaintiffs'
Exhibit # *193*

**After so many payments I paid, amount owe should be much lower, NOT higher.**

## To validate debt I am requesting again:

### I am requesting Complete Payment History from date of my mortgage - April 18, 2008 up to recent date.

Please note that your Payment History for the date of May 21, 2013, through the date of this letter (as in your correspondence dated October 26, 2013) is not related to my mortgage original date, which is April 18, 2008.

## My payment history should include answers with proper detailed documentation in numerical and alphabetical order to the questions below:

1. All payments to my loan after April 18, 2008.
2. Any dollar amount if was improperly credited or stolen from my loan.
3. If the money was improperly credited or stolen please provide name of institution or person who improperly credited or stole the money.
4. All other fees that were added to the loan, if money was improperly credited or stolen.
5. All late fees added to payments received and cleared before due date.
6. All other hidden or illegal fees that were added to my loan.
7. All reports to Credit Bureaus from the date of my mortgage showing which reports were incorrectly reported if money was improperly credited or stolen, also showing how incorrect reports damaged my credit score.
8. Please answer to question previously asked:

In my letter dated September 21, 2013 in question No. 12 I asked to:

*"12. Attach copies of all property inspection reports and appraisals including explanation why on 05/16/2013 property had to be inspected twenty five (25) times, please provide detailed list of the times (hour : minutes) and what was inspected at each time of inspection on that date, name of the inspector, name and address company inspecting property."*

9. All foreclosure fees added to loan related to if money was improperly credited or stolen.
10. If there were foreclosure (s) fees to the loan please provide date of filing foreclosure (s) and complete foreclosure (s) documentation from date of the Mortgage up do Date of this letter.

Plaintiffs' Exhibit # **193**

11. Please provide all modifications documentation related to my mortgage with explanation why modifications were denied, lack of OCWEN's representative in USA, redirecting me to call representative in INDIA.

12. Please explain for what reason Ocwen withdrawn my Modification Application during Foreclosure (Ocwen correspondence dated 2/16/2013), and then separated me from their representatives in USA before transferring servicing rights to Nationstar.

In the last Nationstar MORTGAGE LOAN STATEMENT (copy attached) dated 10/18/2013 please respond and explain to marked in an alphabetical order questions:

A. Principal and Interest Due $1,748.29 – please provide all detailed calculations including interest rate and date of interest date loan agreement.

B. Escrow Amount $1,939.98 – details what is included in the Escrow Amount.

C. Past Due Payments $115,720.48 – please list dates of Past Due Payments and amounts of each past due payment.

D. Unpaid Late Charges $699.28 – please date all late charges and amounts, please list all illegally added late charges to payments paid before due date.

E. Unapplied Funds Balance 96.84 – please provide definition of Unapplied Funds Balance along with detailed list and dates charged.

F. Definition of Late Charge in the amount of $0.00. If Late Charges are $0.00 how they accumulated for amount of $699.28 as in statement D.

G. Interest Rate 4.250% - please provide signed documentation when and by who interest rate was changed from my Original Mortgage Agreement.

H. Principal Balance – As of 10/18/2013 $ 398,201.82 – please provide all transaction history from my mortgage date.

I. Escrow Balance – As of 10/18/2013 $24,165.86 – please list / explain accumulation of the Balance.

J. Taxes Paid Year –To – Date $2,872.74 – please inform if any other fees were added to Taxes Paid.

K. Legal Fees $4,818,00 – please list / date all Legal Fees and prove they are Legal.

L. Property Inspection $310.50 - please list: date / time all Property Inspection including names of the persons and institution they represented at the time of inspection. Please provide Pictures of the inspected property with dates.

M. In the Nationstar Mortgage Letter dated July 9, 2013 (copy attached) "RE: Payoff Letter Requested" please send me a copy of my request, also please explain which information in this letter should I verify.

Plaintiffs'
Exhibit # *193*

# PLEASE NOTE:

Since there were **25 inspections in one day** on 05/16/2013, and all inspections charges were added to my loan, I am **requesting all inspectors to arrange inspection by texting to: 847 550 62 07 one (1) week before inspection, and see me at the time of inspection**, I would like to sign every single property inspection, I also will make a note that inspection was properly done, and **I will pay inspector's Fee for inspection** right after inspection is done with inspector's preferred payment method. That way, my Property Inspection Fess will be current.

**I strongly believe that all above questions are related to my loan and will be answered with proper documentations, if not answered please state reason of not answering or hiding such information.**

**You should be advised that you must acknowledge receipt of this qualified written request within 20 business days.**

**You should also be advised that I will seek the recovery of damages, costs, and reasonable legal fees for each failure to comply with the questions and requests herein. I also reserve the right to seek statutory damages for each violation of any part of Section 2605 of Title 12 of the United States Code.**

**Please note that mortgage servicers are required to fully answer all these questions within 60 days from the date they receive this letter in addition to acknowledging receipt of your request in the first 20 days. During that time they are forbidden to report late-pays to the bureaus as well.**

Please also note that if my questions to my mortgage loan payments not fully answered, I will seek for legal help.

Sincerely,

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

**Mailed by USPS Certified 7004 1160 0004 0071 7853**

Plaintiffs'
Exhibit # **193**

# Nationstar
## MORTGAGE

P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

**MORTGAGE LOAN STATEMENT**
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067

8-692-79565-126385-026-1-001-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 10/18/2013 |
| Payment Due Date: | 11/01/2013 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |
| Property Address: | 6 HICKORY LN |
| | HAWTHORN WO IL 60047 |

---

## AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | *A* — $1,748.29 |
| Escrow Amount | *B* — $1,939.98 |
| Total | $3,688.27 |
| | |
| Past Due Payments | *C* — $115,720.48 |
| Unpaid Late Charge(s) | *D* — $699.28 |
| Lender Paid Expenses | $5,128.50 |
| Unapplied Funds Balance | *E* — $96.84- |
| Amount Due* - By 11/01/2013 | $125,139.69 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | *G* — 4.250 |
| Principal Balance - As of 10/18/2013 | *H* — $396,201.8 |
| Escrow Balance - As of 10/18/2013 | *I* — $24,165.6 |

**The Principal Balance does not represent the payoff amount of your accou
and is not to be used for payoff purposes.**

Taxes Paid Year-To-Date    *J* — $2,872.2

---

## PLEASE NOTE:

If the payment due on 11/01/2013 is not received by 11/17/2013,
a late charge in the amount of   $0.00 may be assessed to your
account.

*F*

## LENDER PAID EXPENSE SUMMARY

| | Paid Since Last Statement | To |
|---|---|---|
| Legal Fees | $315.00 *K* | $4,818 |
| Property Inspections | $27.00 *L* | $310 |
| Totals | $342.00 | $5,128 |

---

## IMPORTANT MESSAGES

Partial Payments reflects additional funds that were received on your account as of the statement date.  You may use these funds to
offset other amounts currently due.  Account activity after the statement date may affect the actual funds available.

**Important Tax Information:**  Nationstar Mortgage will begin mailing 1098/1099 tax forms in January. Please take a moment to verify
that we have your correct contact information on file to avoid any delays in receiving your tax forms.
Log on to My Account online at www.mynationstarmtg.com and update your contact information today!

**Additional Critical Notices - see reverse side**

Plaintiffs'
Exhibit # **193**

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.





July 9, 2013

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS, IL 60428

RE: Payoff Letter Requested — *PLEASE SEND ME*
      Loan Number 608119178   *A COPY OF MY REQUST*
*DATED BEFORE JULY 9, 2013.*

Dear JOZEF GAJEWSKI:

Thank you for contacting our Account Services Department regarding a Payoff Letter Request on the above referenced loan. Payoff funds can be remitted using certified funds or by wire transfer. If by **wire transfer**, please see details in attachment for wiring instructions. If by **mail**, please mail the attached Payoff Request **with your certified payoff funds** to:

Nationstar Mortgage LLC
Attn: Payoff Processing
350 Highland Drive
Lewisville, TX 75067

Please verify the information that is printed to ensure that the information was captured correctly.

If you have any questions, please call our Customer Service Department toll-free at 1-888-480-2432.

Sincerely,      *PLEASE EXPLAIN*

Nationstar Mortgage LLC    *WHICH INFORMATION*

Enclosure      *SHOULD I VERIFY.*

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if this debt is involved in bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.

Plaintiffs'
Exhibit # *193*

11/12/2014

USPS.com® - USPS Tracking™

**USPS.COM**

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

Search USPS.com or Track Packages

# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

**Tracking Number: 70041160000400717853**

**Updated Delivery Day: Tuesday, November 26, 2013**

## Product & Tracking Information

**Postal Product:**          **Features:**
First-Class Mail®          Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 25, 2013 , 11:45 am | Delivered | **LEWISVILLE, TX 75067** |

Your item was delivered at 11:45 am on November 25, 2013 in LEWISVILLE, TX 75067.

| | | |
|---|---|---|
| November 25, 2013 , 11:40 am | Sorting Complete | LEWISVILLE, TX 75067 |
| November 25, 2013 , 9:58 am | Arrived at Unit | LEWISVILLE, TX 75067 |

## Available Actions

Return Receipt After Mailing

**Plaintiffs'
Exhibit #**    *193*



**Nationstar** MORTGAGE
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

## ANNUAL ESCROW ACCOUNT
## DISCLOSURE STATEMENT

www.MyNationstarMtg.com

LOAN NUMBER: 0608119178
DATE: OCTOBER 21, 2013

PREVIOUS PAYMENT
P&I                          1,748.29
ESCROW                         787.90

TOTAL PAYMENT               2,536.19

NEW PAYMENT AS OF 12/01/13
P&I                          1,748.29
ESCROW                         857.29

TOTAL PAYMENT               2,605.58

79864-021319-005
JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

---

### COMING YEAR ESCROW PROJECTION

The purpose of the Coming Year Escrow Projection is to determine the lowest balance "Low Point" to which your escrow account will decline over the upcoming year. The purpose of the Low Balance Summary is to compare the projected and allowable low point amounts. If the projected low point is greater than the allowable low point, there is a surplus. If the projected low point is less than the allowable low point, there is a shortage and/or deficiency which will be recovered by an adjustment to your monthly payment over a specified number of months. The adjustment amount(s) appears in the Low Balance Summary and New Payment information.

**ANTICIPATED ESCROW DISBURSEMENTS**

| | | MONTH | PAYMENTS TO ESCROW | PAYMENTS FROM ESCROW | DESCRIPTION | CUR BAL PROJECTION | REQ BAL PROJECTION |
|---|---|---|---|---|---|---|---|
| COUNTY TAX | 5,745.48 | | | | STARTING BALANCE | 37,549.32 | 3,429.16 |
| HAZARD SFR | 4,542.00 | 12/13 | 857.29 | .00 | PAYMENT | 38,406.61 | 4,286.45 |
| | | 01/14 | 857.29 | .00 | PAYMENT | 39,263.90 | 5,143.74 |
| | | 02/14 | 857.29 | .00 | PAYMENT | 40,121.19 | 6,001.03 |
| | | 03/14 | 857.29 | .00 | PAYMENT | 40,978.48 | 6,858.32 |
| | | 04/14 | 857.29 | .00 | PAYMENT | 41,835.77 | 7,715.61 |
| TOTAL DISBURSEMENTS | 10,287.48 | 05/14 | 857.29 | 4,542.00- | HAZARD SFR | 38,151.06 | 4,030.90 |
| DIVIDED BY 12  MONTHS | | 06/14 | 857.29 | 2,872.74- | COUNTY TAX | 36,135.61 | 2,015.45 |
| | | 07/14 | 857.29 | .00 | PAYMENT | 36,992.90 | 2,872.74 |
| MTHLY ESCROW DEPOSIT | 857.29 | 08/14 | 857.29 | .00 | PAYMENT | 37,850.19 | 3,730.03 |
| (MAY VARY DUE TO ROUNDING) | | 09/14 | 857.29 | 2,872.74- | COUNTY TAX | 35,834.74 | 1,714.58 < |
| | | 10/14 | 857.29 | .00 | PAYMENT | 36,692.03 | 2,571.87 |
| | | 11/14 | 857.29 | .00 | PAYMENT | 37,549.32 | 3,429.16 |
| | | TOTAL | 10,287.48 | 10,287.48- | | | |

---

**LOW  BALANCE SUMMARY**

PROJECTED LOW POINT        35,834.74
LESS ALLOWABLE LOW BAL      1,714.58

SHORTAGE                        0.00
  ESCROW SHORTAGE PRORATED
  OVER· 12 MONTHS               0.00

SURPLUS                     34,120.16

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at the above
listed mailing address.

Plaintiffs'
Exhibit # **194**

The cushion allowed by federal law (RESPA)

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*
*If this debt is in or has been discharged in a bankruptcy proceeding, be advised this*

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT
## ACCOUNT HISTORY

LOAN NUMBER: 0608119178                    DATE: OCTOBER 21, 2013

This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure. The projections from your previous escrow analysis are to the left of the actual payments and disbursements. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred.

An asterisk (*) indicates a difference in either the amount or date. When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

Your anticipated low point may or may not have been reached based on one or more of the following factors:

| PAYMENT(S) | TAXES | INSURANCE |
|---|---|---|
| • Monthly payment(s) received were lesser OR greater than expected<br>• Monthly payment(s) received earlier OR later than expected<br>• Previous overage was returned to escrow<br>• Previous deficiency/shortage not paid entirely | • Tax rate and/or assessed value changed<br>• Exemption status lost or changed<br>• Supplemental/Delinquent tax paid<br>• Tax bill paid earlier OR later than expected<br>• Tax installment not paid<br>• Tax refund received<br>• New tax escrow requirement paid | • Premium changed<br>• Coverage changed<br>• Additional premium paid<br>• Insurance bill paid earlier OR later than expected<br>• Premium was not paid<br>• Premium refund received<br>• New insurance escrow requirement paid<br>• Force placed insurance premium paid |

| | PAYMENTS TO ESCROW | | | PAYMENTS FROM ESCROW | | | ESCROW BALANCE | |
|---|---|---|---|---|---|---|---|---|
| MONTH | PROJECTED | ACTUAL | PROJECTED | ACTUAL | DESCRIPTION | | PROJECTED | ACTUAL |
| | | | | | STARTING BALANCE | | .00 | .00 |
| 05/13 | .00 | .00 * | .00 | 16,751.12-* | ESC PAY ADJ | | .00 < | 16,751.12- |
| 08/13 | .00 | .00 * | .00 | 4,542.00-* | HAZARD SFR | | .00 | 21,293.12- |
| 08/13 | .00 | .00 | .00 | 2,872.74-* | COUNTY TAX | | .00 | 24,165.86-< |
| 10/13 | .00 | 59,775.20 *E | .00 | .00 | | | .00 | 35,609.34 |
| 11/13 | .00 | 1,939.98 *E | .00 | .00 | | | .00 | 37,549.32 |

Plaintiffs'
Exhibit # **194**

Under Federal Law (RESPA) the lowest monthly balance in your escrow account should not exceed $1,714.58 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies a lower amount. When your escrow balance reaches its lowest point during the account cycle, that balance is targeted to be your cushion amount. Under your Mortgage Contract or State or Federal Law, your targeted low point in your escrow account is $1,714.58 and your actual low point was $24,165.86- ; the amounts are indicated with an arrow (<).

By comparing the projected escrow payments with the actual payments you can determine where a difference



**MORTGAGE LOAN STATEMENT**
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

**Nationstar**
MORTGAGE
P.O. BOX 650783
DALLAS, TX 75265

www.MyNationstarMtg.com

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067

6-692-82680-058794-012-1-001-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 12/18/2013 |
| Payment Due Date: | 01/01/2014 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |

Property Address:  6 HICKORY LN
HAWTHORN WO IL 60047

**AMOUNT DUE EXPLANATION**

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $857.29 |
| Total | $2,605.58 |
| | |
| Past Due Payments | $122,014.33 |
| Unpaid Late Charge(s) | $699.28 |
| Lender Paid Expenses | $5,158.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 01/01/2014 | $130,380.85 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 12/18/2013 | $398,201.82 |
| Escrow Balance - As of 12/18/2013 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

| | |
|---|---|
| Taxes Paid Year-To-Date | $2,872.74 |

**PLEASE NOTE:**
If the payment due on 01/01/2014 is not received by 01/17/2014,
a late charge in the amount of   $0.00 may be assessed to your
account.

**LENDER PAID EXPENSE SUMMARY**

| | Paid Since Last Statement | Total |
|---|---|---|
| Legal Fees | | $4,818.00 |
| Property Inspections | $15.00 | $340.50 |
| Totals | $15.00 | $5,158.50 |

**IMPORTANT MESSAGES**

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date. You may use these funds to
offset other amounts currently due. Account activity after the statement date may affect the actual funds available.

Remember that you can obtain information regarding your account 24/7 on our website at www.MyNationstarMtg.com.

As shown above your escrow account has a negative balance. This shortage in your escrow account my result in an increase in your
monthly escrow payment. We recommend you make additional payments to your escrow account to eliminate or reduce the shortage.

You can make your payment online at www.MyNationstarMtg.com. There is no charge for this service if you schedule your payment
within 9 days past your due date.



Plaintiffs'
Exhibit # **195**

Ownership:
Original Creditor:
Company Sold-to:
Credit Limit:
Monthly Payment: $2356
Past Due Amount:
High Balance: $388000
Balloon Payment:

Comments: FREDDIE MAC ACCOUNT
ACCOUNT TRANSFERRED OR
SOLD

24-Month Payment History

|  | 2012 | 2013 | 2014 |
|---|---|---|---|
|  | Apr May Jun Jul Aug Sep Oct Nov Dec | Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec | Jan Feb Mar |
| Experian |  |  |  |
| Equifax |  |  |  |
| TransUnion |  |  |  |

OK          30 Days Late          60 Days Late          90 Days Late

120 Days Late          Failed to Pay          Data Unavailable

| | Experian | Equifax | TransUnion |
|---|---|---|---|

NATIONSTAR MORTGAGE LL (469) 549-2000

| | | | |
|---|---|---|---|
| Account Name: | NATIONSTAR MORTGAGE LL | NATIONSTAR MORTGAGE | No match found |
| Account #: | 605 1 1XXXX | 605 1 1XXXX | |
| Payment Status: | Foreclosure proceeding started | At least 120 days or more than four payments past due | |
| Account Type: | Unknown | Unknown | |
| Balance: | $398201 | $398201 | |
| Date Open: | 04/01/2008 | 04/01/2008 | |
| Last Updated: | 07/01/2013 | 01/01/2014 __ 01 01 2014 | |
| Account Status: | Closed | | |
| Terms: | 462 Months | | |
| Phone #: | (469) 549-2000 | (214) 111-1111 | |
| Address: | 350 HIGHLAND DR | PO BOX 199111 | |
| Ownership: | | | |
| Original Creditor: | - | | |
| Company Sold-to: | - | | |
| Credit Limit: | - | | |
| Monthly Payment: | $2356 | $2356 | |
| Past Due Amount: | $130509 | $130509 __ $ 130 509 | |
| High Balance: | - | $388000 | |
| Balloon Payment: | - | | |
| Comments: | - | FREDDIE MAC ACCOUNT FORECLOSURE PROCESS STARTED | |

**Plaintiffs' Exhibit #196**

24-Month Payment History

| | 2012 | 2013 | 2014 |
|---|---|---|---|

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                            PLAINTIFF

                                                    Case No. 13 CH 00273

        Vs.

Jozef Gajewski; et. al.
                            DEFENDANTS

FILED
JAN 0 2 2014

CIRCUIT CLERK

## ORDER WITHDRAWING MOTION

THIS MATTER coming before the Court on Plaintiff's Motion to Substitute Party Plaintiff, previously
scheduled for hearing on 01/02/2014 at 9AM;

IT IS HEREBY ORDERED THAT Plaintiff's motions are hereby withdrawn without prejudice,
subject to re-notice.

DATE:                                    JUDGE:

CODILIS & ASSOCIATES, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300

14-12-33648

Plaintiffs'
Exhibit # 197



**www.MyNationstarMtg.com**

# MORTGAGE LOAN STATEMENT
DETACH COUPON BELOW AND RETURN WITH YOUR PAYMENT.
RETAIN TOP PORTION FOR YOUR RECORDS.

P.O. BOX 650783
DALLAS, TX 75265

Your Dedicated Loan Specialist is
Kymbrah Williams and can be reached at
(866) 316-2432 EXT. 4594791 or via mail at
350 Highland Drive, Lewisville, TX 75067

7-692-85083-046790-010-1-001-101-000-000



JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 01/21/2014 |
| Payment Due Date: | 02/01/2014 |
| Loan Number: | 0608119178 |
| Home Phone Number: | 000-000-0000 |
| Work Phone Number: | 000-000-0000 |
| Property Address: | 6 HICKORY LN<br>HAWTHORN WO IL 60047 |

---

### AMOUNT DUE EXPLANATION

| | |
|---|---|
| Principal and Interest Due | $1,748.29 |
| Escrow Amount | $857.29 |
| Total | $2,605.58 |
| | |
| Past Due Payments | $124,619.91 |
| Unpaid Late Charge(s) | $699.28 |
| Lender Paid Expenses | $5,272.50 |
| Unapplied Funds Balance | $96.84- |
| Amount Due* - By 02/01/2014 | $133,100.43 |

*This amount does not include any payments made, or fees or charges that may
have been incurred and/or added to your account after the date of this statement.

| | |
|---|---|
| Interest Rate | 4.250% |
| Principal Balance - As of 01/21/2014 | $398,201.82 |
| Escrow Balance - As of 01/21/2014 | $24,165.86- |

The Principal Balance does not represent the payoff amount of your account
and is not to be used for payoff purposes.

---

### PLEASE NOTE:
If the payment due on 02/01/2014 is not received by 02/17/2014,
a late charge in the amount of  $0.00 may be assessed to your
account.

### LENDER PAID EXPENSE SUMMARY

| | Paid Since<br>Last Statement | Total |
|---|---|---|
| Legal Fees | $99.00 | $4,917.00 |
| Property Inspections | $15.00 | $355.50 |
| Totals | $114.00 | $5,272.50 |

---

### IMPORTANT MESSAGES

**Additional Critical Notices - see reverse side**

Partial Payments reflects additional funds that were received on your account as of the statement date. You may use these funds to
offset other amounts currently due. Account activity after the statement date may affect the actual funds available.

Remember that you can obtain information regarding your account 24/7 on our website at www.MyNationstarMtg.com.

As shown above your escrow account has a negative balance. This shortage in your escrow account my result in an increase in your
monthly escrow payment. We recommend you make additional payments to your escrow account to eliminate or reduce the shortage.

You can make your payment online at www.MyNationstarMtg.com. There is no charge for this service if you schedule your payment
within 9 days past your due date.

**Save time and money! Enroll in automatic payments (ACH) and never worry about having to mail in your**

Plaintiffs'
Exhibit # *198*

Balloon Payment:

Comments:

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |

☐ OK    30 **30 Days Late**    60 **60 Days Late**    90 **90 Days Late**

120 **120 Days Late**    FP **Failed to Pay**    ☐ **Data Unavailable**

**Hide Detail**

| | Experian | Equifax | TransUnion |
|---|---|---|---|

| Closed | **NATIONSTAR** | | |
|---|---|---|---|
| Account Name: | No match found. | No match found. | NATIONSTAR |
| Account #: | | | 60811XXXX |
| Payment Status: | | | 120 days past due |
| Account Type: | | | Real Estate Loan |
| Balance: | | | $398201 |
| Date Open: | | | 04/18/2008 |
| Last Updated: | | | 01/31/2014 |
| Account Status: | | | Closed |
| Terms: | | | 492 Months |
| Phone #: | | | No Phone Provided |
| Address: | | | 350 HIGHLAND |
| Ownership: | | | - |
| Original Creditor: | | | - |
| Company Sold-to: | | | |
| Credit Limit: | | | |
| Monthly Payment: | | | $2536 |
| Past Due Amount: | | | $85000 |
| High Balance: | | | $388000 |
| Balloon Payment: | | | - |
| Comments: | | | - |

### 24-Month Payment History

| | 2012 | | | | | | | | | 2013 | | | | | | | | | | | | 2014 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | 120 | 120 | 120 | 120 | 120 | 120 | | | | | |

☐ OK    30 **30 Days Late**    60 **60 Days Late**    90 **90 Days Late**

120 **120 Days Late**    FP **Failed to Pay**    ☐ **Data Unavailable**

**Plaintiffs' Exhibit # 199**

# MORTGAGE LOAN STATEMENT

**Nation**star MORTGAGE

P.O. BOX 650783
DALLAS, TX 75265

### CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday; 8 a.m. - 8 p.m. CT
Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT
**MyNationstar.com**

Your Dedicated Loan Specialist is Kymbrah Williams and can be
reached at (866) 316-2432 EXT. 4594791 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

6-692-87455-0021277-005-1-001-101-000-000


JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 02/19/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 03/01/2014 |
| **Amount Due:** | **$130,460.96** |

*If payment is received after 03/18/14; $0.00 late fee will be charged.*

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$24,165.86 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $127,225.49 |
| **Total Amount Due** | **$130,460.96** |

### Lender Paid Expense Summary

| | Last Statement | Total |
|---|---|---|
| Legal Fees | $350.00 | $5,267.00 |
| Property Inspections | $15.00 | $370.50 |
| **Total** | **$365.00** | **$5,637.50** |

### Past Payment Breakdown

| | Payments Rec'd since 01/22/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $96.84 |
| **Total** | **$0.00** | **$96.84** |

### Transaction Activity (01/22/2014 to 02/19/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 02/06/2014 | Legal Fees | -$350.00 | | | | -$350.00 |
| 01/28/2014 | Property Inspections | -$15.00 | | | | -$15.00 |

**Plaintiffs'
Exhibit # 200**

### Important Messages  (See Reverse Side for Additional Critical Notices)

Complaints asserting errors related to servicing of your loan, requests for information regarding your loan and qualified written requests (QWR) must be sent to P.O. Box 630348, Irving, TX 75063.

Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.

If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.

As shown above, your escrow account has a negative balance. This shortage in your escrow account may result in an increase in your monthly escrow payment. We recommend you make additional payments to your escrow to eliminate or reduce the shortage.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

x | FreeCreditReport.com

# Jozef Gajewski's
# 9/26/2014 Experian Credit Report with Score

## Accounts (cont.)

---

**!** **Closed** 🏠 **NATIONSTAR MORTGAGE LL (469) 549-2000**

---

| | |
|---|---|
| **Account Name:** | NATIONSTAR MORTGAGE LL |
| **Account #:** | 60811XXXX |
| **Payment Status:** | Foreclosure proceeding started |
| **Account Type:** | Real Estate Loan |
| **Balance:** | $398201 |
| **Date Open:** | 04/01/2008 |
| **Last Updated:** | 03/01/2014 |
| **Account Status:** | Closed |
| **Terms:** | 492 Months |
| **Phone #:** | (469) 549-2000 |
| **Address:** | 350 HIGHLAND DR |
| **Ownership:** | |
| **Original Creditor:** | - |
| **Company Sold-to:** | - |
| **Credit Limit:** | - |
| **Monthly Payment:** | $2536 |
| **Past Due Amount:** | $150746 |
| **High Balance:** | - |
| **Balloon Payment:** | - |
| **Comments:** | - |

### 24-Month Payment History

|  | | 2012 | | | 2013 | | | | | | | | | | | | 2014 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep |
| **Experian** | | | | | | | | | | | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | | | | | | |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | | |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | | |

---

© 2014 Consumerinfo, Inc.

Plaintiffs'
Exhibit # 201



**MORTGAGE LOAN STATEMENT**

**Nationstar** MORTGAGE

P.O. BOX 650783
DALLAS, TX 75265

### CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday: 8 a.m. - 8 p.m. CT
Friday: 8 a.m. - 6 p.m. CT and Saturday: 8 a.m. - 2 p.m. CT
**MyNationstar.com**

Your Dedicated Loan Specialist is Demitra Cosby and can be reached
at (866) 316-2432 EXT. 9566709 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

7-692-88964-0019068-004-1-001-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 60047-9268

| | |
|---|---|
| Statement Date: | 03/18/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 04/01/2014 |
| **Amount Due:** | **$133,066.54** |

If payment is received after 04/18/14; $0.00 late fee will be charged.

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$24,165.86 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Lender Paid Expense Summary

| | Last Statement | Total |
|---|---|---|
| Legal Fees | $0.00 | $5,267.00 |
| Property Inspections | $0.00 | $370.50 |
| **Total** | **$0.00** | **$5,637.50** |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $129,831.07 |
| **Total Amount Due** | **$133,066.54** |

### Past Payment Breakdown

| | Payments Rec'd since 02/20/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | | $96.84 |
| **Total** | **$0.00** | **$96.84** |

### Transaction Activity (02/20/2014 to 03/18/2014)

Plaintiffs'
Exhibit # **202**

### Important Messages (See Reverse side for Additional Critical Notices)

Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.

If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.

At the time this statement was sent, we had not received a payment from you since 03/18/2014. If you are facing financial difficulty, please know that there may be options available to you and that we are committed to working with you regarding making your monthly payment more affordable. Our representatives are standing by and can be reached at 1-877-448-5053. Please call us today so we can discuss your available options and which one may be right for you.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

FILED
APR 02 2014
Keith Brin
CIRCUIT CLERK

Ocwen Loan Servicing, LLC
                    PLAINTIFF

                    Vs.                           No. 13 CH 00273

Jozef Gajewski; Wieslawa Gajewski; Unknown Owners
and Nonrecord Claimants
                    DEFENDANTS

## MOTION TO SUBSTITUTE PARTY PLAINTIFF

Now comes the Plaintiff, Ocwen Loan Servicing, LLC, by and through its attorneys, Codilis &
Associates, P.C., and in support of its Motion to Substitute Nationstar Mortgage LLC as Plaintiff
states as follows:

1. On or about 01/22/2013 a Complaint for foreclosure was filed by the Plaintiff herein,
   Ocwen Loan Servicing, LLC.

2. Subsequent to filing the complaint, Plaintiff transferred its interest to Nationstar
   Mortgage LLC.

**WHEREFORE** the Plaintiff prays as follows:

1. That Nationstar Mortgage LLC be substituted as party Plaintiff; and

2. For such other and further relief as this court deems just,

                              Codilis & Associates, P.C.

                                                        Natalie Burris
                                                        ARDC # 6308676
                              BY: _____

Julie DeJong
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-12-33648

**NOTE: This law firm is deemed to be a debt collector.**

1

**Plaintiffs'
Exhibit # 203**

**Lake County IL Recorder**

**Mary Ellen Vanderventer Recorder**

Lake County Building

18 N County Street

Waukegan, IL 60085

Phone Number : (847) 377-2575

**Official Receipt : 2014-00017454**

**Printed On :** 05/20/2014  **at** 10:38:43 AM                                                                    **By :** 21    **on** RD95D

**Customer :**

CODILIS & ASSOCIATES, P.C.

ATTN: GRETCHEN

15W030 N FRONTAGE RD STE 100

BURR RIDGE, IL 60527

**Date Recorded :** April 07, 2014

| Instrument ID | Recorded Time | Amount |
|---|---|---|
| **File Number :** 7089531 | 2:47:39 PM | $39.00 |
| **Transaction :**   ASSIGNMENT | | |
| **Name(s) :**   OCWEN LENDING SERS LLC | | |
|                   To : NATIONSTAR MTG LLC | | |

**Itemized Check Listing**

| | |
|---|---|
| Check Number : 8169737 | $39.00 |

| | |
|---|---|
| **Total Due :** | $39.00 |
| **Paid by Check :** | $39.00 |
| **Change Tendered :** | $0.00 |

THANK YOU

MARY ELLEN VANDERVENTER

LAKE COUNTY ILLINOIS RECORDER

Plaintiffs'
Exhibit # 204

Page 1 of 3

```
Image# 05111228C003 Type: ASG
Recorded: 04/07/2014 at 02:47:38 PM
Receipt#: 2014-00017454
Page 1 of 3
Fees: $39.00
IL Rental Housing Fund: $9.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File 7089531
```

## ASSIGNMENT OF MORTGAGE

********ABOVE SPACE FOR RECORDER'S USE ONLY********

12-33648

UPON RECORDING MAIL TO:

DOCUMENT CONTROL DEPT.

Codilis & Associates, P.C.

15W030 North Frontage Road, Suite 100

Burr Ridge, IL 60527

Plaintiffs' Exhibit # 205

Recording Requested By:
Nationstar Mortgage

~~When Recorded Return To:~~

DOCUMENT ADMINISTRATION
Nationstar Mortgage
2617 COLLEGE PARK
SCOTTSBLUFF, NE 69361

### CORPORATE ASSIGNMENT OF MORTGAGE

Lake, Illinois
**SELLER'S SERVICING #:**          "GAJEWSKI"

Date of Assignment: March 7th, 2014
Assignor: OCWEN LOAN SERVICING, LLC BY NATIONSTAR MORTGAGE LLC AS ATTORNEY-IN FACT at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067
Assignee: NATIONSTAR MORTGAGE LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067

Executed By: JOZEF GAJEWSKI AND WIESLAWA GAJEWSKI, IN JOINT TENANCY To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.
Date of Mortgage: 04/18/2008 Recorded: 04/30/2008 as Instrument No.: 6339530 In the County of Lake, State of Illinois.

Property Address: 6 HICKORY LANE, HAWTHORNE WOODS, IL 60047

  KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $388,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

  TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

  OCWEN LOAN SERVICING, LLC BY NATIONSTAR MORTGAGE LLC AS ATTORNEY-IN FACT
On _3—11-2014_

By: _Susan Lindhorst_
      Susan Lindhorst      , Assistant
Secretary

*TG1*TRANATN*03/07/2014 11:08:58 AM* NATTO1NATNA000000000000000043SO48* ILLAKE* 0808119173 ILSTATE_MORT_ASSIGN_ASSN **SLNATN*

Plaintiffs'
Exhibit # **205**

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Nebraska
COUNTY OF Scotts Bluff

On 3-11-2014, before me, LINDA D. PARKS, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared_____ Susan Lindhorst _____, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Lindell Park_
LINDA D. PARKS
Notary Expires: 11/14/2015

GENERAL NOTARY - State of Nebraska
LINDA D PARKS
My Comm. Exp. Nov. 14, 2015

(This area for notarial seal)

Prepared By: Susan Lindhorst, Nationstar Mortgage 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69361 1-888-480-2432

*TG1*TRANATN*03/07/2014 11:08:56 AM* NATTD1NATNA00000000000000000435048* ILLAKE* 0808118178 ILSTATE_MORT_ASSIGN_ASSN **SLNATN*

Plaintiffs'
Exhibit # 205

FILED

APR 1 0 2014



*Keith Brin*
**CIRCUIT CLERK**

IN THE CIRCUIT COURT FOR THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY - WAUKEGAN, ILLINOIS

Ocwen Loan Servicing, LLC
                **PLAINTIFF**

        Vs.

Jozef Gajewski; et. al.
                **DEFENDANTS**

No. 13 CH 00273

## ORDER

The above cause coming on to be heard on Plaintiff's motion to substitute Nationstar Mortgage
LLC as party Plaintiff and the Court being advised in the premises;

IT IS HEREBY ORDERED that:

    1. Nationstar Mortgage LLC is substituted as party Plaintiff in this action.

    2. The caption in all subsequent pleadings shall reflect Nationstar Mortgage LLC as the
    Plaintiff herein.

                   Enter: _____

                   Dated: _____

Julie DeJong
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
14-12-33648

0

**Plaintiffs'
Exhibit #** **206**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

F I L E D

APR 10 2014

_Nationstar Mortgage LLC_ )
)
vs. )  Case No. _13 CH 0273_
)
)  _Keith Brin_
_Jozef Gajewiki et al._ )  CIRCUIT CLERK

### ORDER

This cause coming to be heard on Plaintiff's motion to Substitute Party Plaintiff, Plaintiff's counsel present and Defendant Jozef Gajewiki appearing with his son, Robert Gajewiki, and the Court being fully advised in the premises, it is HEREBY ORDERED:

1) Defendant appearing in open court and representing that he no longer wishes to be represented by his counsel of record, Charles Aaron Silverman. Defendant's counsel having filed a motion to withdraw as counsel, but not present in court.

     a) Charles Aaron Silverman's motion to withdraw as counsel of record for Defendant Jozef Gajewiki is GRANTED.

     b) Defendant Jozef Gajewiki is granted 21 days, or until May 1, 2014, to file his supplemental appearance.

2) Over Defendant's objection, Plaintiff's motion to Substitute Party Plaintiff is GRANTED by separate order.

3) Plaintiff's motion for Extension of Time, currently set for 4/16/14 at 9:00 Am in Room 301, is hereby entered and continued to 5/8/14 at 9:00 Am in Room 301, as well as for status of counsel. The presentment date of 4/16/14 is stricken.

ENTER:

_____
JUDGE

Dated this _10th_ day of _April_, 20 _14_

Prepared by: _Julie L. DeJong_
Attorney's Name: _Codilis + Associates_

Address: _U___ N Frontage Rd_
City: _Burr Ridge_  State: _IL_
Phone: _(670) 794-_____  Zip Code: _60527_
Fax: _____
ARDC: _6292687_

**Plaintiffs'
Exhibit # 206**

171-94  (Rev. 10/11)



P.O. BOX 650783
DALLAS, TX 75265

## MORTGAGE LOAN STATEMENT

| CONTACT INFORMATION |
|---|
| **Customer Service: 1-888-480-2432** |
| Monday - Thursday; 8 a.m. - 8 p.m. CT |
| Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT |
| **MyNationstar.com** |

Your Dedicated Loan Specialist is Demitra Cosby and can be reached at (866) 316-2432 EXT. 9566709 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

0-692-91233-0133398-027-1-001-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL  60047-9268

| | |
|---|---|
| Statement Date: | 04/18/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 05/01/2014 |
| **Amount Due:** | **$135,672.12** |

If payment is received on or after 05/18/14; $0.00 late fee will be charged.

### Account Information

| | |
|---|---|
| Interest-Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$24,165.86 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $132,436.65 |
| **Total Amount Due** | **$135,672.12** |

### Lender Paid Expense Summary

| | Last Statement | Total |
|---|---|---|
| Legal Fees | $250.00 | $5,517.00 |
| Property Inspections | $0.00 | $370.50 |
| **Total** | **$250.00** | **$5,887.50** |

### Past Payment Breakdown

| | Payments Rec'd since 03/19/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $96.84 |
| **Total** | **$0.00** | **$96.84** |

### Transaction Activity (03/19/2014 to 04/18/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 03/24/2014 | Legal Fees | -$250.00 | | | | -$250.00 |

Plaintiffs'
Exhibit # **207**

### Important Messages                    (See Reverse side for Additional Critical Notices)

*Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.*

*If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.*

*At the time this statement was sent, we had not received a payment from you since 04/18/2014. If you are facing financial difficulty, please know that there may be options available to you and that we are committed to working with you regarding making your monthly payment more affordable. Our representatives are standing by and can be reached at 1-877-448-5053.  Please call us today so we can discuss your available options and which one may be right for you.*



P.O. BOX 650783
DALLAS, TX 75265

# MORTGAGE LOAN STATEMENT

## CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday, 8 a.m. - 8 p.m. CT
Friday, 8 a.m. - 6 p.m. CT and Saturday, 8 a.m. - 2 p.m. CT
**MyNationstar.com**

Your Dedicated Loan Specialist is Demitra Cosby and can be reached
at (866) 316-2432 EXT. 9566709 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

3-692-93494-0009047-002-1-000-101-000-000



JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WOODS IL 60047-9268

| | |
|---|---|
| Statement Date: | 05/20/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 06/01/2014 |
| **Amount Due:** | **$138,277.70** |

*If payment is received on or after 06/18/14; $0.00 late fee will be charged.*

Property Address:
6 HICKORY LN
HAWTHORN WO IL 60047

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$27,150.41 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $135,042.23 |
| **Total Amount Due** | **$138,277.70** |

### Lender Paid Expense Summary

| | Activity Since Last Statement | Total |
|---|---|---|
| Legal Fees | $0.00 | $5,517.00 |
| Property Inspections | $15.00 | $385.50 |
| **Total** | **$15.00** | **$5,902.50** |

### Past Payment Breakdown

| | Payments Rec'd since 04/19/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $96.84 |
| **Total** | **$0.00** | **$96.84** |

### Transaction Activity (04/19/2014 to 05/20/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 05/08/2014 | Disbursement-County Tax | $2,984.55 | | | $2,984.55 | |
| 05/05/2014 | Property Inspections | -$15.00 | | | | -$15.00 |

Plaintiffs'
Exhibit # **208**

### Important Messages
### (See Reverse side for Additional Critical Notices)

*We understand that for many, your home is your most valuable asset. Protect it for your family for years to come in the event of a tragic accident. Get Accidental Death Insurance today. Call 1-888-265-3823, weekdays from 8am-8pm ET for more information.*

*Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.*

*If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.*

*As shown above, your escrow account has a negative balance. This shortage in your escrow account may result in an increase in your monthly escrow payment. We recommend you make additional payments to your escrow to eliminate or reduce the shortage.*

# Nationstar
### MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
P.O. BOX 619033
DALLAS, TX 75261-9033

# MORTGAGE LOAN STATEMENT

## CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday; 8 a.m. - 8 p.m. CT
Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT
**MyNationstar.com**

Your Dedicated Loan Specialist is Demitra Cosby and can be reached
at (866) 316-2432 EXT. 9566709 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

3-692-95663-0003602-001-1-000-101-000-000

JOZEF GAJEWSKI
6 HICKORY LN
HAWTHORN WDS IL 60047-9268

| | |
|---|---|
| Statement Date: | 06/18/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 07/01/2014 |
| **Amount Due:** | **$140,883.28** |

If payment is received on or after 07/18/14; $0.00 late fee will be charged.

Property Address:
6 HICKORY LN
HAWTHORNE W IL 60047

## Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$28,219.86 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

## Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $137,647.81 |
| **Total Amount Due** | **$140,883.28** |

## Lender Paid Expense Summary

| | Activity Since Last Statement | Total |
|---|---|---|
| Legal Fees | $210.00 | $5,727.00 |
| Property Inspections | $45.00 | $430.50 |
| **Total** | **$255.00** | **$6,157.50** |

## Past Payment Breakdown

| | Payments Rec'd since 05/21/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $96.84 |
| **Total** | **$0.00** | **$96.84** |

## Transaction Activity (05/21/2014 to 06/18/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 06/16/2014 | Legal Fees | -$122.50 | | | | -$122.50 |
| 06/16/2014 | Legal Fees | -$87.50 | | | | -$87.50 |
| 06/13/2014 | Property Inspections | -$15.00 | | | | -$15.00 |
| 06/13/2014 | Payment-County Tax | $2,984.55 | | | $2,984.55 | |
| 05/28/2014 | Disbursement-Insurance | $4,054.00 | | | $4,054.00 | |

## Important Messages                (See Reverse side for Additional Critical Notices)

*The costs for making a payment over the phone will increase beginning July 1, 2014. Automated phone system -- up to $14.00. Paying with a representative -- up to $19.00. To avoid fees, you can always use these FREE payment options: pay online before or within 9 days of your payment due date, sign up for Pay by Text through the automated phone system or mail your payment so we receive it by the payment due date.*

*Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.*

*If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.*

Plaintiffs'
Exhibit # 209

**MORTGAGE LOAN STATEMENT**



**Nationstar**
MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
P.O. BOX 619033
DALLAS, TX 75261-9033

### CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday; 8 a.m. - 8 p.m. CT
Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT
MyNationstar.com

Your Dedicated Loan Specialist is Demitra Cosby and can be reached
at (866) 316-2432 EXT. 9566709 or via mail at:
**350 Highland Drive, Lewisville, TX 75067**

3-692-98007-0026828-006-1-000-101-000-000

JOZEF GAJEWSKI
6 HICKORY RD
HAWTHORN WDS IL 60047-9268

| | |
|---|---|
| Statement Date: | 07/18/2014 |
| Loan Number: | 0608119178 |
| Payment Due Date: | 08/01/2014 |
| **Amount Due:** | **$143,488.86** |

If payment is received on or after 08/18/14; $0.00 late fee will be charged.

Property Address:
6 HICKORY LN
HAWTHORNE W IL 60047

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $398,201.82 |
| Interest Rate | 4.250% |
| Escrow Balance | -$28,219.86 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $337.99 |
| Interest | $1,410.30 |
| Escrow Amount (for Taxes & Insurance) | $787.90 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$2,536.19** |
| Total Fees and Charges | $699.28 |
| Overdue Payment(s) | $140,253.39 |
| **Total Amount Due** | **$143,488.86** |

### Lender Paid Expense Summary

| | Activity Since Last Statement | Total |
|---|---|---|
| Legal Fees | $280.50 | $6,007.50 |
| Property Inspections | $15.00 | $445.50 |
| **Total** | **$295.50** | **$6,453.00** |

### Past Payment Breakdown

| | Payments Rec'd since 06/19/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $96.84 |
| **Total** | **$0.00** | **$96.84** |

### Transaction Activity (06/19/2014 to 07/18/2014)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 07/15/2014 | Property Inspections | -$15.00 | | | | -$15.00 |
| 07/07/2014 | Legal Fees | -$237.50 | | | | -$237.50 |
| 07/07/2014 | Legal Fees | -$28.00 | | | | -$28.00 |
| 07/07/2014 | Legal Fees | -$15.00 | | | | -$15.00 |

### Important Messages                    (See Reverse side for Additional Critical Notices)

Losing your job is not always preventable, but some of the financial burden can be. First Protector can pay your monthly mortgage payment if you can't live in your home due to a disaster or if you lose your job involuntarily (benefit amount may be subject to a maximum amount). Visit www.firstprotectorsolutions.com or call 1-855-211-3597, weekdays 8 a.m. - 8 p.m. E.T., and mention offer code OWC8. (Hablamos Español).

*Signing up for Paperless Billing is simple, convenient and secure. Simply visit MyNationstar.com to log into your account and select to "Go Paperless" today.*

*If you do not wish to receive paper statements, simply log into your account at MyNationstar.com and after your selection to eStatements/Paperless Billing. Paperless billing offers convenient monthly statement email reminders, greater security - no lost mail, and access up to 6 months of archived online statements to view or download to your personal computer.*

**Plaintiffs' Exhibit # 210**

This is an attempt to collect a debt and any information obtained will be used for that

**OCWEN** *Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*

WWW.OCWEN.COM

September 24, 2014

Robert R. Gajewski

6 Hickory Lane
Hawthorn Woods, IL 60047-9268

RE: Loan Number:    70393368
Property Address:    6 Hickory Lane
                       Hawthorn Woods, IL 60047

Dear Robert R. Gajewski :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** With reference to borrower(s) (Jozef Gajewski) above loan, you expressed dissatisfaction for the customer service provided by the Ocwen and requested us to provide you with assistance in this regard.

**Response** We strive to provide each of our customers with utmost in customer care and professionalism and we are disappointed to hear that you feel this standard was not met. We apologize for any inconvenience caused to you in this regards.

We acquired the servicing rights of your loan on November 16, 2009, from Central Loan Administration and Reporting (CENLAR), with the loan due for August 1, 2009 payment.

A review of the prior servicer, Central Loan Administration and Reporting (CENLAR), payment history indicates that they acquired the loan from Taylor, Bean and Whitaker Mortgage Corporation (TBW) on August 2009 with the loan due for August 1, 2009 payment. Please note that there have been no payments remitted to CENLAR.

We have also submitted a request for the Ocwen's and CENLAR Payment Reconciliation History to be sent to your attention, which reflects all credits and disbursements, made to the loan by Ocwen and the resulting loan status. You will receive this under a separate cover. The Payment Reconciliation History would indicate as to when all the payments were received and applied to the loan. However, we are unable to provide you with the Taylor, Bean and Whitaker Mortgage Corporation (TBW) Payment Reconciliation History on the loan. We sincerely apologize for any inconvenience caused to you in this regards.

In order for us to research the August 2009 payment remitted towards the loan, please provide us with a front and back copy of the check along with a copy of the revolving bank statement reflecting the ending balance at the address mentioned below or fax the details to (407) 737-6375.

A review of our records indicates that the Home Affordable Modification application was received on April 5, 2013 and your request to modify the loan under Modification Program with us was under review. However, on May 16, 2013, the loan was servicer transferred to Nationstar Mortgage LLC. For any further questions or concerns regarding the loan, you may contact the current servicer Nationstar Mortgage Servicer at the below address:

Nationstar Mortgage LLC
350 Highland Drive

**Plaintiffs'**
**Exhibit #** **211**

RRCMAINLTRM.13   1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number: 70393368

NMLS # 1852

**OCWEN**

*OCWEN Loan Servicing, LLC*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*      WWW.OCWEN.COM

Lewisville TX 75067
Ph: (877) 372-0512.

We trust the information provided has fully addressed your concern.  Please visit our website (www.ocwencustomers.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,

Kahat, Sagar
Research Department
Ocwen Loan Servicing, LLC

**Plaintiffs'**
**Exhibit # *211***      RRCMAINLTRM.13      2

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

Loan Number:70393368

NMLS # 1852