UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOZEF GAJEWSKI, WIESLAWA GAJEWSKI, and ROBERT R. GAJEWSKI | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 14 CV 9230 |
| v. | ) ) ) | Honorable John W. Darrah |
| OCWEN LOAN SERVICING, LLC, CODILIS AND ASSOCIATES, P.C. and NATIONSTAR MORTGAGE, LLC | ) ) ) ) | Judge Presiding |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF NATIONSTAR'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY THE COMPLAINT**

Defendant, Nationstar Mortgage LLC ("Nationstar"), by its attorneys, submits its Memorandum in Support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the Alternative to Stay the Complaint filed by Plaintiffs, Jozef Gajewski, Wieslawa Gajewski, and Robert Gajewski (collectively, "Plaintiffs").

**Introduction**

Plaintiffs attempt to assert seven purported causes of action against Nationstar: 1) Intrusion upon Seclusion (Count II); 2) Negligence (Count IV); 3) Negligent Infliction of Emotional Distress (Count V); 4) Clouding of Title (Count XII); 5) Civil Conspiracy (Count XIII); 6) Violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count XIV); and 7) Intentional Infliction of Emotional Distress (Count XV).

Despite their inclusion of over 500 allegations with 211 exhibits, all of the purported causes of action alleged against Nationstar fail as a matter of law. Additionally, Plaintiff Robert

Gajewski lacks standing to bring his purported claims against Nationstar in this matter.

Accordingly, as more fully discussed below, Plaintiffs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In the alternative, this matter should be stayed pursuant to the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

**Background**

Plaintiffs' complaint arises from a mortgage loan extended on April 18, 2008, by Taylor, Bean & Whitaker Mortgage Corp., to Jozef Gajewski in the original principal amount due of $388,000 ("Subject Loan"). *See* Complaint, ¶ 49; Note (Ex. 4 to Complaint). The Subject Loan is secured by a mortgage executed by Jozef Gajewski and Wieslawa Gajewski ("Subject Mortgage") against certain real property commonly known as 6 Hickory Lane, Hawthorne Woods, Illinois 60047 ("Subject Property"). *See* Complaint, ¶ 50; Mortgage (Ex. 5 to Complaint). Robert Gajewski is not a party to the Subject Loan or Subject Mortgage. *See* Mortgage (Ex. 5 to Complaint); Note (Ex. 4 to Complaint).

On January 22, 2013, Ocwen Loan Servicing, LLC ("Ocwen") filed a Complaint to Foreclose Mortgage ("Foreclosure Complaint") in the Nineteenth Judicial Circuit Court of Lake County, Illinois captioned *Ocwen Loan Servicing, LLC v. Jozef Gajewski*, *et al.*, Case No. 13 CH 273 ("Foreclosure Action"). *See* Complaint, ¶ 361; Foreclosure Complaint (Ex. 139 to Complaint). The Foreclosure Complaint named Jozef Gajewski and Wieslawa as defendants, and seeks to foreclose on the Subject Property. *See* Foreclosure Complaint, (Ex. 139 to Complaint). Defendant Codilis & Associates, P.C. ("Codilis") represented Ocwen and Nationstar in the Foreclosure Action. *See* Foreclosure Complaint (Ex. 139 to Compl.)

Robert Gajewski is not a party to the Foreclosure Action. *See Id.*

On December 4, 2014, Jozef Gajewski moved for leave to file amended counterclaims against Nationstar in the Foreclosure Action. *See* Exhibit A hereto, Jozef Gajewski's Motion for Leave to File Amended Counterclaims (without exhibits). In support of his proposed counterclaims and cross-claims in the Foreclosure Action, Jozef Gajewski alleges nearly identical facts as alleged in support of Plaintiffs' Complaint in this matter. *See generally,* Exhibit B hereto, Jozef Gajewski's Proposed Amended Pleading (without exhibits). Jozef Gajewski's motion for leave to file his proposed amended pleadings is still pending in the Foreclosure Action.

**Standard of Review**

In order to withstand a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), a complaint "must contain allegations that 'state a claim to relief that is plausible on its face.'" *See, e.g., McCauley v. City of Chicago*, 671 F. 3d 611, 615 (7th Cir. 2011). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The United States Court of Appeals for the Seventh Circuit has "interpreted *Twombly* and *Iqbal* to require the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley*, 671 F. 3d at 616, citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Although courts "are generally confined to the four corners of the pleadings and are not permitted to reference materials outside the pleadings to determine if dismissal is appropriate," courts in this district have permitted reference to the mortgage, note, and state court foreclosure proceedings without converting the motion dismiss into a motion for summary judgment. *See,*

*e.g., Ruffino v. Bank of America, N.A.,* Case No. 13 C 50124, 2013 U.S. Dist. LEXIS 143151, *2-*3 n.1 (N.D. Ill. Oct. 3, 2013).

**Argument**

**I.      Robert Gajewski Has No Standing to Bring Claims Against Nationstar.**

Standing requires that a plaintiff establish an "injury in fact" caused by the defendant and redressable by the court. *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). Failure to establish standing is grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 605 *(*7th Cir. 2013).

Plaintiffs' dissertation on "Successors' Involvement" does not establish an injury in fact sustained by Robert Gajewski caused by Nationstar. Compl., ¶¶ 371-85. In fact, nowhere in the Complaint does Robert Gajewski allege any relationship between himself and Nationstar except that he apparently "invested time to help Plaintiff Jozef Gajewski and Plaintiff Wieslawa Gajewski communicate with Ocwen, C&A, and eventually Nationstar." *See e.g.,* Compl., ¶ 371. Notably, his own connection to this matter appears to be a purported quit claim deed conveying the property to the Plaintiffs "as joint tenants" recorded on November 17, 2014 which is one day prior to the filing of the present action, and subsequent to all of the relevant events alleged in the Complaint. *See* Quit Claim Deed (Ex. 000 to Compl.).

For this reason alone, all of Robert Gajewski's claims against Nationstar fail and should be dismissed.

**II.     Plaintiffs Fail to State a Claim for Intrusion Upon Seclusion.**

The tort of intrusion on seclusion provides that "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or

4

concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Lawlor v. North American Corporation of Illinois*, 2012 IL 112530, ¶ 33.

In order to state an intrusion upon seclusion claim, a plaintiff must allege: "(1) an unauthorized intrusion or prying into a plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the matters upon which the intrusion occurred were private; and (4) the intrusion caused anguish and suffering." *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 942, 959 (N.D. Ill. 2013).

As the Northern District of Illinois noted, "while personal information can include names and social security numbers, private facts are 'facially embarrassing and highly offensive if disclosed.'" *Id.*, citing *Cooney v. Chi. Pub. Sch.*, 943 N.E.2d 23, 32 (Ill. App. Ct. 2010). Further, a company's access to financial information cannot give rise to an intrusion upon seclusion theory where a plaintiff authorized access to the information, the defendant accessed the information through their own files, or where a company accessed the information through lawfully obtained files. *In re Trans Union Corp. Privacy Litig.*, 326 F. Supp. 2d 893, 901-02 (N.D. Ill. 2004). Finally, matters of public record are not private facts. *Busse. Motorola, Inc.*, 813 N.E.2d 1013, 1018 (Ill. App. Ct. 2004).

Plaintiffs fail to plead a claim for intrusion upon seclusion against Nationstar. For example, nowhere do Plaintiffs allege, as required, upon which purported "private facts" Nationstar intruded. None of the Plaintiffs' financial information give rise to the "facially embarrassing and highly offensive" element required to state an intrusion upon seclusion claim. *See Vega*, 958 F. Supp. 2d at 959-60. Further, Plaintiffs fail to allege facts demonstrating that they did not authorize Nationstar's access to the financial information, that Nationstar obtained

the information through any means other than their own files, or that Nationstar accessed the information illegally.  *In re Trans Union Corp. Privacy Litg.*, 326 F. Supp. 2d at 901-02.

Finally, Plaintiffs fail to allege that Nationstar accessed any information that was not already a matter of public record.  Plaintiffs' Complaint alleges that the subject information was already the matter of a judicial foreclosure before Nationstar became the servicer of the Subject Mortgage.  *See* Complaint ¶ 361, 402, 466; *Busse*, 813 N.E. 2d at 1018.

Thus, Plaintiffs purported claim for intrusion upon seclusion against Nationstar must be dismissed.

### III.     Plaintiffs Fail to State a Claim for Negligence.

In order to plead negligence, a claimant must allege "facts that establish the existence of a duty, a breach of that duty, and an injury to the plaintiff which was proximately caused by that breach." *Hills v. Bridgeview Little League, Ass'n*, 195 Ill. 2d 210, 745 N.E.2d 1166, 1178 (Ill. 2000).  No "extra-contractual duty" is owed by a mortgage servicer to a borrower.  *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 568 (7th Cir. 2012).

Apart from the allegations concerning Nationstar as the servicer, Plaintiffs fail to allege the existence of any duty owed to Plaintiffs which was breached.  Indeed, Plaintiffs claims appear to be related to the accounting practices and general servicing of the mortgage loan.  *See e.g. Wigod,* 673 F.3d at 568 ("[Borrower's"] rights here are contractual in nature.").

Thus, Plaintiffs have failed to plead the existence of a duty or a breach thereof by Nationstar and Count IV of Plaintiffs' Complaint must be dismissed at this time.

### IV.     Plaintiffs Fail to State a Negligent Infliction of Emotional Distress Claim.

Illinois courts treat claims by direct victims of negligent infliction of emotional distress under the same approach used for standard negligence claims.  *Lewis v. CITGO Petroleum*

*Corp.*, 561 F.3d 698, 703 (citing *Hiscott v. Peters*, 754 N.E.2d 839, 849-50 (Ill. App. Ct. 2001). A party advancing a negligent infliction of emotional distress claim must set forth facts that essentially allege the elements of a negligence claim. *Sindles v. Saxon Mortg. Servs.*, Case No. 11 C 7224, 2012 U.S. Dist. LEXIS 72682, *20-21 (N.D. Ill. May 22, 2012).

As discussed *supra*, Plaintiffs have failed to set forth the existence of an extra contractual duty or a breach thereof. Accordingly, Plaintiffs have failed to state a claim for negligent infliction of emotional distress, and Count V of their Complaint must be dismissed at this time.

**V.     Plaintiffs Cannot State an Unlawful Clouding of Title Claim.**

Plaintiffs' purported claim for unlawful clouding of title appears to arise under an Illinois statute which makes it a crime to record documents that cloud title to property knowing that the theory upon which the purported cloud on title is based is not recognized by a legitimate legal theory. *See* 735 ILCS 5/32-13.

However, this statute does not create any recognized private cause of action. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL app (1st) 130380, *79-82 (affirming sanctions against *pro se* mortgagors for attempting to proceed with this and multiple unfounded legal theories).

To the extent that the Plaintiffs' complaint can be construed as an action for quiet title, it would nevertheless fail as a matter of law. A borrower "cannot state a claim to quiet title seeking to remove a lien created by her Mortgage to secure a debt that she admits he owes." *Walker v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 125896, *24 (N.D. Ill. Sept. 5, 2012), citing *El-Bey v. Housing & Urban Development*, 2012 U.S. Dist. LEXIS 55418, *3-*4 (N.D. Ill. Apr. 20, 2012).

In evaluating a Rule 12(b)(6) Motion, the court is take all pleaded facts in the complaint as true and reviews all exhibits attached to the complaint. *Massey v. Merrill Lynch & Co., Inc.*,

7

464 F.3d 642, 645 (7th Cir. 2006). Where an exhibit and complaint conflict, the exhibit takes precedence. *Phillips v. Prudential Ins. Co. of Am.* 714 F.3d 1017, 1020 (7th Cir. 2013).

Plaintiffs attach as exhibits to their Complaint copies of the note evidencing the Subject Loan and the Subject Mortgage. *See* Note, (Ex. 4 to Compl.); Subject Mortgage, (Ex. 5 to Compl.) Indeed, Plaintiffs do not dispute the validity of these documents, or even allege – as they cannot - that the Subject Loan has been fully paid. Complaint ¶¶ 49-51. Thus, any claim for quiet title must also fail.

Accordingly, the Court must dismiss Count XII of the Plaintiffs' Complaint at this time.

## VI. Plaintiffs' Civil Conspiracy Claim Fails.

Plaintiffs' civil conspiracy claim premised upon a purported "fraudulent scheme" concocted by Ocwen sounds in fraud and is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

The elements of a civil conspiracy are: "(1) a combination of two or more person; (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means; and (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnson*, 209 Ill. 2d 302, 807 N.E.2d 461, 470 (Ill. 2004).

"The agreement is a necessary and important element of this cause of action." *Id.* (citing *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d, 102, 720 N.E.2d 242, 241 (Ill. 1994). "A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." *Adcock v. Brakegate*, 164 Ill. 2d 54, 645 N.E.2d 888, 894 (Ill. 1994).

The Plaintiffs have failed to adequately plead an agreement for an unlawful purpose. In order to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement, a Complaint must advise the Court of the nature of the purported agreement to defraud a plaintiff. *Borsellino*, 477 F.3d at 509. A party must plead facts showing the identity of the persons making the agreement, the time, place and content of the agreement in detail. *Id.* (construing *Hefferman v. Bass*, 467 G.3d 596, 601 (7th Cir. 2006)).

The Plaintiffs merely make the conclusory allegations that Ocwen, Nationstar and Codilis agreed to a scheme to defraud Plaintiffs through an unlawful foreclosure. Compl., ¶ 610. The Plaintiffs fail to allege any non-conclusory facts in support of this allegation, and therefore Plaintiffs have failed to adequately plead an agreement to defraud under Federal Rule of Civil Procedure 9(b). *Id.*

Further, the Plaintiffs fail to allege an unlawful purpose or unlawful means. At its core, the Plaintiffs' Complaint alleges that the Defendants acted together to wrongfully foreclose on the Subject Property. However, the Plaintiffs admit the existence of the valid mortgage debt, and in fact, the Plaintiffs admit that they stopped payment on the Subject Loan. Compl., ¶¶ 261, 307-08). Thus, the Plaintiffs own Complaint demonstrates the existence of legal grounds to foreclose. *See* Mortgage, (Ex. 5 to Compl.)

Accordingly, the Plaintiffs civil conspiracy claim must be dismissed.

## VII. Plaintiffs FDCPA Claims Fail.

### A. Plaintiffs' Claims Arising Under Section 1692g Fail.

Plaintiffs' purported claims arising under Section 1692g fail to state a cause of action against Nationstar, and even if they did, any purported cause of action is time barred. Plaintiffs

allege that Defendants violated Section 1692g "when they failed, on multiple occasions, respond [*sic*] to inquiries, investigate inquiries, and validate the alleged debt." *See* Compl., ¶ 627.

Upon receipt of notice disputing a debt, Section 1692g requires that a debt collector cease collection of the debt until the debt collector obtains verification of the debt, and a copy of the verification is mailed to the consumer. *See* 15 U.S.C. § 1692g(b).

Jozef Gajewski purportedly sent correspondence pursuant to Section 1692g requesting debt validation. Correspondence (Ex. 177 to Compl.) In clear compliance with Section 1692g, Nationstar responded to this correspondence on July 16, 2013, enclosing copies of the Note and Subject Mortgage to validate the Subject Loan and providing additional requested information and documents. Correspondence (Ex. 179 to Compl.) Thus, Nationstar complied with Section 1692g, and Plaintiffs' claims under this section should be dismissed.

Moreover, Plaintiffs' Section 1692g claims are time barred by the one year statute of limitations provided in the FDCPA. *Gritters v. Ocwen Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 178915, *15 (N.D. Ill. Dec. 31, 2014), citing 15 U.S.C. § 1692k(d). Plaintiffs' purported Section 1692g claim against Nationstar would have arisen no later than July 16, 2013. However, Plaintiffs did not file the present suit until November 18, 2014, over four months after the FDCPA's one year statute of limitations would have run with respect to Jozef Gajewski's validation of debt claim under 15 U.S.C. § 1692g(a)(2).

Accordingly, Plaintiffs claims under 15 U.S.C. § 1692g must be dismissed at this time.

**B. Plaintiffs' Section 1692e and 1692f claims also fail.**

In addition to their Section 1692g FDCPA claims, Plaintiffs further attempt to allege violations of Section 1692e and 1692f. Although not entirely clear, it appears that these claims are premised solely upon mortgage loan statements sent to Plaintiffs in connection with the

Subject Loan. And apparently upon Plaintiffs' conclusory allegations that Nationstar is not entitled to enforce the Subject Loan despite the fact that Plaintiffs' own exhibits demonstrate Nationstar's standing as mortgagee. *See* Compl., ¶¶ 67-71, 185 *but see*, ¶ 414-415; Assignment of Mortgage (Ex. 101 to Compl.); Assignment of Mortgage (Ex. 205 to Compl.)

It is well established that a debt collector may rely on information provided to it by its client-creditor. *See, e.g., Jenkins v. Heintz,* 124 F.3d 824, 828 (7th Cir. 1997)(recognizing that non-lawyer debt collectors are not required to "conduct an independent investigation into the legal intricacies of the client's contract with the consumer"); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992); *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp., 383, 392-93 (D. Del. 1991).

Plaintiffs own allegations demonstrate that Nationstar did not become servicer of the Subject Loan until May of 2013. *See* Compl., ¶¶ 49, 402. Significantly, every purported claim by Plaintiffs concerning the accounting of the Subject Loan occurred prior to Nationstar becoming the servicer. *See e.g.,* Compl., ¶¶ 54 – 56, 91, 252, 253, 260. Notably, Plaintiffs admit that they stopped making payments on the Subject Loan in March of 2011, also prior to Nationstar becoming servicer. *See* Compl., ¶ 261.

Nationstar, as a matter of law, was entitled to rely on the information provided by the creditor. *See, e.g., Jenkins v. Heintz,* 124 F.3d 824, 828 (7th Cir. 1997) (recognizing that non-lawyer debt collectors are not required to "conduct an independent investigation into the legal intricacies of the client's contract with the consumer"); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992); *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp, 383, 392093 (D. Del. 1991).

Moreover, the Plaintiffs attach copies of the mortgage and note to their Complaint and do not dispute their validity. The terms of the note and mortgage specifically authorize the charging of fees for various instances, such as the Plaintiffs' failure to timely make full payments due. The Plaintiffs also admit that he did not make the full payments requested, and attach as exhibits the correspondences fully explaining the fees charged. Compl., ¶¶ 261, 307-08. Further, Plaintiffs attach recorded copies of the assignment of mortgages which demonstrate that Nationstar is the mortgagee under the Subject Mortgage. *See* Assignment of Mortgage (Ex. 101 to Compl.); Assignment of Mortgage (Ex. 205 to Compl.). This Court can ignore any allegations which are contradicted by the Plaintiffs' own exhibits. Finally, to the extent that Plaintiffs' claims are based upon communications with occurred prior to November 18, 2013, these claims are time barred by the FDCPA's one year statute of limitations. 15 U.S.C. § 1692k(d)

Accordingly, Plaintiffs' allegations concerning violations of Sections 1692e and 1692f fail to state a claim against Nationstar, and should be dismissed.

**VIII. Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.**

A plaintiff pursuing an intentional infliction of emotional distress claim must plead that: (1) the conduct involved was truly extreme and outrageous; (2) the actor intended that his conduct inflict severe emotional distress or knew that there was at there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct did cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).

Conclusory allegations are insufficient to establish claims for intentional infliction of emotional distress. *See Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 624 (7th Cir. 1989). For conduct to be deemed "outrageous, it must go beyond all bounds of human decency." *Jackson v. Bank of N.Y.*, 2012 U.S. Dist. LEXIS 89258, *12 (N.D. Ill. June 28, 2012).

As an initial matter, each of the allegations specifically enumerated in Count XII, and for purposes of a motion to dismiss can be ignored. *See Schroeder*, 875 F.3d at 624. Further, Plaintiffs never allege that Nationstar intended to inflict severe emotional distress or knew that there was a high probability that its conduct would cause severe emotional distress. *See Honaker*, 256 F.3d at 490. For these reasons alone, Count XV should be dismissed.

Additionally, Plaintiffs fail to allege any extreme and outrageous conduct as required. The Complaint alleges that Nationstar continued the supposed "scheme" started by Ocwen; however, Plaintiffs' own allegations demonstrate that Nationstar merely continued to enforce the terms of the mortgage and note.

As a matter of law, there is nothing "extreme and outrageous" about a servicer continuing to perform its servicing obligations. *See e.g. Jackson*, 2012 U.S. Dist. LEXIS 89258, *12 (dismissing intentional of infliction of emotional distress where property was sold at a foreclosure sale); *Whitley v. Taylor Bean & Whitaker Mortg. Corp.*, 607 F. Supp. 2d 885, 903 (N.D. Ill. 2009) (granting dismissal of borrowers' count for intentional infliction of emotional distress based upon borrowers "fear of losing their home, fear of financial security in their retirement and in fear of the future" in the context of a mortgage foreclosure). Simply stated, the conduct alleged by Plaintiffs does not arise to "extreme and outrageous conduct.

Accordingly, the Court should dismiss Count XV of the Plaintiffs' Complaint.

**IX.   In the Alternative, This Matter Should be Stayed Pursuant to *Colorado River*.**

As Plaintiffs concede, the Foreclosure Action is currently pending in the Circuit Court of Lake County, Illinois. *See* Complaint, ¶¶ 361.

"Under *Colorado River*, 424 U.S. at 817, a federal court has discretion to abstain from hearing a case when there is a pending parallel state proceeding in order to 'promote wise

judicial administration.'" *Charles v. Bank of America, N.A.*, No. 11 CV 8217, 2012 U.S. Dist. LEXIS 173928, *7 (N.D. Ill. Dec. 5, 2012), citing *AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). Although there is a general presumption against abstaining, "in exceptional circumstances a federal court may abstain from hearing a suit and await the outcome of parallel proceedings." *Charles*, 2012 U.S. Dist. LEXIS 173928, *7-*8, quoting *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 517 (7th Cir. 2001).

The Court must undertake a two-step inquiry to determine whether the abstention doctrine under *Colorado River* is appropriate: (1) the Court must ascertain whether the concurrent state and federal cases are parallel, and (2) the Court must then proceed to determine whether exceptional circumstances are present to justify abstention in the face of the unflagging obligation to exercise jurisdiction that Congress has given it. *Id*.

Lawsuits are considered parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *TruServ Corp. v. Flegles, Inc.*, 419 F. 3d 584, 592 (7th Cir. 2005). "Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F. 3d 510, 518 (7th Cir. 2001).

Here, the cases are plainly parallel, as they each involve Plaintiffs' and Nationstar's interest in and rights related to the Subject Property and Subject Loan. Additionally, Plaintiffs have raised nearly identical allegations against Nationstar in the Foreclosure Action as in the present matter. *See* Ex. B hereto, Proposed Amended Pleading. Accordingly, the lawsuits are parallel.

The second inquiry is determining whether exceptional circumstances are present. With respect to exceptional circumstances, "the Court weighs ten, non-exhaustive factors to determine

whether exceptional circumstances are present: (1) whether the state has assumed jurisdiction over the property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiffs' rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Charles*, 2012 U.S. Dist. LEXIS 173928, *11, citing *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004).

Here, the above factors weight heavily in favor of abstention. In fact, numerous rulings from this Court interpreting comparable facts have held abstention is appropriate where a borrower attempted to assert a federal action involving the same loan and property as a prior pending foreclosure case. *See, e.g., Pirard v. Bank of America*, No. 12 C 2901, 2013 U.S. Dist. LEXIS 37540 (N.D. Ill. Mar. 19, 2013) (abstention appropriate where there is a prior pending foreclosure action and federal case raises FDCPA and state law claims based on same property and loan at issue in foreclosure action); *Williams v. Quantum Servicing Corp.*, No. 11 C 9106, 2013 U.S. Dist. LEXIS 9497 (N.D. Ill. Jan. 23, 2013) (same); *Charles*, 2012 U.S. Dist. LEXIS 173928 (same); *Petit v. Washington Mutual Bank, F.A.*, No. 12 C 318, 2012 U.S. Dist. LEXIS 114362 (N.D. Ill. Aug. 14, 2012) (same); *Gu v. Bank of America*, No. 11 C 6290, 2012 U.S. Dist. LEXIS 15281 (N.D. Ill. Feb. 8, 2012) (abstention appropriate where there is a prior pending foreclosure action and federal case raises state law claims based on same property and loan at issue in foreclosure action).

Accordingly, this matter should be dismissed or stayed pending the outcome of the Foreclosure Action.

WHEREFORE, Nationstar respectfully requests that Plaintiffs' Complaint be dismissed, or alternatively, stayed, and that this Court grant such further and additional relief as may be deemed just and appropriate.

Date: January 26, 2015                                         Respectfully submitted,

**NATIONSTAR MORTGAGE LLC,**

Ralph T. Wutscher
Coleman J. Braun
Daniel B. Nora
MCGINNIS WUTSCHER BEIRAMEE LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois 60602
Tel. (312) 416-6170                        By:    /s/  Coleman J. Braun
Fax (312) 284-4751                                One of Their Attorneys

**Certificate of Service**

Coleman J. Braun, an attorney, certifies that on **January 26, 2015**, he caused the service of a true and correct copy of this Motion and any referenced exhibits via ECF on all parties who are Filing Users, and also caused the service of a true and correct copy of the foregoing to be served on the following individuals by regular first class mail addressed as set forth below:

Wieslawa Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Jozef Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

Robert R. Gajewski
6 Hickory Lane
Hawthorn Woods, IL 60047

　　　　　　　　　　　　　　　　　　　　　　　　 /s/  Coleman J. Braun