UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOZEF GAJEWSKI, WIESLAWA GAJEWSKI, and ROBERT R. GAJEWSKI, | ) ) ) |
| Plaintiffs, | ) Case No. 14-cv-9230 ) |
| v. | ) Judge John W. Darrah ) |
| OCWEN LOAN SERVICING, LLC; CODILIS AND ASSOCIATES, P.C.; and NATIONSTAR MORTGAGE, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Jozef Gajewski, Wieslawa Gajewski, and Robert R. Gajewski, filed a Complaint on November 18, 2014, against Defendants, Ocwen Loan Servicing, LLC ("Ocwen"); Codilis and Associates, P.C. ("Codilis"); and Nationstar Mortgage, LLC ("Nationstar"), alleging one federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, and fourteen state claims. Defendants moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) or, in the alternative, to stay the Complaint pending resolution of the foreclosure case against Plaintiffs. Defendants' motions to dismiss were granted, and Plaintiffs' Complaint was dismissed with prejudice. Plaintiffs filed a Motion to Vacate and for Leave to Amend Their Complaint. For the reasons set out below, Plaintiffs' Motion [5] is denied.

### **BACKGROUND**

In April 2008, Plaintiff Jozef Gajewski obtained a loan and executed a promissory note for $388,000.00. As security for the loan, Jozef and his wife, Plaintiff Wieslawa Gajewski, granted a mortgage on their property located at 6 Hickory Lane, Hawthorne Woods, Illinois,

60047. Their son, Plaintiff Robert Gajewski, is not a party to the loan, the promissory note, or the mortgage. In August 2009, the loan was assigned to Cenlar Loan Administration & Reporting. The loan was then assigned to Ocwen in November 2009. Ocwen initiated a foreclosure proceeding on March 3, 2010. After several months of disputes over Jozef and Wieslawa's account status, Ocwen retained Codilis to assist with the collection attempts. Ocwen initiated another foreclosure proceeding through Codilis on January 13, 2012. That action was dismissed by Codilis on December 7, 2012, after Jozef and Wieslawa submitted a loan modification application.

On January 22, 2013, Ocwen and Codilis filed a foreclosure complaint against Jozef and Wieslawa in state court in Lake County, Illinois. On May 16, 2013, Ocwen assigned rights to the loan to Nationstar. On November 17, 2014, Jozef and Wieslawa recorded a quitclaim deed, transferring the property to themselves and Robert in joint tenancy. On November 18, 2014, Plaintiffs filed this lawsuit. Defendants filed motions to dismiss Plaintiffs' claims. On June 25, 2015, Defendants' motions were granted, and Plaintiffs' Complaint was dismissed with prejudice. On July 23, 2015, Plaintiffs filed this Motion to Vacate.

## ANALYSIS

*Relevant Law*

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly

establish one of the aforementioned grounds for relief." *Harrington,* 433 F.3d at 546. *Pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, but they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

*Plaintiffs' Pro Se Status*

Plaintiffs argue that the Court erred by reviewing their pleadings under a stricter standard than that afforded *pro se* litigants. As stated in the previous Order, "[a]lthough greater latitude is given to *pro se* plaintiffs, this does not include pleadings that have been prepared by an attorney who has not entered an appearance in court . . . Plaintiffs' Response briefs are remarkably well-written with sophisticated legal analysis, which suggest that they were prepared by an undisclosed attorney or with attorney assistance." Plaintiff asserts that these statements in the previous Order are inaccurate and inconsistent findings of fact[1]. When questioned by the Court, Plaintiffs refused to comment and attempted to assert their 5th Amendment rights. Plaintiffs then filed an affidavit, stating that they prepared all pleadings without the assistance of an attorney. (Dkt. 62.)

As stated in the previous Order, the pleadings of *pro se* litigants are not held to the same stringent standards as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.,* 836 F.2d 375, 378 (7th Cir. 1988)). A *pro se* complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief. *Wilson*, 839 F.2d at 378. The Court did not make a finding that negated the application of this standard to Plaintiffs' claims. Further, even under this standard, it is "beyond doubt" that

---

[1] Plaintiffs also object to some of the Court's factual findings, however, none of the findings objected to were material to the decision in the previous Order.

there is no set of facts under which Plaintiffs could prevail on their FDCPA claim.  As set forth below, Plaintiff fails to show that there is newly discovered evidence or a manifest error of fact or law such that their Motion should be granted.

*Plaintiffs' FDCPA Claim*

Plaintiffs argue that the previous Order did not examine all of Plaintiffs' FDCPA claims, specifically, their claim under Section 1692(e) of the FDCPA, which prohibits a debt collector from using any false or any deceptive or misleading representation or means in connection with the collection of a debt.  Plaintiffs cite to *Jenkins v. Centurion Capital Corp.*, No. 07 C 3838, 2007 WL 4109235 at *2 (N.D. Ill. Nov. 15, 2007), in support of their argument.  *Jenkins* found that Seventh Circuit case law does not preclude a claim under Section 1692(e) of the FDCPA based on a false representation in a state court complaint.  However, to the extent that Plaintiffs could allege FDCPA violations arising out of the foreclosure complaint filed in state court, those claims are time-barred[2].  The foreclosure action was filed in January 2013, and the Plaintiffs' Complaint was filed on November 18, 2014, more than one year later.

Plaintiffs further argue that the Court did not apply the correct standard for the statute of limitations for FDCPA claims, and reiterate their argument that Defendants' actions throughout the foreclosure action constitute additional violations of the FDCPA, each of which restart the clock on the limitations period.  While Plaintiffs cite to several Northern District of Illinois cases and one U.S. Supreme Court case to support their argument, these cases merely support the proposition that an FDCPA claim can arise in connection with the filing of a complaint in state litigation and that the FDCPA applies to attorneys who engage in consumer debt collection activity, even if that activity consists of litigation.  Plaintiffs fail to cite to any controlling case

---

[2] This includes Plaintiffs' allegation that Defendants violated Section 1692e(10).

4

law that supports their theory that the statute of limitations for FDCPA claims is re-started by actions taken in continuing litigation.

Any claims to enforce liability must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As found by two circuit courts and several district courts, the statute of limitations for FDCPA claims begins to run when the alleged wrongful litigation begins. Further, a statute of limitations begins to run upon injury "and is not tolled by subsequent injuries." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). As stated in the previous Order, all allegations based on the foreclosure order are time-barred[3], and any allegations relating to correspondence sent after 2013 cannot plausibly be said to mislead the unsophisticated consumer under the most liberal construction afforded to *pro se* litigants. Further, any claims that Nationstar violated Section 1692e(8) by communicating false information about the debt at issue to credit rating agencies are similarly time-barred. Nationstar became the loan servicer on May 16, 2013, several months after the foreclosure action was filed. The accounting of the debt at issue (including any amounts to be reported to credit rating agencies) occurred prior to Nationstar's involvement, and Nationstar is entitled to rely on the information provided by the creditor at the time they became the loan servicer. *See Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir. 1997). Here, the alleged injury arose out of the foreclosure action, and any subsequent injuries do not toll the statute of limitations.

Plaintiffs also contend that the previous Order erred in assessing their claim that Defendants violated Section 1692f. Plaintiffs argue that Ocwen's litigation of the foreclosure action after Nationstar became the loan servicer was an attempt to collect amounts not expressly authorized by the agreement creating the debt or permitted by law. Again, any FDCPA

---

[3] This includes any allegations relating to Defendants' April 2, 2014 state court motion, including Plaintiffs' allegation that this motion violated Section 1692e(10).

violations arising out of the foreclosure complaint filed in state court are time-barred. All litigation of the foreclosure action by Ocwen or Nationstar originated out of the filing of the foreclosure complaint and does not provide a basis for an FDCPA claim.

*New Evidence*

"To succeed on a motion under Rule 59 [by invoking newly discovered evidence], a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). The moving party must clearly establish that the new evidence "would probably produce a new result" in a new trial. *Id.*

Plaintiffs allege that new evidence was discovered after they filed their Complaint in this case. Specifically, that New Residential Investment Corp., a trust that exclusively invests in Nationstar's excess mortgage servicing rights, entered into an Asset Purchase Agreement with Home Loan Servicing Solutions, Ltd, a trust that exclusively invests in Ocwen's excess mortgage servicing rights. Plaintiffs further allege that Manley Deas Kochalski, LLC, Nationstar's agent, did not timely provide a debt validation letter following their substitute appearance in the foreclosure action. Plaintiffs make no argument that this evidence would produce a new result, nor do they provide any support for the contention that this evidence is material. Further, any FDCPA claim arising out of the foreclosure action would be untimely, as set forth above.

*Plaintiffs' State Law Claims*

As Plaintiffs fail to establish an error of law or fact or newly discovered evidence such that their FDCPA claim should not have been dismissed, Plaintiffs' motion to vacate dismissal of their state law claims is also denied.

*Plaintiff Robert Gajewski's Standing*

Plaintiffs provide no convincing or relevant argument to support their claim that Plaintiff Robert Gajewski was dismissed from this claim in error. Plaintiffs instead argue that recovery under the FDCPA is not limited to consumers, that the previous Order failed to analyze whether the Defendants' collection practices were unfair or unconscionable, and that Defendants' actions to "deprive Robert of property" is an injury. Whether Defendants engaged in unfair or unconscionable collection practices and whether a third party can bring a claim under the FDCPA are irrelevant to whether Robert has standing to be a party in this case. Further, Robert has no legal interest in the foreclosure proceedings. Again, Plaintiffs fail to establish that Robert suffered an injury in fact. Robert is not a party to the mortgage at issue, Plaintiffs do not allege that Defendants attempted to collect any debt from Robert, and his only connection to these claims is the quitclaim deed, which was filed one day before the Complaint and subsequent to all relevant events alleged in the Complaint. Any disagreements noted by Plaintiffs with the factual findings in the previous Order are not material to this issue[4]. Plaintiffs fail to establish an error of law or fact regarding the dismissal of Robert from this matter.

---

[4] Specifically, Plaintiffs disagree with the following findings: which Plaintiff recorded the quitclaim deed, whether Codilis knew of Robert's existence, or whether Defendants knew Robert was an occupant of the property.

Plaintiffs fail to establish newly discovered evidence or manifest error of law or fact. Thus, their Motion to Vacate, Alter, or Amend Judgment is denied. It is clear that future amendments to Plaintiffs' FDCPA claim would be futile.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Vacate [51] is denied.

Date:   December 1, 2015                                      
JOHN W. DARRAH
United States District Court Judge